BROOKS R. BROWN (SBN 250724)
bbrown@goodwinlaw.com
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC 20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

LAURA A. STOLL (SBN 255023)
lstoll@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
QUICKEN LOANS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: April 25, 2019<br>Time: 10:00 am<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br><br>Filed Concurrently with:<br>1. Notice of Motion and Motion;<br>2. Declaration of Amy Griffin;<br>3. Request for Judicial Notice; and<br>4. Proposed Order |

ACTIVE/98698377

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.    The Motion to Dismiss Standard. ................................................................... 3

II.   Plaintiff's DNC Claim Is Foreclosed by Judicially Noticeable Records. ........ 3

III.  Plaintiff Fails to Plead the ATDS Element of Her Cellphone Provision Claim. .................................................................................................. 5

IV.  Plaintiff Fails to Plead Sufficient Facts to Support a Plausible TCPA Claim. ......................................................................................................... 8

CONCLUSION .......................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abbas v. Selling Source, LLC*,
  No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) ........................... 8, 9

*Armstrong v. Inv'r's Bus. Daily, Inc.*,
  No. 18-2134, 2018 WL 6787049 (C.D. Cal. Dec. 21, 2018)
  (Fitzgerald, J.) ..................................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 3, 6

*Baranski v. NCO Fin. Sys., Inc.*,
  No. 13-6349, 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014) ................................. 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 2, 3, 6, 8

*Bodie v. LYFT*,
  No. 16-02558, 2019 WL 258050 (S.D. Cal. Jan. 16, 2019) ................................ 6, 7

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ............................................ 5

*Chyba v. Washington Mutual*,
  No. 12-00838, 2014 WL 12628468 (S.D. Cal. Jan. 21, 2014) ............................... 6

*Coppes v. Wachovia Mortg. Corp.*,
  No. 10-01689, 2010 WL 4483817 (E.D. Cal. Nov. 1, 2010) ................................. 5

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ................................................................................ 3

*Farnham v. Caribou Coffee Co.*,
  No. 3:16-cv-00295-wmc, Dkt. No. 1 (W.D. Wis. May 5, 2016) ........................... 5

*Gill v. Navient Sols., LLC*,
  No. 18-1388, 2018 U.S. Dist. LEXIS 132491 (M.D. Fla. Aug. 7, 2018) ............................................................................................................... 7

*Gulden v. Consol. World Travel Inc.*,
   No. 16-01113, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017) .................................... 8

*Ibey v. Taco Bell Corp.*,
   No. 12-00583, 2012 WL 2401972 (S.D. Cal. June 18, 2012) .................................... 6

*Jones v. FMA Alliance, Ltd.*,
   978 F. Supp. 2d 84 (D. Mass. 2013) ........................................................................ 7

*Krakauer v. Dish Network, L.L.C.*,
   No. 1:14-CV-333, 2015 WL 5227693 (M.D.N.C. Sept. 8, 2015) ......................... 2, 4

*Marks v. Crunch San Diego, LLC*,
   904 F.3d 1041 (9th Cir. 2018) .................................................................................. 6

*Motley v. Contextlogic, Inc.*,
   No. 3:18-cv-02117, Dkt No. 1 (N.D. Cal. Apr. 6, 2018) .......................................... 5

*Musenge v. SmartWay of the Carolinas, LLC*,
   No. 15-00153, 2018 WL 4440718 (W.D.N.C. Sept. 17, 2018) ................................ 7

*Nikoopour v. Ocwen Loan Servicing, LLC*,
   No. 17-2015, 2018 WL 3007918 (S.D. Cal. June 14, 2018) .................................... 4

*Priester v. eDegreeAdvisor, LLC*,
   No. 15-04218, 2017 WL 4237008 (N.D. Cal. Sept. 25, 2017) ................................. 6

*Renvall v. Alerbertsons Cos. Inc.*,
   No. 3:18-cv-00809-H-NLS, Dkt. No. 1 (S.D. Cal. Apr. 27, 2018) .......................... 5

*Rhinehart v. Diversified Cent., Inc.*,
   No. 17-0624, 2018 WL 372312 (N.D. Ala. Jan. 11, 2018) ...................................... 7

*Soukhaphonh v. Hot Topic, Inc.*,
   No. 2:16-cv-05124-DMG-AGR, Dkt. No. 1 (C.D. Cal. July 12, 2016) ................... 5

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) .................................................................................. 4

*Trenk v. Bank of Am.*,
   No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017) ....................................... 7

**Statutes**

47 U.S.C. § 227(a)(1) ..................................................................................................... 6

47 U.S.C. § 227(b)(1) ..................................................................................................5

47 U.S.C. § 227(b)(1)(A)(iii).................................................................................*passim*

47 U.S.C. § 227(c)(5).................................................................................................3

**Other Authorities**

47 C.F.R. § 64.1200(c) .......................................................................................1, 2, 3

47 C.F.R. § 64.1200(c)(2)(i)(D) ..............................................................................2, 4

Fed. R. Civ. P. 8................................................................................................1, 3, 6, 9

Fed. R. Civ. P. 12(b)(6) ..........................................................................................1, 3

Fed. Trade Comm'n, National Do Not Call Registry – The Basics,
    https://www.consumer.ftc.gov/articles/0108-national-do-not-call-
    registry ...................................................................................................................4

ACTIVE/98698377

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION[1]

Plaintiff Amanda Hill ("Hill") alleges that Quicken Loans—a twelve-time J.D. Power award winner for client satisfaction in mortgage origination and servicing—violated the Telephone Consumer Protection Act's ("TCPA") Do-Not-Call ("DNC") and cellphone provisions by allegedly sending text messages to Plaintiff using an automatic telephone dialing system ("ATDS") without her consent when her purported number was allegedly on the federal DNC list. The Complaint ("Compl." or "Complaint"), however, fails (1) to state a cognizable claim for violation of the national DNC registry regulation, 47 C.F.R. 64.1200(c); and (2) to state a cognizable claim for violation of the cellphone provision of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and so must be dismissed.

First, government records (of which this Court may take judicial notice (*see* Request for Judicial Notice filed concurrently herewith)) confirm that Plaintiff's DNC provision claim (Count 2) rests upon demonstrably false allegations. Specifically, while Plaintiff alleges that her purported phone number was listed on the DNC registry "at all times mentioned herein . . . including more than thirty (30) days prior to receiving Defendant's unsolicited text messages" (Compl. ¶ 12), publicly-available government records confirm that the subject number was not registered on the DNC list until November 18, 2018. Griffin Decl. Ex. A. As the Complaint reveals, Hill is seeking to recover for having received text messages weeks *before* she ever registered her number on the DNC list. *See* Compl. ¶ 14 (purporting to show a "screenshot" of text messages received on October 22, 2018 and November 12, 2018). It is blackletter law that text messages sent *before* a

---

[1] Contemporaneously with this Motion, Quicken Loans also has filed a Motion to Stay this action (Dkt. No. 15) in light of the pendency of two previously-filed putative class actions pending in the Middle District of Florida and the District of Minnesota, both of which purport to assert the same cellphone provision claim on behalf of essentially the same putative, nationwide class as Plaintiff here.

1

number was on the DNC registry cannot violate the DNC provision. 47 C.F.R. § 64.1200(c). Nor can text messages sent within thirty-one (31) days of the registration of the number on the DNC registry. As Plaintiff has pled no facts (none) showing she received any text messages from Quicken Loans thirty-one days after she purportedly registered the subject number on November 18, 2018, her DNC provision claim in Count 2 should be dismissed with prejudice. 47 C.F.R. § 64.1200(c)(2)(i)(D); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2015 WL 5227693, at *3 (M.D.N.C. Sept. 8, 2015) ("a phone number must be registered on the NDNC list for 30 days before a telemarketing call may violate the TCPA").[2]

Plaintiff's ATDS claim (Count 1) also should be dismissed because Plaintiff fails to plead any factual allegations—let alone plausible ones—from which this Court could conclude that the alleged texts were made using an ATDS. Instead, Hill resorts to parroting the statutory ATDS definition and caselaw concerning the ATDS element, baldly asserting that Quicken Loans' unidentified "equipment" somehow qualifies as an ATDS. Compl. ¶¶ 21-22. This is insufficient to sustain Plaintiff's burden to plead plausible, factual allegations in support of her cellphone provision claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In addition, while Plaintiff is quick to allege that Quicken Loans violated the cellphone provision by texting her purported cellphone number "numerous" times, she does not plead the number of texts Quicken Loans purportedly sent or the specific dates Quicken Loans purportedly sent them. *See generally* Compl. ¶¶ 12–23. The absence of such basic factual allegations deprives Quicken Loans of fair notice of Plaintiff's claims and the potential exposure it faces in direct violation of Rule 8.

---

[2] Soon after discovering the patent defects in Plaintiff's DNC claim, counsel for Quicken Loans contacted Plaintiff's counsel and requested dismissal of Count 2 to avoid unnecessary litigation proceedings. Plaintiff declined this reasonable and appropriate request, necessitating this Motion. Accordingly, Quicken Loans reserves all rights to appropriate relief, including reimbursement of its attorneys' fees, from this Court by separate motion.

ACTIVE/98698377

# ARGUMENT

## I. THE MOTION TO DISMISS STANDARD.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, the allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Finally, a Court may properly consider documents subject to judicial notice in deciding a motion to dismiss. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007); *see also* Request for Judicial Notice.

Application of these well-established standards here demonstrates that Hill has failed to state a cognizable DNC or cellphone provision claim.

## II. PLAINTIFF'S DNC CLAIM IS FORECLOSED BY JUDICIALLY NOTICEABLE RECORDS.

Government records (of which this Court may take judicial notice in ruling on this Motion) confirm that Plaintiff's DNC provision claim rests upon demonstrably false allegations that Plaintiff received text messages from Quicken Loans while her phone number was registered on the DNC registry. Accordingly, this Court should dismiss Count 2.

The TCPA allows a person who received more than one call (or text) within any twelve-month period in violation of the TCPA's regulations to bring a claim

ACTIVE/98698377

| | |
|---|---|
| 1 | under 47 U.S.C. § 227(c)(5).  The TCPA regulation at issue in Count 2—47 C.F.R. |
| 2 | 64.1200(c)—prohibits certain types of communications to phone numbers registered |
| 3 | on the national DNC registry.  Importantly to this Motion, however, the regulation |
| 4 | applies only to calls (or texts) made after the phone number has been registered for |
| 5 | at least thirty-one days.  47 C.F.R. § 64.1200(c)(2)(i)(D); *Krakauer*, 2015 WL |
| 6 | 5227693, at *3 n.1 ("a phone number must be registered on the NDNC list for 30 |
| 7 | days before a telemarketing call may violate the TCPA"); Fed. Trade Comm'n, |
| 8 | National Do Not Call Registry – The Basics, |
| 9 | https://www.consumer.ftc.gov/articles/0108-national-do-not-call-registry (stating |
| 10 | that after adding a number or removing a number from the Registry, "telemarketing |
| 11 | lists will be updated within 31 days"; stating that "Most sales calls will stop once |
| 12 | your number has been on the Registry for 31 days."). |
| 13 |       Acknowledging this requirement, Plaintiff pleads that she registered her |
| 14 | phone number on the national DNC list "more than thirty (30) days prior to |
| 15 | receiving Defendant's unsolicited text messages."  Compl. ¶ 12.  This boiler-plate |
| 16 | allegation is demonstrably false.  The national DNC registry is a public, government |
| 17 | record available at the Federal Trade Commission's website, and it shows that the |
| 18 | subject phone number was not registered until November 18, 2018.  Griffin Decl. |
| 19 | Ex. A.  That is weeks *after* Hill allegedly began receiving the challenged text |
| 20 | messages according to the allegations in her Complaint.  Compl. ¶¶ 13-14.  The |
| 21 | Complaint purports to show two screenshots of four total text messages that Hill |
| 22 | allegedly received, on October 22, November 12, November 19, and November 23, |
| 23 | 2018—all of which occurred either before the phone number was registered or well |
| 24 | within thirty-one days after it was registered.  Compl. ¶¶ 13-14. |
| 25 |       Although Hill falsely claims that the phone number was registered over thirty |
| 26 | days before the challenged texts, this Court is "not required to accept as true |
| 27 | conclusory allegations which are contradicted by documents referred to in the |
| 28 | complaint" (*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. |

4

1998); *Nikoopour v. Ocwen Loan Servicing, LLC,* No. 17-2015, 2018 WL 3007918 at *4 (S.D. Cal. June 14, 2018) (rejecting allegation undermined by document incorporated into complaint)) or of which this Court may take judicial notice. *See* Request for Judicial Notice. Both circumstances are present here. The Complaint references and relies upon the DNC registry in support of the DNC provision claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). And, the DNC registry is a government record of which this Court may take judicial notice in resolving this Motion. *See* Request for Judicial Notice; *e.g.*, *Coppes v. Wachovia Mortg. Corp.,* No. 10-01689, 2010 WL 4483817, at *2-3 (E.D. Cal. Nov. 1, 2010). Accordingly, the Complaint fails to plead that Hill received any text message over thirty days after her phone number was registered on the national DNC registry and must be dismissed.

### III. PLAINTIFF FAILS TO PLEAD THE ATDS ELEMENT OF HER CELLPHONE PROVISION CLAIM.

An essential element of any cellphone provision claim is that the challenged calls or texts were made using an "automated telephone dialing system." 47 U.S.C. § 227(b)(1). But Hill offers only bald assertions and a series of legal conclusions to support her claim that Quicken Loans used an ATDS to text her. Compl. ¶¶ 21-22. These legal conclusions, which Plaintiff's counsel has pled in verbatim or nearly verbatim form against various defendants in other TCPA cases for years now,[3] do nothing more than parrot the statutory ATDS definition and general ATDS caselaw on what constitutes an ATDS. This is insufficient. Three examples—and there are others—illustrate the point.

---

[3] *Motley v. Contextlogic, Inc.*, No. 3:18-cv-02117, Dkt No. 1 ¶ 18 (N.D. Cal. Apr. 6, 2018) (pleading same conclusory ATDS allegations as alleged in *Hill* Compl. ¶¶ 21-22); *Farnham v. Caribou Coffee Co.*, No. 3:16-cv-00295-wmc, Dkt. No. 1 ¶ 18 (W.D. Wis. May 5, 2016) (same); *Soukhaphonh v. Hot Topic, Inc.*, No. 2:16-cv-05124-DMG-AGR, Dkt. No. 1 ¶ 27 (C.D. Cal. July 12, 2016) (same); *Renvall v. Alerbertsons Cos. Inc.*, No. 3:18-cv-00809-H-NLS, Dkt. No. 1 ¶¶ 22-23 (S.D. Cal. Apr. 27, 2018) (same).

5

1    <u>First</u>, while Plaintiff baldly asserts that Defendant's unidentified "hardware" and "software" has the "capacity to store, produce, and dial random or sequential numbers," that language just parrots the statutory ATDS definition.  Compl. ¶ 21; 47 U.S.C. § 227(a)(1).  There are no facts (none) to support this unadorned conclusion.  But "Plaintiff[] must do more than simply parrot the statutory language. . . . [And, consistent with this,] the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'" *Baranski v. NCO Fin. Sys., Inc.*, No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (dismissing TCPA claim for failure to allege ATDS element).

<u>Second</u>, while Paragraph 21 contains a number of assertions about *en masse* texts, the Complaint is devoid of a single factual allegation supporting the assertion that a single one of the unidentified text messages to Plaintiff or anyone else was sent *en masse*—whatever Plaintiff may mean by that term.

<u>Finally</u>, while Plaintiff mimics the language from the Ninth Circuit's decision in *Marks* to allege that Quicken Loans' unidentified "hardware and software" is an ATDS because it purportedly can "receive[] and store[] lists of telephone numbers to be dialed and then dial[] such numbers automatically" (Compl. ¶ 22; *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018)), Plaintiff adds no factual enhancement sufficient to render these bald assertions plausible.  *Bodie v. LYFT*, No. 16-02558, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019) (dismissing TCPA claim because complaint "merely parrots statutory definition of an ATDS"); *Chyba v. Washington Mutual*, No. 12-00838, 2014 WL 12628468, at *5 (S.D. Cal. Jan. 21, 2014) (merely parroting caselaw is insufficient to support a claim for relief).  There are, for example, no factual allegations that Quicken Loans' "hardware and software" received and stored Plaintiff's purported number as part of some list and then automatically texted that number from that same list.

Put simply, Plaintiff's bald regurgitation of the statutory language and caselaw—repeated by her counsel from TCPA case to TCPA case—is insufficient to

1  move her cellphone provision claim across the line from possible to plausible.
2  Indeed, the Supreme Court has held that conclusory allegations like Plaintiff's here
3  are insufficient to state a claim because those allegations are devoid of the requisite
4  factual enhancement.  *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678.  To
5  conclude otherwise would "eviscerate the plausibility standard to which complaint's
6  allegations must adhere under Rule 8."  *Priester v. eDegreeAdvisor, LLC*, No. 15-
7  04218, 2017 WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017); *see also Ibey v. Taco
8  Bell Corp.*, No. 12-00583, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012)
9  (allegation that there "was no human intervention on the part of the Defendant" was
10 insufficient to plead ATDS element).

11 Faced with similarly defective allegations, federal courts routinely dismiss
12 conclusory cellphone provision claims like Hill's here.  *See, e.g.*, *Bodie*, 2019 WL
13 258050, at *2; *Armstrong v. Inv'r's Bus. Daily, Inc.*, No. 18-2134, 2018 WL
14 6787049, at *6 (C.D. Cal. Dec. 21, 2018) (Fitzgerald, J.) (dismissing TCPA claim
15 when allegations were "mere recitation of the legal definition of an ATDS");
16 *Musenge v. SmartWay of the Carolinas, LLC*, No. 15-00153, 2018 WL 4440718, at
17 *3 (W.D.N.C. Sept. 17, 2018) (dismissing TCPA claim where Plaintiff did not
18 allege the use of an ATDS but instead simply attached copies of the text messages
19 she received); *Gill v. Navient Sols., LLC*, No. 18-1388, 2018 U.S. Dist. LEXIS
20 132491, *3 (M.D. Fla. Aug. 7, 2018) (dismissing TCPA claim that "fail[ed] to
21 describe the phone messages or the circumstances surrounding the calls, such as the
22 actual messages or conversations, to cause her to believe an ATDS was being
23 used"); *Rhinehart v. Diversified Cent., Inc.*, No. 17-0624, 2018 WL 372312, at *8
24 (N.D. Ala. Jan. 11, 2018) (dismissing TCPA claim where Plaintiff made only bare
25 allegations that an ATDS was used); *Trenk v. Bank of Am.*, No. 17-3472, 2017 WL
26 4170351 (D.N.J. Sept. 20, 2017) (same); *Jones v. FMA Alliance, Ltd.*, 978 F. Supp.
27 2d 84, 86 (D. Mass. 2013) ("A bare allegation that defendants used an ATDS is not
28

enough."). This Court should follow the well-reasoned conclusions from these other courts and dismiss Hill's defectively-pled cellphone provision claim.

### IV. PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO SUPPORT A PLAUSIBLE TCPA CLAIM.

Beyond the defective ATDS allegations, the Complaint also fails to provide fair notice to Quicken Loans of the claims against it and the exposure it faces with respect to Plaintiff's individual claim. This is because, while it is long on general discussion about the TCPA, the Complaint offers little factual enhancement about Plaintiff's individual claim. *Twombly*, 550 U.S. at 555. Instead, Hill pleads that "over at least the past year, continuing through the present," Quicken Loans sent her "numerous" text messages without her consent. Compl. ¶ 13. Hill does not, however, plead the content of each challenged text, when each of the challenged texts was sent, or how many texts she is challenging. *See generally* Compl. Without such basic information, Plaintiff's conclusory allegations fail to plausibly support her barebones conclusions that she received "numerous" text messages to her cellphone from Quicken Loans in purported violation of the cellphone provision. Compl. ¶ 13.

The two "screenshots" which Plaintiff includes in the Complaint compel no different conclusion. Those screenshots omit the text recipient (and provide no factual basis to connect the four text messages to Plaintiff's purported cellphone number) and depict only four messages that she allegedly received in October and November 2018 (before her purported cellphone number was even on the DNC). Plaintiff pleads no facts at all about any of the other "numerous" text messages she claims to have received "over at least the past year." Compl. ¶ 13. But factual allegations about *each* alleged text message are "particularly necessary here because [Hill] seeks recovery for *each* violation of the TCPA." *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (emphasis added); *see also Gulden v. Consol. World Travel Inc.*, No. 16-01113, 2017 WL

8

3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing TCPA claim for failure to plead sufficient facts concerning the identity of the caller and the character of the call). Absent such factual allegations, Quicken Loans is deprived of the "fair notice" of Plaintiff's claims required by Rule 8. *Abbas*, 2009 WL 4884471, at *2.

## CONCLUSION

For the forgoing reasons, Quicken Loans respectfully requests that this Court grant the Motion and dismiss the Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Dated: March 18, 2019   By:  /s/ *Brooks R. Brown*
BROOKS R. BROWN
bbrown@goodwinlaw.com
LAURA A. STOLL
lstoll@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
QUICKEN LOANS INC.

9

ACTIVE/98698377