BROOKS R. BROWN (SBN 250724)
bbrown@goodwinlaw.com
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC 20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

LAURA A. STOLL (SBN 255023)
lstoll@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
QUICKEN LOANS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**MEMORANDUM IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO STAY PROCEEDINGS**<br><br>Date: April 25, 2019<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br>350 W. 1st Street, 6th Floor,<br>Los Angeles, CA 90012<br><br>Filed concurrently with:<br>1. Notice of Motion and Motion;<br>2. Request for Judicial Notice; and<br>3. Proposed Order |

ACTIVE/98738604

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ....................................................................................................... 3

I.     The First-Filed *Hackett* Action ..................................................................... 3

II.    The *Hyde* Action............................................................................................ 4

III.   The *Hill* Action.............................................................................................. 5

ARGUMENT ............................................................................................................. 6

I.     Legal Standard. .............................................................................................. 6

II.    The Court Should Stay This Action Under the First-Filed Rule.................... 7

         A.     The *Hackett* Action and *Hyde* Action Were Filed First......................... 7

         B.     *Hackett*, *Hyde*, and *Hill* Involve Substantially Similar Parties.............. 8

         C.     *Hackett* and *Hill* Involve Substantially Similar Issues With Respect to the ATDS Class, and *Hyde* and *Hill* Involve Substantially Similar Issues With Respect to the STOP Class.............. 9

         D.     A Stay Will Advance Judicial Economy Without Prejudicing Plaintiff........................................................................................... 10

CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) .......................................................................... 7

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
    836 F.3d 987 (9th Cir. 2016) ........................................................................ 12

*Church of Scientology of Cal. v. U.S. Dep't of the Army*,
    611 F.2d 738 (9th Cir. 1979) ........................................................................ 12

*Clardy v. Pinnacle Foods Grp., LLC*,
    No. 16-4385, 2017 WL 57310 (N.D. Cal. Jan. 5, 2017) ...................... 7, 8, 11, 12

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) ........................................................................ 10

*De La Cruz v. Target Corp.*,
    No. 18-0867, 2018 WL 3817950 (S.D. Cal. Aug. 8, 2018) ............... 7, 8, 9, 10, 11

*Gastelum v. ESA Props. LLC*,
    No. CV-18-01922-PHX-DJH, 2018 WL 3364652 (D. Ariz. July 10,
    2018) ...................................................................................................... 11, 12

*Hilton v. Apple Inc.*,
    No. 13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ............................ 7, 11

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
    787 F.3d 1237 (9th Cir. 2015) ................................................................. *passim*

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ....................................................................................... 6

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) .......................................................................... 6

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ........................................................................ 6

*Meints v. Regis Corp.*,
    No. 09-2061, 2010 WL 625338 (S.D. Cal. Feb. 16, 2010) ........................ 3, 8, 9

*Moreno v. Castlerock Farming & Transp.*,
  No. 12-0556, 2013 WL 1326496 (E.D. Cal. Mar. 29, 2013) .............................. 12

*Pacesetter Sys. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ..................................................................................... 7

*Upaid Sys., Ltd. v. Cleandan*,
  No. 18-00619, 2018 WL 5279567 (C.D. Cal. July 25, 2018) .......................... 6, 10

*Wenokur v. AXA Equitable Life Ins. Co.*,
  No. 17-0165, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) .......................... 8, 9, 10

*Young v. Bank of Am., N.A.*,
  No. 12-5514, 2013 WL 2952758 (N.D. Cal. Mar. 7, 2013) .................................. 8

**Federal Statutes**

47 U.S.C. § 227(b) .................................................................................................... 1

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................ 3, 4, 5

ACTIVE/98738604

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Amanda Hill ("Plaintiff" or "Hill") filed this putative class action alleging that she received unwanted text messages from Quicken Loans in violation of the cellphone and do-not-call provisions of the TCPA, 47 U.S.C. § 227(b), on January 28, 2019. Hill seeks to represent three classes: (1) a nationwide class of "all persons" who received text messages from Quicken Loans since January 2015 (the "ATDS Class"); (2) a nationwide class of "all persons" who received text messages from Quicken Loans since January 2015 after having previously responded "STOP" to one of more such text messages (the "STOP Class"); and (3) a nationwide class of "all persons" who received more than one text message from Quicken Loans in a 12-month period more than 30 days after registering their telephone number on the National Do Not Call Registry (the "DNC Class"). This Court should exercise its discretion to stay this action under the well-recognized first-filed doctrine.

Plaintiff's putative, nationwide class action is duplicative of and subsumed within two earlier-filed class actions pending in the Middle District of Florida and the District of Minnesota. The first case—the *Hackett* Action—asserts the same TCPA cellphone provision claim on behalf of the same group of putative class members in the ATDS Class, over the same time period as this case. The *Hackett* Action was filed six weeks before this lawsuit, and so is proceeding ahead of this case and is already into discovery. The second case—the *Hyde* Action—asserts the same TCPA cellphone provision claim on behalf of the group of putative class members in the STOP Class, over the same time period as this case. The *Hyde* Action was filed the day before this lawsuit. Both the *Hackett* and *Hyde* cases purport to represent nationwide classes that would include Plaintiff as a class member if those cases were somehow certified (and they should not be).

These circumstances present a textbook case for application of the first-to-file rule, recognized in the Ninth Circuit as the appropriate vehicle to prevent

duplicative, inefficient, and potentially wasteful litigation. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). This rule makes practical sense: neither the Court nor the parties should be forced to spend time and resources litigating issues that will already be decided elsewhere. Quicken Loans has answered the complaint in the *Hackett* Action, a scheduling order has been entered by the Court, discovery is underway, and so the case likely will reach resolution of the class certification issue before this case. If both actions are allowed to proceed simultaneously, Quicken Loans and this Court will have to spend significant time and resources on duplicative fact discovery, expert discovery, and class certification briefing, only to run the risk that the same issues will be resolved entirely by, or inconsistently with, the *Hackett* Action. A similar danger exists in allowing this lawsuit to proceed when it asserts the same Stop Class allegations as asserted in the *Hyde* case. Indeed, the *Hyde* case expressly purports to encompass putative class members who received a text message from the same SMS code from which Hill allegedly received her text messages. A stay of this action will eliminate the real risks that *Hyde* and this case will result in conflicting and competing rulings, while preserving the rights of all parties. By contrast, a stay in this action will not prejudice Hill because, among other reasons, she is a putative member of the putative class in the *Hackett* Action and also a putative member of the putative class in the *Hyde* Action. This Court should, therefore, exercise its discretion and stay this action.

As for the third class alleged in this lawsuit—the DNC Class—its presence does not preclude applying the first-filed doctrine for two reasons. First, as shown in Quicken Loans Motion to Dismiss the Complaint, filed contemporaneously with this Motion to Stay, Hill's claim premised upon an alleged violation of the TCPA do-not-call provision is meritless and rests upon a demonstrably false allegation. *See* Dkt. No. 14. This is because publicly-available (and judicially-noticeable) records demonstrate that Hill did not register her phone number on the National Do

Not Call Registry over thirty days before receiving any of the challenged texts. She thus has no DNC provision claim and cannot represent her proposed DNC class. *Id.* And, because she cannot, the putative DNC Class provides no basis for this Court to decline to stay the case—that putative class will fall out of the case with the dismissal of Plaintiff's DNC provision claim. Second, even if that class somehow were allowed to proceed beyond the motion to dismiss stage, the first-filed doctrine does not require perfect overlap and can (and should) be applied even where the last filed action asserts an additional or different claim than the earlier actions. *See Meints v. Regis Corp.*, No. 09-2061, 2010 WL 625338, at *3 (S.D. Cal. Feb. 16, 2010).

## BACKGROUND

I.   **THE FIRST-FILED *HACKETT* ACTION**

On December 17, 2018, Plaintiff Bradley Hackett filed a class action complaint in the District Court for the Middle District of Florida alleging violations of the cellphone provision of the TCPA (47 U.S.C. § 227(b)(1)(A)(iii)). Quicken Loans filed a motion to dismiss for failure to state a claim on January 17, 2019. Rather than oppose Quicken Loans' Motion, Hackett filed an amended complaint on January 31, 2019, asserting the same claims, on behalf of the same class, and for the same class period that he asserted in his original complaint. Specifically, Hackett alleges that Quicken Loans violated the cellphone provision of the TCPA by sending text messages to his cellphone using an ATDS without his consent. *Hackett* FAC ¶¶ 27–33 (attached as Exhibit 2 to the Request for Judicial Notice filed concurrently herewith). Hackett seeks to represent a putative class defined as:

> (a) All persons in the United States; (b) who received any unsolicited text message from [Quicken Loans] or its agents; (c) On their cellular phones; (d) Through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); (e) Which text message by [Quicken Loans]

3

|   |   |
|---|---|
| 1 | or its agents were not made for emergency purposes; (f) or with |
| 2 | the recipients' prior express consent; (g) within four years prior |
| 3 | to the filing of this Complaint through the date of final |
| 4 | approval. |

*Id.* ¶ 36. The putative class period alleged in the *Hackett* Action is December 17, 2014 to the present. *Id.* Hackett requests statutory damages of $500 to $1,500 for each alleged violation. *Hackett* FAC Prayer for Relief.

## II. THE *HYDE* ACTION

On January 27, 2019, Plaintiff Gayle Hyde filed a class action complaint in the District Court for the District of Minnesota alleging violations of the cellphone provision of the TCPA (47 U.S.C. § 227(b)(1)(A)(iii)). Specifically, Hyde alleges that Quicken Loans violated the cellphone provision of the TCPA by sending text messages to her cellphone using an ATDS without her consent. *Hyde* Compl. ¶¶ 8–34 (attached as Exhibit 3 to the Request for Judicial Notice). Hyde seeks to represent a putative class defined as:

> All persons within the United States who were sent any text message by [Quicken Loans] or its agent/s and/or employee/s using short code 262-93 to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of the Complaint.

*Id.* ¶ 36. Hyde also seeks to represent a putative sub-class defined as:

> All persons within the United States who were sent any text message by [Quicken Loans] or its agent/s and/or employee/s using short code 262-93 to said person's cellular telephone made through the use of any automatic telephone dialing system, following a written request to cease contacting their cellular

>telephone phone (e.g., through a "STOP" text message), within the four years prior to the filing of the Complaint.

*Id.* ¶ 37. The putative class period and sub-class period alleged in the *Hyde* Action is January 27, 2015 to the present. *Id.* ¶¶ 36-37. *Hyde* requests statutory damages of $500 to $1,500 for each alleged violation. *Hyde* Compl. Prayer for Relief.

### III.  THE *HILL* ACTION

On January 28, 2019, Hill filed a duplicative class action complaint in this Court also alleging violations of the cellphone provision of the TCPA (47 U.S.C. § 227(b)(1)(A)(iii)). Like Hackett and Hyde, Hill alleges that Quicken Loans violated the cellphone provision of the TCPA by sending text messages to her cellphone using an ATDS without her consent. *Hill* Compl. ¶¶ 12–25. Like Hackett, Hill purports to bring a claim for violation of the cellphone provision of the TCPA on behalf of herself and a putative class defined as people who received texts without their consent (the ATDS Class):

>All persons within the United States to whom, between January 28, 2015 and the present, one or more text message(s) promoting [Quicken Loans'] goods or services was delivered by [Quicken Loans] or an affiliate, subsidiary, or agent of [Quicken Loans], and who did not provide [Quicken Loans] prior express written consent to be sent such text message(s).

*Hill* Compl. ¶ 26. Like Hyde, Hill also purports to bring a claim for violation of the cellphone provision of the TCPA on behalf of herself and a putative class defined as people who received texts after having previously responding STOP to a Quicken Loans text (the STOP Class):

>All persons in the United States who, between January 28, 2015 and the present, received one or more text message(s) promoting the sale of [Quicken Loans'] goods or services sent by [Quicken Loans] or an affiliate, subsidiary, or agent of [Quicken Loans],

5

after having previously responded "STOP" to one or more such text message(s).

*Hill* Compl. ¶ 27. Moreover, Hill alleges that she received text messages from the same SMS code (262-93) at issue in *Hyde*. *Hill* Compl. ¶¶ 13-14. Both of the putative classes alleged in this case are subsumed by the earlier filed class action complaints in *Hyde* and *Hackett*. The putative class period alleged in this action is similar to the class periods alleged in *Hackett* and *Hyde*—January 28, 2015 through January 28, 2019. *Hill* Compl. ¶¶ 26-27. Again, like Hackett and Hyde, Hill requests statutory damages of $500 to $1,500 for each alleged violation. *Hill* Compl. Prayer for Relief.

## ARGUMENT

### I. LEGAL STANDARD.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In determining whether a stay is appropriate based upon the existence of other similar proceedings, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotations omitted). The competing interests to be considered are:

> (1) the possible damage or harm to the non-moving party which may result from granting a stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'

6

ACTIVE/98738604

*Upaid Sys., Ltd. v. Cleandan*, No. 18-00619, 2018 WL 5279567, at *1 (C.D. Cal. July 25, 2018) (Birotte, J.) (quoting *Lockyer*, 398 F.3d at 1110).

## II. THE COURT SHOULD STAY THIS ACTION UNDER THE FIRST-FILED RULE.

The "first to file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). A court has discretion to transfer, stay, or dismiss a later-filed action under this rule, after considering: (1) the chronology of the lawsuits; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn Law Grp.*, 787 F.3d at 1240; *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). This rule serves the important "purpose of promoting efficiency well," *Alltrade*, 946 F.2d at 625 (internal quotations omitted), and should be applied so as to "maximize economy, consistency, and comity." *Kohn Law Grp.*, 787 F.3d at 1240 (internal quotations omitted). The Ninth Circuit has cautioned that the rule "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (internal quotations omitted).

Here, all three criteria are easily satisfied, and a stay is the appropriate resolution because "proceeding with the [*Hill*] action while the [*Hackett* and *Hyde*] action[s] await[] class certification will not promote efficiency, will not conserve judicial resources, and may produce conflicting opinions." *Clardy v. Pinnacle Foods Grp., LLC*, No. 16-4385, 2017 WL 57310, at *4 (N.D. Cal. Jan. 5, 2017).

### A. THE *HACKETT* ACTION AND *HYDE* ACTION WERE FILED FIRST.

There can be no doubt that the first factor—the chronology of the cases— weighs in favor of a stay. All that is required to satisfy this factor is that "the case in question was filed later," no matter the length of time between the first and second action and "regardless of whether the plaintiff later amends the complaint." *De La Cruz v. Target Corp.*, No. 18-0867, 2018 WL 3817950, at *2 (S.D. Cal. Aug. 8, 2018) (internal quotations omitted); *Hilton v. Apple Inc.*, No. 13-2167, 2013 WL

5487317 (N.D. Cal. Oct. 1, 2013). The *Hackett* Action was filed first, on December 17, 2018, six weeks before the complaint here. *See Hackett Compl.* (attached as Exhibit 1 to the Request for Judicial Notice). The *Hyde* Action was the next case filed, on January 27, 2019. *Hyde* Compl. And the present action was filed last, on January 28, 2019.

### B. *HACKETT*, *HYDE*, AND *HILL* INVOLVE SUBSTANTIALLY SIMILAR PARTIES.

It is also beyond dispute that the *Hackett* and *Hill* Actions involve substantially similar parties. The first-to-file rule does not require "exact identity of the parties." *Kohn Law Grp., Inc.*, 787 F.3d at 1240. Rather, all that is needed is "substantial similarity of parties." *Id.* For the first-filed rule "in a class action, the court compares the classes, not the class representatives." *Clardy*, 2017 WL 57310 at *2. Courts in this Circuit routinely apply the first-to-file rule to overlapping class actions. *See, e.g.*, *De La Cruz*, 2018 WL 3817950; *Wenokur v. AXA Equitable Life Ins. Co.*, No. 17-0165, 2017 WL 4357916, at *4 n.5 (D. Ariz. Oct. 2, 2017); *Clardy*, 2017 WL 57310, at *3; *Young v. Bank of America, N.A.*, No. 12-5514, 2013 WL 2952758, at *1 (N.D. Cal. Mar. 7, 2013); *Meints*, 2010 WL 625338, at *3.

The classes here are more than just "similar"—the putative ATDS Class proposed by Plaintiff here is "entirely subsumed" by the putative class in the *Hackett* Action. *See De La Cruz*, 2018 WL 3817950, at *2. Both Hill and Hackett seek to represent a putative nationwide class of all people who received a text message from Quicken Loans on their cellphone, that was sent using an ATDS without consent, allegedly in violation of the cellphone provision of the TCPA (i.e., the "ATDS Class" in the *Hill* Action). *Hackett* FAC ¶ 36; *Hill* Compl. ¶ 26. Moreover, the proposed class period in *Hackett* (December 2014 through the date of final approval) is inclusive of and broader than the proposed class period in this litigation (January 2015 to January 2019).

8

The same conclusion applies with respect to Hill's STOP Class and the *Hyde* Action. Both Hill and Hyde seek to represent a putative nationwide class of all people who received a text message from Quicken Loans on their cellphone, that was sent using an ATDS without consent, after having previously responded "STOP" to one or more such text messages, allegedly in violation of the cellphone provision of the TCPA (i.e., the "STOP Class" in the *Hill* Action). *Hyde* Compl. ¶ 37; *Hill* Compl. ¶ 27. Moreover, the proposed class period in *Hyde* (January 2015 to January 2019) is the same as the proposed class period in this litigation (January 2015 to January 2019). Again, the classes here are more than just "similar"—the putative STOP Class proposed by Plaintiff here is "entirely subsumed" by the putative class in the *Hyde* Action. *See De La Cruz*, 2018 WL 3817950, at *2.

### C. *HACKETT* AND *HILL* INVOLVE SUBSTANTIALLY SIMILAR ISSUES WITH RESPECT TO THE ATDS CLASS, AND *HYDE* AND *HILL* INVOLVE SUBSTANTIALLY SIMILAR ISSUES WITH RESPECT TO THE STOP CLASS.

As with the parties, the issues in both actions "need not be identical, only substantially similar." *Kohn Law Grp., Inc.*, 787 F.3d at 1240. In other words, "'substantial overlap' between the two suits" is sufficient. *Id.* at 1241; *Wenokur*, 2017 WL 4357916, at *4 n.5. Here, the issues are not merely substantially similar, they are nearly identical.

Both Hill and Hackett bring claims against Quicken Loans for allegedly sending text messages to the plaintiffs' cellphones using an ATDS without their consent. *Hill* Compl. ¶¶ 12–25; *Hackett* FAC ¶¶ 27–35. Each action asserts claims for violation of the cellphone provision of the TCPA. *Hill* Compl. ¶¶ 43-47; *Hackett* FAC ¶¶ 44–51. And each action seeks precisely the same relief—statutory damages of $500 to $1,500 for each alleged violation. *Hill* Compl. Prayer for Relief; *Hackett* FAC Prayer for Relief. Both matters thus have more than sufficient overlap to satisfy the third factor. *Meints v. Regis Corp.*, 2010 WL 625338, at *3 (applying first-to-file rule where later-filed action differed by alleging an additional

9

claim and covered an additional two-year period not covered by the first-filed action).

Along those same lines, Hill and Hyde bring claims against Quicken Loans for allegedly sending text messages to the plaintiffs' cellphones using an ATDS without their consent after having previously responded "STOP" to one or more such text messages. *Hill* Compl. ¶ 27; *Hyde* Compl. ¶ 37. Each action asserts claims for violation of the cellphone provision of the TCPA. *Hill* Compl. ¶¶ 43-47; *Hyde* Compl. ¶¶ 34, 50-57. And each action seeks precisely the same relief— statutory damages of $500 to $1,500 for each alleged violation. *Hill* Compl. Prayer for Relief; *Hyde* Compl. Prayer for Relief.

The complete overlap in the key issues strongly favors a stay here.

### D. A STAY WILL ADVANCE JUDICIAL ECONOMY WITHOUT PREJUDICING PLAINTIFF.

Staying this action pending the outcome of class certification proceedings in the *Hackett* Action and the *Hyde* Action is reasonable and appropriate because (1) Plaintiff will not be prejudiced by the stay, (2) Quicken Loans will suffer substantial hardship in the absence of a stay, and (3) a stay will simplify the issues in this case and foster judicial efficiencies. *See Upaid Sys., Ltd.*, 2018 WL 5279567, at *1.

<u>First,</u> Hill will not be prejudiced by the granting of a stay. If the *Hackett* Action or *Hyde* Action results in class certification, "the putative class members in this suit can obtain adequate relief, and Plaintiff will likewise have the opportunity to participate . . . ." *See De La Cruz*, 2018 WL 3817950, at *2. And if the *Hackett* Action or *Hyde* Action does not proceed to class certification or certification is denied, the stay will be lifted and Hill will be able to pursue her claims in the present litigation. The potential for a mere "delay" in the prosecution of those individual claims is not enough to preclude a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962).

10

Second, Quicken Loans will suffer substantial hardship if this action goes forward. The risk of conflicting judgments or certification decisions is a real one. *De La Cruz*, 2018 WL 3817950, at *2; *Clardy*, 2017 WL 57310, at *3; see also *Wenokur*, 2017 WL 4357916, at *4. Moreover, Quicken Loans will be required to expend substantial time, resources, and effort duplicating discovery responses, document productions, having fact and expert witnesses re-deposed, and re-litigating the very same issues in each action. "[C]lass actions are frequently complex affairs which tax judicial resources," making them "the very cases in which the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith." *Hilton*, 2013 WL 5487317, at *7. This case is no exception.

Third, a stay of this action pending resolution of class certification in the *Hackett* Action and *Hyde* Action will simplify the "issues, proof, and questions of law" and advance the "orderly course of justice" in this litigation. This is the "most compelling" factor to consider. *Gastelum*, 2018 WL 3364652, at *3. No matter the outcome of class certification in *Hackett* or *Hyde*, there will be substantial efficiencies for all parties and the courts if this action is stayed pending that determination. As courts in this Circuit have recognized when faced with overlapping and competing class actions that are both at the pre-certification stage, as is the case here:

> If the class[es] in [the *Hackett* or *Hyde* Action are] certified as narrow, then [Hill] can move forward to represent all other [class members]. Indeed, all pre-class certification discovery received by [Hackett and Hyde] could be directly given to [Hill] to save time and effort in that circumstance. If the class certified in [the *Hackett* or *Hyde* Action] is wide, then [the *Hill* Action] would probably be considered duplicative and subject to dismissal. If class certification is denied for some other reason not having to do with [Hackett's or Hyde's] status, then [Hill] may or may not

> be able to proceed depending upon the specific circumstance . . . This is a determination that cannot yet be made. A stay in [Hill] pending class certification in [Hackett or Hyde] would appear to be the equitable solution.

*Moreno v. Castlerock Farming & Transp.*, No. 12-0556, 2013 WL 1326496, at *2 (E.D. Cal. Mar. 29, 2013); *Clardy*, 2017 WL 57310, at *3 (same).  The Ninth Circuit has cautioned that in the face of "increase[ed] calendar congestion in the federal courts," it is "imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties." *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) (internal quotations omitted).  In short, the "prospect—however uncertain—of the parties and Court engaging in costly litigation and expending of significant judicial resources," only to have a contradictory ruling concerning class certification in the *Hackett* Action or the *Hyde* Action, "warrants a stay of this proceeding." *Gastelum*, 2018 WL 3364652, at *3; *Clardy*, 2017 WL 57310, at *4.

## CONCLUSION

For all of the forgoing reasons, Quicken Loans respectfully requests that this Court grant this Motion to Stay and stay the proceedings, or in the alternative, dismiss this action.

Respectfully submitted,

Dated:  March 18, 2019          By:  /s/  *Brooks R. Brown*
BROOKS R. BROWN
bbrown@goodwinlaw.com
LAURA A. STOLL
lstoll@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant
QUICKEN LOANS INC.

12