# Exhibit 3

Case 5:19-cv-00163-FMO-SP Document 15-5 Filed 03/18/19 Page 2 of 13 Page ID #:110
Case 0:19-cv-00196 Document 1 Filed 01/27/19 Page 1 of 12
Provided by CourtAlert                                                                    www.CourtAlert.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**QUICKEN LOANS INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The plaintiff GAYLE HYDE ("Ms. Hyde" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant QUICKEN LOANS INC. ("Quicken Loans" or "Defendant") in negligently and/or intentionally contacting Plaintiff on her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

Exhibit 3 -29-

3. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391 because Quicken Loans:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws by conducting business in this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district; and

(d) Plaintiff was harmed by Defendant's conduct within this judicial district.

## PARTIES

4. Ms. Hyde is, and at all times relevant was, a citizen and resident of the State of Minnesota, County of Wright, City of Buffalo, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is informed and believes, and thereon alleges, that Quicken Loans is, and at all times mentioned herein was, a privately held Michigan corporation with its principal place of business in Detroit, Michigan, is a "person" as defined by 47 U.S.C. § 153(39).

6. Upon information and belief, Quicken Loans is an active, registered corporation with the State of Minnesota's Secretary of State, and has a registered office in St. Paul, Minnesota.

7. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of Minnesota and in the County of Wright, and within this judicial district.

## FACTUAL ALLEGATIONS

8. According to Quicken Loan's website, an individual can sign up for Quicken Loans Text Alerts by texting AMAZE to the short code 262-93.

Exhibit 3 -30-

9. Sometime prior to November 2018, Ms. Hyde went onto QuickenLoans.com to compare rates using Quick Loans' Mortgage Calculator, a free service. At no time did Ms. Hyde text AMAZE to the short code 262-93, or consent to receive text messages in any other way.

10. On or about November 26, 2018, at approximately 4:34 p.m., Quicken Loans sent Ms. Hyde a marketing text message to her cellular telephone ending in "3058", from the short code 262-93. The November 26, 2018, text message read:

> Quicken Loans: Time's running out on our Biggest Deal of the Year! Lock your rate now. http://m.qloans.co/N2CRyGuU Reply HELP for help, STOP to end text

11. Ms. Hyde had received several marketing text messages identical to the one above for the past two months. Each time that Plaintiff received this text in the past, she responded with "Stop."

12. However, such requests went unheeded, as Ms. Hyde received another text message on November 26, 2018.

13. Having no other option, on November 26, 2018, Ms. Hyde yet again responded to the text message with "Stop".

14. Similar to her other attempts, Quicken Loans responded with:

> QLTextAlerts: You are unsubscribed & will no longer receive messages from us. Reply HELP for help. Msg&Data Rates May Apply. 1-800-863-4332

15. Despite this clear revocation of consent (if consent had existed in the first instance) and Quicken Loans acknowledgment of the revocation, on December 4, 2018, at approximately 12:34 p.m., Quicken Loans sent Ms. Hyde another text message from its SMS short code soliciting their business.

Exhibit 3 -31-

16. The December 4, 2018, text message read as follows:

> Quicken Loans Rate Alert: Rates have dropped! See Today's Rates: http://m.qloans.co/GsaryGBE Reply HELP for help, STOP to end text

17. As Ms. Hyde had done many times before, Ms. Hyde replied in a text message with the word "STOP".

18. Upon information and belief, Quicken Loans sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited text messages *en masse* to thousands of customers' cellular telephones nationwide.

19. Upon information and belief, Quicken Loans constructed the content of these text messages, and decided the timing of the sending of the message campaign.

20. Quicken Loans sent each of the aforementioned text messages to Plaintiff's cellular telephone using short message script ("SMS") messaging technology, specifically SMS "262-93".

21. Upon information and belief, this SMS short code is registered as belonging to Quicken Loans.

22. The telephone number "1-800-863-4332" is listed on Quicken Loans' website as being its Client Relations' contact number.

23. The text messages sent to Plaintiff were impersonal in nature.

24. Upon information and belief, the text messages were based on a template.

25. Upon information and belief, the automated text messaging system used by Quicken Loans to send the text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

Exhibit 3 -32-

Provided by CourtAlert       www.CourtAlert.com

26. Upon information and belief, the automated text messaging system used by Quicken Loans to send the text messages also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

27. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

28. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge, as prohibited by 47 U.S.C. § 227(b)(1).

29. Defendant did not have prior express written consent, nor prior express consent, to send the text messages to Plaintiff's cell phone, especially after Plaintiff had clearly and expressly requested on multiple occasions that Quicken Loans cease sending text messages.

30. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

31. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with several unwanted marketing text messages, even after telling Defendant to stop sending text messages repeatedly. This invaded Plaintiff's right to privacy.

32. Defendant's telephonic communications forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

33. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Quicken Loans and/or Quicken Loans' agent(s), with Quicken Loans' permission, knowledge and/or control.

Exhibit 3 -33-

Provided by CourtAlert    Case 5:19-cv-00163-FMO-SP Document 15-5 Filed 03/18/19 Page 7 of 13 Page ID    www.CourtAlert.com
Case 0:19-cv-00196 Document 1-5 Filed 01/27/19 Page 8 of 12
#:115

34.   The text messages from Quicken Loans, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

35.   Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated.

36.   Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s using short code 262-93 to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of the Complaint.

37.   Plaintiff also represents, and is a member of the subclass (the "Subclass"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s using short code 262-93 to said person's cellular telephone made through the use of any automatic telephone dialing system, following a written request to cease contacting their cellular telephone phone (e.g., through a "STOP" text message), within the four years prior to the filing of the Complaint.

38.   Defendant and its employees or agents are excluded from the Class and Subclass. Plaintiff does not know the number of members in the Class or Subclass, but believes the members of the Class and Subclass number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

Exhibit 3 -34-

Provided by CourtAlert                                      www.CourtAlert.com

39. Plaintiff and members of the Class and Subclass were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class and Subclass via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class and Subclass members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the members of the Class and Subclass previously paid, and invading the privacy of said Plaintiff and the members of the Class and Subclass. Plaintiff and the members of the Class and Subclass were damaged thereby.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Subclass, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the members of the Class and Subclass is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class and Subclass can be identified through records of Defendant and/or its agents and records of wireless telephone carriers.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class and Subclass predominate over questions which may affect individual members of the Class and Subclass, including the following:

    (a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) sent any text messages without the prior express written express consent of the called

Exhibit 3 -35-

Provided by CourtAlert — 0:19-cv-00196 Document 1 Filed 01/27/19 Page 8 of 12 www.CourtAlert.com

party to members of the Class and Subclass using an automatic dialing system;

(b) Whether the text messages from Defendant were for marketing purposes;

(c) Whether Defendant sent text messages to members of the Subclass after Defendant was instructed to stop sending text messages;

(d) Whether Defendant can meet its burden of showing Defendant obtained prior express consent;

(e) Whether Defendant's conduct was knowing and/or willful;

(f) Whether Plaintiff and the members of the Class and Subclass were damaged thereby, and the extent of damages for such violation; and

(g) Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

43. As a person who received at least one text message from Quicken Loans using an ATDS without Plaintiff's prior express consent, including after multiple requests for the text messages to cease, Plaintiff is asserting claims that are typical of the Class and the Subclass.

44. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass in that Plaintiff has no interest antagonistic to any member of the Class or Subclass.

45. Plaintiff and the members of the Class and Subclass have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class and Subclass will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of

Exhibit 3 -36-

Provided by CourtAlert www.CourtAlert.com

the size of each individual Class member's claims, few, if any, members of the Class and Subclass could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class and Subclass in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Notice may be provided to the Class and Subclass members by direct mail and/or email notice, publication notice and by other reasonable means.

49. Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 *ET SEQ.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

52. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class and Subclass are entitled to an award of $500.00 in

Exhibit 3 -37-

Case 5:19-cv-00163-5MO-SP Document 15-5 Filed 03/18/19 Page 11 of 13 Page ID #:119
Provided by CourtAlert                                                                                      www.CourtAlert.com
CASE 0:19-cv-00196 Document 1-5 Filed 01/23/19 Page 10 of 12

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff and the Class and Subclass are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class and Subclass are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff and the Class and Subclass are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class and Subclass members pray for judgment against Defendant and the following relief:

- An order certifying the Class and Subclass as requested herein;
- An order appointing Plaintiff to serve as the representative of the Class and Subclass in this matter and appointing Plaintiff's Counsel as Class and Subclass Counsel in this matter;

Exhibit 3 -38-

- An award of $500.00 in statutory damages to Plaintiff and each Class and Subclass member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of $1,500.00 in statutory damages to Plaintiff and each Class and Subclass member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pre-judgment and post-judgment interest;

- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- An award of reasonable costs of suit;

- An award of reasonable attorneys' fees;

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

58. Pursuant to the eleventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 28, 2019                                  Respectfully submitted,

                                                     **TARSHISH CODY, PLC**

                                        By:   s/ ADAM R. STRAUSS
                                              ADAM R. STRAUSS (#0390942)
                                              ARS@ATTORNEYSINMN.COM
                                              6337 PENN AVENUE SOUTH
                                              MINNEAPOLIS, MN 55423
                                              TELEPHONE: (952) 361-5556
                                              FACSIMILE: (952) 361-5559
                                              **ATTORNEY FOR PLAINTIFF**

Exhibit 3 -39-

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (CA SBN: 249203)
ak@kazlg.com
*Pro Hac Vice To Be Filed*
245 Fischer Avenue, Suite D1
Costs Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorney for Plaintiff*

Exhibit 3 -40-