BROOKS R. BROWN (SBN 250724)
*BBrown@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC  20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

LAURA A. STOLL (SBN 255023)
*LStoll@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant:
QUICKEN LOANS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**REPLY IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO STAY PROCEEDINGS**<br><br>Date:         April 25, 2019<br>Time:         10:00 a.m.<br>Courtroom: 6D<br>Judge:        Hon. Fernando M. Olguin<br>350 W. 1st Street, 6th Floor<br>Los Angeles, CA  90012 |

ACTIVE/99142471.2

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

On March 18, 2019, Quicken Loans properly moved to stay this Action under the first-filed rule because, at that time, Plaintiff Amanda Hill's ("Plaintiff" or "Hill) putative, nationwide class action was duplicative of and subsumed within two earlier-filed class actions pending in the Middle District of Florida and the District of Minnesota. *See Hackett v. Quicken Loans Inc.*, No. 6:18-cv-02151 (M.D. Fla.) (the "*Hackett* Action"); *Hyde v. Quicken Loans Inc.*, No. 0:19-cv-00196 (D. Minn.) (the "*Hyde* Action").

In her one-page Opposition, Plaintiff does not contest Quicken Loans' stay request on the merits. Instead, Plaintiff contends that the Motion is "moot" because plaintiffs' counsel in the three cases (the *Hackett*, *Hill* and *Hyde* and Actions) have now joined forces here in an apparent (and improper) attempt at forum shopping and litigation gamesmanship. Specifically, the record demonstrates that, on the same day (and, in fact, within the same hour) as Plaintiff filed her Stay Opposition here, (a) the plaintiff in the *Hyde* Action (Gayle Hyde) voluntarily dismissed the putative class action she and her counsel had filed in the District of Minnesota; (b) Hyde and her counsel then purported to join this lawsuit in the First Amended Complaint ("FAC") (Dkt. No. 20) notwithstanding that Hyde's individual claims have no connection (none) to California;[1] (c) the plaintiff in the *Hackett* Action (Bradley Hackett) filed a motion for leave to amend in the Middle District of Florida seeking to abandon his class allegations; and (d) one of Hackett's attorneys (Yaakov Saks) signed-on to the FAC in this action as counsel for Hill and Hyde. *Hyde v. Quicken Loans Inc.*, No. 0:19-cv-00196, Dkt. No. 22 (D. Minn. Apr. 1, 2019); *see generally* FAC; *Hackett v. Quicken Loans Inc.*, No. 6:18-cv-02151, Dkt. No. 27 (M.D. Fla. Apr. 1, 2019).

---

[1] As Hyde is a Minnesota resident and the FAC alleges no connection (none) between Hyde's claim against Quicken Loans and this State, Quicken Loans intends to file a Rule 12(b)(2) motion to dismiss Hyde from this lawsuit because this Court lacks personal jurisdiction over Quicken Loans as to her claim. That motion is currently due on April 15, 2019.

1

ACTIVE/99142471.2

While it reserves all rights to challenge and seek appropriate relief arising from these events, Quicken Loans takes this opportunity to advise this Court that, in the *Hackett* Action, the Middle District of Florida denied (without prejudice) Hackett's motion to amend his complaint to abandon the class allegations for failure to comply with that Court's pre-filing meet and confer requirement. *Hackett v. Quicken Loans Inc.*, No. 6:18-cv-02151, Dkt. No. 28 (M.D. Fla. Apr. 2, 2019). To date, Hackett has not yet refiled the motion to amend. The *Hackett* Action thus remains a first-filed and duplicative putative class action. And, because it does, Quicken Loans' Motion to Stay is not moot and should be granted as unopposed. *See* Memorandum in Support of Quicken Loans' Motion to Stay (Dkt. 15-1); FAC ¶¶ 36-37. Of course, if Hackett refiles his motion to amend and the Middle District of Florida grants his and his counsel's request to abandon the class allegations, then Plaintiffs will be free to request that this Court lift the stay and this Court can address that request in light of the then-existing circumstances.

For all of the forgoing reasons and for all the reasons stated in the Motion to Stay, Quicken Loans respectfully requests that this Court grant the Motion.

Respectfully submitted,

Dated: April 11, 2019   By:   /s/ *Brooks R. Brown*
BROOKS R. BROWN
BBrown@goodwinlaw.com
W. KYLE TAYMAN
KTayman@goodwinlaw.com
LAURA A. STOLL
LStoll@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
QUICKEN LOANS INC.

ACTIVE/99142471.2