BROOKS R. BROWN (SBN 250724)
*bbrown@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*ktayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC 20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

LAURA A. STOLL (SBN 255023)
*lstoll@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
QUICKEN LOANS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

AMANDA HILL and GAYLE HYDE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

QUICKEN LOANS INC.,

Defendant.

Case No. 5:19-cv-00163-FMO-SP

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Date: May 16, 2019
Time: 10:00 a.m.
Courtroom: 6D
Judge: Hon. Fernando M. Olguin
350 W. 1st Street, 6th Floor,
Los Angeles, CA 90012

Filed concurrently with:
1. Notice of Motion and Motion; and
2. Proposed Order

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1
PROCEDURAL HISTORY ........ 3
ARGUMENT ........ 4
I. The Motion to Dismiss Standard. ........ 4
II. The FAC Fails to Plead that this Court Has Personal Jurisdiction Over Quicken Loans as to Hyde's Claim. ........ 5
III. Plaintiffs Fail to Plead the ATDS Element of Their Cellphone Provision Claim. ........ 7
IV. Plaintiffs Fail to Plead Sufficient Facts to Support a Plausible TCPA Claim. ........ 10
CONCLUSION ........ 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) .......... 11

*AM Tr. v. UBS AG*, 681 F. App'x 587 (9th Cir. 2017) .......... 6

*Armstrong v. Inv'r's Bus. Daily, Inc.*, No. CV 18-2134-MWF, 2018 WL 6787049 (C.D. Cal. Dec. 21, 2018) .......... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 5, 9

*Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014) .......... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3, 5, 9, 10

*Bodie v. LYFT*, No. 3:16-cv-02558-L-NLS, 2019 WL 258050 (S.D. Cal. Jan. 16, 2019) .......... 8, 9

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017) .......... 5, 7

*Chyba v. Wash. Mutual*, No. 12cv838 JAH (BLM), 2014 WL 12628468 (S.D. Cal. Jan. 21, 2014) .......... 8

*Coulon v. Fairbank*, No. CV 17-5340 FMO, 2018 WL 5915651 (C.D. Cal. Sept. 14, 2018) .......... 2

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .......... 4, 6

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) .......... 5

*Farnham v. Caribou Coffee Co.*,
No. 3:16-cv-00295-wmc, Dkt. No. 1 (W.D. Wis. May 5, 2016) .............................. 7

*Gill v. Navient Sols., LLC*,
No. 8:18-cv-1388-T-26SPF, 2018 WL 7412717 (M.D. Fla. Aug. 7, 2018) .............................. 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .............................. 4, 6

*Gulden v. Consol. World Travel Inc.*,
No. CV-16-01113-PHX-DJH, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017) .............................. 11

*Hyde v. Quicken Loans Inc.*,
No. 0:19-cv-00196-JNE-ECW, Dkt. No. 1 (D. Minn. Jan. 27, 2019) .............................. 1

*Hyde v. Quicken Loans Inc.*,
No. 0:19-cv-00196-JNE-ECW, Dkt. No. 22 (D. Minn. Apr. 1, 2019) .............................. 4

*Ibey v. Taco Bell Corp.*,
No. 12-CV-0583-H (WVG), 2012 WL 2401972 (S.D. Cal. June 18, 2012) .............................. 9

*Jones v. FMA All., Ltd.*,
978 F. Supp. 2d 84 (D. Mass. 2013) .............................. 9

*Marks v. Crunch San Diego, LLC*,
904 F.3d 1041 (9th Cir. 2018) .............................. 8

*Motley v. Contextlogic, Inc.*,
No. 3:18-cv-02117-JD, Dkt No. 1 (N.D. Cal. Apr. 6, 2018) .............................. 7

*Musenge v. SmartWay of the Carolinas, LLC*,
No. 3:15-cv-153-RJC-DCK, 2018 WL 4440718 (W.D.N.C. Sept. 17, 2018) .............................. 9

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) .............................. 4, 6

*Priester v. eDegreeAdvisor, LLC*,
No. 5:15-cv-04218-EJD, 2017 WL 4237008 (N.D. Cal. Sept. 25, 2017) .............................. 9

*Renvall v. Albertsons Cos. Inc.*, No. 3:18-cv-00809-H-NLS, Dkt. No. 1 (S.D. Cal. Apr. 27, 2018) .......... 7

*Rhinehart v. Diversified Cent., Inc.*, No. 4:17-CV-624-VEH, 2018 WL 372312 (N.D. Ala. Jan. 11, 2018) .......... 9

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) .......... 2

*Soukhaphonh v. Hot Topic, Inc.*, No. 2:16-cv-05124-DMG-AGR, Dkt. No. 1 (C.D. Cal. July 12, 2016) .......... 7

*Thomas v. Clark*, No. 3:15-CV-2429-CAB-JLB, 2016 WL 6330586 (S.D. Cal. Apr. 14, 2016) .......... 7

*Trenk v. Bank of Am.*, No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017) .......... 9

*Walden v. Fiore*, 571 U.S. 277 (2014) .......... 6

**Federal Statutes**

47 U.S.C. § 227(a)(1) .......... 8

47 U.S.C. § 227(b)(1)(A) .......... 2, 3, 7

**Other Authorities**

Fed. R. Civ. P. 8 .......... 3, 5, 9, 11

Fed. R. Civ. P. 12(b)(2) .......... 1, 4

Fed. R. Civ. P. 12(b)(6) .......... 1, 4, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**[1]

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), Quicken Loans Inc. ("Quicken Loans")—a fourteen-time J.D. Power award winner for client satisfaction in mortgage origination and servicing—moves to dismiss the First Amended Complaint ("FAC") of Plaintiffs Amanda Hill ("Hill") and Gayle Hyde ("Hyde") (collectively, "Plaintiffs") for want of personal jurisdiction (as to Hyde's claim only), and for failure to state a cognizable claim for violation of the Telephone Consumer Protection Act's ("TCPA") cellphone provision (as to Hyde and Hill).

The FAC is neither Hill nor Hyde's first attempt to plead TCPA cellphone provision claims against Quicken Loans arising from purported text messages allegedly received by them. Hill attempted to assert such a claim in her original complaint in this action (Dkt. No. 1), and Hyde attempted to assert such a claim in a lawsuit she previously filed against Quicken Loans in the District of Minnesota. *Hyde v. Quicken Loans Inc.*, No. 0:19-cv-00196-JNE-ECW, Dkt. No. 1 (D. Minn. Jan. 27, 2019). Quicken Loans filed a Rule 12(b)(6) motion to dismiss Hill's original complaint here on March 18, 2019 (Dkt. No. 14), and one to dismiss Hyde's original complaint in the District of Minnesota on April 1, 2019. No. 0:19-cv-00196-JNE-ECW, Dkt. Nos. 12-16 (D. Minn. Apr. 1, 2019). In both motions (and as part of pre-filing meet and confer communications with Hill and Hyde's counsel), Quicken Loans identified the pleadings defects infecting Plaintiffs' complaints. In response to Quicken Loans' motions, Hill filed the FAC that is the subject of this Motion and Hyde voluntarily dismissed her lawsuit in Minnesota and purported to join this one through the FAC notwithstanding the fact that neither she nor her claim has any connection to California. Despite having prior notice of the pleadings defects identified by Quicken Loans in its previously-filed motions and the opportunity to

---

[1] Contemporaneously with this Motion, Quicken Loans also has filed a Motion to Compel Arbitration as to Plaintiff Hill's individual claim (Dkt. No. 29).

attempt to cure them by amendment, the FAC continues to suffer from the same defects (and others). It is thus apparent that Plaintiffs cannot cure them. As such, dismissal is warranted and appropriate for at least two main reasons.

First, as to Hyde, the FAC is devoid of allegations sufficient to establish this Court's jurisdiction over Quicken Loans with respect to her TCPA cellphone provision claim. *Coulon v. Fairbank*, No. CV 17-5340 FMO, 2018 WL 5915651, at *2 (C.D. Cal. Sept. 14, 2018) (Olguin, J.) (dismissing without prejudice for failure to plead facts demonstrating personal jurisdiction over defendant); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (dismissing out-of-state plaintiffs' claims for failure to plead sufficient facts showing personal jurisdiction). Indeed, the FAC contains no jurisdictional allegations with respect to Hyde's claim at all. There is thus no basis from which this Court could conclude, as it must to allow Hyde's claim to proceed in this Court, that is has jurisdiction over Quicken Loans as to that claim. Plaintiff concedes that Quicken Loans is an out-of-state defendant incorporated and located in Detroit, Michigan, foreclosing general jurisdiction. FAC ¶ 6. And, as to specific jurisdiction, Hyde pleads nothing to connect herself or Quicken Loans to this State with respect to the challenged text messages. This is not surprising given that Hyde alleges that she is a Minnesota resident, and originally brought her claims in Minnesota, even though her lead counsel (Abbas Kazerounian) is based here. The reason is obvious: Hyde and her counsel recognized months ago that there was no connection between Hyde, her claim, and this State sufficient for this Court to exercise jurisdiction over her claim. *See* FAC ¶¶ 5, 20-29. That recognition was correct. Personal jurisdiction over Quicken Loans in this Court is lacking with respect to Hyde's claim, and so it must be dismissed.

Second, as Quicken Loans demonstrated in its previously-filed motions to dismiss Hyde and Hill's claims, Plaintiffs' single count for alleged violation of the cellphone provision of the TCPA—47 U.S.C. § 227(b)(1)(A)(iii)—should be

dismissed because Plaintiffs fail to plead any factual allegations, let alone plausible ones, from which this Court could conclude that the alleged texts were made using an automatic telephone dialing system ("ATDS"). Instead, and although Quicken Loans' previously-filed motions highlighted the issue, Plaintiffs continue to resort to parroting the statutory ATDS definition and caselaw concerning the ATDS element, baldly asserting that Quicken Loans' unidentified "equipment" somehow qualifies as an ATDS. FAC ¶¶ 32-33. Indeed, the ATDS allegations in the FAC are nearly verbatim to those in Hill's original complaint. *Compare* Original Compl. ¶¶ 21-22 *with* FAC ¶¶ 32-33. These conclusory allegations are insufficient to sustain Plaintiffs' burden to plead plausible, factual allegations in support of their cellphone provision claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In addition, while Plaintiffs are quick to allege that Quicken Loans violated the cellphone provision by texting Hill's purported cellphone number "numerous" times over the course of a year and that Hyde received "several" texts, Plaintiffs continue to fail to plead the number of texts Quicken Loans purportedly sent or the specific dates Quicken Loans purportedly sent them. *See generally* FAC ¶¶ 14, 23. The absence of such basic factual allegations continues to deprive Quicken Loans of fair notice of Plaintiffs' claims and the potential exposure it faces in direct violation of Rule 8.

Because the FAC fails (1) to show that this Court has personal jurisdiction over Hyde's claim; and (2) to state a cognizable claim for violation of the cellphone provision of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), this lawsuit must be dismissed.

## PROCEDURAL HISTORY

Hill filed her original complaint on January 28, 2019. Dkt. No. 1. In response, Quicken Loans timely filed a Motion to Dismiss demonstrating that Hill had failed to state a cognizable TCPA claim. Dkt. No. 14. On that same day, Quicken Loans also filed a Motion to Stay this action under the first-filed rule because Hill brought class claims entirely duplicative of two earlier filed class actions, including a class action then pending in the District of Minnesota brought by Hyde. Dkt. No. 15. Thereafter,

on April 1, 2019, and within minutes of Quicken Loans filing its Rule 12(b)(6) motion, Hyde voluntarily dismissed her TCPA lawsuit in the District of Minnesota. *Hyde v. Quicken Loans Inc.*, No. 0:19-cv-00196-JNE-ECW, Dkt. No. 22 (D. Minn. Apr. 1, 2019). And, within minutes of that dismissal, Hill and Hyde filed the FAC in this action in this Court purporting to assert cellphone provision claims against Quicken Loans. *See* FAC. Other than the addition of Hyde and the abandonment of Hill's previously-asserted (and meritless) federal do-not-call list claim predicated upon demonstrably false allegations about her purported number being on the federal do-not-call list at the time of the challenged texts,[2] the FAC contains no new factual allegations with respect to the ATDS element of Plaintiffs' claims or about the challenged text messages.

## ARGUMENT

### I. THE MOTION TO DISMISS STANDARD.

Federal courts must dismiss claims under Fed. R. Civ. P. 12(b)(2) when they lack personal jurisdiction over the defendant. "[T]he plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citations omitted). Federal courts have personal jurisdiction over a foreign defendant only when (1) there is general jurisdiction because the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State" (*Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); or (2) there is specific jurisdiction because the alleged injuries arise out of the defendant's forum-related activities. *Goodyear*, 564 U.S. 915, 919 (2011) (citation omitted) ("Specific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' . . . or an occurrence that takes place in the forum State

[2] Quicken Loans reserves all rights to seek appropriate relief from this Court relating to Hill's assertion of the frivolous federal do-not-call claim in her original complaint, and the unnecessary burden and expense she imposed upon Quicken Loans by refusing to withdraw that claim in response to Quicken Loans' reasonable and appropriate pre-motion to dismiss request.

and is therefore subject to the State's regulation."). The Supreme Court has held that courts do not have specific jurisdiction to entertain nonresidents' (like Hyde) claims when they do not claim to have suffered harm in the forum state: "The relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. In addition, [] all the conduct giving rise to the nonresidents' claims occurred elsewhere. It follows that the California courts cannot claim specific jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1782 (2017).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, the allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Application of these well-established standards here requires dismissal of the FAC in its entirety.

## II. THE FAC FAILS TO PLEAD THAT THIS COURT HAS PERSONAL JURISDICTION OVER QUICKEN LOANS AS TO HYDE'S CLAIM.

This Court must dismiss Hyde from this lawsuit because she has failed to plead facts sufficient to make out a prima facie case that this Court has personal jurisdiction (general or specific) over Quicken Loans as to her claim. In fact, the so-called "Personal jurisdiction" paragraph of the FAC does not mention Hyde at all. FAC ¶ 3.

As an initial matter, this Court has no general jurisdiction over Quicken Loans because it is not a California corporation. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137 (citation omitted). And Hyde alleges (correctly) that Quicken Loans is a Michigan company with its principal place of business in Detroit. FAC ¶ 6. Therefore, to implicate general personal jurisdiction, Plaintiffs must plead sufficient factual allegations to establish that Quicken Loans' activities in California are "so 'continuous and systematic'" to render it "at home" in this forum. *Daimler AG*, 571 U.S. at 133 n.11 (citing *Goodyear*, 564 U.S. at 919). Plaintiffs plead no such factual allegations. Instead, they plead only that Quicken Loans does "substantial business in this district." FAC ¶ 3d. But merely doing business in California is not enough to subject Quicken Loans to general personal jurisdiction in California. *Daimler AG*, 571 U.S. at 137-38 (rejecting as "unacceptably grasping" the notion that general jurisdiction could be conferred by merely doing business in a state that was not the place of incorporation or principal place of business); *AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) (affirming lack of personal jurisdiction over defendant and rejecting argument that a large bank should be subject to general personal jurisdiction in any state in which the bank maintains a branch).

Nor does Hyde plead factual allegations sufficient to implicate specific (or "case-linked") personal jurisdiction over Quicken Loans with respect to her claim. *See Goodyear*, 564 U.S. at 919; *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Hyde alleges no connection between the challenged texts she received and California. Instead, Hyde's scant factual allegations render any such connection implausible, because Hyde alleges only that she is a Minnesota resident. FAC ¶¶ 5, 20-29. Without factual allegations connecting the challenged texts to this forum state, Hyde has failed to carry her burden to demonstrate that this Court has personal jurisdiction over Quicken Loans as to her claim. *Picot*, 780 F.3d at 1212 (affirming no specific

personal jurisdiction over defendant when bulk of challenged conduct occurred outside of forum state); *Thomas v. Clark*, No. 3:15-CV-2429-CAB-JLB, 2016 WL 6330586, at *2 (S.D. Cal. Apr. 14, 2016) (dismissing for lack of personal jurisdiction when complaint failed to allege that defendant was a resident of California or to challenge any conduct that occurred in California).

Where, as here, the FAC is devoid of allegations that conduct a nonresident plaintiff challenges took place in the forum, and the defendant is not "at home" in the forum state, personal jurisdiction is lacking as to the nonresident's claims. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1782. Accordingly, Hyde's claim should be dismissed.

## III. PLAINTIFFS FAIL TO PLEAD THE ATDS ELEMENT OF THEIR CELLPHONE PROVISION CLAIM.

An essential element of any cellphone provision claim is that the challenged calls or texts were made using an "automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A). But Plaintiffs offer only bald assertions and a series of legal conclusions to support their claim that Quicken Loans used an ATDS to text them. FAC ¶¶ 32-33. These legal conclusions, which are unchanged from Hill's original complaint and which Hill's counsel has pled in verbatim (or nearly verbatim) form against various defendants in other TCPA cases for years now,[3] do nothing more than parrot the statutory ATDS definition and general ATDS caselaw on what constitutes an ATDS. This is insufficient. Three examples—and there are others—illustrate the point.

[3] *Motley v. Contextlogic, Inc.*, No. 3:18-cv-02117-JD, Dkt No. 1 ¶ 18 (N.D. Cal. Apr. 6, 2018) (pleading same conclusory ATDS allegations as alleged in *Hill* FAC ¶¶ 32-33); *Farnham v. Caribou Coffee Co.*, No. 3:16-cv-00295-wmc, Dkt. No. 1 ¶ 18 (W.D. Wis. May 5, 2016) (same); *Soukhaphonh v. Hot Topic, Inc.*, No. 2:16-cv-05124-DMG-AGR, Dkt. No. 1 ¶ 27 (C.D. Cal. July 12, 2016) (same); *Renvall v. Albertsons Cos. Inc.*, No. 3:18-cv-00809-H-NLS, Dkt. No. 1 ¶¶ 22-23 (S.D. Cal. Apr. 27, 2018) (same).

First, while Plaintiffs baldly assert that Quicken Loans' unidentified "hardware" and "software" has the "capacity to store, produce, and dial random or sequential numbers," that language just parrots the statutory ATDS definition. FAC ¶ 32; 47 U.S.C. § 227(a)(1). There are no facts (none) to support this unadorned conclusion. "Plaintiffs must do more than simply parrot the statutory language. . . . [And, consistent with this,] the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'" *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (citation omitted) (dismissing TCPA claim for failure to allege ATDS element).

Second, while Paragraph 32 contains a number of assertions about *en masse* texts, the FAC is devoid of a single factual allegation supporting the assertion that a single one of the unidentified text messages to Hill, Hyde or anyone else was sent *en masse*—whatever Plaintiffs may mean by that term.

Finally, while Plaintiffs mimic the language from the Ninth Circuit's decision in *Marks* to allege that Quicken Loans' unidentified "hardware and software" is an ATDS because it purportedly can "receive[] and store[] lists of telephone numbers to be dialed and which then dial[] such numbers automatically" (FAC ¶ 33; *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018)), Plaintiffs add no factual enhancement sufficient to render these bald assertions plausible. *Bodie v. LYFT*, No. 3:16-cv-02558-L-NLS, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019) (dismissing TCPA claim because complaint "merely parrots statutory definition of an ATDS"); *Chyba v. Wash. Mutual*, No. 12cv838 JAH (BLM), 2014 WL 12628468, at *5 (S.D. Cal. Jan. 21, 2014) (merely parroting caselaw is insufficient to support a claim for relief), *aff'd*, 671 F. App'x 426 (9th Cir. 2016). There are, for example, no factual allegations that Quicken Loans' "hardware and software" received and stored Plaintiffs' purported numbers as part of some list and then automatically texted the numbers from that same list.

Put simply, Plaintiffs' bald regurgitation of the statutory language and caselaw—repeated by their counsel from TCPA case to TCPA case—is insufficient to move their cellphone provision claim across the line from possible to plausible. Indeed, the Supreme Court has held that conclusory allegations like Plaintiffs' here are insufficient to state a claim because those allegations are devoid of the requisite factual enhancement. *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678. To conclude otherwise would "eviscerate the plausibility standard to which complaint's allegations must adhere under Rule 8." *Priester v. eDegreeAdvisor, LLC*, No. 5:15-cv-04218-EJD, 2017 WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017); *see also Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H (WVG), 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (allegation that there "was no human intervention on the part of the Defendant" was insufficient to plead ATDS element).

Faced with similarly defective allegations, federal courts routinely dismiss conclusory cellphone provision claims like Plaintiffs' here. *See, e.g.*, *Bodie*, 2019 WL 258050, at *2; *Armstrong v. Inv'r's Bus. Daily, Inc.*, No. CV 18-2134-MWF (JPRx), 2018 WL 6787049, at *6 (C.D. Cal. Dec. 21, 2018) (Fitzgerald, J.) (dismissing TCPA claim when allegations were "mere recitation of the legal definition of an ATDS"); *Musenge v. SmartWay of the Carolinas, LLC*, No. 3:15-cv-153-RJC-DCK, 2018 WL 4440718, at *3 (W.D.N.C. Sept. 17, 2018) (dismissing TCPA claim where Plaintiff did not allege the use of an ATDS but instead simply attached copies of the text messages she received); *Gill v. Navient Sols., LLC*, No. 8:18-cv-1388-T-26SPF, 2018 WL 7412717, *1 (M.D. Fla. Aug. 7, 2018) (dismissing TCPA claim that "fail[ed] to describe the phone messages or the circumstances surrounding the calls, such as the actual messages or conversations, to cause her to believe an ATDS was being used"); *Rhinehart v. Diversified Cent., Inc.*, No. 4:17-CV-624-VEH, 2018 WL 372312, at *8-9 (N.D. Ala. Jan. 11, 2018) (dismissing TCPA claim where Plaintiff made only bare allegations that an ATDS was used); *Trenk v. Bank of Am.*, No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017) (same); *Jones v. FMA All., Ltd.*, 978 F. Supp. 2d 84,

86 (D. Mass. 2013) (citation and internal quotations omitted) ("A bare allegation that defendants used an ATDS is not enough."). This Court should follow the well-reasoned conclusions from these other courts and dismiss Plaintiffs' defectively-pled cellphone provision claim, particularly given Plaintiffs' choice not to attempt to cure these defects in response to Quicken Loans' previously-filed motions to dismiss. That choice reveals that Plaintiffs have no additional factual allegations to plead to attempt to cure the existing (and continuing) defects.

## IV. PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT A PLAUSIBLE TCPA CLAIM.

Beyond the defective ATDS allegations, the FAC also fails to provide fair notice to Quicken Loans of the claims against it and the exposure it faces with respect to Plaintiffs' individual claims. This is because, while it is long on general discussion about the TCPA, the FAC offers very few facts about Plaintiffs' individual claims. *Twombly*, 550 U.S. at 555. Instead, Hill pleads that "over at least the past year, continuing through the present," Quicken Loans sent her "numerous" text messages without her consent. FAC ¶ 14. Hill does not, however, plead the content of each challenged text, when each of the challenged texts was sent, or how many texts she is challenging. *See generally FAC*. Similarly, Hyde alleges that she has "received several marketing text messages . . . for the past two months." FAC ¶ 23. But she does not plead when each text was sent or how many texts she is challenging. Without such basic information, Plaintiffs' conclusory allegations fail to plausibly support their barebones assertions that they received "numerous" or "several" text messages to their cellphones from Quicken Loans in purported violation of the cellphone provision. FAC ¶¶ 14, 23.

The two "screenshots" which Hill includes in the FAC and the two text messages Hyde purports to quote compel no different conclusion. First, Hill's screenshots omit the text recipient (and provide no factual basis to connect the four text messages to her purported cellphone number) and depict only four messages that

she allegedly received in October and November 2018. Hill pleads no facts at all about any of the other "numerous" text messages she claims to have received "over at least the past year." FAC ¶ 14. Similarly, Hyde purports to quote only two text messages—one allegedly received in November and one allegedly received in December 2018 (FAC ¶¶ 22, 28), but she provides no details regarding the supposed "several" other text messages she allegedly received over the "past two months." FAC ¶ 23. But factual allegations about each alleged text message are "particularly necessary here because [Hill and Hyde] seek[] recovery for each violation of the TCPA." *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (emphasis added); *see also Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-DJH, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing TCPA claim for failure to plead sufficient facts concerning the identity of the caller and the character of the call). Absent such factual allegations, Quicken Loans is deprived of the "fair notice" of Plaintiffs' claims required by Rule 8. *Abbas*, 2009 WL 4884471, at *2. Indeed, Plaintiffs' failure to plead such factual allegations in response to Quicken Loans' previously-filed motions illustrates an ongoing effort to continue to deprive Quicken Loans of the requisite fair notice.

## CONCLUSION

For the forgoing reasons, Quicken Loans respectfully requests that this Court grant the Motion and dismiss the FAC.

Respectfully submitted,

Dated: April 15, 2019

By: */s/ Brooks R. Brown*

BROOKS R. BROWN
*bbrown@goodwinlaw.com*
LAURA A. STOLL
*lstoll@goodwinlaw.com*
W. KYLE TAYMAN
*ktayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
QUICKEN LOANS INC.