UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-0163 FMO (SPx) | Date | April 26, 2019 |
|---|---|---|---|
| Title | Amanda Hill, et al. v. Quicken Loans Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present None Present

**Proceedings:** (In Chambers) Order Re: Motion to Stay

Having reviewed the briefing filed with respect to defendant Quicken Loans Inc.'s ("defendant" or "Quicken") Motion to Stay Proceedings, (Dkt. 15, "Motion"), th court concludes as follows.

Defendant seeks a stay of this action under the first-to-file rule, which "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1239 (9th Cir. 2015); (Dkt. 15-1, Memorandum in Support of Motion ("Memo") at 7-12). However, as plaintiffs note, the Motion is largely moot. (See Dkt. 21, Plaintiffs' Response in Opposition to Defendant's Motion to Stay Proceedings ("Opp") at 1). In one case, Hyde v. Quicken Loans, Inc., CV 19-0196 (D. Minn), plaintiff voluntarily dismissed the action, (see id.; see also Dkt. 21-1, Exh. A (Notice of Voluntary Dismissal of Action), and in the second case, Hackett v. Quicken Loans, Inc., CV 18-2151 (M.D. Fla), plaintiff filed a motion to amend his complaint to remove the class allegations. (See Dkt. 21, Opp at 1; Dkt. 21-2, Exh. B (Motion for Leave to File Second Amended Complaint)). While defendant points out that the court in Hackett denied the motion for leave to amend based on plaintiff's failure to comply with the meet-and-confer requirement, (see Dkt. 27, Reply in Support of Motion at 2), such denial was without prejudice. (See id.). Given the Hackett plaintiff's stated intent to abandon his class claims, the court will exercise its discretion and deny defendant's Motion at this juncture. See Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary[.]").

Based on the foregoing, IT IS ORDERED THAT defendant's Motion **(Document No. 15)** is **denied**.

| | 00 : 00 |
|---|---|
| | Initials of Preparer vrv |