**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN:319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HEDIN HALL LLP**
Frank S. Hedin (SBN 291289)
E-mail: fhedin@hedinhall.com
David W. Hall (SBN 274921)
E-mail: dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Attorneys for Plaintiffs*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated, | **Case No.:** 5:19-cv-00163-FMO-SP |
| Plaintiffs, | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| QUICKEN LOANS INC., | **Date:** June 18, 2019 |
| Defendant. | **Time:** 10:00 am |
| | **Room:** 6D |
| | **Judge:** Hon. Fernando M. Olguin |

OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 5:19-cv-00163-FMO-SP

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................iii

I. INTRODUCTION ........................................................................................1

II. LEEAVE TO AMEND SHOULD BE GRANTED TO ALLOW MS.
HYDE TO ADD FACTUAL ALLEGATIONS TO SUPPORT
PERSONAL JURISDICTION OVER DEFENDANT .................................1

   A. Outside Evidence Is Not Permitted On A Motion Under Fed. R.
Civ. P. 12(b)(6), Except For Information Subject To Judicial
Notice ......................................................................................................2

   B. Leave To Amend Should Be Given To Plead Plausible Factual
Allegations To Support Personal Jurisdiction .................................2

      1. Ms. Hyde can plausibly allege fact supporting specific
jurisdiction over Quicken Loans based on documents
subject to judicial notice .......................................................3

      2. A proposed Second Amended Complaint is submitted
herewith ...................................................................................7

III. THE COURT SHOULD NOT RULE ON THE PERSONAL
JURISDICTION CHALLENGE UNDER FED. R. CIV. P. 12(B)(2)
WITHOUT FIRST AFFORDING MS. HYDE LIMITED
JURISDICTIONAL DISCOVERY ............................................................8

   A. Legal Standard Under Fed. R. Civ. P. 12(b)(2) ...............................8

   B. Ms. Hyde Should Be Permitted Limited Jurisdictional
Discovery ...............................................................................................9

IV. THE COURT SHOULD RULE THAT QUICKEN LOANS HAS
SUBMITTED TO THIS COURT'S JURISDICTION BY SEEKING
AFFIRMATIVE RELIEF THROUGH THE MOTION TO COMPEL
ARBITRATION THAT WAS FILED BEFORE THE MOTION TO
DISMISS ................................................................................................14

**V. PLAINTIFFS' FACTUAL ALLEGATIONS ARE SUFFICIENT UNDER RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE** ........... 15

    **A. The Ninth Circuit's Controlling Decision in *Marks v. Crunch of San Diego* Governs the Interpretation of the Statutory Definition of ATDS** ................................................................................................... 15

    **B. Under *Marks*, the Complaint's Allegations are More than Sufficient to Establish Defendant's Transmission of Text Messages to Plaintiff via an ATDS** .................................................. 16

    **C. Plaintiffs' Detailed Factual Allegations Would Suffice Even Under Pre-Marks Standards As They Go Far Beyond Merely Parroting the Statutory Language** ................................................................ 18

        **1. First approach** ................................................................... 19

        **2. Second approach** .............................................................. 20

    **D. Defendant's Case Law Supports Plausible Use of an ATDS** ........ 22

    **E. Defendant's Lack of Fair Notice Argument Is Meritless and Disingenuous** .................................................................................. 23

**VI. CONCLUSION** ................................................................................. 25

# TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*ACA Int'l v. Fed. Commc'ns Comm'n,*
    885 F.3d 687 (D.C. Cir. 2018) ..................................................................16

*Armstrong v. Investor's Bus. Daily, Inc.,*
    No. CV 18-2134-MWF (JPRx)
    2018 U.S. Dist. LEXIS 216246 (C.D. Cal. Dec. 21, 2018) ...................20, 23

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..........................................................................18, 19

*Ballard v. Savage,*
    65 F.3d 1495 (9th Cir. 1995) .......................................................................6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ....................................................................9

*Baranski v. NCO Fin. Sys.,*
    2014 U.S. Dist. LEXIS 37880 (E.D.N.Y. Mar. 21, 2014) ..........................22

*Bodie v. Lyft,*
    2019 U.S. Dist. LEXIS 9800 (S.D. Cal. Jan. 15, 2019)...............................23

*Butchers Union Local 532 v. Farmers Markets,*
    67 Cal.App.3d 905, 136 Cal.Rptr. 894 (1977).............................................12

*Crystal Cruises, Inc. v. Moteurs Leroy-Somer S.A.,*
    No. CV 10-8736, 2011 U.S. Dist. LEXIS 73376,
    2011 WL 2604886 (C.D. Cal. July 1, 2011) .................................................9

*Connector Castings, Inc. v. Joseph T. Ryerson & Son, Inc.,*
    2015 U.S. Dist. LEXIS 142906 (E.D. Mo. Oct. 21, 2015) ..........................23

*Coulon v. Richard Fairbank of Capital One,*
    No. CV 17-5340 FMO (FFMx),
    2018 U.S. Dist. LEXIS 157348 (C.D. Cal. Sep. 14, 2018)............................5

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) .....................................................................8-9

*Dow Chem. Co. v. Calderon*,
    422 F.3d 827 (9th Cir. 2005) ........................................................................ 4

*Ewing v. Encor Solar, LLC*,
    No. 18-CV-2247-CAB-MDD,
    2019 U.S. Dist. LEXIS 10270 (S.D. Cal. Jan. 22, 2019) ............................. 18

*Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*,
    103 F.3d 888 (9th Cir. 1996) ........................................................................ 8

*Flores v. Adir Int'l, LLC*,
    685 F.App'x 533 (9th Cir. 2017) ................................................................ 20,

*General Contracting & Trading Co. v. Interpole Inc.*,
    940 F.2d 20 (1st Cir. 1991) .......................................................................... 3

*Gill v. Navient Sols., LLC*,
    2018 U.S. Dist. LEXIS 132491 (M.D. Fla. Aug. 7, 2018) ..................... 22-23

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ...................................................................................... 6

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
    456 U.S. 694 (1982) .................................................................................... 14

*j2 Global Communs., Inc. v. Vitelity Communs., LLC*,
    No. 11-cv-07904-DDP (Ex),
    2012 U.S. Dist. LEXIS 51793 (C.D. Cal. Apr. 12, 2012) ........................ 9-10

*Jackson v. Carey*,
    353 F.3d 750 (9th Cir. 2003) ........................................................................ 7

*In re Jiffy Lube Int'l, Inc.*,
    847 F.Supp.2d 1253 (S.D. Cal. 2012) ........................................................ 20

*Jones v. FMA Alliance, Ltd.*,
    978 F.Supp.2d 84, 86-87 (D. Mass. 2013) ................................................. 22

*Keifer v. Hosopo Corporation*,
    No. 3:18-CV-1353-CAB-KSC,
    2018 WL 5295011, at *4 (S.D. Cal. Oct. 25, 2018) ............................. 16, 18

*Knowlton v. Allied Van Lines, Inc.*,
  900 F.2d 1196 (8th Cir. 1990) ............................................................. 12, 14

*Kramer v. Autobytel, Inc.*,
  759 F.Supp.2d 1165 (N.D. Cal. 2010) .......................................................... 22

*Larson v. Harman Mgmt. Corp.*,
  No. 1:16-cv-00219-DAD-SKO,
  2018 U.S. Dist. LEXIS 208121 (E.D. Cal. Dec. 10, 2018) .......................... 16

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ..................................................................... 1, 2

*Lopez v. Smith*,
  203 F.3d 1122, 1127 (9th Cir. 2000) .............................................................. 7

*Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,
  869 F.3d 795 (9th Cir. 2017) ........................................................................ 15

*Maier v. J.C. Penney Corp.*,
  13-cv-0163-IEG (DHB), 2013 U.S. Dist. LEXIS (S.D. Cal. 2013)........ 19, 20

*Marks v. Crunch San Diego, LLC*,
  904 F.3d 1041(9th Cir. 2018) ...............................................................*passim*

*Mashiri v. Ocwen Loan Servicing, LLC*,
  2013 U.S. Dist. LEXIS 154534 (S.D. Cal. Oct. 28, 2013) ........................... 20

*Meyer v. Bebe Stores, Inc.*,
  2015 U.S. Dist. LEXIS 12060 (N.D. Cal. Feb. 2, 2015) .............................. 21

*Meyer v. Portfolio Recovery Assocs., LLC*,
  707 F.3d 1036 (9th Cir. 2012) ...................................................................... 15

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) .......................................................................... 2

*Mississippi Valley Dev. Corp. v. Colonial Enterprises, Inc.*,
  300 Minn. 66 (1974) ..................................................................................... 15

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074 (9th Cir. 1990) ...................................................................... 7

*Musenge v. SmartWay of the Carolinas*, LLC,
  2018 U.S. Dist. LEXIS 158044 (W.D.N.C. Sep. 17, 2018) ......................... 22

*Nat'l Equip. Rental, Ltd. v. Szukhent*,
  375 U.S. 311, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964) ................................... 4

*Nece v. Quicken Loans, Inc.*,
  292 F. Supp. 3d 1274 (M.D. Fla. 2018) .......................................................... 3

*N.L. by mother Lemos v. Credit One Bank, N.A.*,
  No. 2:17-CV-01512-JAM-DB,
  2018 WL 5880796 (E.D. Cal. Nov. 8, 2018) ........................................ 16, 18

*Nichols v. Mahoney*,
  608 F.Supp.2d 526 (S.D.N.Y. 2009) ............................................................ 25

*Owens v. Starion Energy, Inc.*,
  2017 U.S. Dist. LEXIS 101640 (D.Conn. June 30, 2017) ........................... 24

*PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*,
  260 F.3d 453 (5th Cir. 2001) ........................................................................ 14

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ...................................................................... 13

*Precision Etchings & Findings, Inc. v. LGP Gem Ltd.*,
  953 F.2d 21 (1st Cir. 1992) .......................................................................... 14

*Priester v. eDegreeAdvisor, LLC*,
  2017 U.S. Dist. LEXIS 157961 (N.D. Cal. Sep. 25, 2017) ......................... 22

*Reichman v. Poshmark, Inc.*,
  267 F. Supp. 3d 1278 (S.D. Cal. 2017) ................................................... 18, 20

*Rhinehart v. Diversified Cent., Inc.*,
  2018 U.S. Dist. LEXIS 5141 (N.D. Ala. Jan. 11, 2018) .............................. 22

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ........................................................................ 9

*Robbins v. Coca-Cola-Company*,
  No. 13-CV-132 - IEG (NLS),
  2013 U.S. Dist. LEXIS 72725 (S.D. Cal. May 22, 2013) ............................ 21

*Satterfield v. Simon & Schuster, Inc.*,
  569 F.3d 946 (9th Cir. 2009) .................................................15-16

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ......................................................... 9

*SEC v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) ...................................................... 14

*Sheppard v. David Evans & Assoc.*,
  694 F.3d 1045 (9th Cir. Or. 2012) ................................................ 15

*Sojka v. DirectBuy, Inc.*,
  35 F. Supp. 3d 996 (N.D. Ill. Mar. 31, 2014) .............................. 23

*Trenk v. Bank of Am.*,
  2017 U.S. Dist. LEXIS 143410 (D.N.J. Aug. 28, 2017, No. 17-3472) ........ 23

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) ....................................................... 8

*United States v. Webb*,
  655 F.2d 977 (9th Cir. 1981) ......................................................... 7

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ......................................................... 1

*Vaccaro v. CVS Pharm., Inc.*,
  2013 U.S. Dist. LEXIS 99991 (S.D. Cal. July 16, 2013) ................. 18

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ..................................................................... 6

*Wash. Shoe Co. v. A—Z Sporting Goods Inc.*,
  704 F.3d 668 (9th Cir. 2012) ........................................................ 13

*Xcentric Ventures, LLC v. Mediolex Ltd.*,
No. CV-12-00130-PHX-GMS,
2012 U.S. Dist. LEXIS 152781 (D. Ariz. Oct. 24, 2012) ............................... 8

*Ziegler v. Indian River Cnty.*,
64 F.3d 470 (9th Cir. 1995) ............................................................. 8


**RULES**

Fed. R. Civ. P. 8 ···················································· 1, 15

Fed. R. Civ. P. 12(b)(6)··············································· *passim*

Fed. R. Civ. P. 12(b)(2)··············································· 8, 9

Fed. R. Civ. P. 15(a) ················································ 6


**OTHER**

*Jurisdiction to Adjudicate: A Suggested Analysis*,
79 Harv. L. Rev. 1121 (1966) ···································· 6

1 Robert C. Casad & William B. Richman,
*Jurisdiction in Civil Actions* (3d ed. 1998) .................................... 15

Restatement (Third) of Foreign Relations Law of the United States § 421(3) ....... 15

*In re Rules & Regulations Implementing the TCP Act of 1991 et al.*,
30 FCC Rcd 7961 (F.C.C. July 10, 2015)..................................... 17

## I.    INTRODUCTION

Defendant Quicken Loans, Inc. ("Defendant" or "Quicken Loans") contends in its Motion to Dismiss, in this action under the Telephone Consumer Protection Act ("TCPA"), that Gayle Hyde ("Ms. Hyde") has not plead facts supporting personal jurisdiction. *See* MTD (Dkt. No. 30), 2:16-18; 5:22-26; 6:6-9, and 20-21. Defendant also contends that both named Plaintiffs, Ms. Hyde and Ms. Amanda Hill ("Ms. Hill," together the "Plaintiffs"), have failed to sufficiently allege use of an automatic telephone dialing system. Lastly, Defendant contends that Plaintiffs do not meet the Fed. R. Civ. P. 8 standard with regard to pleading violations of the TCPA in terms of the amount of detail concerning the text messages at issue.

As explained below, should the Court not hold that Defendant has submitted to this Court's jurisdiction through the filing of the motion to compel arbitration, leave should be granted to allege factual allegations to support personal jurisdiction over Defendant with regards to Ms. Hyde's claims. Alternatively, the Court should grant Ms. Hyde limited jurisdictional discovery to response to the motion to dismiss for lack of personal jurisdiction. Defendant's remaining arguments should be denied in their entirety.

## II.    LEAVE TO AMEND SHOULD BE GRANTED TO ALLOW MS. HYDE TO ADD FACTUAL ALLEGATIONS TO SUPPORT PERSONAL JURISDICTION OVER DEFENDANT

Defendant's personal jurisdiction challenge is confusing because it is unclear which legal standard Defendant seeks to apply. In several places in its Motion to Dismiss, Quicken Loans contends that it is challenging Ms. Gayle Hyde's *pleading* of personal jurisdiction, which appears to invoke Fed. R. Civ. P. 12(b)(6) as to the pleading standard in federal court pursuant to Fed. R. Civ. P. 8. However, in other places, Defendant contends that personal jurisdiction is lacking under Fed. R. Civ. P. 12(b)(2). Thus, Ms. Hyde addresses below the personal

jurisdiction challenge under both standards.

### A. Outside Evidence Is Not Permitted On A Motion Under Fed. R. Civ. P. 12(b)(6), Except For Information Subject To Judicial Notice

If Quicken Loans only challenges personal jurisdiction based on the federal pleading standard (Fed. R. Civ. P. 8), then outside evidence is not permitted on a motion under Fed. R. Civ. P. 12(b)(6). *See U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Thus, Defendant's outside statements such as "a fourteen-time J.D. Power award winner for client satisfaction in mortgage origination and servicing" (Def.s' Memo., 1:4-5) may not be considered on the motion pursuant to Fed. R. Civ. P. 12(b)(6) because they are statement or clams not found within the four corners of the First Amended Complaint ("FAC," Dkt. No. 20).

However, the Court may consider documents subject to judicial notice, including documents filed in this Court. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (for purposes of a motion to dismiss, it is proper for a district court to "take judicial notice of matters of public record outside the pleadings"); *Lee*, 250 F.3d at 690 (9th Cir. 2001) (on a motion to dismiss, a court may take judicial notice of undisputed matters of public record).

### B. Leave To Amend Should Be Given To Plead Plausible Factual Allegations To Support Personal Jurisdiction

Ms. Hyde dismissed her previously lawsuit filed in the District of Minnesota (*see* Dkt. No. 21-2; and Exhibit 1 to Pls.' Request for Judicial Notice), to consolidate her claims with those of Ms. Hill in the present action (*see* Dkt. No. 21-1), which would serve to minimize the litigation burden on the parties. Notably, Quicken Loans does not challenge personal jurisdiction over it in terms of the TCPA claims of Ms. Hill (a co-plaintiff to Ms. Hyde). However, Quicken Loans complains that the FAC does not support personal jurisdiction with regard

to Ms. Hyde's similar TCPA claims asserted in this same Court against Defendant. This is despite the factual allegations that both Plaintiffs are part of the same proposed class of persons allegedly harmed by the same kind of automated[1] text messages relating to Quicken Loans' proposed services. FAC, ¶¶ 13-37.

In any event, leave to amend should be granted to allow Ms. Hyde to add factual allegations to support personal jurisdiction over Defendant, in particular concerning how and from where Quicken Loans obtained Ms. Hyde's cell phone number ending "8955" (FAC, ¶ 22).

### 1. **Ms. Hyde can plausibly allege fact supporting specific jurisdiction over Quicken Loans based on documents subject to judicial notice**

Based on a filing by Defendant in support of its motion to compel arbitration (Dkt. No. 29), LowerMyBills.com is a California-based company located in Los Angeles, California. *See* Dkt. No. 29-8 (Page 3 of 8); Exhibit 7 to Pls.' Request for Judicial Notice. Also, according to Defendant, LowerMyBills.com collected personal information from Ms. Hill (the co-plaintiff of Ms. Hyde) and provided it to Quicken Loans so that Quicken Loans could contact Ms. Hill. Viner Decl., ¶ 21; Dkt. No. 29-1, 7:4-6; Exhibit 4 to Pls.' Request for Judicial Notice. LowerMyBills.com seems to have matched Ms. Hill with Quicken Loans. Dkt. No. 29-7, p. 7 of 7; *see also*, Dkt. No. 29-1, 2:21-3:1; Exhibits 2 and 6 to Pls.' Request for Judicial Notice. LowerMyBills.com apparently considers Quicken Loans to be one of its Clients. Dkt. No. 29-1, Dkt. No. 29-8, Section 1 (page 3 of 8); *see also*, Viner Decl., ¶ 22; Exhibit 4 to Exhibit 2 to Pls.' Request for Judicial Notice. After receiving contact information for Ms. Hill from LowerMyBills.com, including Ms. Hill's telephone number, Quicken

---

[1] *See generally*, *Nece v. Quicken Loans, Inc.*, 292 F. Supp. 3d 1274, 1284, fn. 9 (M.D. Fla. 2018) (indicating in an TCPA action that "Quicken initiated the calls through 'LOLA,' Quicken's automated telephone dialing system.")

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Loans contacted Ms. Hill via text message. Luthra Decl., ¶¶ 3, 9, 10; Dkt. No. 29-1, 7:6-7; Exhibit 3 to Pls.' Request for Judicial Notice.

Although Defendant does not bring a motion to compel arbitration as to Ms. Hyde's TCPA claims, it is plausible that Defendant also obtained the telephone number of Ms. Hyde from LowerMyBill.com, who in turn provided that telephone number to Quicken Loans as part of a referral arrangement, and then Quicken Loans contacted Ms. Hyde via text message. Furthermore, the Terms of Use for LowerMyBills.com provide that such interaction with LowerMyBill.com is deemed to have taken place at LowerMyBills.com's place of business in Los Angeles, California.  Specifically, Section 2 states, in bold letters:

> **THE PARTIES AGREE THAT THIS AGREEMENT HAS BEEN <u>ENTERED INTO AT LMB'S PLACE OF BUSINESS IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA</u>, AND ANY ARBITRATION, LEGAL ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT MUST BE COMMENCED AND TAKE PLACE IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA.**

 Dkt. No. 29-8, p. 2 of 7 (emphasis added); Exhibit 6 to Pls.' Request for Judicial Notice.

That same contractual provision also mandates that legal action "arising out of or relating to [that] agreement … take place in" in the County of Los Angeles, State of California (*id.*),[2] which is the County in which this federal Court is found. Indeed, in Defendant's motion to compel arbitration, Defendant contends that "California law applies as the Terms of Use, including the agreement to arbitrate,

---

[2] Parties may consent to jurisdiction through a forum selection clause in a contract. *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964); *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

were entered into in California." Dkt. No. 29-1, 12:10-12; Exhibit 2 to Pls.' Request for Judicial Notice. Moreover, Defendant contends in its motion to compel arbitration that it is "an intended beneficiary of the agreement between [LowerMyBill.com] and Hill." Dkt. No. 29-1, 12:17-18; Exhibit 2 to Pls.' Request for Judicial Notice.

Consequently, Ms. Hyde should be granted leave to file a Second Amended Complaint to allege facts supporting personal jurisdiction over Quicken Loans due to Quicken Loans' business relationship with this District through lowerMyBills.com, in relation to the receipt of Ms. Hyde's cell phone number from LowerMyBills.com as part of a referral program; and that Quicken Loans in turn used that phone number obtained from LowerMyBills.com (a California-based company located in Los Angeles, California) for the purpose of contacting Ms. Hyde.[3]

With regard to Ms. Hyde, it is at least plausible that Quicken Loans obtained Ms. Hyde's cell phone number through a contractual relationship with LowerMyBill.com (similar to Defendant's contention regarding Ms. Hill), based on evidence submitted by Defendant in support of its motion to compel arbitration, which documentation is subject to judicial notice.[4]  Should Quicken

---

[3] Defendant relies on the *Coulon* decision of this Court; however, Defendant does not mention that this Court stated in that decision: "This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis." *Coulon v. Richard Fairbank of Capital One*, No. CV 17-5340 FMO (FFMx), 2018 U.S. Dist. LEXIS 157348, at *5-6 C.D. Cal. Sep. 14, 2018 (boldface in original).

[4] Ms. Hyde reserves the right to challenge a motion to compel arbitration that may be filed as to her TCPA claims, especially where Section 16 of LowerMyBills.com's Terms of Use disclaims any liability for acts of third parties, indicating in part that "dealings with any third parties" "are solely between [the consumer] and such third party" (Dkt. No. 29-8, p. 7 of 9). Ms. Hyde also reserves the right to contest any asserted defense of prior express written consent.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   Loans have a relationship with LowerMyBills.com in this forum as it concerns
2   specifically Ms. Hyde's phone number, that relationship coupled with the forum
3   selection clause in the Terms of Use of LowerMyBills.com, would support
4   specific personal jurisdiction.

5       Specific jurisdiction "depends on an 'affiliatio[n] between the forum and
6   the underlying controversy, principally, activity or an occurrence that takes place
7   in the forum State and is therefore subject to the State's regulation." *Goodyear*
8   *Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *von*
9   *Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv.
10  L. Rev. 1121, 1136 (1966)). As stated more recently by the Supreme Court respect
11  to specific personal jurisdiction, the analysis "focuses on the relationship among
12  the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115,
13  1121 (2014).

14      As to the first element of the minimum contacts test, Quicken Loans may
15  have purposefully availed itself of the privileges of conducting activities in this
16  judicial forum in California through a likely referral arrangement with
17  LowerMyBills.com (for economic benefit) to provide Ms. Hyde's cell phone
18  number to Quicken Loans. It is also plausible that such a referral arrangement is
19  based on a contract deemed to have taken place in Los Angeles, where
20  LowerMyBills.com is located. *See* Dkt. No. 29-8, p. 2 of 7 (LowerMyBills.com's
21  Terms of Use purport to vest jurisdiction for interactions between Ms. Hill and
22  LowerMyBills.com in Los Angeles, California).

23      To support the second element of the minimum contacts test, based on the
24  but-for test applied in the Ninth Circuit (*Ballard v. Savage*, 65 F.3d 1495, 1500
25  (9th Cir. 1995)), Ms. Hyde's TCPA claims plausibly arises out of, or result from,
26  the defendant's forum-related activities in connection with Ms. Hyde's cell phone
27  number.  In other words, but for Defendant having obtained Ms. Hyde's phone
28  number from LowerMyBill.com located in Los Angeles, California as part of a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

referral service arrangement (if that was the case), the Defendant would not have contacted Ms. Hyde on her cell phone in alleged violation of the TCPA.

Consequently, the Court should grant Ms. Hyde leave to file a Second Amended Complaint in the interests of justice, at this very early stage of litigation, under the liberal standard for amending the pleadings. Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). This would be the first amendment to the pleadings by Ms. Hyde, as her claims were only recently added to this action through the filing of the FAC on April 1, 2019 (Dkt. No. 20), after Ms. Hill filed the initial Complaint as the sole named plaintiff.

## 2. A proposed Second Amended Complaint is submitted herewith

A proposed, redlined Second Amended Complaint is submitted herewith as Exhibit A to the Declaration of Jason A. Ibey, for the purpose of indicating specifically how Ms. Hyde could amend the pleadings to cure any defect in pleading personal jurisdiction over Quicken Loans.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### III. THE COURT SHOULD NOT RULE ON THE PERSONAL JURISDICTION CHALLENGE UNDER FED. R. CIV. P. 12(B)(2) WITHOUT FIRST AFFORDING MS. HYDE LIMITED JURISDICTIONAL DISCOVERY

While Quicken Loans also purports to challenge personal jurisdiction under Rule 12(b)(2) [*see* MTD, 4:14-15], Defendant does not submit any evidence in support of that motion, further suggesting that Quicken Loans is challenging personal jurisdiction under the Rule 8 pleading standard only. In an abundance of caution, however, Ms. Hyde respectfully requests limited jurisdiction-related discovery to respond to the personal jurisdiction challenge by Defendant under Rule 12(b)(2).

### A. Legal Standard Under Fed. R. Civ. P. 12(b)(2)

A district court may consider affidavits attached to a motion to dismiss for personal jurisdiction. *Xcentric Ventures, LLC v. Mediolex Ltd.*, No. CV-12-00130-PHX-GMS, 2012 U.S. Dist. LEXIS 152781, at *26 (D. Ariz. Oct. 24, 2012). The plaintiff bears the burden of establishing that this court has personal jurisdiction over the defendants. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (the nonmoving party has the burden of establishing personal jurisdiction). A plaintiff need only make a *prima facie* showing of facts that support exercising jurisdiction over the defendants. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis: the exercise of jurisdiction must (1) satisfy the requirements of the long-arm statute of the state in which the district court sits, and (2) comport with the principles of federal due process. *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). The Due Process Clause of the United States Constitution requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth*

*Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citation omitted).

A plaintiff can establish that the defendant has minimum contacts by alleging that: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed itself of the privileges of conducting activities in the forum; (2) the claim arises out of, or results from, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

If a plaintiff meets the first and second elements of minimum contacts, the burden shifts to the defendant to present a compelling case that jurisdiction in the forum is unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted).

"[U]ncontroverted allegations in [the plaintiffs'] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiffs'] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also*, *Schwarzenegger*, 374 F.3d at 800.

**B.    Ms. Hyde Should Be Permitted Limited Jurisdictional Discovery**

As Quicken Loans challenges personal jurisdiction under Fed. R. Civ. P. 12(b)(2) at this early stage of litigation and prior to discovery, Ms. Hyde should be permitted limited jurisdictional discovery to address that personal jurisdiction challenge prior to a ruling by the Court.

A plaintiff may seek discovery on jurisdictional facts, by making at least a "colorable" showing of personal jurisdiction. *See Crystal Cruises, Inc. v. Moteurs Leroy-Somer S.A.*, No. CV 10-8736, 2011 U.S. Dist. LEXIS 73376, 2011 WL 2604886, at *3 (C.D. Cal. July 1, 2011). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id. See e.g., j2 Global Communs., Inc. v.*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Vitelity Communs., LLC*, No. 11-cv-07904-DDP (Ex), 2012 U.S. Dist. LEXIS 51793, at *9-10 (C.D. Cal. Apr. 12, 2012) (granting limited jurisdictional discovery, explaining: "The court finds that Plaintiffs have made a colorable claim as to jurisdiction and are therefore entitled to this additional discovery. If, for instance, Plaintiffs discover that Vitelity makes regular California sales of the allegedly infringing Internet fax services - even through an intermediary - they could likely establish specific jurisdiction.")

Ms. Hyde has a colorable claim as to this Court's jurisdiction over Quicken Loans, and thus the Court should permitted limited jurisdictional discovery to determine the location (source) from which the text messages were sent, as it is plausible that they were transmitted from a call center in California, given the business relationship with LowerMyBills.com (located in Los Angeles, California). Quicken Loans conducts substantial business in California and within this judicial district, which is uncontroverted by Defendant (FAC, ¶ 3(d)). *See also*, Exhibit B to Ibey Decl., ¶ 10 (Quicken Loans advertises online that is "close[s] loans in all 50 states"); Exhibit C to Ibey Decl., ¶ 11 (Quicken Loans advertises online a location in San Diego, California); Exhibit D to Ibey Decl., ¶ 12 (Quicken Loans advertises online that it is a licensed mortgage lender in California); and Exhibit E to Ibey Decl., ¶ 13 (Quicken Loans advertises online concerning home loans and refinancing in California). If Ms. Hyde were to learn through the limited jurisdictional discovery that Quicken Loans placed calls *from* California to Ms. Hyde (for example), it would surely serve to support minimum contact due to performance of some relevant act or transaction *within* the forum.

Additionally, Ms. Hyde should be permitted limited discovery concerning the business relationship between Quicken Loans and LowerMyBills.com, including any contracts or agreements relating to the referral service and as it relates to Ms. Hyde's phone number; how and when either of them obtained Ms. Hyde's cell phone number; any decision by Defendant or its agents, as well as

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

LowerMyBills.com (or rather "LMB Mortgage Services, Inc.," *see* Exhibit F to Ibey Decl., ¶ 14; and, Dkt. No. 29-8, p. 8 of 8[5]), to contact Ms. Hyde's cell phone number during the proposed class period, including any agents used in the process and the location from which the text messages were sent or transmitted.  There is evidence that the SMS short code 26293 used to send the text messages (FAC, ¶¶ 19 and 21) is owned by Quicken Loans, Inc., with a business address in California. *See* Exhibit G to Ibey Decl., ¶ 15.

Ms. Hyde's limited discovery requests (on the personal jurisdiction issue only) are indicated in the accompanying Declaration of Jason A. Ibey. *See* Ibey Decl., ¶ 7 (limited discovery requests to Quicken Loans; interrogatories and document requests). These limited written discovery requests were served on Defendant via U.S. Mail on May 1, 2019, following the Rule 26(f) conference of counsel held that same day.[6] Also, a document subpoena was served on non-party LowerMyBills.com by Plaintiffs on May 8, 2019.[7] Ibey Decl., ¶ 8. The Rule 26(f) conference of counsel was held by the parties on May 1, 2019, prior to the Court setting a Rule 26(f) scheduling conference (Ibey Decl. ¶ 7).

Notably, if Quicken Loans obtained Ms. Hyde's phone number from LowerMyBills.com, then Quicken Loans would have to acknowledge that LowerMyBills.com has a provision in its Terms of Use that deems such contacts to have taken place in Los Angeles, California due to the forum selection clause; and that legal action arising out of the Terms of Use must take place in the County of Los Angeles, State of California – and thus within this judicial District). *See* Dkt. No. 29-8, page 2 of 7.

---

[5] Exhibit 7 to Pls.' Request for Judicial Notice.

[6] Discovery responses from Quicken Loans are due by June 3, 2019.

[7] That document subpoena requests production by May 30, 2019. Ibey Decl., ¶ 8. The first two (of four) categories of documents sought relate to Ms. Hyde's claims.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

In further support of the request for limited jurisdictional discovery, Ms. Hyde believes that Defendant would likely rely upon to assert a defense of consent for the text messages it sent to Ms. Hyde. Such forum contacts from the business relationship with LowerMyBill.com, if Defendant received Ms. Hyde's cell phone number from LowerMyBills.com located in California, would support specific personal jurisdiction. Quicken Loans is already relying upon its claimed referral relationship (likely a contractual relationship) with LowerMyBills.com, and its forum selection clause, to support its request for affirmative relief in this action through its motion to compel arbitration of Ms. Hill's claims.[8] *See* Dkt. No. 29-1, 12:18-21 (Quicken Loans contends that the issue of alleged consent from Ms. Hill "are fully intertwined with the Terms of Use" of LowerMyBills.com).

Ms. Hyde also notes that the exercise of personal jurisdiction is primarily concerned with fairness to the parties, or in other words, here, the fairness to the defendant in terms of defending the lawsuit in a particular jurisdiction. *See Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990) ("Personal jurisdiction, unlike subject-matter jurisdiction, is primarily concerned with fairness to individual parties.") It would be disingenuous for Quicken Loans to suggest any unfairness in defending Ms. Hyde's TCPA claims in this Court when Quicken Loans apparently finds it appropriate to litigate in this Court by filing the motion to compel arbitration of Ms. Hill's TCPA claims.

Furthermore, in light of the Terms of Use of LowerMyBills.com, it was entirely reasonable for Quicken Loans to expect to have to defend TCPA claims in this Court, especially due to the choice of forum clause for the County of Los

---

[8] Such motion to compel arbitration is in reality relying on an affirmative defense – an arbitration defense as to proper jurisdiction (i.e., court versus arbitration). *See e.g.*, *Butchers Union Local 532 v. Farmers Markets*, 67 Cal.App.3d 905, 928-29, 136 Cal.Rptr. 894, 899-900 (1977) (defendant wishing to assert right to arbitration must urge it as an affirmative defense in its answer and court has power to determine whether failure to do so amounts to a waiver).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   Angeles, California (Dkt. No. 29-8, p. 2 of 7), which clause Quicken Loans relies
2   upon in asking this Court to compel arbitration of Ms. Hill's TCPA claims. *See*
3   Dkt. No. 29-1, p. 12. Since it is fair for Quicken Loans to defend against Ms.
4   Hill's claims in this Court (Defendant does not contend otherwise), it cannot be
5   not unfair for Quicken Loans to defend against Ms. Hyde's virtually identical
6   TCPA claims which have been added to this action through the FAC (Dkt. No.
7   20), particularly when Quicken Loans also seeks affirmative relief in this Court by
8   filing its motion to compel arbitration.

9       Stated differently, Quicken Loans cannot have it both ways. It cannot
10  genuinely contend that it is unreasonable for it to defend the claims of Ms. Hyde
11  in this Court when it is defending the claims of Ms. Hill (without protesting
12  personal jurisdiction of Ms. Hill) while also seeking affirmative relief through the
13  motion to compel arbitration (based on its relationship with LowerMyBill.com) in
14  this same putative class action, where both Ms. Hill and Ms. Hyde are members of
15  the proposed TCPA class (FAC, ¶ 36).  It also makes practical sense for Plaintiffs
16  to have consolidated their actions through the FAC, thus avoiding the need for
17  Quicken Loans to defend against two separate lawsuits seeking to certify the same
18  putative class.

19      Therefore, Ms. Hyde should be afforded limited discovery on the personal
20  jurisdiction issue and then permitted to amend or supplement this opposition
21  briefing prior to a ruling on the motion to dismiss, or alternatively, the Court
22  should hold an evidentiary hearing on the question of personal jurisdiction prior to
23  ruling on the motion to dismiss. When a defendant's motion is based on written
24  materials rather than an evidentiary hearing, the plaintiff need only make a "prima
25  facie showing of jurisdictional facts to withstand the motion to dismiss." *Wash.*
26  *Shoe Co. v. A—Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012)
27  (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.
28  2006)) (internal quotation marks omitted).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## IV. THE COURT SHOULD RULE THAT QUICKEN LOANS HAS SUBMITTED TO THIS COURT'S JURISDICTION BY SEEKING AFFIRMATIVE RELIEF THROUGH THE MOTION TO COMPEL ARBITRATION THAT WAS FILED BEFORE THE MOTION TO DISMISS

Regardless of whether the Court finds there are sufficient contacts for personal jurisdiction over Quicken Loans with regard to Ms. Hyde's individual TCPA claims, "[a] defendant may voluntarily consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it." *Knowlton*, 900 F.2d at 1199, citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)).

Here, Quicken Loans has voluntarily submitted to the jurisdiction of this Court in this action by seeking affirmative relief through its motion to compel arbitration of Ms. Hill's claims (Dkt. No. 29), which motion was filed prior to the motion to dismiss (Dkt. No. 30). *See Precision Etchings & Findings, Inc. v. LGP Gem Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992) (citing *General Contracting & Trading Co. v. Interpole Inc.*, 940 F.2d 20, 21 n.1 (1st Cir. 1991) for the idea that "implied submission" to jurisdiction occurs when a party "bring[s] independent action" to "seek affirmative relief"); *see also*, *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 & n.8 (5th Cir. 2001) (describing *Interpole* as a case "in which the party seeking to avoid the court's jurisdiction has chosen to commence the action or a related action in the very forum in which it is contesting personal jurisdiction").

In filing the motion to compel arbitration, Quicken Loans exercised an independent affirmative decision to seek relief from this Court in this putative class action (*see SEC v. Ross*, 504 F.3d 1130, 1148 (9th Cir. 2007) (explaining that "a party cannot simultaneously seek affirmative relief from a court and object to that court's exercise of jurisdiction."); *see generally*, *Dow Chem. Co. v. Calderon*, 422 F.3d at 836), thus submitting to this Court's jurisdiction. *See e.g.*,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Mississippi Valley Dev. Corp. v. Colonial Enterprises, Inc*., 300 Minn. 66, 71-72 (1974) (holding that the defendant's filing of a motion to compel arbitration "invok[ed] the power of the court" and waived the defense of lack of personal jurisdiction); *see generally*, 1 Robert C. Casad & William B. Richman, Jurisdiction in Civil Actions § 3-1(iii) (3d ed. 1998) ("A demand for arbitration has been held to waive personal jurisdiction defenses"); Restatement (Third) of Foreign Relations Law of the United States § 421(3) ("A defense of lack of jurisdiction is generally waived by any appearance . . . for a purpose that does not include a challenge to the exercise of jurisdiction").  Indeed, Quicken Loans filed its motion to compel arbitration (Dkt. No. 29) <u>before</u> filing the motion to dismiss under Rule 12(b)(2) [Dkt. No. 30]. Thus, the first action by Quicken Loans in responding to the First Amended Complaint was to submit to this Court's jurisdiction through its motion to compel arbitration.

## V.    PLAINTIFFS' FACTUAL ALLEGATIONS ARE SUFFICIENT UNDER RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

As explained below, Plaintiffs have alleged several factual allegations that, taken as a whole, more than satisfy the Rule 8 pleading standard for plausibly alleging use of an ATDS, and Plausibly alleging Plaintiffs' individual TCPA claims.

### A.    The Ninth Circuit's Controlling Decision in *Marks v. Crunch of San Diego* Governs the Interpretation of the Statutory Definition of ATDS

To successfully plead a TCPA claim, a plaintiff must allege defendant (1) called a cellular telephone number; (2) using an ATDS or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1); *Los Angeles Lakers, Inc. v. Fed. Ins. Co.,* 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012). An ATDS is "equipment which has the capacity to store or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

produce telephone numbers to be called, using a random or sequential number generator." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

The definition of an ATDS has been in flux over the past year. In March 2018, the U.S. Court of Appeals for the D.C. Circuit overturned the FCC's prior definition of ATDS. *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 692 (D.C. Cir. 2018). Consequently, "only the statutory definition of ATDS as set forth by Congress in 1991 remain[ed]." *Marks*, 904 F.3d at 1041. Thus, in September 2018, to provide clarity as to what type of dialing technology constitutes an ATDS, the Ninth Circuit in *Marks* interpreted "automatic telephone dialing system" to mean "equipment which has the capacity – (1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator – and to dial such numbers." *Marks,* 904 F.3d at 1052.

Therefore, in the Ninth Circuit, "a device that has the capacity to store phone numbers and dial them automatically would qualify as an ATDS, even if it did not create or develop the numbers dialed on its own." *N.L. by mother Lemos v. Credit One Bank, N.A.*, No. 2:17-CV-01512-JAM-DB, 2018 WL 5880796, at *2 (E.D. Cal. Nov. 8, 2018) (citing *Marks,* 904 F.3d at 1053). *See also*, *Keifer v. Hosopo Corporation*, No. 3:18-CV-1353-CAB-KSC, 2018 WL 5295011, at *4 (S.D. Cal. Oct. 25, 2018) (explaining that "an ATDS need not create or develop the numbers dialed on its own" pursuant to *Marks*).

### B. Under *Marks*, the Complaint's Allegations are More than Sufficient to Establish Defendant's Transmission of Text Messages to Plaintiff via an ATDS

The Complaint alleges the following facts concerning Defendant's use of an ATDS to transmit text messages:

> All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiffs' cellular

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

telephone numbers and to the numbers of the members of the Class defined below occurred using an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

Defendant transmitted its text messages to the Plaintiffs' cellular telephone numbers and to the numbers of the members of the Classes defined below using an "automated telephone dialing system" because its text messages were sent from a telephone number used to message consumers *en masse*;[9] because Defendant's dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial random or sequential numbers, or to receive and store lists of telephone numbers and to then dial such numbers, *en masse*, in an automated fashion and without human intervention.

(FAC, ¶¶ 31-32.)

Thus, by alleging that "the hardware and software used by Defendant to send [text messages to Plaintiff and proposed Class members] have the capacity to . . . receive and store lists of telephone numbers, and to dial such numbers" (*Id.* ¶ 33), the FAC places Defendant's dialing technology squarely within the definition of ATDS set forth in the Ninth Circuit's controlling decision in *Marks. See Marks,* 904 F.3d at 1053 (holding that the term "automatic dialing system" means, inter alia, "equipment which has the capacity . . . to store numbers to be called . . . and to dial such numbers").

For instance, factual allegations concerning dialing technology with far less

---

[9] As explained by the Federal Communications Commission in its 2015 Declaratory Ruling, "[c]alling and texting consumers *en masse* has never been easier or less expensive." *In re Rules & Regulations Implementing the TCP Act of 1991 et al.*, 30 FCC Rcd 7961, 7970 (F.C.C. July 10, 2015).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

specificity or detail than those alleged here have already been held, post *Marks*, to adequately demonstrate the use of an ATDS by district courts of the Ninth Circuit. *See, e.g., Ewing v. Encor Solar, LLC*, No. 18-CV-2247-CAB-MDD) 2019 U.S. Dist. LEXIS 10270, at *20 (S.D. Cal. Jan. 22, 2019) ("While Plaintiff does not specifically set forth allegations that are sufficient on their own to support his claims that an ATDS was used, the Court, accepts as true the factual allegations of the FAC, applies the definition of an ATDS provided by the Ninth Circuit in *Marks v. Crunch of San Diego*, 904 F.3d 1041, 1052 (9th Cir. Sept. 20, 2018), and by drawing on Court's judicial experience and common sense, *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), finds it is reasonable to infer that the equipment Defendants allegedly used was an ATDS."); *Keifer v. HOSOPO Corp.*, No. 3:18-cv-1353-CAB-(KSC)) 2018 U.S. Dist. LEXIS 183468, at *10 (S.D. Cal. Oct. 25, 2018) (same).

Relying on inapposite, mostly-overruled legal authority, Defendant nevertheless insists that the FAC contains only "formulaic recitations" of the legal definition of autodialer, and then cites several cherry-picked decisions where pre-*Marks* courts found certain specific allegations insufficient, standing alone, to adequately allege the use of an ATDS. (Def.'s Memo., at 7-9). But each of these ATDS decisions was decided long before *Marks* and is therefore irrelevant in this post *Marks* world. As discussed above, *Marks* holds that a device with the capacity to store phone numbers and to dial them automatically qualifies as an ATDS, even if it did not create or develop the numbers dialed on its own. *See Marks*, 904 F.3d at 1053; *see also N.L. by mother Lemos*, 2018 WL 5880796, at *2.

### C.    Plaintiffs' Detailed Factual Allegations Would Suffice Even Under Pre-*Marks* Standards As They Go Far Beyond Merely Parroting the Statutory Language

A complaint need only "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Vaccaro v. CVS Pharm., Inc.*, 2013

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

U.S. Dist. LEXIS 99991, *2 (S.D. Cal. July 16, 2013).

Plaintiffs' factual allegations in the FAC are as specific and detailed as the context allows, and certainly sufficient to state a short and plain statement of entitlement to relief under Rule 8. Quicken Loans' demand for specific details about the "hardware" and "software" of the dialer used is much more than a plaintiff is required at the pleading stage. *Reichman v. Poshmark, Inc*., 267 F. Supp. 3d 1278, 1286 (S.D. Cal. 2017) ("At th[e] [pleading] stage of the proceeding, it would be unreasonable to require Plaintiff, without the benefit of discovery, to describe the technical details of Defendant's alleged ATDS"). Instead, Plaintiffs' FAC actually alleges detailed facts describing the content of the text messages and the circumstances surrounding Quicken Loans' TCPA violation, including the approximate time period of the unwanted communications.

Prior to the recent controlling decision in *Marks* concerning the meaning of an ATDS, courts had followed one of two approaches in order to determine if a plaintiff sufficiently pled use of an ATDS. *Maier v. J.C. Penney Corp.,* 13-cv-0163-IEG (DHB), 2013 U.S. Dist. LEXIS, *7-9 (S.D. Cal. 2013). Under the first approach, courts allow plaintiffs to make "minimal allegations regarding use of an ATDS in recognition of the fact that the type of equipment used by the defendant to place the 'call' is within the sole possession of the defendant at the pleading stage, and will therefore only come to light once discovery has been undertaken." *Id*. at 7 (citation omitted). Under the second approach, "plaintiffs must go beyond simply using statutory language alleging the defendant's use of an ATDS and must include factual allegations about the 'call' within the complaint allowing for a reasonable inference that an ATDS was used." *Id.* at 8 (citation omitted). Plaintiffs' FAC here satisfies both approaches.

### 1.    <u>First approach</u>

Under the first approach, Plaintiffs have provided the alleged the SMS code used to send the text messages, the date and time the text messages were received,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

including a description of the content of those messages, and stated their belief that the SMS text messages were sent using equipment that has the capacity to dial and store telephone numbers without human intervention, and has the capacity to store or produce telephone numbers to be called, using a random sequential number generator. (FAC, ¶¶ 13-29, and 31-33). *See e.g., In re Jiffy Lube Int'l, Inc.*, 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012) ("Plaintiffs have stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers. While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage.") (citation omitted). *See also, Mashiri v. Ocwen Loan Servicing, LLC*, 2013 U.S. Dist. LEXIS 154534 (S.D. Cal. Oct. 28, 2013); *Reichman,* 267 F. Supp. 3d at 1286 ("At th[e] [pleading] stage of the proceeding, it would be unreasonable to require Plaintiff, without the benefit of discovery, to describe the technical details of Defendant's alleged ATDS.").

### 2.    <u>Second approach</u>

The allegations also satisfy the second approach taken by some courts, because Plaintiffs' FAC went "beyond simply using statutory language" to "[allow] for a reasonable inference that an ATDS was used." *See e.g. Maier,* 2013 U.S. Dist. LEXI 84246 *8.

The Ninth Circuit Court of Appeals has provided examples of facts that suggest an ATDS was used. In *Flores v. Adir Int'l, LLC*, 685 F.App'x 533, 533 (9th Cir. 2017), which was prior to the ATDS decision in *Marks*, the Ninth Circuit Court of Appeals reversed the lower court's dismissal of the complaint because plaintiff had adequately alleged sufficient facts to support the inference that an ATDS was used. *See Armstrong v. Investor's Bus. Daily, Inc.*, 2018 U.S. Dist. LEXIS 216246, at *16 (C.D. Cal. Dec. 21, 2018). The Ninth Circuit relied on plaintiff's allegations that: (1) defendant "sent [plaintiff] an identical text message on four separate occasions"; (2) plaintiff "sent a text message back to [defendant]

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

saying 'Stop,' and after sending that message, [plaintiff] 'almost immediately' received another text message" stating that plaintiff would no longer receive text messages from defendant; (3) after plaintiff said stop, plaintiff "continued to receive the same text message on at least three additional occasions"; (4) the text messages "were generically formatted and appeared to be scripted" and did not reference plaintiff directly; and (5) "the texts came from an SMS shortcode, which are typically associated with automated services." *Id*. at *16-17.

Plaintiffs here allege each of these facts to plausibly support the conclusion that Quicken Loan's text messaging system is an ATDS. Plaintiffs unambiguously describe how: (1) Quicken Loans repeatedly sent Plaintiff Hyde an identical text message for months (FAC ¶ 23); (2) Plaintiffs both responded with a "STOP" text message to Quicken Loans, and, almost immediately, Quicken Loans responded that Plaintiffs were "unsubscribed" (*Id*. at ¶¶ 14-16; 25-26); (3) despite requesting that Quicken Loans stop, Quicken Loans continued to send Plaintiffs text messages (*Id*. ¶¶ 14-16; 23-29); (4) all of the text messages were generic in nature (*Id*. at ¶¶ 14-15; 22; 26; 28); and (5) Plaintiffs alleged that Quicken Loans sent the texts via its SMS shortcode "26293" (*Id*. at ¶¶ 14-16; 19; 22-23; 27).

On top of this overwhelming amount of factual support alleged prior to any discovery, Plaintiffs also allege that Quicken Loans sent these text messages *en masse* to thousands of people (FAC, ¶ 32), which is supported by the fact that multiple proposed class actions were filed across the country. *See* Def.'s Memo., at p. 3. Not only have courts found this to be a sign of use of an ATDS (*see Meyer v. Bebe Stores, Inc.*, 2015 U.S. Dist. LEXIS 12060, at *12-14 (N.D. Cal. Feb. 2, 2015); *Robbins v. Coca-Cola-Company*, No. 13-CV-132 - IEG (NLS), 2013 U.S. Dist. LEXIS 72725, at *7-8 (S.D. Cal. May 22, 2013) ("Here, Plaintiffs allege numerous text messages received without prior consent, sent nationwide and en masse via SMS, promoting Coke Zero and other Coke products. [*See* Doc. No. 1 at ¶¶12-17.] These allegations, though indirect, suffice to plead the use of an

ATDS in connection with Plaintiffs' TCPA claims.")), but the TCPA was designed, in part, to protect the public from impersonal mass calls. *See Kramer v. Autobytel, Inc*., 759 F.Supp.2d 1165, 1172 (N.D. Cal. 2010). These facts make it highly plausible that Quicken Loans used an ATDS and satisfy the applicable pleading standard in this non-fraud action.

### D.    Defendant's Case Law Supports Plausible Use of an ATDS

Many of the cases Quicken Loans cites in its Motion to Dismiss actually illustrate that Plaintiffs have plausibly alleged use of an ATDS. *See Baranski v. NCO Fin. Sys*., 2014 U.S. Dist. LEXIS 37880, at *17 (E.D.N.Y. Mar. 21, 2014) ("As various courts have made clear, the use of an ATDS can be plausibly inferred from allegations regarding ... 'the generic content of the message he received.'") (citation omitted); *Musenge v. SmartWay of the Carolinas*, LLC, 2018 U.S. Dist. LEXIS 158044, at *7 (W.D.N.C. Sep. 17, 2018) ("Simply alleging the use of an ATDS system and supporting that allegation with observations of the nature of the calls or text messages would suffice."); *Rhinehart v. Diversified Cent., Inc*., 2018 U.S. Dist. LEXIS 5141, at *21 (N.D. Ala. Jan. 11, 2018) (same); *Jones v. FMA Alliance, Ltd*., 978 F.Supp.2d 84, 86-87 (D. Mass. 2013) ("well-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used.")

Additionally, Plaintiffs' FAC provides far more detail than the complaints in several of the cases cited by Quicken Loans in *Baranski v. NCO Fin. Sys*., 2014 U.S. Dist. LEXIS 37880, at *17 ("The FAC contains no new facts about the calls received by Baranski that permit an inference that they were made using an ATDS."); *Priester v. eDegreeAdvisor, LLC*, 2017 U.S. Dist. LEXIS 157961, at *8 (N.D. Cal. Sep. 25, 2017) ("Plaintiff does not allege anything about the specific content of the calls he received or explain how that content demonstrates the use of an ATDS"); *Gill v. Navient Sols., LLC*, 2018 U.S. Dist. LEXIS 132491, at *3

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(M.D. Fla. Aug. 7, 2018) ("Plaintiff fails to describe the phone messages or the circumstances surrounding the calls, such as the actual messages or conversations, to cause her to believe an ATDS was being used."); *Bodie v. Lyft*, 2019 U.S. Dist. LEXIS 9800, at *5 (S.D. Cal. Jan. 15, 2019) (same); and, *Trenk v. Bank of Am.*, 2017 U.S. Dist. LEXIS 143410, at *5 (D.N.J. Aug. 28, 2017, No. 17-3472) ("the complaint makes absolutely no factual allegations about the content of the alleged calls and text messages").

Unlike the plaintiff in *Armstrong*, the Plaintiffs here "plead enough circumstantial or indirect allegations—content of messages, context and manner in which they were sent, existence of similar messages, frequency of messages, etc.—that would create an inference that an ATDS was used." 2018 U.S. Dist. LEXIS 216246, at *26. Therefore, Plaintiffs' factual allegations in the FAC are sufficient to create an inference that an ATDS was used in violation of the TCPA.

**E.    Defendant's Lack of Fair Notice Argument Is Meritless and Disingenuous**

Defendant contends that Plaintiffs' FAC also fails to provide fair notice to Quicken Loans of the TCPA claims against it and the exposure it faces with respect to Plaintiffs' individual claims. Def. Memo., 10:10-12. This is not so.

First, Quicken Loans, in citing no binding legal authority, takes the position that the detailed factual allegations laid out above by Plaintiffs are not sufficient to provide fair notice of the TCPA claims. However, several courts around the Country have found that Rule 8 does not require specific allegations as to each call. *See e.g.*, *Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1004 (N.D. Ill. Mar. 31, 2014) ("This court respectfully disagrees with *Abbas* . . . Rule 8(a)(2) does not require a TCPA plaintiff to plead every detail about every text message or telephone call placed."); *see also*, *Connector Castings, Inc. v. Joseph T. Ryerson & Son, Inc.*, 2015 U.S. Dist. LEXIS 142906, at *4 (E.D. Mo. Oct. 21, 2015) (Court found fair notice existed because, "In general, this Court has similarly not

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

required exhaustive specificity with respect to every offending call alleged.") (citation omitted).

Moreover, Quicken Loans' contradicts itself repeatedly. Quicken Loans states that the content of Ms. Hill's text messages and time is not alleged; however, a few lines later, Quicken Loans states that Ms. Hill provided screenshots of text messages, "received in October and November 2018." Def.'s Memo, 11:1. Quicken Loans claims that Ms. Hyde did not disclose when the texts were sent, but then later states, "Hyde... quote[s]...two text messages—one allegedly received in November and one allegedly received in December 2018." *Id*. at 11:3-5. Plaintiffs also provide photographic proof of receipt of the text messages with the FAC, as well as descriptions down to the minute of when the text messages were received. FAC, ¶¶ 14-15; 22; 27. This is far beyond what is typically required by courts in TCPA autodialer. *See e.g., Owens v. Starion Energy, Inc*., 2017 U.S. Dist. LEXIS 101640, at *14 (D.Conn. June 30, 2017) ("detailed allegations about the time and date of each telephone call are not required at the pleading stage in a TCPA case").

Even if Plaintiffs had not provided these factual details, Quicken Loans' Motion to Compel (Dkt. No. 29), the filing of which is subject to judicial notice, shows that Quicken Loans has a strong awareness of the TCPA individual claims of the Plaintiffs. *See* Pls.' Request for Judicial Notice, Exhibit 1 (Defendant's Motion to Compel Arbitration ("Def.'s MTC"), Dkt. No. 29-1; Exhibit 2 to Exhibit 2 to Pls.' Request for Judicial Notice). For example, Quicken Loans, in comprehensive detail, explains how and when it came into possession of Ms. Hill's telephone number, down to the second. *Id*. at p. 3. Moreover, Quicken Loans includes the declaration of Parul Luthra, who states that he was able to review Quicken Loans' business records to determine that Quicken Loans did not contact Ms. Hill until after it received her information from Lower My Bills. *See* Exhibit 3 Pls.' Request for Judicial Notice (Declaration of Parul Luthra, ¶ 10).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

These business records also appear to indicate "when each text was sent or how many texts [Plaintiffs are] challenging," thus alleviating Quicken Loans' alleged concerns. Def.'s Mtn, at p.10, ln.20; FAC, ¶ 50. Therefore, it is completely disingenuous for Quicken Loans to contend that the FAC does not provide fair notice of Plaintiffs' individual TCPA claims. *See Nichols v. Mahoney*, 608 F.Supp.2d 526, 547 (S.D.N.Y. 2009) (despite plaintiff not providing number of bad checks received, court found fair notice since defendant had access to that information within its business records).

Thus, Quicken Loans clearly has fair notice of Plaintiffs' individual TCPA allegations. Quicken Loans' contention to the contrary boarders on bad faith in light of information and documentation in its possession, as submitted to the Court by Quicken Loans with its Motion to Compel Arbitration (Dkt. No. 29).

## V.    CONCLUSION

In sum, should the Court find that Quicken Loans has not submitted to this Court's jurisdiction for this entire action by the filing of the Motion to Compel Arbitration before the Motion to Dismiss, the Court should permit Ms. Hyde leave to file a Second Amended Complaint to add factual allegations supporting specific personal jurisdiction over Quicken Loans. Alternatively, if the Court considers Defendant's Motion to Dismiss under the Rule 12(b)(2) standard (as opposed to the pleading standard under Rule 12(b)(6)), Ms. Hyde should be permitted limited jurisdictional discovery, or an evidentiary hearing should be held, prior to a ruling on the Motion to Dismiss. Ms. Hyde should then be permitted to amend or supplement the present opposition brief. Lastly, Plaintiffs have plausibly alleged used by Quicken Loans of an ATDS, especially after the controlling decision in *Marks*; and the FAC provides fair notice to Quicken Loans under Rule 8.

Dated:  May 9, 2019

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

*/s/ Abbas Kazerounian*
Abbas Kazerounian
*Counsel for Plaintiffs and Putative Classes*

**HEDIN HALL LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-mail: fhedin@hedinhall.com

**HEDIN HALL LLP**
David W. Hall (SBN 274921)
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
E-mail: dhall@hedinhall.com
*Counsel for Plaintiff and Putative Classes*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626