**HEDIN HALL LLP**
Frank S. Hedin (SBN 291289)
E-mail: fhedin@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | **Case No.:** 5:19-cv-00163-FMO-SP<br><br>**PLANTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |

# REQUEST FOR JUDICIAL NOTICE

Plaintiffs Amanda Hill and Gayle Hyde ("Plaintiffs"), hereby respectfully request the Court to take judicial notice of the following documents attached as Exhibits 1-5. This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below. Judicial notice is requested in support of Plaintiff's opposition to defendant Quicken Loans Inc.'s ("Defendant") Motion to Dismiss Plaintiffs' First Amended Complaint.

Federal Rule of Evidence 201(d) requires a court to take judicial notice of an "adjudicative fact" upon request of a party, including pleadings, motions and orders filed and issued. FRE 201 governs what matters properly may be judicially noticed by federal courts. Courts may only take notice of "adjudicative facts" which are facts "not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FRE 201(a), (b).

A court may take judicial notice whether it is requested or not. FRE 201(c). However, a court shall take judicial notice if requested by a party and supplied with the "necessary information." FRE 201(d). A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the "tenor" of the matter noticed. FRE 201(e). Finally, a court may take judicial notice of adjudicative facts "at any stage in the proceedings." FRE 201(f); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A district court may take judicial notice of "undisputed matters of public record . . . including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). To seek judicial notice of previously filed documents within the same matter is proper. *See e.g. K&N Eng'g,*

*Inc. v. Spectre Performance*, 2011 U.S. Dist. LEXIS 164981, at *4 (C.D. Cal. May 12, 2011); *Z-Rock Communs. Corp. v. William A. Exline, Inc.*, 2004 U.S. Dist. LEXIS 23023, at *25 (N.D. Cal. Nov. 5, 2004). This extends to previously filed declarations. *Weber Distrib. v. Rsui Indem. Co.*, 2018 U.S. Dist. LEXIS 225174, at *15 (C.D. Cal. Aug. 2, 2018).

The following documents are undisputedly matters of public record because they were previously filed in this very matter: (i) Plaintiffs' Response in Opposition to Defendant's Motion to Stay Proceedings; (ii) the Memorandum of Points and Authorities in Support of Quicken Loan Inc.'s Motion to Compel Arbitration; (iii) the Declaration of Parul Luthra in Support of Quicken Loans Inc.'s Motion to Compel Arbitration; and (iv) the Declaration of Mitchell Viner in Support of Quicken Loans Inc.'s Motion to Compel Arbitration, and exhibits accompanying that declaration. (Each of these documents are detailed below as Exhibits A-G). These documents can be accurately and readily determined from this Court's docket, which is a source whose accuracy cannot reasonably be questioned.

These documents are relevant in that they support both leave to amend the Frist Amended Complaint to add allegations to show personal jurisdiction over Defendant with regard to Plaintiff Gayle Hyde's claims, and to support the request for limited jurisdictional discovery on the issue of personal jurisdiction over Defendant in light of Defendant's connection to California.

Plaintiffs therefore respectfully request that the Court take judicial notice of the following documents (submitted herewith) in connection with Plaintiffs' opposition to Defendant's Motion to Dismiss First Amended Complaint:

- **Exhibit 1**: Exhibit B to Plaintiffs' Response in Opposition to Defendant's Motion to Stay Proceedings (Dkt. No. 21-2);
- **Exhibit 2**: Memorandum of Points and Authorities in Support of Quicken Loan Inc.'s Motion to Compel Arbitration (Dkt. No. 29-1);

- **Exhibit 3**: Declaration of Parul Luthra in Support of Quicken Loans Inc.'s Motion to Compel Arbitration (Dkt. No. 29-4);
- **Exhibit 4**: Declaration of Mitchell Viner in Support of Quicken Loans Inc.'s Motion to Compel Arbitration (Dkt. No. 29-5);
- **Exhibit 5**: Exhibit 1 to Viner Declaration (Dkt. No. 29-6);
- **Exhibit 6**: Exhibit 2 to Viner Declaration (Dkt. No. 29-7);
- **Exhibit 7**: Exhibit 3 to Viner Declaration (Dkt. No. 29-8).

Dated: May 9, 2019　　　　　　　　Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
　　　Abbas Kazerounian, Esq.
　　　Attorney for Plaintiffs