# EXHIBIT 1

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

| | |
|---|---|
| Bradley Hackett, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> -v.-<br><br>Quicken Loans, Inc.<br>John Does 1-25<br><br>        Defendant(s). | Civil Action No:<br>6:18-cv-02151-PGB-DCI<br><br>**MOTION FOR LEAVE TO**<br><br>**FILE SECOND AMENDED**<br><br>**COMPLAINT** |

  Plaintiff Bradley Hackett, by and through his attorneys, hereby moves for leave to file a Second Amended Complaint (the "Motion"), in the form attached hereto as **Exhibit A**.

## INTRODUCTION

  Plaintiff requests leave to file the accompanying Second Amended Complaint prior to the Court-imposed amendment deadline – and thus pursuant to the liberal amendment standard of Rule 15 – for the purpose of substantially narrowing the scope of this lawsuit. Indeed, the proposed Second Amended Complaint omits all of the class action allegations that were included in the original Class Action Complaint (ECF No. 1) and which are presently included in the operative First Amended Class Action Complaint (ECF No. 14). Rather than proceeding on a class-wide basis, Plaintiff intends to pursue the claims alleged in this action on a purely individual basis.

  The requested amendment is in the interests of justice, as it will allow the parties and the Court to save substantial resources that they would otherwise expend as a result of class-wide litigation. Accordingly, the Court should grant Plaintiff leave to file the proposed Second Amended Complaint accompanying this Motion pursuant to Rule 15(a)(2).

Case 5:19-cv-00163-EMC-SP Document 36-2 Filed 05/09/19 Page 4 of 13 PageID 4
Case 6:19-cv-00215-MC-SP Document 27 Filed 04/05/19 Page 3 of 3 PageID 56
#:358

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party, and the court "should freely give leave" to amend a complaint "when justice so requires." In particular, "timely motions to amend are held to a very liberal standard." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1318 (M.D. Fla. 2010). This court has recognized that Rule 15(a)'s mandate severely circumscribes its discretion to deny timely motions for leave to amend. *See Yamashita v. Merck & Co., Inc.*, 2012 WL 488030, at *1 (S.D. Fla. Feb. 14, 2012); *see also Foman v. Davis*, 371 U.S. 178 (1962).

In this case, Plaintiff seeks leave to amend the complaint within the schedule for amendment set by the court. (*See* ECF No. 23 at 1 (Case Management and Scheduling Order, setting deadline of April 8, 2019 to add parties or to amend pleadings).) Moreover, the proposed amendment would serve the interests of the parties and judicial economy, as the proposed Second Amended Complaint omits the previously-alleged class-wide allegations and would thus save party and judicial resources that would otherwise be expended as result of class-wide litigation (such as, for example, from briefing and adjudicating class-wide discovery disputes, class certification briefing, class-wide expert reports, the complexities associated with a class-wide trial, and other related matters not implicated by the individual litigation proposed by Plaintiff.).

Because the proposed amendment is timely sought and would serve the Court's and parties' interests in efficiently addressing Plaintiff's claims, this is precisely the type of circumstance where the interests of justice dictate that leave to amend should freely be granted. *See* Fed. R. Civ. P. 15(a)(2); *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d at 1318.[1]

---

[1] Plaintiff has attempted to confer with the Defendant regarding the request for leave to file the proposed amended but has not yet heard back from Defendant as to whether it will oppose or not oppose the relief requested herein.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff leave to file the Second Amended Complaint attached hereto as Exhibit "A" pursuant to Rule 15(a)(2).

Dated: April 1, 2019　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　**ZEIG LAW FIRM, LLC**

　　　　　　　　　　　　　　　　　　　　*/s/ Justin Zeig*
　　　　　　　　　　　　　　　　　　　　Justin Zeig, Esq.
　　　　　　　　　　　　　　　　　　　　3475 Sheridan Street, Ste 310
　　　　　　　　　　　　　　　　　　　　Hollywood, FL 33021
　　　　　　　　　　　　　　　　　　　　Phone: (754) 217-3084
　　　　　　　　　　　　　　　　　　　　Fax: (954) 272-7807
　　　　　　　　　　　　　　　　　　　　Justin@zeiglawfirm.com
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA- ORLANDO DIVISION

| | |
|---|---|
| Bradley Hackett,<br><br>                    Plaintiff,<br><br><br><br>       -v.-<br>Quicken Loans, Inc.<br><br>                    Defendant(s). | Civil Action No:<br>6:18-cv-02151-PGB-DCI<br><br>**SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bradley Hackett ("Plaintiff" or "Hackett") a Florida resident, brings this Second Amended Complaint by and through his attorneys, as and for its Complaint against Defendant Quicken Loans, Inc. ("Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et. seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

2. The TCPA was designed to prevent texts and calls like the ones described within this complaint, and to protect the privacy of citizens like the Plaintiff.

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, and are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA Pub. L. 102-243, Section 11.

4. Toward this end, Congress found that "banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion *Id.* at §12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

6. Case law and the FCC have made clear that a text message is considered a phone call under the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cell phones.

8. Every transmission of a text uses data and the longer the text message the more data is used.

9. Once an unsolicited text message is received, not only is it a nuisance to the receiver, but just as importantly that receiver is forced to incur unwanted messages and/or data charges from their cell phone carrier.

10. As set forth herein that is exactly what occurred to plaintiff.

11. Plaintiff received unsolicited sales text messages and incurred additional message and/or data charges to his cell phone account all because Defendant wished to advertise and market its products and services for its own benefit.

12. Defendants also violated the TCPA by failing to provide in every text message advertisement sent an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

## PARTIES

13. Plaintiff is a resident of the State of Florida, County of Brevard, residing at 562 N Wickham Road, Melbourne, Florida, 32935.

14. Defendant Quicken Loans, Inc. is a Florida business entity and is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Defendant Quicken Loans, Inc. conducts business in State of Florida and can be served care of its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, Florida, 33324.

## JURISDICTION AND VENUE

16. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

18. To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

19. Unwanted texts and/or calls cause both tangible and intangible harms.

20. Plaintiff received unwanted text messages from the Defendant in the state of Florida making this the proper jurisdiction and venue.

21. In the recent Supreme Court decision of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (May 16, 2016), the Court stated that one way to establish that an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court." *Id* at *7.

22. For example, invasion of privacy is an intangible harm that is recognized by the common law and is recognized as a common law tort.

23. When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

24. As Senator Hollings, the Act's sponsor, stated "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821-30,822 (1991).

25. In a recent decision discussing Plaintiff's Article III standing for a TCPA claim, the Second Circuit stated "*Leyse* concluded that the plaintiff's receipt of an unconsented to voicemail message was sufficient to establish a concrete injury. If an unauthorized voicemail is concrete injury, then this Court fails to see how unauthorized text messages are not also concrete injury. Therefore, this Court concludes—as *Leyse, Zani*, and *Bell* did in similar circumstances—that Plaintiffs have adequately alleged injury in fact sufficient to establish

Article III standing. Melito v. Am. Eagle Outfitters, Inc., No. 14-CV-2440 (VEC), 2017 U.S. Dist. LEXIS 146343, at *19 (S.D.N.Y. Sep. 8, 2017).

## **FACTUAL ALLEGATIONS**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

27. On or around the month of September 2018, despite a lack of consent or prior relationship with the Defendant, Plaintiff began receiving unsolicited text messages to his wireless phone ending in 8000 from Defendant.

28. Specifically, the text message was an unsolicited and unwanted message regarding locking in loan rates. See attached Exhibit A.

29. By texting the Plaintiff, the Plaintiff was harmed in the exact way that Congress sought to protect in enacting the TCPA.

30. These unsolicited text messages placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place text message calls to Plaintiff's cellular telephone.

31. The telephone number that Defendant, or its agents, texted was assigned to a cellular telephone service for which Plaintiff incurred monthly charges pursuant to 47 U.S.C. § 227 (b)(1).

32. These text messages constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A) and revoked any alleged prior express consent, yet still continued to receive text messages.

34. These text messages by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

### FIRST CAUSE OF ACTION
(NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)
**47 U.S.C. § 227** *ET SEQ.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

36. The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of Defendants negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

(KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT) **47 U.S.C. § 227** *ET SEQ.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

40. The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

41. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## DEMAND FOR TRIAL BY JURY

43. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bradley Hackett demands judgment from the Defendant Quicken Loans, Inc. as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

    c)        For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

    d)        A declaration that the Defendant's practices violated the TCPA; and

    e)        For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 1, 2019

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*