1  BROOKS R. BROWN (SBN 250724)
   *bbrown@goodwinlaw.com*
2  W. KYLE TAYMAN (pro hac vice)
   *ktayman@goodwinlaw.com*
3  **GOODWIN PROCTER LLP**
   901 New York Avenue NW
4  Washington, DC  20001
   Tel.: +1 202 346 4000
5  Fax.: +1 202 346 4444

6  LAURA A. STOLL (SBN 255023)
   *lstoll@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   601 S. Figueroa Street, 41st Floor
8  Los Angeles, CA  90017
   Tel.: +1 213 426 2500
9  Fax.: +1 213 623 1673

10 Attorneys for Defendant
   QUICKEN LOANS INC.

11

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14                      **WESTERN DIVISION**

15 AMANDA HILL and GAYLE HYDE,        Case No. 5:19-cv-00163-FMO-SP
   individually and on behalf of all others
16 similarly situated,                 **REPLY IN SUPPORT OF QUICKEN**
                                       **LOANS INC.'S MOTION TO**
17              Plaintiffs,            **DISMISS PLAINTIFFS' FIRST**
                                       **AMENDED COMPLAINT**
18        v.
                                       Date:       June 6, 2019
19 QUICKEN LOANS INC.,                 Time:       10:00 a.m.
                                       Courtroom:  6D
20              Defendant.             Judge:      Hon. Fernando M. Olguin
                                                   350 W. 1st Street, 6th Floor,
21                                                 Los Angeles, CA  90012

22                                     Filed concurrently with:
23                                       1.  Declaration of Amy Courtney

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ......................................................................................................3

I.     Hyde's Claims Should be Dismissed for Lack of Personal Jurisdiction.............3

     A.    Hyde Cannot Establish Jurisdiction Over Quicken Loans........................4

     B.    Hyde's Other Jurisdictional Arguments are Without Merit.....................7

     C.    Hyde's Request for Jurisdictional Discovery Should Be Denied. ...........8

     D.    Hyde's Request for Leave to File a Second Amended Complaint Should Be Denied ......................................................................................9

II.    Plaintiffs Fail to Plead the ATDS Element of Their Cellphone Provision Claim. ................................................................................................................12

III.   Plaintiffs Fail to Plead Sufficient Facts to Support a Plausible TCPA Claim. ................................................................................................................16

CONCLUSION................................................................................................17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Federal Cases**

5

*Abbas v. Selling Source, LLC*,
   No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) ............................ 16

6

7

*Abedi v. New Age Med. Clinic PA*,
   No. 1:17-CV-1618 AWI SKO, 2018 WL 3155618
   (E.D. Cal. June 25, 2018) ....................................................................... 5, 7

8

9

*Abrams Shell v. Shell Oil Co.*,
   165 F. Supp. 2d 1096 (C.D. Cal. 2001) ................................................................ 7

10

11

*Alfaro v. Alfaro*,
   No. 06-2460 LKK GGH PS, 2006 WL 3497321
   (E.D. Cal. Dec. 5, 2006) ........................................................................... 4

12

13

*Allen v. ConAgra Foods, Inc.*,
   3:13-cv-01279-WHO, 2018 WL 6460451 (N.D. Cal. Dec. 10, 2018) ..................... 8

14

15

*Armstrong v. Investor's Bus. Daily, Inc.*,
   No. CV 18-2134-MWF, 2018 WL 6787049 (C.D. Cal. Dec. 21, 2018) ........... 13, 14

16

17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................... 2, 12, 13

18

19

*Barantsevich v. VTB Bank*,
   954 F. Supp. 2d 972 (C.D. Cal. 2013) ................................................................ 8, 9

20

21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................... 2, 12, 13

22

23

*Best Odds Corp. v. iBus Media Ltd.*,
   No. 2:13-cv-02008-RCJ-VCF, 2014 WL 2527145
   (D. Nev. June 4, 2014) ................................................................................. 6

24

25

*Bodie v. LYFT, Inc.*,
   No. 3:16-cv-02558-L-NLS, 2019 WL 258050
   (S.D. Cal. Jan. 16, 2019) ...................................................................... 13, 15

26

27

28

*Chyba v. Wash. Mut.*,
    No. 12cv838 JAH (BLM), 2014 WL 12628468
    (S.D. Cal. Jan. 21, 2014) ........................................................................... 12

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..................................................................................... 4

*Dietz Int'l Pub. Adjusters of Cal., Inc. v. Evanston Ins. Co.*,
    No. CV 09-06662 MMM (Ex), 2009 WL 10673937
    (C.D. Cal. Dec. 14, 2009) .......................................................................... 14

*Dynaflex Int'l Inc. v. Alpert*,
    No. SACV 04-00075 CJC (MLGx), 2005 WL 8157303
    (C.D. Cal. July 26, 2005) ........................................................................... 10

*Eisenband v. Starion Energy, Inc.*,
    No. 17-80195-CIV-MARRA, 2018 U.S. Dist. LEXIS 79572
    (S.D. Fla. May 11, 2018) .............................................................................. 5

*Ewing v. Encore Solar, LLC*,
    No. 18-CV-2247-CAB-MDD, 2019 WL 277386
    (S.D. Cal. Jan. 22, 2019) ............................................................................ 13

*Garvey v. Am. Bankers Ins. Co. of Fla.*,
    No. 17-CV-986, 2019 WL 2076288 (N.D. Ill. May 10, 2019) ................... 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ..................................................................................... 5

*Hastings v. Triumph Prop. Mgmt. Corp.*,
    No. 15cv312-LAB (RBB), 2015 WL 9008758
    (S.D. Cal. Dec. 15, 2015) ............................................................................. 5

*Johnson v. Mitchell*,
    No. CIV S-10-1968 GEB GGH PS, 2012 WL 1657643
    (E.D. Cal. May 10, 2012) ............................................................................. 8

*Keifer v. HOSOPO Corp.*,
    No. 3:18-cv-1353-CAB-(KSC), 2018 WL 5295011
    (S.D. Cal. Oct. 25, 2018) ........................................................................... 13

*Lamont v. Petrucelli*,
    No. 18-cv-02790-BLF, 2018 WL 4378768 (N.D. Cal. July 12, 2018) ....... 3

*Marks v. Crunch San Diego, LLC*,
　　904 F.3d 1041 (9th Cir. 2018) ................................................................ 2, 11, 12, 13

*Martinez v. Manheim Cent. Cal.*,
　　No. 1:10-cv-01511-SKO, 2011 WL 1466684
　　(E.D. Cal. Apr. 18, 2011) ............................................................................ 9

*Michael v. New Century Fin. Servs.*,
　　65 F. Supp. 3d 797 (N.D. Cal. 2014) .......................................................... 6

*Naiman v. Freedom Forever, LLC*,
　　No. 19-cv-00256-JSC, 2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) .................. 13

*Nece v. Quicken Loans Inc.*,
　　No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885
　　(M.D. Fla. Mar. 15, 2018) ........................................................................ 12

*Parrot v. Porter*,
　　No. CV 16-04287 SJO, 2016 WL 10957851 (C.D. Cal. Nov. 16,
　　2016) ............................................................................................ 10

*Schwarzenegger v. Fred Martin Motor Co.*,
　　374 F.3d 797 (9th Cir. 2004) .................................................................. 1, 4

*U.S. Care, Inc. v. Pioneer Life Ins. Co. of Ill.*,
　　244 F. Supp. 2d 1057 (C.D. Cal. 2002) .......................................................... 10

*Upper Deck Int'l B.V. v. Upper Deck Co.*,
　　No. 11-cv-1741-LAB (CAB), 2012 WL 1713453
　　(S.D. Cal. May 15, 2012) ............................................................................ 9

*Winn v. Lassen Canyon Nursery Inc.*,
　　No. 2:10-CV-1030-JAM-CMK, 2010 WL 4688798
　　(E.D. Cal. Nov. 10, 2010) ........................................................................ 14


**Federal Statutes**

47 U.S.C. § 227(a)(1) ................................................................................ 12

iv

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................... 3, 16

Fed. R. Civ. P. 8(a) ................................................................................................. 4

Fed. R. Civ. P. 12(b)(2) ...................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1

Fed. R. Civ. P. 15 ............................................................................................. 9, 11

Fed. R. Civ. P. 15(a) ........................................................................................... 10

Fed. R. Civ. P. 15(a)(2)......................................................................................... 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REPLY IN SUPPORT OF

## MOTION TO DISMISS FIRST AMENDED COMPLAINT

While it is chock-full of rhetoric, misstatements of the law and rank speculation about matters nowhere pled in the First Amended Complaint ("FAC"), Plaintiffs' wide-ranging Opposition ("Opp.") provides no legitimate grounds—legal or factual— to save the FAC from dismissal pursuant to Fed. R. Civ. P. 12(b)(2) & (b)(6).

<u>First</u>, unable to dispute (a) that the FAC pleads no jurisdictional allegations (none) as to Plaintiff Hyde and (b) that there is no factual basis in the record (none) to conclude that this Court has general or specific jurisdiction over Quicken Loans with respect to her claims, Hyde devotes the bulk of her opposition to arguing that this Court should not dismiss because her claims <u>might</u> have some potential connection to California that she <u>might</u> be able to establish through jurisdictional discovery.  This Court should reject her arguments predicated upon her rank speculation out-of-hand. It is black-letter law that Hyde has the complete burden to establish this Court's jurisdiction by competent evidence.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  She has failed to discharge that burden because she has no such evidence.  That is why Hyde originally sued Quicken Loans in the District of Minnesota—alleging in her complaint there that her claims and alleged injuries were connected solely to Minnesota (and not at all to California)—and then pled no jurisdictional allegations at all in the FAC when she later joined this lawsuit in an obvious (and improper) attempt at forum shopping.

And, as to Hyde's speculation that her claims <u>might</u> have some jurisdictional connection to California because Quicken Loans <u>might</u> have obtained her name and contact information from the same source (LowerMyBills.com ("LMB")) as her co-plaintiff (Ms. Hill), there is (and can be) no factual support for it because the record evidence is that Quicken Loans did not receive Hyde's information from LMB.  *See* Declaration of Amy Courtney ("Courtney Decl.") ¶ 4.   Notwithstanding this, Plaintiffs' opposition invites this Court to conclude that a plaintiff like her may file a

1

lawsuit in his or her preferred jurisdiction, plead no jurisdictional allegations in a complaint, and then, when the defendant files a Rule 12(b)(2) motion to dismiss for lack of jurisdiction, speculate that jurisdiction <u>might</u> exist and demand discovery in an effort to find support for that speculation.  This Court should reject that invitation, because it would turn jurisdictional jurisprudence on its head, invite improper attempts at forum shopping like Hyde's here, and require defendants to respond to (and this Court to manage) jurisdictional discovery propounded by a plaintiff in an effort to find some remote connection to his or her preferred forum under circumstances where plaintiff could not plead one in the first place.  For these and the additional reasons discussed in the Motion and below, this Court should dismiss Hyde from this lawsuit, and deny her requests for jurisdictional discovery and leave to file an amended complaint containing speculative (and false) allegations.

Second, with respect to Hyde and Hill, the FAC pleads no cognizable TCPA claim and must be dismissed.  While Quicken Loans acknowledges the Ninth Circuit's decision in *Marks* concerning the ATDS element of Plaintiffs' claims,[1] the decision did not change the Supreme Court's holdings in *Iqbal* and *Twombly* that a plaintiff must plead plausible factual allegations to state a cognizable claim and cannot meet that burden merely by regurgitating the elements of his or her claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But that regurgitation of the statutory ATDS definition and *Marks*' language construing that definition is all Plaintiffs have pled here.  The FAC contains none of the requisite factual allegations necessary to move Plaintiffs' conclusory ATDS allegations in this case across the line from "possible" to "plausible."  This is not surprising given that Plaintiffs do not dispute that their counsel repeat the same generic and conclusory ATDS allegations from TCPA case to TCPA case no matter the factual circumstances of the case or the defendant.  Such repeat allegations are, of course, not plausible factual allegations tailored to this case

---

[1] Quicken Loans maintains that *Marks* was wrongly decided because, among other reasons, it conflicts with the plain language of the statutory definition of an ATDS. Quicken Loans reserves all rights and arguments with respect to this position.

against Quicken Loans such that this Court could find them sufficient under the *Iqbal/Twombly* standards. As such, the pre-*Marks* caselaw Quicken Loans cites in its Motion about what a TCPA plaintiff must allege to plead the ATDS element under those standards remains good law and demonstrates that Plaintiffs' generic and conclusory allegations here are insufficient.

<u>Finally</u>, Plaintiffs do not dispute that the FAC fails to provide Quicken Loans with fair notice of the number of texts at issue in this lawsuit or identify those texts to allow Quicken Loans and the Court to evaluate the case. That deficiency too warrants dismissal of Hill and Hyde's claims.

## **ARGUMENT**

## I.    **HYDE'S CLAIMS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

This Court need look no further than the FAC and Hyde's original decision to file suit in the District of Minnesota to determine that it lacks jurisdiction with respect to her claims. Plaintiffs do not (and cannot) dispute that the FAC—the pleading that is the subject this Motion—contains no jurisdictional allegations as to Hyde. This stands in sharp contrast to the original complaint Hyde filed in the District of Minnesota asserting the same TCPA claims and pleading jurisdiction in that district based upon connections between the challenged texts and Minnesota (not California). *See* Dkt. No. 15-5. It is thus apparent that Hyde made the deliberate choices (a) to strike her Minnesota-based jurisdictional allegations from the FAC here, and (b) not to plead any jurisdictional allegations as to her or her claims at all. The reason is obvious: Hyde has no jurisdictional allegations to plead connecting her claims to this District. That is the end of the inquiry. Federal Rule of Civil Procedure 8 and L.R. 8-1 require a plaintiff to plead jurisdictional allegations so that this Court can determine, from the face of the complaint, that there is at least a plausible basis for jurisdiction before it devotes time and resources to the case. *Lamont v. Petrucelli*, No. 18-cv-02790-BLF, 2018 WL 4378768, at *1 (N.D. Cal. July 12, 2018) (dismissing action

3

where it was clear from face of the complaint that personal jurisdiction was lacking); *Alfaro v. Alfaro*, No. 06-2460 LKK GGH PS, 2006 WL 3497321, at *1 (E.D. Cal. Dec. 5, 2006) ("The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of [] the court's jurisdiction"); Motion at 5. Hyde indisputably failed to do so here in the apparent hopes that her omissions would go unnoticed by this Court and Quicken Loans, and she could litigate her claims in her preferred forum. This Court should not countenance Hyde's litigation gamesmanship, and none of her opposition arguments compel any different conclusion.

## A. HYDE CANNOT ESTABLISH JURISDICTION OVER QUICKEN LOANS.

Where, as here, "a defendant moves to dismiss a complaint for lack of personal jurisdiction, plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Hyde fails to sustain her burden here. Motion at 5–7. She makes no argument and fails to demonstrate that Quicken Loans is subject to general jurisdiction in California (and it is not, because it is a Michigan corporation with no offices here). Motion at 6; *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). And she points to no allegations in the FAC or other evidence demonstrating that Quicken Loans is subject to specific jurisdiction here with respect to her individual claims. In fact, neither the FAC nor Hyde's opposition submissions demonstrate any connection between Quicken Loans' challenged actions with respect to Hyde and California. *See* Motion at 5–7. This is not surprising because, as Hyde admitted in her original complaint filed in the District of Minnesota, "at all times relevant [she] was, a citizen and resident of the State of Minnesota," she visited Quicken Loans' website in search of a mortgage (presumably) for her home in Minnesota, the challenged text messages she received on her Minnesota phone number allegedly harmed her in Minnesota, and Quicken Loans (a Michigan corporation) directed its activities as to her in Minnesota. Dkt. No. 15-5 (Hyde's Minnesota complaint) ¶¶ 4, 5, 9–17; *see also* FAC ¶ 5 (alleging

that Hyde is, and at all times was, a resident of Minnesota).  Hyde has thus failed to allege or demonstrate that (1) Quicken Loans has purposefully availed itself of California, and (2) her claim arises out of or results from Quicken Loans' California activities such that specific jurisdiction might exist.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  This requires her dismissal from this action.

Faced with stronger jurisdictional records than present here, federal courts from across the country have not hesitated to dismiss TCPA claims because of jurisdictional grounds.  Motion at 6–7; *Abedi v. New Age Med. Clinic PA*, No. 1:17-CV-1618 AWI SKO, 2018 WL 3155618, at *5 (E.D. Cal. June 25, 2018) (dismissing TCPA complaint for lack of personal jurisdiction where defendant texted a New Jersey telephone number and could not have known it was contacting a California resident); *Eisenband v. Starion Energy, Inc.*, No. 17-80195-CIV-MARRA, 2018 U.S. Dist. LEXIS 79572, at *15–17 (S.D. Fla. May 11, 2018) (dismissing TCPA case where defendant was not purposefully calling Florida plaintiff); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 15cv312-LAB (RBB), 2015 WL 9008758, at *2–3 (S.D. Cal. Dec. 15, 2015) (jurisdiction lacking in TCPA case where there was no purposeful activity aimed at California where calls were made to an Arizona area code and no other evidence indicated that the defendant knew that it was calling individuals in California); *see also Garvey v. Am. Bankers Ins. Co. of Fla.*, No. 17-CV-986, 2019 WL 2076288 (N.D. Ill. May 10, 2019) (striking class allegations as to non-resident class members in TCPA class action because the injury of the non-resident plaintiffs must arise out of or relate to the defendant's contacts with the forum) (citing *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S.Ct. 1773, 1778 (2017)).  This Court should follow their lead.

Recognizing these authorities and the absence of any record evidence connecting her claims to California, Hyde argues that this Court should nonetheless deny the Motion because she speculates that it is possible—Hyde misleadingly says

"plausible" or "colorable" throughout her Opposition in an attempt to bolster her argument—that there is such a connection. Opp. at 2–7. Hyde's speculative theory is that it is possible that Quicken Loans obtained her information from LMB, a California company, because that is how it obtained Hill's information, or that Quicken Loans texted her from California. Both theories are baseless, and Hyde's arguments predicated upon them are meritless.

The undisputed record evidence before the Court is that Quicken Loans did not obtain Hyde's information from LMB, and that Quicken Loans has no physical locations in California. Courtney Decl. ¶¶ 4–5.[2] By contrast, Hyde offers no facts, testimony or other evidence to support her speculative theory. For example, unlike Hill who expressly admits that she visited LowerMyBills.com, Hyde neither alleges nor has proffered any evidence that she visited LowerMyBills.com. Opp. at 2–7. And Hyde's own allegations in the FAC foreclose any reasonable inference that she did so because she alleges that the challenged text messages began after she visited a Quicken Loans website (not LMB). FAC ¶ 20. Without any testimony or other evidence connecting her claims to California, Hyde has failed to sustain her burden to demonstrate this Court's jurisdiction through competent evidence. She has only rank speculation that there <u>may</u> be some connection and that is not enough. *Michael v. New Century Fin. Servs.*, 65 F. Supp. 3d 797, 804 (N.D. Cal. 2014) ("[s]heer speculation and vague representations" are insufficient to establish personal jurisdiction) (internal quotation marks and citation omitted); *Best Odds Corp. v. iBus*

---

[2] In a failed attempt to bolster her jurisdictional theory, Plaintiff purports to offer the Court "evidence" that the SMS code she alleges was the source of the challenged text messages to Hyde traces to a California address owned by Quicken Loans. Opp. at 11. This "evidence" is nothing more than a printout from an unsubstantiated third-party website. That hearsay is plainly not credible or reliable by any means. The address Plaintiff attributes to Quicken Loans is in fact the corporate address for Intuit, the company that more than decade ago owned Quicken Loans but has had no connection to Quicken Loans' operations since. *See* https://www.intuit.com/company/locations/ (showing Inuit's corporate addresses). The address is not Quicken Loans' address and Quicken Loans has no California office. Courtney Decl. ¶ 5.

*Media Ltd.*, No. 2:13-cv-02008-RCJ-VCF, 2014 WL 2527145, at *9 (D. Nev. June 4, 2014), *aff'd*, 655 F. App'x 582 (9th Cir. 2016).

Further, even if her speculative theories were true (and they are not), there still would be no connection between Hyde's claims and purported injury and Quicken Loans' conduct in California sufficient to establish jurisdiction. *See Abedi*, 2018 WL 3155618, at *5. The origin of where the Minnesota number came from before Quicken Loans received it in Michigan, or where the text message physically emanated from, do not concern her claims about unwanted text messages she received in Minnesota or the harm she alleges was inflicted upon her in Minnesota. Hyde's theories are thus irrelevant to the jurisdictional analysis, which turns on where Quicken Loans directed its activities to her and where her alleged injuries occurred. *See, e.g.*, *Abedi*, 2018 WL 3155618, at *5.

## B. HYDE'S OTHER JURISDICTIONAL ARGUMENTS ARE WITHOUT MERIT.

Hyde advances two other arguments in an effort to mask her failure to sustain her burden to demonstrate this Court's jurisdiction. Both are without merit.

First, Hyde argues that this Court somehow has jurisdiction over Quicken Loans with respect to her individual claims because Quicken Loans has not challenged jurisdiction over Plaintiff Hill's claims. Opp. at 2. She is wrong. It is well-established that personal jurisdiction requirements must be "satisfied for *each and every named plaintiff* for [a] suit to go forward." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1107 n.5 (C.D. Cal. 2001) (emphasis in original). The question of whether this Court has jurisdiction over Hill's claims—*i.e.*, claims by a California resident who alleges that she received the challenged texts and was injured by them in California—is thus not relevant to the resolution of Quicken Loans' jurisdictional arguments directed to Hyde. *Id.*

Second, Hyde argues that, by filing its Motion to Compel Arbitration (Dkt. No. 29) as to Hill's (and only Hill's) claims minutes before filing the Motion to Dismiss the FAC containing the jurisdictional argument (Dkt. No. 30), Quicken Loans

7

somehow waived any jurisdictional challenge with respect to Hyde. Opp. at 14–15. Again, she is wrong. The Motion to Compel Arbitration was not directed to Hyde's claims—it was directed exclusively to Hill's—and so its filing cannot somehow be construed as a waiver (by minutes) of jurisdiction with respect to the claims of an entirely different plaintiff. The Motion to Compel Arbitration was not a pleading responsive Hyde's claims and has nothing to do with them. This distinguishes this case from all of Plaintiffs' authorities. Opp. at 14–15. None of those cases hold that a motion to compel arbitration of one plaintiff's claims can somehow constitute a waiver of jurisdiction with the respect to the claims of a different plaintiff. And any such holding would fly in the face of the well-established caselaw requiring this Court to have jurisdiction with respect to the claims of each named-plaintiff. Here, as to Hyde, Quicken Loans' challenge was timely and proper. She appeared in this case for the first time in the FAC. This Motion to dismiss the FAC was Quicken Loans' first response and challenge to Hyde's claims in the FAC. Accordingly, Hyde's argument should be rejected. *See Allen v. ConAgra Foods, Inc.*, 3:13-cv-01279-WHO, 2018 WL 6460451, at *4 (N.D. Cal. Dec. 10, 2018) (personal jurisdiction not waived with respect to "plaintiffs *newly* named" in the amended complaint (emphasis in original) (citation omitted)).

### C.    HYDE'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED.

Recognizing that her jurisdictional arguments rest entirely upon her speculation about a possible California connection, Hyde requests that this Court permit her jurisdictional discovery and defer resolution of the Motion pending that discovery. Her request should be denied.

Although the "Ninth Circuit has adopted a liberal standard with respect to the granting of jurisdictional discovery," it "need not be allowed . . . if the request amounts to merely a 'fishing expedition.'" *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 996 (C.D. Cal. 2013) (citation omitted). That is the case here because, as

demonstrated above, Hyde has not made the requisite "colorable showing" that this Court has personal jurisdiction over Quicken Loans.  *See Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1657643, at *6 (E.D. Cal. May 10, 2012). Instead, Hyde asks this Court to permit her jurisdictional discovery in the hopes that she might find a California connection to her claims where (a) she previously filed a complaint in the District of Minnesota pleading only a Minnesota connection (and no California connection), (b) the discovery she seeks—whether she went to an LMB website and submitted her phone number (Opp. at 11–12)—is within her own factual knowledge and records, and (c) she has failed to offer any facts, testimony or evidence supporting her speculation of a possible California connection.  Her request is thus based upon nothing more than a "blind hope that additional, helpful jurisdictional facts will turn up" in discovery.  *Upper Deck Int'l B.V. v. Upper Deck Co.*, No. 11cv1741-LAB (CAB), 2012 WL 1713453, at *9 n.6 (S.D. Cal. May 15, 2012).  This is an improper and "inadequate basis" to seek jurisdictional discovery.  *See id.*; *see also Martinez v. Manheim Cent. Cal.*, No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011) (jurisdictional discovery denied where plaintiff only alleged that jurisdiction "may be appropriate" based on defendant's contact with California).  Where, as here, "plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations," a request for jurisdictional discovery should be denied.  *Barantsevich*, 954 F. Supp. 2d at 996 (citation omitted).

**D.    HYDE'S REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED**

In a last ditch attempt to avoid dismissal, Hyde requests leave to file a second amended complaint that includes allegations that Quicken Loans obtained her cellphone number from LMB.  This request should be denied for multiple reasons.

First, Plaintiffs' request for leave to amend should be denied on procedural grounds for failure to comply with Federal Rule of Civil Procedure 15 and L.R. 15-1. Under Rule 15(a)(2), Plaintiff Hyde is required to seek leave of court to amend the

First Amended Complaint, and under L.R. 15-1 she must do so by separate motion, yet she merely includes the request to amend in her brief opposing Quicken Loans' Motion to Dismiss. "Federal Rule of Civil Procedure 15(a) requires the party seeking amendment to state some valid ground for amendment beyond a bare request in an opposition to a motion to dismiss." *Dynaflex Int'l Inc. v. Alpert*, No. SACV 04-00075 CJC (MLGx), 2005 WL 8157303, at *3 (C.D. Cal. July 26, 2005) (internal quotations marks and citation omitted); *see also U.S. Care, Inc. v. Pioneer Life Ins. Co. of Ill.*, 244 F. Supp. 2d 1057, 1065 (C.D. Cal. 2002) (citation omitted) ("'[A] bare request in an opposition to a motion to dismiss . . . does not constitute a motion within the contemplation of Rule 15(a).'").

Second, "[a] court may deny leave to amend where amendment would be futile." *Parrot v. Porter*, No. CV 16-04287 SJO (GJSx), 2016 WL 10957851, at *4 (C.D. Cal. Nov. 16, 2016). That is the case here because the record evidence demonstrates that Hyde's proposed LMB allegations are false. Courtney Decl. ¶ 4 (Quicken Loans did not obtain Hyde's contact information from LMB). Again, Plaintiffs have come forward with no facts, testimony, or other evidence demonstrating any connection between Hyde and LMB or giving rise to a reasonable inference of such a connection. The most Plaintiffs offer is that Quicken Loans obtained a different plaintiff's (Hill) information from LMB under different circumstances at a different time. Opp. at 5. That, of course, establishes nothing (factual or inferential) about the source of Hyde's information, particularly where the Opposition, FAC, and the proposed second amended complaint contain no allegations, testimony, or evidence from Hyde herself that she ever visited LMB (and she effectively denies that she did so by alleging that the challenged texts began after she visited a Quicken Loans website (FAC ¶ 20)). Plaintiffs' request for leave to amend is thus based upon rank speculation that is belied by the record evidence. Under these

circumstances, this Court should exercise its discretion to deny the request to amend as futile. *Parrot*, 2016 WL 10957851, at *5.[3]

Third, the request also should be denied as futile because, as explained above, the proposed allegations of a connection between LMB and Hyde are, standing alone, insufficient as a matter of law to establish jurisdiction over Quicken Loans with respect to her claims against it. *See* Section I.A, *supra*.

Finally, the request also should be denied as improper and untimely.  *See* Fed. R. Civ. P. 15.  Hyde had a full and fair opportunity to plead jurisdictional allegations in the FAC.  She choose to omit them.  And, in response to the Motion, Hyde had another opportunity to request, by way of a proper Rule 15 and Local Rule 15-1 motion, leave to amend to plead jurisdictional allegations.  Again, she chose not to do so in favor of advancing her meritless opposition arguments and requesting leave to amend only as a last resort.  That speaks volumes about the weaknesses in Plaintiffs' leave to amend arguments.  It also reveals Plaintiffs' litigation strategy to attempt to conduct discovery in the hopes of finding some basis for jurisdiction of Hyde's claims in this Court.  By requesting leave to amend, Plaintiffs apparently hope to defer resolution of Quicken Loans' well-founded jurisdictional arguments on the record before the Court and buy time to conduct discovery for a California connection. Plaintiffs' request for leave to amend is thus a thinly-disguised effort to secure the improper and unwarranted jurisdictional discovery.  *See* Section I.C., *supra*.  This Court should foreclose Plaintiffs' attempt to do through the "back door" what it cannot do through the front.

---

[3] If this Court grants leave (and it should not) and Plaintiffs file the proposed second amended complaint containing unsupported allegations about a connection between LMB and Hyde, Quicken Loans reserves all rights to seek appropriate relief from this Court upon a showing that such allegations are false.

1

2

## II.     PLAINTIFFS FAIL TO PLEAD THE ATDS ELEMENT OF THEIR CELLPHONE PROVISION CLAIM.

3

4

5

6

Plaintiffs offer no meaningful response to Quicken Loans' showing in its Motion (at 7–10) that the FAC fails to state a TCPA claim because it alleges no facts sufficient to plausibly plead that Quicken Loans used an ATDS to text them. Dismissal of Hill and Hyde's claims is thus warranted and appropriate.

7

8

9

10

11

12

13

14

15

Plaintiffs first argue that, under *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), their bald quoting of the statutory definition of an ATDS and caselaw is somehow sufficient. Opp. at 15–17. But Plaintiffs' reliance on *Marks* is misplaced. *Marks* is a summary judgment decision regarding what type of equipment constitutes an ATDS. It nowhere holds that a plaintiff may plead the ATDS element merely by parroting language from the decision or statutory ATDS definition. Nor does it purport to limit or narrow the well-established and binding pleading standards set forth in *Iqbal* and *Twombly*. Plaintiffs have failed to meet those standards, and nothing in *Marks* suggests or holds otherwise.

16

17

18

19

20

21

22

As explained in the Motion (at 8), the FAC baldly asserts that Quicken Loans' unidentified "hardware" and "software" has the "capacity to store, produce, and dial random or sequential numbers"—language that just parrots the statutory ATDS definition. FAC ¶ 32; 47 U.S.C. § 227(a)(1). There are no facts (none) to support this unadorned conclusion.[4]    Consistent with Supreme Court precedent, conclusory allegations like Plaintiffs' here that are devoid of the requisite factual enhancement fail to plausibly state a claim. *Twombly*, 550 U.S. at 557; *Ashcroft v. Iqbal*, 556 U.S.

23

24

25

26

27

28

---

[4] Plaintiffs attempt to bolster their deficient ATDS allegations by quoting from a Middle District of Florida decision granting Quicken Loans summary judgment in *Nece v. Quicken Loans*. *See* Opp. at 3 n.1. That quotation by Plaintiffs is entirely misleading as that specific decision was vacated by the Court precisely because of that errant passage. Recognizing that it incorrectly said that Quicken Loans used an ATDS, the Middle District of Florida reissued its decision granting summary judgment to Quicken Loans in March 2018 and specifically deleted the language quoted by Plaintiffs. *See Nece v. Quicken Loans Inc.*, No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885 (M.D. Fla. Mar. 15, 2018). Thus, *Nece* offers no basis to allow the FAC to stand.

662, 678 (2009).[5]  Moreover, the fact that the FAC quotes the *Marks* decision does not create a plausible TCPA claim, rather it reveals and confirms that the requisite factual enhancement here is lacking.  Motion at 8; *Chyba v. Wash. Mut.*, No. 12cv838 JAH (BLM), 2014 WL 12628468, at *5 (S.D. Cal. Jan. 21, 2014) (merely parroting caselaw is insufficient to support a claim for relief), *aff'd*, 671 F. App'x 426 (9th Cir. 2016).

Plaintiffs' reliance on *Ewing v. Encore Solar, LLC* also does not advance their opposition argument.  Opp. at 18.  There, the court noted that plaintiff had alleged facts showing that the challenged calls "exhibited signs associated with calls made from [an] ATDS including repeated calls 'within a period of time and the presence of a pause or click.'"  No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *7 (S.D. Cal. Jan. 22, 2019).  Hill and Hyde plead no similar facts.  Plaintiffs' reliance on *Keifer v. HOSOPO Corporation* is also distinguishable.  Opp. at 18.  In that case, the plaintiff pled that he received calls with an artificial or prerecorded voice, allegations that concern different claims under the TCPA that Hill and Hyde do not bring here.  *Keifer v. HOSOPO Corp*, No. 3:18-cv-1353-CAB-(KSC), 2018 WL 5295011, at *2 (S.D. Cal. Oct. 25, 2018).

Simply put, the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  To do so, "the Court does expect a plaintiff to plead enough circumstantial or indirect allegations— content of messages, context and manner in which they were sent, existence of similar messages, frequency of messages, etc.—that would create an inference that an ATDS was used."  *Armstrong v. Investor's Bus. Daily, Inc.*, No. CV 18-2134-MWF (JPRx),

---

[5]  Plaintiffs fail to rebut (and so concede) that their supposed "factual" ATDS allegations here (FAC ¶¶ 32–33) are verbatim (or nearly verbatim) to allegations their counsel have made in numerous TCPA actions (Motion at 7), belying any argument that the FAC contains the requisite factual enhancement.

1    2018 WL 6787049, at *9 (C.D. Cal. Dec. 21, 2018).  Plaintiffs have failed to do so

2    here.  Motion at 7–10.[6]

3          Unable to refute these defects, Plaintiffs' Opposition purports to offer new

4    allegations nowhere pled in the FAC.  Opp. at 20–22.  This is, of course, improper as

5    a matter of law.  *Dietz Int'l Pub. Adjusters of Cal., Inc. v. Evanston Ins. Co.*, No. CV

6    09-06662 MMM (Ex), 2009 WL 10673937, at *3 n.27 (C.D. Cal. Dec. 14, 2009) ("A

7    plaintiff cannot cure deficiencies in a complaint through allegations provided in its

8    opposition to a motion to dismiss."); *Winn v. Lassen Canyon Nursery Inc.*, No. 2:10-

9    CV-1030-JAM-CMK, 2010 WL 4688798, at *2 (E.D. Cal. Nov. 10, 2010) ("When

10   ruling on a motion to dismiss, the focus of the Court is on the allegations of the

11   Complaint.  The Court may not consider new allegations and arguments raised in the

12   opposition brief.").  For example, in the Opposition, Plaintiffs claim for the first time

13   that "all of the text messages were generic in nature," and that this supports the

14   alleged conclusion that an ATDS was used.  Opp. at 21.  But the FAC nowhere

15   contains this new allegation, so the Court cannot consider it.   Rather, the FAC

16   purports to screenshot or quote six distinct text messages, each of which was sent days

17   or weeks apart and each of which contain different content and language, thus refuting

18   that the messages were somehow the same.  *See* FAC ¶¶ 14, 15, 22, 28.  Moreover, as

19   this Court has stated in the past, "the fact[] that the [] text message Plaintiff received

20   [is] 'generic and impersonal' . . . do[es] not create an inference that an ATDS was in

21   _____

22   [6] Plaintiffs incorrectly claim, without providing specific examples, that Quicken
     Loans has cited "overruled" legal authority and that "each of these ATDS decisions
23   was decided long before *Marks*."  Opp. at 18.  Not so.  As shown in the Motion (at 8–
     9), however, post-*Marks* decisions have continued to hold that conclusory ATDS
24   allegations do not state a TCPA claim.  *Bodie v. LYFT, Inc.*, No. 3:16-cv-02558-L-
     NLS, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019) (dismissing TCPA claim
25   because complaint "merely parrots statutory definition of an ATDS"); *Armstrong*,
     2018 WL 6787049, at *6 (dismissing TCPA claim when allegations were "mere
26   recitation of the legal definition of an ATDS").  *See also Naiman v. Freedom Forever,
     LLC*, No. 19-cv-00256-JSC, 2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) (dismissing
27   TCPA claim for failing to plead factual allegations regarding the alleged use of an
     ATDS).  In addition, cases decided before the *Marks* decision are not "overruled" with
28   respect to pleading standards—regardless of *Marks*, Plaintiffs must still meet Rule 8's
     pleading requirements as construed by the Supreme Court in *Iqbal* and *Twombly*.

1  fact used.  It is equally possible that the [] text messages were sent manually by a

2  person or perhaps not using an ATDS at all."  *Armstrong*, 2018 WL 6787049, at *6

3  (dismissing TCPA claim for failure to allege that an ATDS was used).

4      Plaintiffs also attempt to bolster their claim that Quicken Loans sent "text

5  messages *en masse* to thousands of people" (Opp. at 21) based on the fact that other

6  class actions were filed against Quicken Loans.  Plaintiffs suggest that the mere

7  existence of litigation somehow creates a reasonable inference of the use an ATDS.  It

8  does not—one thing has nothing to do with the other.  Text messages to other persons

9  are not before this Court and are irrelevant to Plaintiffs' individual claims.  And those

10  other lawsuits are all the more irrelevant because the class allegations in those other

11  cases (brought by the same counsel as here) were dismissed or abandoned.[7]

12  Regardless, neither Hyde nor Hill (nor the plaintiff in the *Hackett* Action) have

13  alleged that they received the same text message as each other, that they received any

14  text message at the same time as each other, or even that they received any text

15  message on the same date as each other or anyone else, belying any suggestion of

16  "masse" messaging.  Instead, Hill pleads she received four distinct text messages and

17  Hyde pleads only two specific text messages, and each of these alleged messages was

18  substantively different and allegedly received on different days over the course of

19  several months.  *See* FAC ¶¶ 14, 15, 22, 28.  By Plaintiffs' own allegations, there is no

20  plausible basis to suggest text messages *en masse*.

21

22

23  ———————————
   [7] Plaintiffs are referring to the present action, the action filed by *Hyde* in the District
24  of Minnesota and subsequently dropped, and the action filed by Hackett wherein the
   plaintiff specifically alleged receipt of one text message and later abandoned any class
25  claims.  *See* Dkt. No. 15-4 (*Hackett* complaint).  Plaintiffs fail to point out that their
   counsel filed, and then voluntarily dismissed, another action in Arizona (*Tucker*).
26  Plaintiffs' suggestion that the existence of multiple class actions plausibly supports
   their ATDS allegations holds no water considering those actions were brought (and
27  abandoned) by the same counsel that represents Plaintiffs here.  If other litigation
   could be considered to support the sufficiency of a complaint, it would create the
28  perverse incentive to engage in the very conduct that has occurred here—filing
   multiple lawsuits that are then abandoned in favor of a preferred forum.

1    "Where a complaint pleads facts that are 'merely consistent with' a defendant's

2    liability, it stops short of the line between possibility and plausibility of 'entitlement to

3    relief.'"  *Bodie*, 2019 WL 258050, at *1 (quoting *Iqbal*, 556 U.S. at 678).  That is the

4    case here.  As shown by the multiple cases Quicken Loans cited in its Motion,

5    threadbare and unsupported TCPA allegations like Plaintiffs' are routinely dismissed.

6    Motion at 9.

7    **III.    PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS TO SUPPORT A PLAUSIBLE**

8          **TCPA CLAIM.**

9          As explained in the Motion, the FAC fails to provide fair notice to Quicken

10   Loans of the claims against it and the exposure it faces with respect to Plaintiffs'

11   individual claims because Plaintiffs Hill and Hyde fail to allege how many text

12   messages they are challenging and when each text message was allegedly received.

13   Motion at 10–11.  And although Plaintiffs criticize the Motion's reliance on authority

14   from other courts with respect to this point (Opp. at 23), Plaintiffs do not respond with

15   any controlling precedent to the contrary.  The FAC is inconsistent and unclear with

16   respect to how many alleged text messages Plaintiffs are challenging and when they

17   occurred.  Thus, as in *Abbas*, the "allegations here provide no notice to [defendant]

18   about the subsequent messages [Plaintiffs] allegedly received" to allow Quicken

19   Loans to fully and properly assess Plaintiffs' claims.  *Abbas v. Selling Source, LLC*,

20   No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009).

21         While Plaintiffs are quick to attempt to cover their pleadings defects by

22   suggesting that Quicken Loans can figure Plaintiffs' claims out for itself as evidenced

23   by the Motion to Compel Arbitration as to Hill, that is not what Rule 8 requires.  Only

24   Plaintiffs know both when and how many texts they are in fact challenging and on

25   what grounds.  Tellingly on this front, Plaintiff Hill had filed an additional claim in

26   the initial complaint alleging that all of the supposed texts to her were in violation of

27   the TCPA because her number was on the National Do Not Call registry at all times

28   including thirty days prior to any challenged text.  Original Complaint (Dkt. No. 1)

#:613

¶¶ 12, 28, 48–53.  When Quicken Loans pointed out that public records showed this allegation was fundamentally untrue, Hill quickly dropped her entire DNC claim.  Again, these are facts that are known in the first instance to Plaintiffs.  It is not Quicken Loans' burden to bear the time, costs and expense to guess at the allegations and claims.  Because that is precisely what Plaintiffs invite in the FAC, it should be dismissed.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion to Dismiss, Defendants respectfully request that this Court dismiss the First Amended Complaint.

Respectfully submitted,

Dated:  May 23, 2019        By:   /s/ W. Kyle Tayman
                                  BROOKS R. BROWN
                                  *bbrown@goodwinlaw.com*
                                  LAURA A. STOLL
                                  *lstoll@goodwinlaw.com*
                                  W. KYLE TAYMAN
                                  *ktayman@goodwinlaw.com*
                                  **GOODWIN PROCTER LLP**

                                  Attorneys for Defendant:
                                  QUICKEN LOANS INC.

17