Frank S. Hedin (SBN 291289)
E-mail: fhedin@hedinhall.com
David W. Hall (SBN 274921)
E-mail: dhall@hedinhall.com
HEDIN HALL LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS TO THE M. VINER DECLARATION AND ACCOMPANYING EXHIBIT 1 FILED IN SUPPORT OF DEFENDANT QUICKEN LOANS INC.'S REPLY TO THE MOTION TO COMPEL ARBITRATION** |

Pursuant to the Court's scheduling order (ECF No. 33) and Federal Rule of Civil Procedure 56(c),[1] Plaintiff Amanda Hill hereby objects to the supplemental declaration of Mitchell Viner (ECF No. 44-1) and the accompanying evidence attached as Exhibit 1 thereto (ECF No. 44-2) – evidence which defendant Quicken Loans Inc. ("Quicken") submitted for the first time on reply in support of its pending motion to compel individual arbitration of Plaintiff Hill's claims (ECF No. 29 (the "Motion to Compel Arbitration")).

---

[1] Motions to compel arbitration are subject to the same evidentiary standards as motions for summary judgment under Rule 56. *See Alvarez v. T-Mobile USA, Inc.*, 2011 WL 6702424, at *3 (E.D. Cal. 2004).

## I. THE COURT SHOULD NOT CONSIDER QUICKEN'S UNTIMELY, INADMISSIBLE, AND CONTRADICTORY EVIDENCE ON REPLY

On April 15, 2019, Quicken filed the Motion to Compel Arbitration, along with the declaration of Mitchell Viner and various supporting materials. (ECF No. 29.) As explained in Plaintiff Hill's May 9, 2019 opposition brief, the Motion to Compel Arbitration and the materials submitted in support thereof fall far short of satisfying the company's affirmative burden to demonstrate the existence of an enforceable contract to arbitrate between Quicken and Plaintiff Hill. (ECF. No. 37.) Rather, the materials submitted by Quicken, considered alongside the evidence accompanying Plaintiff's opposition brief, demonstrate that Plaintiff never contracted to arbitrate with Quicken – or, at the very *least*, that a genuine issue of fact exists as to whether such a contract was ever formed. In either case, because Quicken failed to satisfy its affirmative burden to demonstrate the existence of a contract to arbitrate, the Motion to Compel Arbitration must be denied. (*See generally id.*)

Tacitly conceding as much, Quicken has now submitted more evidence, including another Viner declaration and more so-called business records (ECF Nos. 44-1, 44-2), along with its May 23, 2019 reply brief (ECF No. 44). Quicken's attempt to sandbag Plaintiff with these materials on reply is a procedurally improper attempt to deprive Plaintiff an opportunity to respond, and it should not be permitted. Substantively, Viner's "do-over" declaration is based entirely on "information and belief," rendering it (and its accompanying materials) of no evidentiary value and plainly inadmissible. Even if Viner's declaration and the materials submitted by Viner on reply are considered, they conflict irreconcilably with the materials Viner originally submitted in support of the Motion to Compel Arbitration, and thus at most simply

1

further confirm the existence of a genuine issue of fact as to whether Plaintiff Hill and Quicken contracted to arbitrate (they did not).

The Motion to Compel Arbitration was Quicken's chance to demonstrate the existence of a contract to arbitrate with Plaintiff Hill, and the company fell far short of satisfying this burden. Quicken's attempted do-over on reply is both procedurally improper and substantively baseless, and its newly submitted materials should not be considered by the Court in deciding the Motion.

### A. Quicken's Attempt to Sandbag Plaintiff with New Evidence on Reply Should be Rejected as Procedurally Improper

As a threshold matter, the materials Quicken attempts to surprise Plaintiff with on reply – including Viner's do-over declaration and the "records" accompanying it (ECF Nos. 44-1, 44-2) – were not timely submitted and, for this reason alone, do not warrant the Court's consideration. *See, e.g., Sweet v.* Pfizer, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) ("The Court will not consider [a declaration submitted on reply], as the moving party in a motion cannot submit new information as part of its Reply."); *United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1131 (C.D. Cal. 2008) (disregarding declaration submitted for first time on reply as "improperly presented evidence"); *Roth v. BASF Corp.,* 2008 U.S. Dist. LEXIS 41047, 2008 WL 2148803, *3 (W.D. Wash.) ("It is not acceptable legal practice to present new evidence or new argument in a reply brief …"); *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 308-09 n.5 (N.D. Cal. 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper."); *The Nautilus Group, Inc. v. Icon Health & Fitness, Inc.,* 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking declaration with new

evidence submitted in reply); *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in reply brief is improper.") (internal quotation marks omitted)); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) (noting that "considering arguments raised for the first time in reply brief deprives opposing party of adequate opportunity to respond") (citation omitted); *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (noting that defendants may not submit "new" evidence in a reply brief without affording the plaintiffs an opportunity to respond, as "[s]uch a result would be unfair.").

Because Quicken's newly submitted evidence is untimely and offered for the first time on reply, it should not be considered by the Court in deciding the Motion.

### B. Viner's Do-Over Declaration is Not Based on Personal Knowledge and is thus Without any Evidentiary Value

To the extent Viner's "supplemental" declaration (ECF No. 44-1) is not rejected as untimely, the declaration should nonetheless be held inadmissible (and given no consideration) for failure to comply with 28 U.S.C. § 1746.

All of the facts to which Viner purports to testify in his supplemental declaration are improperly qualified as being "true and correct to the best of [his] knowledge, information and belief." (*See* ECF No. 44-1 at 2; *see also id.* at 4 (stating in conclusion that "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief") (emphasis added).)[2] It is well established that the qualification of truth "to the

---

[2] It is not surprising that Mr. Viner, the general counsel of LMB OpCo, LLC, personally knows nothing about the data collection, appending, and transmission practices of one of LMB OpCo's subsidiaries (LMB Mortgage Services, Inc.), nothing about the practices of Quicken – the parent company of LMB Mortgage Services, Inc.

3

best of my knowledge, information and belief" is not in compliance with 28 U.S.C. § 1746. *Tungjunyatham v. Johanns*, No. 1:06-CV-1764-SMS, 2009 WL 3823920, at *6 n.3 (E.D. Cal. Nov. 13, 2009), *aff'd*, 500 F. App'x 686 (9th Cir. 2012) ("The qualification of truth 'to the best of my knowledge and belief' is not in compliance with 28 U.S.C. § 1746, which requires that a declaration be subscribed as true under penalty of perjury, and be executed substantially in the statutory form, which in turn requires a declaration 'under penalty of perjury that the foregoing is true and correct.'") (quoting 28 U.S.C. § 1746); *see, e.g., Cobell v. Norton,* 310 F. Supp. 2d 77, 84 (D.D.C. 2004) (statement of truth based on "knowledge, information, and belief" does not comply with 28 U.S.C. § 1746).

Because Viner's supplemental declaration is not in compliance with 28 U.S.C. § 1746, the declaration has no evidentiary value and should be not be considered by the Court in deciding the Motion to Compel Arbitration. *E.g., Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) (rejecting an affidavit because it was "not based on personal knowledge, but on information and belief"), aff'd, 508 U.S. 49 (1993); *Weldon v. Anaya*, No. 115CV00856DADMJS, 2017 WL 1349005, at *2 (E.D. Cal. Apr. 6, 2017); *see also, e.g., Am. Int'l Specialty Lines Ins. Co. v. United States*, No. CV0901734AHMRZX, 2009 WL 10672383, at *3 (C.D. Cal. Nov. 3, 2009) (stating that "[m]any of the

---

and the grandfather company of LMB OpCo, by whom Viner is employed – in terms of how a particular consumer's lead data is handled and what other data is appended to it upon Quicken's receipt of the lead data from LMB Mortgage Services, Inc.'s YourVASurvey.info and LowerMyBills.com websites, and nothing about why Quicken decided to begin blasting text messages to Plaintiff Hill's cell phone number after the number somehow wound up in the company's possession at the end of its journey through this underbelly of the data mining, appending, and trafficking industry.

PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS

declarations are made 'to the best of my knowledge' or on 'information and belief' or with similar statements, which renders them of little evidentiary value") (citing *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995)); *Leonard Roofing, Inc. v. Ironshore Specialty Ins. Co.*, No. EDCV1200156VAPDTBX, 2013 WL 12129653, at *4–5 (C.D. Cal. Mar. 29, 2013) ("A declaration or affidavit must be based on personal knowledge, and a declaration based on information and belief is insufficient to meet the requirements of Rule 56 of the Federal Rules of Civil Procedure.").

Quicken's newly submitted Viner declaration (together with the accompanying Exhibit 1) is not admissible and the Court should not consider it in deciding the Motion.

### C. The Materials Accompanying Viner's Do-Over Declaration Conflict, Irreconcilably, with the Records Originally Submitted by Viner in Support of the Motion to Compel Arbitration

Finally, the so-called records attached as Exhibit 1 to Viner's supplemental declaration (ECF No. 44-2) conflict, irreconcilably, with the records submitted by Quicken in support of the Motion to Compel Arbitration, rendering the newly-submitted "records" of dubious reliability or value, to put it charitably – and at the very least confirming that a genuine issue of material fact exists with respect to the contract formation question at the heart of the Motion to Compel Arbitration.

Together with Viner's original declaration, Quicken submitted what it claimed were business records explicitly stating that Ms. Hill accessed the subject LMB websites with a "<u>mobile device</u>." (*See* ECF No. 29-6 at 3; 29-7 at 3 (emphasis added).) Ms. Hill cited that original evidence in support of her opposition brief, in the course of demonstrating that, even if she had pressed the "See My Results!" button on the final page of one of LMB's wild-goose-chase websites (and she did not), the subject fine-

5

PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS

print disclosure statement linking to the Terms of Use on any such page would not have appeared on the screen of her mobile device without her scrolling down (which visitors were not prompted to do). (*See* ECF No. 37 at 9-10, 19.)

Thus, the records originally submitted by Quicken in support of the Motion to Compel Arbitration plainly refute Quicken's new contentions on reply that "Hill does not even assert that she visited the mobile site" and that the "screenshot [depicting the way in which the mobile site would have displayed to her, submitted in support of the reply] is irrelevant to the question of what Hill saw on the two occasions that she visited LMS's websites back in 2018." (ECF No. 44 at 17 n.8.) On the contrary, as reflected in Quicken's own original evidentiary submission (and explicitly referenced in Plaintiff's opposition brief), when Plaintiff accessed the subject websites on the dates in question, via her Android Galaxy smartphone, she was presented with the mobile version of those pages in the manner reflected in the screenshot accompanying her opposition brief, with no visible disclosure statement below the button linking to the Terms of Use – i.e., not in the manner depicted in the materials submitted by Quicken in support of its Motion. Lest there be any doubt, consistent with her original declaration, Plaintiff Hill's Corrected Declaration also attests to these irrefutable facts. (*See* Corrected Declaration of A. Hill; ECF No. 48.)

Faced with an evidentiary record demonstrating that it totally failed to put Plaintiff on fair notice of the Terms of Use, much less adequately inform her that she would be bound to such terms by pressing the button (even assuming she pressed it, which she did not do) – failings which are clearly dispositive on the threshold contract formation question and thus fatal to its Motion to Compel Arbitration – Quicken has

6
PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS

now completely reversed course on reply in a last-ditch effort to conform the "evidence" to its litigation objectives. Indeed, Quicken has submitted, as an attachment to Viner's supplemental declaration made in support of Quicken's reply, new "records" that directly and irreconcilably conflict with the first set of business records it submitted in support of the Motion to Compel Arbitration (reflecting "mobile" in the "device type" field), as discussed above. These new so-called "records" submitted on reply purportedly represent that no "device type" information ("n/a" to be precise) was collected by LMB reflecting the type of device used by Plaintiff to access the subject LMB websites on the dates in question. (*Compare* ECF No. 44-2 at 2 ("n/a/" for "device type") *with* ECF No. 29-6 at 3; 29-7 at 3 ("mobile" for "device type").) This is quite frankly outrageous.

It appears Quicken manufactured or altered its original records in order to include certain "alternative facts" in the new records capable of being used to conform the company's arguments on reply to rebut those raised by Plaintiff in her opposition. Nothing else explains the irreconcilable conflict that exists between the two sets of records, and the tactical way in which Quicken disavowed the original records in favor of the new ones it suddenly found and submitted for the first time on reply. At best, the discrepancy between the records gives rise to a genuine issue of fact on the formation question, which is all the Court needs to deny the Motion to Compel Arbitration. At worst, the discrepancy evidences an improper attempt by Quicken to mislead the Court, in order to win this case with improper means, in which case more substantial relief in Plaintiff's favor would surely be appropriate. *See, e.g.*, *Varela v. Industrial Professional and Technical Workers*, 2009 WL 10670788, at *4 (C.D. Cal.

7
PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS

2009) (admonishing "tactic" of submitting "inconsistent declarations" on reply as an "attempt to mislead," "rais[ing] serious question about [counsel's] ethical standards"). But this much is clear so far: Quicken has plainly failed to demonstrate the existence of a duly-formed contract to arbitrate on this record.

Because Quicken's newly submitted records directly contradict Quicken's originally submitted records, the Court should not consider the new records in deciding the Motion to Compel Arbitration. At the very least, the Court should consider both sets of records, conclude that the discrepancy between the records is sufficient to give rise to a genuine issue of fact on the formation question, and deny the Motion to Compel Arbitration on this basis.

## II. CONCLUSION

For the foregoing reasons, the Court should sustain Plaintiff Hill's evidentiary objections and decline to consider the untimely supplemental declaration of Mitchell Viner and its accompanying Exhibit 1 (ECF Nos. 44-1, 44-2) in deciding Quicken's Motion to Compel Arbitration (ECF No. 44).

Dated: June 6, 2019

Respectfully submitted,

**HEDIN HALL LLP**

By: /s/ Frank S. Hedin
    Frank S. Hedin

Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-mail: fhedin@hedinhall.com

**HEDIN HALL LLP**

8
PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS

David W. Hall (SBN 274921)
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
E-mail: dhall@hedinhall.com

*Counsel for Plaintiffs and Putative Classes*

9
PLAINTIFF AMANDA HILL'S EVIDENTIARY OBJECTIONS