BROOKS R. BROWN (SBN 250724)
BBrown@goodwinlaw.com
W. KYLE TAYMAN (pro hac vice)
KTayman@goodwinlaw.com
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC  20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

YVONNE W. CHAN (pro hac vice)
YChan@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570-1000
Fax.: +1 617 523-1231

LAURA A. STOLL (SBN 255023)
LStoll@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant:
QUICKEN LOANS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**DEFENDANT QUICKEN LOANS INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS**<br><br>Courtroom:  6D<br>Judge:        Hon. Fernando M. Olguin |

**TO THE CLERK OF COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19 and this Court's procedures for filing documents, Defendant Quicken Loans Inc. ("Quicken Loans") hereby applies *ex parte* for an order granting it leave to file a response to Plaintiff's Evidentiary Objections to the M. Viner Declaration and Accompanying Exhibit 1 Filed in Support of Defendant Quicken Loans Inc.'s Reply to the Motion to Compel Arbitration (the "Objections," ECF No. 49) and Corrected Declaration (ECF No. 48).[1] Quicken Loans is prepared to file a response within three (3) business days of an Order granting this Application.

Good cause exists for granting this *Ex Parte* Application because, as set forth in the accompanying Memorandum of Points and Authorities and the Declaration of W. Kyle Tayman ("Tayman Declaration") filed concurrently herewith, the Objections and Corrected Declaration relate to a fully-briefed Motion to Compel Arbitration (ECF No. 29) that is pending disposition by this Court. As such, if Quicken Loans files a motion for leave to file a response to the Objections and Corrected Declaration in the normal course, then there is a risk that the Motion for Leave will not be resolved until after the disposition of the pending Motion to Compel Arbitration. This will deprive Quicken Loans a fair opportunity to respond and deprive the Court of that response in resolving the Motion to Compel Arbitration. However, if Quicken Loans' response is filed in the near term (as opposed to waiting the month-long period for briefing a motion for leave in the normal course), then the Motion to Compel Arbitration can be resolved sooner.

In a good faith effort to avoid the necessity of filing this *Ex Parte* Application, Quicken Loans requested that Plaintiff not oppose its Motion for Leave

---

[1] If this Court strikes the Objections and Corrected Declaration as procedurally improper because they were filed without leave of Court, then a response will be unnecessary.

1

to submit a response to the Objection and Corrected Declaration, or agree that Quicken Loans may file that motion for leave before the expiration of the seven-day period set forth in Local Rule 7-3. Plaintiff responded that she needed to consider the requests and that she may take up to seven (7) days to respond to these straightforward and non-controversial requests. As such, and because the underlying Motion to Compel Arbitration may be resolved during the intervening period, Quicken Loans files this *Ex Parte* Application at this time.

A copy of this *Ex Parte* Application and the supporting papers have been served on all parties listed on the attached proof of service and, pursuant to Local Rule 7-19, the name, address, telephone number, and email address of counsel for plaintiffs is attached hereto as Appendix A. As set forth in the Tayman Declaration, Plaintiff's counsel of record received notice of this *Ex Parte* Application on June 14, 2019.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Quicken Loans respectfully requests an order for leave to file a response to Plaintiff's new arguments and new evidence presented for the first time in Plaintiff's Objections and Corrected Declaration, which was filed by Plaintiff in response to Quicken Loans' reply in support of its Motion to Compel Arbitration. Plaintiff filed the Objections and Corrected Declaration on June 6, 2019, almost a week after the Court took the hearing on the Motion to Compel Arbitration off calendar and took it under submission on the papers (ECF No. 46). Notwithstanding that the Objections are, in effect, a surreply, Plaintiff filed them and the Corrected Declaration in violation of the Local Rules by not first conferring with Quicken Loans or seeking leave of Court to file a surreply. The Court should, therefore, grant this *Ex Parte* Application to allow Quicken Loans a fair opportunity to respond and explain why Plaintiff's submissions are procedurally improper, and legally and factually inaccurate. If leave is granted, Quicken Loans would more fully explain the following procedural, legal, and factual defects in the Objections.

2

First, the purported "objections" and "corrected declaration" are an impermissible surreply filed without leave of court in violation of Local Rule 7-10 and this Court's Scheduling Order (ECF No. 33). As such, they should be stricken. *See, e.g.*, *Glass v. Sue*, No. 09-8570, 2010 WL 11549540, at *2–3 (C.D. Cal. Oct. 27, 2010); *A-1 Transmission Auto. Tech., Inc. v. AMCO Ins. Co.*, No. 10-8496, 2012 WL 1534466, at *3 (C.D. Cal. Apr. 27, 2012).

Second, Plaintiff's "objections" to the Supplemental Viner Declaration are without merit. The Supplemental Viner Declaration is proper rebuttal evidence submitted in direct response to unsubstantiated assertions made for the first time in Plaintiff's opposition. It is widely-accepted that a moving party may submit new declarations and evidence on reply when that evidence merely responds to evidence submitted in opposition. *See In re ConAgra Foods, Inc.*, No. 11-5379, 2014 WL 4104405, at *33 n.87 (C.D. Cal. Aug. 1, 2014).

Third, the Supplemental Viner Declaration is proper because it is expressly based on Mr. Viner's personal knowledge as general counsel of LowerMyBills' parent company and his review of the company's business records, and was executed under penalty of perjury. *See* 28 U.S.C. § 1746; *Edwards v. Toys "R" US*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007).

Fourth, if granted leave, Quicken Loans would explain that: (a) Plaintiff is wrong that the records submitted with Mr. Viner's two declarations are "irreconcilable" or inconsistent with one another; (b) the supposed "inconsistency" is not relevant to the resolution of the Motion to Compel Arbitration; and (c) Plaintiff's accusations that Quicken Loans and its counsel "manufactured" or "altered" evidence "to mislead the Court" (Obj. at 7–8) are unfounded and patent violations of Federal Rule of Civil Procedure 11(b) and this Court's guidelines on Professionalism. *See* Fed. R. Civ. P. 11(c)(1); 28 U.S.C. § 1927; C.D. Cal. L.R. 83-3; C.D. Cal. Civility and Professionalism Guidelines, at 8.

1  As Quicken Loans has not had full and fair opportunity to make these and
2  other points in response to the new arguments and evidence proffered in the
3  Objections and Corrected Declaration, Quicken Loans respectfully requests leave to
4  do so.  Under the circumstances, there is good cause for this request, particularly
5  because the Motion to Compel Arbitration is under submission for disposition by the
6  Court.  Quicken Loans respectfully submits that this Court should have the benefit
7  of its response to the Objections and Corrected Declaration in resolving the Motion
8  to Compel Arbitration.
9  Because there is no proper procedure for responding to Objections submitted
10 in violation of Local Rule 7-10, counsel for Quicken Loans conferred with
11 Plaintiff's counsel on June 14, 2019 and requested Plaintiff's agreement not to
12 oppose a motion for leave to file a response to the Objections.  Tayman Declaration
13 ¶ 4.  Plaintiff did not concur and represented that she would inform Quicken Loans
14 of her ultimate position at some unspecified date in the following week.  *Id.*  Given
15 that the Motion to Compel Arbitration is already under submission, counsel for
16 Quicken Loans notified Plaintiff of its intent to file this *Ex Parte* Application.  *Id.*
17 ¶ 5.  Plaintiff's counsel did not consent to this Application and reserved her right to
18 file an opposition.  *Id*.

Respectfully submitted,

Dated:  June 17, 2019      By:   /s/ W. Kyle Tayman
                                 BROOKS R. BROWN
                                 BBrown@goodwinlaw.com
                                 LAURA A. STOLL
                                 LStoll@goodwinlaw.com
                                 YVONNE W. CHAN (pro hac vice)
                                 YChan@goodwinlaw.com
                                 W. KYLE TAYMAN (pro hac vice)
                                 KTayman@goodwinlaw.com
                                 **GOODWIN PROCTER LLP**

                                 Attorneys for Defendant:
                                 QUICKEN LOANS INC.

4

# APPENDIX A

For purposes of this *Ex Parte* Application, the names, addresses, telephone numbers, and email addresses of counsel for Plaintiffs are as follows:

Frank S Hedin
*fhedin@hedinhall.com*
David William Hall
*dhall@hedinhall.com*
Hedin Hall LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94104
Tel.: 415-766-3534
Fax: 415-402-0058

Jason A Ibey
*jason@kazlg.com*
Seyed Abbas Kazerounian
*ak@kazlg.com*
Nicholas Barthel
*nicholas@kazlg.com*
Kazerouni Law Group, APC
169 W 2710 S Circle
Suite 204F
St. George, UT 84790
Tel.: 800-400-6808
Fax: 800-520-5523

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is: Three Embarcadero Center, San Francisco, California 94111.

On **June 17, 2019**, I caused to be served the following document on the persons below as follows:

**DEFENDANT QUICKEN LOANS INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S OBJECTIONS**

| | |
|---|---|
| Frank S. Hedin<br>David W. Hall<br>HEDIN HALL, LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, CA 94104 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 415-766-3534<br>Facsimile: 415-402-0058<br>fhedin @hedinhall.com<br>dhall@hedinhall.com |
| Abbas Kazerounian<br>Jason A. Ibey<br>Nicholas Barthel<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Suite D1<br>Costa Mesa, CA 92626 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 800-400-6808<br>Facsimile: 800-520-5523<br>ak@kazlg.com<br>nicholas@kazlg.com<br>jason@kazlg.com |
| Yaakov Saks<br>STEIN SAKS, PLLC<br>285 Passaic Street<br>Hackensack, NJ 07601<br>***PRO HAC VICE NOT YET FILED***<br>***Courtesy Copy Only*** | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 201-282-6500<br>Facsimile: 201-282-6501<br>ysaks@steinsakslegal.com |

☐ (FACSIMILE). Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (MAIL). I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

x (E-MAIL or ELECTRONIC TRANSMISSION). Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **June 17, 2019**, at Redwood City, California.

| Gareth J. Oania | |
|---|---|
| (Type or print name) | (Signature) |