**HEDIN HALL LLP**
Frank S. Hedin (SBN 291289)
E-mail: fhedin@hedinhall.com
David W. Hall (SBN 274921)
E-mail: dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA HILL; and GALE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No.: 5:19-cv-00163-FMO-SP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS** |

Plaintiffs Amanda Hill and Gayle Hyde, individually and on behalf of all others similarly situated, submit this response in opposition to *Ex Parte* Application for Leave to File Response to Plaintiff's Evidentiary Objections (ECF No. 50 (the "*Ex Parte* Application")) filed by Defendant Quicken Loans, Inc. ("Defendant"). Defendant's *Ex Parte* Application should be denied as procedurally improper and premature, and substantively unfounded and futile.

Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 490 (C.D. Cal. 1995). The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. *Id.* at 491.

The *Ex Parte Application* should be denied as procedurally improper because it was filed without the good faith meet-and-confer required by Local Rule 7-19.1, and in avoidance of the notice required by Local Rule 7-3. Defendant's pre-motion call with Plaintiffs' counsel was at best perfunctory, not in good faith; Defendant's attorneys refused to discuss the substance of the contemplated filing or potential resolution. Instead, Defendant's attorneys flatly asserted that if Plaintiffs would not agree immediately, Defendant would simply apply *ex parte*. Nevertheless, Plaintiffs did not oppose outright. Rather, Plaintiffs offered to consider the request, review the objections and other current submissions, and respond to Defendant within the period provided by Local Rule 7-3. Defendant rejected Plaintiffs' good faith proposal and has now jumped the gun, filing this premature *Ex Parte* Application.[1]

Defendant's *Ex Parte* Application should also be denied as substantively unfounded and futile. It is unfounded because Plaintiff Amanda Hill's evidentiary

---

[1] According to the Court's Initial Standing Order Section V, "The court entertains ex parte applications only in extraordinary circumstances; sanctions may be imposed for misuse of the ex parte process."

objections were filed in compliance with Federal Rule of Civil Procedure 56(c), which governs objections to evidentiary submissions in connection with motions to compel arbitration. *See, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 WL 6702424, at *3 (E.D. Cal. 2004) (explaining that objections pursuant to Rule 56(c) are proper in response to evidentiary submissions in connection with motions to compel arbitration); *see also, In re Uber Text Messaging*, Order Denying Motion to Compel Arbitration, Case No. 18CV2931, ECF No. 108 at 5-6, 8-9, 12-16 (N.D. Cal. June 18, 2018) (denying motion to compel arbitration on basis of plaintiff's evidentiary objections to declarations and other "new evidence" that defendant Uber improperly submitted in support of its reply) (attached as **Exhibit A**).

It is futile because Plaintiffs' objections are sound and, in any event, Defendant has failed to carry its burden to prove that an agreement to arbitrate was formed. As the Honorable Haywood S. Gilliam, Jr. recently explained on a nearly identical procedural and evidentiary posture:

> Snippets from a database, reproduced without any context, explanation, or supporting testimony, are not properly authenticated evidence. However, . . . even if [Defendant] had authenticated these documents, they would not dispel the genuine issue of material fact [regarding contract formation] . . . [Defendant] says [Plaintiff] signed up for its services and thereby agreed to arbitrate his claims. [Plaintiff] said he did not. The Court cannot resolve this dispute on a motion to compel . . . [Defendant] provided what it says are snippets from its user database and asked the Court (and Plaintiffs) to accept its conclusion as to what this data signifies. . . [But] [t]here are a number of other potential explanations for how [Defendant] came to possess [Plaintiff's] information: [Plaintiff] may have partially complete the sign-up process . . . [Defendant] may have collected his information from a third party, or [Defendant's] database may contain errors . . . At bottom, [Defendant] says its documents confirm that [Plaintiff] completed the registration process, while [Plaintiff] avers that he did not. This genuine issue of fact over whether an agreement to arbitrate was formed required the Court to **DENY** the motion to compel arbitration.

*See* Ex. A at pp. 10, 13, 15-16.

**RESPONSE IN OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION**    PAGE 2 OF 3
Case No.: 5:19-cv-00163-FMO-SP

For the foregoing reasons, Defendant's *Ex Parte* Application should be denied.

Dated: June 18, 2019          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Jason A. Ibey
      Jason A. Ibey, Esq.

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HEDIN HALL LLP**
Frank S. Hedin (SBN 291289)
fhedin@hedinhall.com
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

**HEDIN HALL LLP**
David W. Hall (SBN 274921)
dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Counsel for Plaintiff and Putative Classes*