BROOKS R. BROWN (SBN 250724)
*BBrown@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC  20001
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444

YVONNE W. CHAN (pro hac vice)
*YChan@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570-1000
Fax.: +1 617 523-1231

LAURA A. STOLL (SBN 255023)
*LStoll@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant:
QUICKEN LOANS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**QUICKEN LOANS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS AND CORRECTED DECLARATION**<br><br>Date:        Thursdays<br>Time:        10:00 a.m.<br>Courtroom: 6D<br>Judge:       Hon. Fernando M. Olguin |

ACTIVE/99897095.7

Pursuant to this Court's Order (ECF No. 52), Quicken Loans responds to Plaintiff's objections (ECF No. 49) and corrected declaration (ECF No. 48).

I. **HILL'S "OBJECTION" IS AN IMPROPER SURREPLY FILED WITHOUT LEAVE.**

Plaintiff's purported "objection" to Mr. Viner's Supplemental Declaration (ECF No. 44) is a procedurally improper surreply filed in violation of Local Rule 7-10 and misused to (a) introduce *Plaintiff's* own new evidence (ECF No. 48 at ¶ 2) and (b) advance new argument (ECF No. 49 at 5–8). That rule states that, "[a]bsent prior written order of the Court, the opposing party shall not file a response to [a] reply." C.D. Cal. L.R. 7-10. Accordingly, courts routinely strike or disregard surreplies filed without leave. *See, e.g.*, *Keeton v. Marshall*, No. 17-1213, 2018 WL 4381543, at *1 n.1 (C.D. Cal. June 8, 2018), *report and recommendation adopted by* 2018 WL 4378664 (C.D. Cal. Sept. 13, 2018) (Olguin, J.); *Lao v. Recontrust Co.*, No. 12-1929, 2013 WL 12130565 (C.D. Cal. Apr. 3, 2013).

Although Plaintiff calls her submission an "objection" and "corrected" declaration, rather than a surreply, the result is no different. Any filing that is "the *equivalent* of a surreply," even if not styled as a "surreply," first requires leave of court. *A-1 Transmission Auto. Tech., Inc. v. AMCO Ins. Co.*, No. 10-8496, 2012 WL 1534466, at *3 (C.D. Cal. Apr. 27, 2012) (emphasis added); *Glass v. Sue*, No. CV09–8570, 2010 WL 11549540, at *2–3 (C.D. Cal. Oct. 27, 2010) (striking "evidentiary objections" filed without leave).

Here, as noted, Plaintiff presents new argument in her objection and seeks to create a "genuine issue of material fact" about whether she visited the subject websites from a mobile device by adding new testimony through a new declaration. ECF No. 48 at ¶ 2; ECF No. 49 at 5–8. Specifically, Plaintiff's "corrected" declaration adds new testimony that: Plaintiff "recall[s] using [her] Android Galaxy mobile phone" to visit the LowerMyBills-powered websites. ECF No. 48 at ¶ 1. It is thus apparent that her submissions are an "improper attempt to gain a procedural advantage" and should be stricken. *See Glass*, 2010 WL 11549540, at *3.

## II. THE VINER SUPPLEMENTAL DECLARATION IS TIMELY AND ADMISSIBLE.

Plaintiff's objections are also without substantive merit.

First, Plaintiff argues that this Court should disregard Mr. Viner's supplemental declaration because it is new evidence not "timely submitted." Obj. at 2. But it is hornbook law that, in connection with a reply brief, "[e]vidence submitted in direct response to evidence raised in the opposition . . . is not 'new.'" *In re ConAgra Foods, Inc.*, No. 11-5379, 2014 WL 4104405, at *33 n.87 (C.D. Cal. Aug. 1, 2014) (citing *Edwards v. Toys "R" US*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (same); *Terrell v. Contra Costa County*, 232 F. App'x 626, 629 n. 2 (9th Cir. Apr. 16, 2007) (same)). The cases cited by Plaintiff compel no different conclusion—those cases either do not discuss whether the reply evidence was submitted in rebuttal to an opposition, or expressly state that the excluded evidence was "not presented in either the motion *or opposition.*" *See, e.g.*, *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308–09 n.5 (N.D. Cal. 2005). Consistent with this, the Local Rules provide that a party may submit "declarations or other rebuttal evidence" on reply. C.D. Cal. L.R. 7-10. That is all Quicken Loans has done (properly) here. As even a cursory review confirms, the Supplemental Viner Declaration merely responds to Plaintiff's Opposition arguments and evidence.

Quicken Loans' Motion established that, on two separate occasions, Plaintiff visited a LowerMyBills-powered website, submitted her personal information, and in doing so, consented to the LowerMyBills terms of use (including its arbitration clause). ECF No. 29-1 at 3–7. Plaintiff's Opposition hinges on her unsubstantiated theory that LowerMyBills improperly "scraped" or "harvested" her personal data from some other source, and that she never clicked the "submit" button. ECF No. 37 at 8–9. Quicken Loans (understandably) did not predict that Plaintiff would proffer this strained theory in her Opposition. When Plaintiff did so, however, Quicken Loans properly submitted testimony from Mr. Viner responding to—and debunking—it by affirming that LowerMyBills "*only* receives the information

provided by the user if the user clicks the submission button on the website." *Terrell*, 232 F. App'x at 629 n.2 (emphasis added).

Similarly, Mr. Viner's Supplemental Declaration responds to Plaintiff's unproven assertion—made for the first time in her Opposition—that she did not have "clear and conspicuous notice" of the LowerMyBills terms of use because she viewed it from a mobile device. ECF No. 37 at 9–10. Plaintiff argued in her Opposition that the screenshot included in Mr. Viner's original declaration was not an accurate depiction of how she would have seen the LowerMyBills-powered websites from a mobile device in October and November 2018. *Id.* In support of this contention, Plaintiff offers only a **May 2019** screenshot taken by *her counsel* from *her counsel's* "Galaxy cellular device." ECF No. 38 at ¶ 7 & Ex. F. That of course fails to evidence how the subject websites appeared to *Hill* when she allegedly viewed those websites on *her* own mobile device on the dates *she* actually visited the sites several months earlier. *See id.* Again, Mr. Viner's supplemental testimony simply responds to confirm that consumers visiting the websites in October and November 2018 saw the ***same*** language and disclosures, regardless if they visited the site on a mobile device or not. ECF No. 44-1 at ¶ 7.

<u>Second</u>, Mr. Viner's supplemental declaration is based on his personal knowledge. Plaintiff argues that the declaration is automatically inadmissible because it includes the words "information and belief." Plaintiff is wrong as a matter of law. Mr. Viner's declaration contains the essential elements required by 28 U.S.C. § 1746: "***I declare under penalty of perjury*** under the laws of the United States of America ***that the foregoing is true and correct*** to the best of my current knowledge, information and belief." ECF No. 44-1 at 3. The mere use of the words "information and belief" do not—as Plaintiff incorrectly suggests—"automatically render [a declarant's] testimony inadmissible.'" *Edwards*, 527 F. Supp. 2d at 1201 (citation omitted). The question instead is whether Mr. Viner had personal knowledge. *Id.* And, on that front, there is (and can be) no dispute.

As Mr. Viner's Supplemental Declaration states, his testimony is based on his "***own personal knowledge***, information gathered and provided to [him] by LMB employees acting under [his] direction and supervision" (including the records attached as Exhibit 1 to his declaration), as well as "[his] review of the First Amended Complaint, [his] review of Plaintiffs' May 9, 2019 opposition (ECF No. 37) to Quicken Loans' motion to compel arbitration, and [his] review of the Declarations of Frank Hedin and Amanda Hill (ECF Nos. 38 & 39) submitted in support of the Opposition." ECF No. 44-1 at ¶¶ 1, 9 (emphasis added). Plaintiff's *ipse dixit* that Mr. Viner "lacks personal knowledge" has no factual support (none).

Additionally, "[p]ersonal knowledge can be inferred from a declarant's position within a company or business." *Edwards*, 527 F. Supp. 2d at 1201. Mr. Viner is General Counsel of LowerMyBills' parent company. ECF No. 44-1 at ¶ 1. It makes perfect sense that the general counsel of a company would have personal knowledge of the content, placement, and visibility of that company's legal disclosures that are the subject of his testimony.[1] As "Plaintiff[] ha[s] offered no evidence that rebuts the inference of personal knowledge flowing from [Mr. Viner]'s position," her objection is baseless. *See* 527 F. Supp. 2d at 1201.

### III. THE VINER DECLARATIONS AND RECORDS ARE FACTUALLY CONSISTENT.

Plaintiff contends that the records submitted with Mr. Viner's supplemental declaration "conflict, irreconcilably" with the exhibits to his prior declaration. Hill claims that the records are in conflict because those submitted with his first declaration have a data field for "Device Type" that is populated as "Mobile" (ECF No. 27), and those submitted with his Supplemental Declaration (ECF No. 42) have a different data field for "Marketing User Device Type" that has no data and is

---

[1] In contrast, in a recent decision on a motion to compel arbitration on a TCPA claim, the court struck records submitted by the defendant on reply that were authenticated only by its outside litigation counsel who lacked personal knowledge, and an employee witness also could not authenticate the records during a deposition. *Id. In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 2509337 (N.D. Cal. June 18, 2019) at *5–6.

4

populated as "n/a." This is not a conflict, never mind an "irreconcilable" one.

First, contrary to Plaintiff's assumptions, there is nothing in the record defining the information reflected in either the "Device Type" or "Marketing User Device Type" data fields. Rather, Mr. Viner submitted two different kinds of business records (both maintained by LowerMyBills in the regular course of its business and concerning Plaintiff's web submissions) with his declarations, reflecting different data fields. *Compare* ECF No. 29-5 at ¶¶ 7, 12 (submitting "copies of screenshots reflecting the information entry process"), *with* ECF No. 44-1 at ¶ 9 (submitting "an export of the information relating to Hill that [Mr. Viner] reviewed"). As Quicken Loans explained in its Reply (at 12–13 & n.6), Mr. Viner attached additional business records to his Supplemental Declaration in response to Plaintiff's (incorrect) argument that his *original* declaration was inadmissible hearsay because he relied on documents that he "failed to submit." *See* ECF No. 37 at 15 n.3. The records submitted with Mr. Viner's Supplemental Declaration debunked Plaintiff's erroneous hearsay argument. Although Plaintiff contends that these records "explicitly stat[e] that Ms. Hill accessed the subject LMB websites with a 'mobile device,'" (Obj. at 5), her contention is irrelevant because the record evidence is that, no matter how Plaintiff accessed the LMB-powered websites (mobile or other device), the Terms of Use were disclosed and available to her. ECF No. 44-1 at ¶ 7. Her contention is also false—neither Mr. Viner or Quicken Loans ever represented (one way or the other) what the data fields represent. That is because neither in its Motion or Reply did Quicken Loans ever rely on either of the "Device Type" fields. *See* ECF Nos. 29 & 44; ECF No. 44-1 at ¶ 7.

Second, even assuming that the "Device Type" field and "Marketing User Device Type" field are intended to reflect the same information (they are not), the records do not conflict. One record indicates a "mobile" "Device Type," while the other contains *no information at all* ("n/a") about a "Marketing User Device Type." ECF No. 29-6 at 3; ECF No. 29-7 at 3; ECF No. 44-2. The *absence of information*

does not contradict the *presence of information* about a fact in a different document.

Third, Plaintiff's invented "conflict" is irrelevant. Quicken Loans never relies upon the "device type" fields for its Motion. And Plaintiff has introduced no evidence at all about the format of the websites that she viewed on October 10 and November 12, 2018 from her own mobile device to make the "device type" fields relevant. Her only purported evidence of how the website appeared is a screenshot taken on a *different date* from *her attorney's mobile device*. *See* ECF No. 38 at ¶ 7 & Ex. F. Her "corrected" declaration only further confirms why this screenshot is irrelevant—she claims to "recall using [an] Android Galaxy mobile phone" to visit the subject websites. ECF No. 48 at ¶ 2. This is a *different* device than the one used by her counsel, six months after the fact, to generate a screenshot of the websites, and says nothing about the *browser* type either used to visit the websites. And, her contention that when she visited the websites, there was "no visible disclosure statement below the button linking to the Terms of Use" (Obj. at 6), is pure argument not supported by either of her declarations.[2] By contrast, Mr. Viner's Supplemental Declaration confirms that the same disclosure language identified in Quicken Loans' Motion was visible to all consumers who visited the websites on the dates in question, including visitors using a mobile device. *See* ECF No. 44-1 at ¶ 7.

### IV.  QUICKEN LOANS MET ITS BURDEN TO COMPEL ARBITRATION.

Even without Mr. Viner's Supplemental Declaration, Quicken Loans has carried its evidentiary burden with its Motion submissions alone. Quicken Loans submitted undisputed evidence that Plaintiff visited and submitted her information on LowerMyBills-powered websites on multiple occasions. ECF No. 29-1 at 3–7 (citing record evidence). Plaintiff has confirmed as much in her own submissions to this Court. ECF No. 30 at ¶ 2. Plaintiff's primary opposition argument is that

---

[2] Again, this is unlike what occurred *In re Uber Text Messaging*, where the plaintiff testified that his phone prevented him from downloading the defendant's app, and therefore, the arbitration clause. 2019 WL 2509337 at *7–8. Here, Plaintiff admits she was able to access and entered information at both of the websites at issue.

6

LowerMyBills' disclosure language (including a link to its arbitration provision) was not visible from her counsel's mobile device. ECF No. 37 at 9–11. But, as noted, she has offered no *evidence* confirming that she was unable to view the disclosures on the dates in question from her own device. The evidence submitted with Quicken Loans' Motion is thus unrebutted.

## V. PLAINTIFF'S ATTACKS ON QUICKEN LOANS AND ITS COUNSEL ARE BASELESS.

Plaintiff's Objection makes the accusation that Quicken Loans and its counsel "manufactured or altered its original records in order to include certain 'alternative facts,'" in order "to mislead the Court [and] win this case with improper means." Obj. at 7. Plaintiff goes so far as to suggest that there are "serious question[s] about [counsel's] ethical standards." *Id.* at 8. Plaintiff's accusations are untrue and unsubstantiated, are not well-taken by Quicken Loans or its counsel, and should not be tolerated by this Court.

As shown above, the records submitted with the Viner declarations on their face present no conflict with one another, and debunk Plaintiff's attempts to cast aspersions at Quicken Loans and its counsel. Moreover, there is zero evidence before the Court—because there is none—to suggest that Quicken Loans or its counsel manipulated LowerMyBills' records, then had LowerMyBill's General Counsel falsely attest to those manipulated records, and then submitted the manipulated records to mislead this Court.

It is thus apparent that Plaintiff made the accusations without a factual basis and without evidentiary support in violation of Fed. R. Civ. P. 11(b)(1), (3) and (4). These personal attacks of the kind made by Plaintiff here amount to precisely the sort of unprofessional behavior prohibited by the Court's Professionalism Guidelines. C.D. Cal. Civility and Professionalism Guidelines at 8 ("We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.").

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
| Dated: June 21, 2019 | By: | /s/ W. Kyle Tayman |

BROOKS R. BROWN
*BBrown@goodwinlaw.com*
LAURA A. STOLL
*LStoll@goodwinlaw.com*
YVONNE W. CHAN (pro hac vice)
*YChan@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant:
QUICKEN LOANS INC.