FILED
CLERK, U.S. DISTRICT COURT
10/17/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HILL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUICKEN LOANS INC., <br><br> Defendant. | Case No. ED CV 19-00163 FMO (SPx) <br><br> **ORDER RE: PENDING MOTIONS** |

The court has reviewed and considered all the briefing filed with respect to defendant Quicken Loans Inc.'s ("Quicken Loans" or "defendant") Motion to Compel Arbitration (Dkt. 29, "Arbitration Motion"), and Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 30, "MTD"). In this putative class action, Amanda Hill ("Hill") and Gayle Hyde's ("Hyde") (collectively, "plaintiffs") claims stem from allegations that defendant sent numerous text messages to their cell phones without their consent. (See Dkt. 20, First Amended Complaint ("FAC") at ¶¶ 13-15). Defendant filed the MTD, asking the court, inter alia, to dismiss Hyde from this action for lack of personal jurisdiction. (See Dkt. 30, MTD at 1). In the Arbitration Motion, defendant asks the court to compel arbitration of Hill's claims on an individual basis. (See Dkt. 29, Arbitration Motion at 1). The court considers each motion in turn.

I. MOTION TO DISMISS.

In the MTD, defendant argues that, with respect to Hyde's claims, the FAC fails to plead facts giving rise to personal jurisdiction. (See Dkt. 30-1, Memorandum in Support of [] Motion to

Dismiss[] ("MTD Mem") at 5-6). Plaintiffs do not dispute this contention. (See, generally, Dkt. 36, Opposition to Defendant's Motion to Dismiss[] ("MTD Opp")). Instead, they ask the court to grant leave to amend the FAC "to allow Ms. Hyde to add factual allegations to support personal jurisdiction over defendant[.]" (Id. at 1). Plaintiffs also request that the court allow them to conduct "limited jurisdictional discovery." (Id. at 8).

Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). The Ninth Circuit "generally has taken a liberal approach with respect to the granting of jurisdictional discovery[.]" Life Bliss Foundation v. Sun TV Network Ltd., 2013 WL 12132068, *2 (C.D. Cal. 2013). As such, "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery. Rather a plaintiff must present only a 'colorable basis' for jurisdiction, or 'some evidence' constituting a showing lesser than a prima facie case." Corcera Solutions, LLC v. Razor, Inc., 2014 WL 587869, *3 (N.D. Cal. 2014).

Here, plaintiffs have come forward with evidence that the 26293 "short code" number Quicken Loans utilized to send text messages to Hyde's phone, (see Dkt. 20, FAC at ¶ 21), originated from a California address. (See Dkt. 36-16, Exhibit G, Quicken Loans SMS Short Code at ECF 493). Additionally, Hyde states that Quicken Loans may have obtained her cell phone number from its affiliate, LowerMyBills.com ("LMB"). (See Dkt. 36, MTD Opp at 10-11). Because the FAC is silent as to whether Hyde used LMB's website or services, (see, generally, Dkt. 20, FAC), the court expects that Hyde will plead the existence of their relationship (to the extent one existed) in the second amended complaint. In any event, the court finds that a "colorable basis for jurisdiction" in California exists, "such that discovery should be permitted." Forouhar v. Asa, 2011 WL 4080862, *2 (N.D. Cal. 2011). The court therefore determines that plaintiffs are entitled to responses to their discovery requests set forth in paragraph seven of Jason A. Ibey's declaration.[1] (See Dkt. 36-9, Declaration of Jason A. Ibey at ¶ 7); (see also Dkt. 36, MTD Opp

---

[1] Any discovery disputes shall be decided by the assigned Magistrate Judge.

at 11) (noting that plaintiffs' "limited discovery requests" are contained within this portion of Mr. Ibey's declaration)).

Additionally, because the Ninth Circuit requires that leave to amend be granted "with extreme liberality," the court will allow plaintiffs to file a second amended complaint. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). However, plaintiffs need not file the second amended complaint until after jurisdictional discovery is completed.

II. ARBITRATION MOTION.

With respect to defendant's Arbitration Motion, (see Dkt. 29), the court concludes that it is unable to resolve the motion without further evidence. Accordingly, the court will set an evidentiary hearing to the parties to submit evidence to the court relating to the issues set forth in the motion. See Local Rule 7-6 (noting that "the Court may, in its discretion, require or allow oral examination of any declarant or any other witness"); Spencer v. Castro, 2009 WL 2849726, *2 (E.D. Cal. 2009) (noting that "the court sua sponte will order an evidentiary hearing if it appears one is necessary").

At the evidentiary hearing, the parties shall be prepared to present evidence regarding whether Amanda Hill clicked a button entitled "See my results!" on any website affiliated with defendant. (Compare Dkt. 29-1, Memorandum in Support of Motion to Compel Arbitration ("Arbitration Mem") at 3-4) (claiming Ms. Hill clicked this button on YourVASurvey.Info and on LMB's website) with (Dkt. 48, Corrected Declaration of Amanda Hill at ¶ 4) (claiming that she "never pressed any button to submit [her] information . . . on any Quicken, LMB, or related webpage"). Additionally, the parties should be prepared to present evidence regarding whether notice of the websites' terms of use were conspicuously visible next to the "See my results!" button. (Compare Dkt. 37, Plaintiff Amanda Hill's Opposition to [] Motion to Compel Arbitration at 10) (screenshot indicating that the terms of use were not visible on mobile version of the websites) with (Dkt. 44-1, Supplemental Declaration of Mitchell Viner at ¶ 7) ("In October and November 2018, consumers who used mobile devices to visit LMB's website . . . were presented

with the same language and disclosures as consumers who used desktop computers to visit those websites.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The parties shall engage in jurisdictional discovery, to be completed no later than **January 3, 2020**.

2. No later than **January 17, 2020**, plaintiffs shall file a Second Amended Complaint.

3. Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint **(Document No. 30)** is **denied without prejudice**.

4. Defendant shall file an Answer to the Second Amended Complaint or a motion pursuant to Federal Rule of Civil Procedure 12 no later than **January 31, 2020**.

5. An evidentiary hearing on defendant's Motion to Compel Arbitration is hereby scheduled for **Wednesday, November 6, 2019**, at 10:00 a.m. in courtroom 6D of the First Street courthouse.

Dated this 17th day of October, 2019.

/s/
Fernando M. Olguin
United States District Judge