BROOKS R. BROWN (SBN 250724)
bbrown@goodwinlaw.com
W. KYLE TAYMAN (*pro hac vice*)
KTayman@goodwinlaw.com
**GOODWIN PROCTER** LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

YVONNE W. CHAN (*pro hac vice*)
ychan@goodwinlaw.com
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570-1000
Fax: +1 617 523-1231

JEFFREY B MORGANROTH (*pro hac vice*)
jmorganroth@morganrothlaw.com
**MORGANROTH AND MORGANROTH** PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

Attorneys for Defendant:
QUICKEN LOANS INC.

[ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, individually and on On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:    March 12, 2020<br>Time:    10:00 a.m.<br>Ctrm.:   6-D<br>Judge:   Hon. Fernando M. Olguin |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................... 1

PROCEDURAL HISTORY AND BACKGROUND ..................... 3

ARGUMENT ................................................................................. 6

I.   The Motion to Dismiss Standard ........................................ 6

II.  The SAC Fails To Plead That This Court Has Personal Jurisdiction
     Over Quicken Loans As To Hyde's Claim. ....................... 7

III. The SAC Fails To Plead the ATDS Element of Plaintiffs' Cellphone
     Provision Claims. ............................................................ 13

CONCLUSION ........................................................................... 16

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abrahamson v. Berkley*,
   No. 1:16-CV-0348 AWI BAM, 2016 WL 8673060 (E.D. Cal. Sept.
   2, 2016)..................................................................................................2

*Aikens v. Synchrony Fin. d/b/a Synchrony Bank*,
   No. 15-10058, 2015 WL 5818911 (E.D. Mich. July 31, 2015),
   *report and recommendation adopted*, No. 15-cv-10058, 2015 WL
   5818860 (E.D. Mich. Aug. 31, 2015)..................................................14

*Armstrong v. Inv'r's Bus. Daily, Inc.*,
   No. CV 18-2134-MWF, 2018 WL 6787049 (C.D. Cal. Dec. 21,
   2018)...................................................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................7, 15

*Baranski v. NCO Fin. Sys., Inc.*,
   No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304 (E.D.N.Y. Mar.
   21, 2014)..............................................................................................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................3, 7, 15

*Bodie v. Lyft*,
   No. 3:16-cv-02558-L-NLS, 2019 WL 258050 (S.D. Cal. Jan. 16,
   2019)...................................................................................................15

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
   137 S. Ct. 1773 (2017) ......................................................................6, 9

*Chyba v. Wash. Mutual*,
   No. 12cv838 JAH (BLM), 2014 WL 12628468 (S.D. Cal. Jan. 21,
   2014), *aff'd*, 671 F. App'x 426 (9th Cir. 2016)..................................15

*City of Almaty v. Khrapunov*,
   No. CV 14-3650 FMO, 2018 WL 6074544 (C.D. Cal. Sept. 27,
   2018)................................................................................................11, 12

ii

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................... 6, 7

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ................................................ 7

*Estakhrian v. Obenstine*,
  No. CV 11-3480 FMO, 2015 WL 12698304 (C.D. Cal. July 9,
  2015) (Olguin, J.), *appeal filed*, No. 19-55494 (9th Cir. May 2,
  2019) ................................................................................... 7, 13

*Gilder v. PGA Tour, Inc.*,
  936 F.2d 417 (9th Cir. 1991) ................................................ 2, 9

*Gill v. Navient Sols., LLC*,
  No. 8:18-cv-1388-T-26SPF, 2018 WL 7412717 (M.D. Fla. Aug. 7,
  2018) .................................................................................. 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .............................................................. 6

*Johnson v. Comm'n on Presidential Debates*,
  No. SA CV 12-1600 FMO, 2014 WL 12597805 (C.D. Cal. Jan. 6,
  2014) ................................................................................... 12

*Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*,
  No. 4:13-CV-1080 (CEJ), 2014 WL 50856 (E.D. Mo. Jan. 7, 2014),
  *vacated in part on other grounds*, No. 2014 WL 1347531 (E.D.
  Mo. Apr. 4, 2014) ................................................................ 9

*Marks v. Crunch San Diego, LLC*,
  904 F.3d 1041 (9th Cir. 2018) .............................................. 14

*Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*,
  No. 17-cv-04992-BLF, 2019 WL 4888693 (N.D. Cal. Oct. 3, 2019) ................ 11

*Musenge v. SmartWay of the Carolinas, LLC*,
  No. 3:15-cv-153-RJC-DCK, 2018 WL 4440718 (W.D.N.C. Sept.
  17, 2018) ............................................................................ 15

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) .............................................. 6, 8

*Pilgrim v. Gen. Motors Co.*,
  408 F. Supp. 3d 1160 (C.D. Cal. 2019)........................................................9

*Priester v. eDegreeAdvisor, LLC*,
  No. 5:15-cv-04218-EJD, 2017 WL 4237008 (N.D. Cal. Sept. 25,
  2017)..........................................................................................................15

*Prime Healthcare Centinela, LLC v. Kimberly–Clark Corp.*,
  No. CV 14–8390–DMG, 2016 WL 7177532 (C.D. Cal. May 26,
  2016)..............................................................................................2, 9, 11

*Rhinehart v. Diversified Cent., Inc.*,
  No. 4:17-CV-624-VEH, 2018 WL 372312 (N.D. Ala. Jan. 11,
  2018)..........................................................................................................16

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011).....................................................................7

*Trenk v. Bank of Am.*,
  No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20, 2017).........................16

*Tuck v. Portfolio Recovery Assocs., L.L.C.*,
  No. 19-CV-1270-CAB-AHG, 2019 WL 5212392 (S.D. Cal. Oct.
  16, 2019)....................................................................................................14

**Federal Statutes**

47 U.S.C. § 227(b)(1) ....................................................................................13

**Other Authorities**

Fed. R. Civ. P. 8(a) ...................................................................................7, 15

Fed. R. Civ. P. 12(b)(2) ..................................................................................6

Fed. R. Civ. P. 12(b)(6) ..................................................................................7

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    <u>**INTRODUCTION**</u>

3    By way of its Order denying Quicken Loans Inc.'s Motion to Dismiss

4    Plaintiffs' first amended complaint without prejudice (Dkt. No. 54) ("Order"), this

5    Court gave Plaintiffs the opportunity to conduct jurisdictional discovery (as to

6    Plaintiff Hyde) and then file a second amended complaint pleading factual

7    allegations sufficient to establish this Court's specific personal jurisdiction over

8    Quicken Loans Inc. with respect to Hyde's claim.  But the second amended

9    complaint ("SAC") Plaintiffs have now filed contains no such allegations.  Beyond

10    this, the same pleadings defects in Plaintiff Hyde and Hill's claims identified by

11    Quicken Loans over nine months ago continue to infect the SAC.  Therefore, this

12    Court should not hesitate to grant this Motion and dismiss this lawsuit.

13    <u>First</u>, with respect to the jurisdictional issue relating to Hyde, this Court

14    permitted her three months of jurisdictional discovery based upon her counsel's

15    representations that, with the benefit of such discovery, Plaintiffs could plead

16    factual allegations connecting Hyde's TCPA cellphone claim to California

17    sufficient to establish this Court's specific personal jurisdiction over Quicken

18    Loans.  Order at 2.  Indeed, the Order specifically noted that the Court expected the

19    SAC to address the relationship between Hyde's claim and California.  *Id.* at 2.  But

20    the SAC does no such thing and, in fact, abandons any attempt to plead factual

21    allegations in support of specific personal jurisdiction.  Instead, recognizing that

22    there is no California-connection or other basis for general or specific jurisdiction

23    here (as Quicken Loans demonstrated in its Motion to Dismiss the FAC (Dkt.

24    No. 30, and Hyde illustrated by originally bringing her claim against Quicken

25    Loans in the District of Minnesota), the SAC (¶ 4) now pleads (for the first time)

26    that "pendent personal  jurisdiction" somehow exists over Hyde's claim.  She

27    asserts it exists merely because there is specific jurisdiction in this Court over Hill's

28

separate claim based on distinct facts unique to Hill. But this new jurisdictional
theory gets Hyde nowhere for at least four independent and adequate reasons:

1. Plaintiffs did not allege pendent personal jurisdiction in the FAC and
sought leave to amend the complaint regarding only *specific* personal jurisdiction—
they did not seek leave to amend their complaint regarding pendent jurisdiction and
this Court's Order did not allow such amendment. Order at 2-3;

2. The doctrine of pendent personal jurisdiction does not apply here as a
matter of law. The Ninth Circuit has applied pendent personal jurisdiction only
when a *single* plaintiff has multiple claims, at least one of which is subject to the
court's jurisdiction, and pendent jurisdiction attaches to that same plaintiff's other
claims. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) ("Pendent
jurisdiction exists where there is a sufficiently substantial federal claim to confer
federal jurisdiction, and a common nucleus of operative fact between the state and
federal claims."); *Prime Healthcare Centinela, LLC v. Kimberly–Clark Corp.*, No.
CV 14–8390–DMG (PLAx), 2016 WL 7177532, at *2 (C.D. Cal. May 26, 2016)
(Gee, J.) (pendent personal jurisdiction does not apply when a non-resident plaintiff
"seek[s] to piggyback personal jurisdiction" onto a resident plaintiff's claims);

3. Even assuming the doctrine might somehow apply to permit an out-of-
state plaintiff (Plaintiff Hyde) to bring a claim with no connection to California
against an out-of-state defendant (Quicken Loans) in this Court (and it should not),
the doctrine requires that the pendent claim (Plaintiff Hyde's) arise from the same
common nucleus of operative facts as the claim over which this Court has specific
jurisdiction (Plaintiff Hill's), and such factual commonality is lacking here.
*Kimberly–Clark Corp.*, 2016 WL 7177532, at *2; *Abrahamson v. Berkley*, No.
1:16-CV-0348 AWI BAM, 2016 WL 8673060, at *11 (E.D. Cal. Sept. 2, 2016)
(declining to exercise pendent jurisdiction over causes of action lacking common
nucleus of operative facts). Indeed, the record evidence confirms that there is no
such common nucleus because Hill and Hyde's respective claims arise from

different facts, circumstances, and interactions with third-parties and Quicken Loans.  That record demonstrates that (a) Hyde and Hill gave Quicken Loans prior consent to receive text messages at different third-party websites, (b) consented on different dates, (c) agreed to different terms of use, (d) received different text messages on different dates, and (e) had different interactions with Quicken Loans before and after the text messages.  Tayman Decl. Ex. C at 3-4; SAC ¶¶ 15-16, 23, 29; Dkt. No. 29-1 at 1, 3-6.; and

4.     Allowing Plaintiff Hyde's claim to proceed on pendent personal jurisdiction would enable Plaintiffs' improper forum-shopping.

Second, with respect to the pleadings defects applicable to Hyde and Hill's claims, the SAC still fails to plead the requisite, plausible factual allegations that Quicken Loans made the challenged texts with an automatic telephone dialing system ("ATDS").  Instead, and notwithstanding that Quicken Loans has repeatedly identified this fatal pleadings defect in its motions to dismiss in this matter (*See* Dkt. Nos. 14 and 30), in Hyde's original Minnesota action (*Hyde v. Quicken Loans Inc.*, No. 0:19-cv-00196-JNE-ECW (D. Minn. Apr. 1, 2019), Dkt. No. 14), and Plaintiffs are now on their third complaint in this Court, Plaintiffs continue to resort to parroting the statutory ATDS definition and caselaw concerning the ATDS element.  SAC ¶¶ 33-34.  As the Supreme Court has made clear, these types of conclusory allegations are insufficient to sustain Plaintiffs' burden to plead plausible, factual allegations in support of their cellphone provision claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

**PROCEDURAL HISTORY AND BACKGROUND**

Hill filed her original complaint in this action on January 28, 2019.  Dkt. No. 1.  In response, Quicken Loans timely filed a Motion to Dismiss demonstrating that Hill had failed to state a cognizable TCPA claim on account, among other things, of her failure to plead the ATDS element of her cellphone provision claim.  Dkt. No. 14.  On April 1, 2019, after Hyde (a Minnesota resident) voluntarily

dismissed her TCPA case against Quicken Loans in the District of Minnesota in response to Quicken Loans' Motion to Dismiss challenging, among other things, her defective ATDS allegations, Hill and Hyde filed the First Amended Complaint here.  Dkt. No. 20 ("FAC").  The FAC contained no new factual allegations with respect to the ATDS element of Plaintiffs' cellphone provision claims.  *Id.*

In response to the FAC, Quicken Loans timely moved to dismiss again, demonstrating that (a) Plaintiffs' conclusory ATDS allegations remained defective, and (b) the FAC was devoid of allegations sufficient to establish this Court's jurisdiction (general or specific) over Quicken Loans with respect to Hyde's individual TCPA cellphone provision claim.  Dkt. No. 30.  In her opposition, Hyde requested leave to amend to add the allegations of specific personal jurisdiction identified in her proposed second amended complaint filed with the Court (Dkt. No. 36-10),[1] or in the alternative for jurisdictional discovery to identify facts to plead specific personal jurisdiction.  Dkt. No. 36 at 1.  In support of the request for leave to amend and for jurisdictional discovery, Plaintiffs represented to this Court that Hyde could "plausibly allege fact[s] supporting specific jurisdiction over Quicken Loans" (Dkt. No. 36 at 3) because it was "plausible" that Quicken Loans obtained Hyde's phone number from a California company (*id.* at 4-7) and that the short code used to send the text messages to Hyde may have been connected to California.  *Id.* at 11.

On October 17, 2019, this Court granted Plaintiffs leave to amend to plead specific personal jurisdiction, granted Plaintiffs' request to conduct jurisdictional discovery, and ordered Plaintiffs to file a SAC by January 17, 2020.  Order at 2-3, 4.  As this Court's Order granted leave to file an amended complaint, it did not

---

[1] During jurisdictional discovery, Quicken Loans asked Plaintiffs to provide the factual basis (if any) for the assertions of a California connection to Hyde's claims in the proposed amended complaint filed with this Court.  Hyde objected to this basic discovery and declined to produce a single document supporting the allegations in her proposed second amended complaint that Quicken Loans obtained her phone number from a California company.  Tayman Decl. Ex. B at 8.

4

1    reach Quicken Loans' other arguments for dismissal and denied its motion to

2    dismiss the FAC without prejudice.  As to the jurisdictional issue, this Court found

3    Hyde had a colorable basis for requesting personal jurisdiction discovery based on

4    her counsel's representations that:  (a) Quicken Loans obtained Hyde's phone

5    number from a California company (LowerMyBills.com ("LMB")); and (b) the

6    SMS code used to send text messages Hyde received was tied to a California

7    address.  *Id.* at 2.  And, consistent with this, the Order stated that the Court "expects

8    that Hyde will plead the existence of their relationship [between Hyde and LMB]

9    (to the extent one existed) in the second amended complaint."  *Id.*

10    Plaintiffs filed the SAC on January 17, 2020.  Dkt. No. 73.  Notwithstanding

11    her counsel's representations to this Court about a California connection to her

12    claim and three months of jurisdictional discovery to find one, the SAC contains no

13    such allegations.  *See generally* SAC.  This is because, as Quicken Loans

14    demonstrated in its Motion to Dismiss the FAC (Dkt. Nos. 30 and 43) and

15    jurisdictional discovery confirmed, Plaintiff received the challenged text messages

16    in Minnesota, Quicken Loans received her number from a North Carolina Company

17    (Lending Tree),[2] the SMS short code has been registered to Quicken Loans Inc.

18    since at least 2013 at its business address at 1050 Woodward Avenue, Detroit, MI

19    48226, and all text messages sent to Hyde from that code originated from Detroit,

20    Michigan.  *See* Tayman Decl. Ex. A at 11-12, Ex. C at 3-5, 7, and Ex. D at 4.  It is

21    thus not surprising that the SAC (a) entirely abandons Hyde's jurisdictional

22    allegations from her *proposed* second amended complaint (Dkt. No. 36-10), and (b)

23    fails to mention either of the two assertions Plaintiffs' counsel represented to this

24    Court provided a colorable basis to permit personal jurisdiction discovery.

25    Instead, in a last-ditch attempt to save Hyde's claims from dismissal,

26    Plaintiffs now proffer only the conclusory allegation that "[t]he doctrine of pendent

27    28    [2] In fact, on May 30, 2019—over four months before this Court's Order—Hyde
was informed through third party discovery that LMB had no record of her or her
phone number.  Tayman Decl. Ex. A at 11 and Ex. E.

personal jurisdiction applies to Ms. Hyde's claims against Defendant."  SAC ¶ 4.

The SAC, however, offers no factual or other basis to support this new

jurisdictional theory that Plaintiffs never identified or secured leave of this Court to

plead.  In addition, the SAC contains the same pleading defects as to the ATDS

element of Plaintiffs' claims as were contained the original complaint here.

## ARGUMENT

### I.    THE MOTION TO DISMISS STANDARD

Federal courts must dismiss claims under Fed. R. Civ. P. 12(b)(2) when they

lack personal jurisdiction over the defendant.  "[T]he plaintiff bears the burden of

demonstrating that jurisdiction is appropriate."  *Picot v. Weston*, 780 F.3d 1206,

1211 (9th Cir. 2015) (citations omitted).  Federal courts have personal jurisdiction

over a foreign defendant only when (1) there is general jurisdiction because the

defendant's "affiliations with the State are so 'continuous and systematic' as to

render [it] essentially at home in the forum State" (*Daimler AG v. Bauman*, 571

U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v.*

*Brown*, 564 U.S. 915, 919 (2011)); or (2) there is specific jurisdiction because the

alleged injuries arise out of the defendant's forum-related activities.  *Goodyear*, 564

U.S. at 919 (citation omitted) ("Specific jurisdiction . . . depends on an 'affiliatio[n]

between the forum and the underlying controversy,' . . . or an occurrence that takes

place in the forum State and is therefore subject to the State's regulation.").  The

Supreme Court has held under similar circumstances that courts do not have

specific jurisdiction to entertain nonresidents' (like Hyde) claims when they do not

claim to have suffered harm in the forum state:  "The relevant plaintiffs are not

California residents and do not claim to have suffered harm in that State.  In

addition, [] all the conduct giving rise to the nonresidents' claims occurred

elsewhere.  It follows that the California courts cannot claim specific jurisdiction."

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1782 (2017).

1    To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule

2 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that

3 is plausible on its face." *Twombly*, 550 U.S. at 570.  A "plaintiff's obligation to

4 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

5 conclusions, and a formulaic recitation of the elements of a cause of action will not

6 do." *Id.* at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]'

7 devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

8 (2009) (quoting *Twombly*, 550 U.S. at 557).  Rather, the allegations "must plausibly

9 suggest an entitlement to relief, such that it is not unfair to require the opposing

10 party to be subjected to the expense of discovery and continued litigation." *Eclectic*

11 *Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)

12 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

13    Application of these well-established standards here requires dismissal of the

14 SAC in its entirety.

15 **II.    THE SAC FAILS TO PLEAD THAT THIS COURT HAS PERSONAL
16 JURISDICTION OVER QUICKEN LOANS AS TO HYDE'S CLAIM.**

17    This Court must dismiss Hyde from this lawsuit because she has failed to

18 carry her burden to plead facts sufficient to make out a prima facie case that this

19 Court has personal jurisdiction (general or specific) over Quicken Loans as to her

20 claim.  In fact, in the SAC, Plaintiffs do not plead that general or specific

21 jurisdiction exists in this Court as to Hyde's claim.  This is because they cannot.

22 The jurisdictional discovery Plaintiffs requested, and this Court permitted, has

23 confirmed there are no grounds for personal jurisdiction because Quicken Loans is

24 not at home in California and Hyde's claim has no nexus to California.  *Daimler*

25 *AG*, 571 U.S. at 137-38; *Estakhrian v. Obenstine*, No. CV 11-3480 FMO (CWx),

26 2015 WL 12698304, at *6 (C.D. Cal. July 9, 2015) (Olguin, J.), *appeal filed*, No.

27 19-55494 (9th Cir. May 2, 2019) (dismissing for lack of personal jurisdiction;

28 "[J]urisdictional discovery is complete, and [Plaintiff] has yet to proffer any

1    evidence indicating that personal jurisdiction is warranted."); *Picot*, 780 F.3d at

2    1212 (affirming no specific personal jurisdiction over defendant when bulk of

3    challenged conduct occurred outside of forum state). Recognizing this, Plaintiffs

4    claim that pendent personal jurisdiction exists here in a last-ditch attempt to save

5    Hyde's claim, which she had originally (and properly) filed in the District of

6    Minnesota, from dismissal. This effort fails for four reasons.

7         First, Plaintiffs did not seek and obtain leave to amend their prior complaint

8    to allege pendent personal jurisdiction (Dkt. No. 36), and this Court's Order did not

9    permit such amendment. Dkt. No. 54. Plaintiffs did not plead pendent personal

10   jurisdiction in the original or first amended complaints (Dkt. Nos. 1, 20), nor did

11   Plaintiffs raise this theory in opposition to Quicken Loans' Motion to Dismiss the

12   FAC on jurisdictional grounds. Dkt. No. 36. Instead, as the record confirms,

13   Plaintiffs secured leave to conduct jurisdictional discovery and file the SAC based

14   upon representations (and a proposed amended complaint) that they could plead

15   facts sufficient to support *specific* personal jurisdiction as to Hyde's claim—there

16   was no mention of pendent personal jurisdiction. Dkt. No. 36; *see also* Order at 2.

17   Now, having secured that outcome in their favor and having put Quicken Loans to

18   the burden and expense of jurisdictional discovery confirming the precise

19   jurisdictional points Quicken Loans made in its Motion to Dismiss briefing (Dkt.

20   Nos. 30, 43), Plaintiffs have now changed course 180-degrees, abandoning their

21   prior specific jurisdictional arguments and representations in favor of a theory that

22   could have been raised *nine months ago* but was not. This Court should not hesitate

23   to reject Plaintiffs' attempt to change course now that their effort proved

24   unsuccessful, particularly where this Court permitted leave to amend to plead

25   specific personal jurisdiction and Plaintiffs have failed to do so.

26        Second, even if this Court is inclined to consider this new theory (and it

27   should not be), the Court should reject it as contrary to law. Hyde predicates her

28   theory exclusively upon this Court's specific jurisdiction over Quicken Loans with

1  respect to Hill's separate and distinct individual claim—not anything connecting

2  Hyde to this State.  However, consistent with controlling Ninth Circuit decisions,

3  the doctrine of pendent jurisdiction applies only when a *single* plaintiff has multiple

4  claims, at least one of which is subject to the court's jurisdiction, and pendent

5  jurisdiction attaches to that *same plaintiff's* other claims.  *Gilder*, 936 F.2d at 421

6  ("Pendent jurisdiction exists where there is a sufficiently substantial federal claim

7  to confer federal jurisdiction, and a common nucleus of operative fact between the

8  state and federal claims."); *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1168

9  (C.D. Cal. 2019) (same).  "This doctrine does not apply, however, to situations like

10 the one here where Plaintiffs seek to piggyback personal jurisdiction over one set of

11 Plaintiffs' claims (the non–California plaintiffs) onto claims by a different set of

12 plaintiffs (the California plaintiffs) notwithstanding that the former do not arise

13 from or relate to Defendants' contacts in the forum state." *Kimberly–Clark Corp.*,

14 2016 WL 7177532, at *2; *see also Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No.

15 4:13-CV-1080 (CEJ), 2014 WL 50856, at *2 (E.D. Mo. Jan. 7, 2014), *vacated in*

16 *part on other grounds*, No. 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014) ("Pendent

17 personal jurisdiction does not stand for the proposition that a second plaintiff can

18 essentially 'piggyback' onto the first plaintiff's properly established personal

19 jurisdiction."); *Bristol-Myers Squibb*, 137 S. Ct. at 1782 (rejecting theory that

20 jurisdiction existed over out-of-state plaintiffs in state law class action by way of

21 jurisdiction over resident plaintiffs).  This distinction, of course, makes sense.  In

22 the case of a single plaintiff with federal and state law claims arising from the same

23 common nucleus of operative facts, there is at least proper jurisdiction in the federal

24 court with respect to the plaintiff's federal claim.  The question then is whether to

25 extend that jurisdiction to the state law claim if it arises from the same common

26 nucleus of operative fact.  That is not the case where, as here, the plaintiff (Hyde)

27 seeks to predicate jurisdiction over the defendant based upon the Court's

28

1  jurisdiction over a different plaintiff's (Hill's) separate claim and that other plaintiff

2  (Hyde) could not independently sue the defendant in that same Court.

3         Third, even if pendent jurisdiction could allow a non-resident plaintiff with

4  no connection between her claim and the forum state to latch onto a resident-

5  plaintiff's case (and it does not), the doctrine requires that a common nucleus of

6  operative facts exist between the claim as to which there is jurisdiction and the

7  claims for which there is no jurisdiction.  Here, however, the record evidence

8  confirms that there is (and can be) no such common nucleus.  Hill and Hyde have

9  separate and distinct TCPA cellphone provision claims that arise from different

10  facts and different circumstances.  This is best illustrated by comparing Hill and

11  Hyde's claims across the SAC, the Hyde jurisdictional discovery record and the

12  Hill motion to compel arbitration record.  That comparison reveals that:  (1) Hill

13  submitted her phone number and consent to be contacted to

14  lmb.YourVASurvey.info ("YourVASurvey") and LMB in October and November

15  2018 (*see* Dkt. No. 29-1 at 1, 3-6), whereas Hyde submitted her phone number and

16  consent to be contacted to a different website (Lending Tree) in September 2018

17  (Tayman Decl. Ex. C at 3-4); (2) in submitting her request, Hill agreed to arbitrate

18  her claims, whereas Hyde agreed to a different company's terms and conditions and

19  is not presently subject to a motion to compel arbitration; (3) Hill and Hyde

20  received different text messages weeks and months apart from each other (*see* SAC

21  ¶¶ 15-16, 23, 29); (4) Hill challenges text messages she received in California

22  whereas Hyde challenges text messages she received in Minnesota; and (5) both

23  Hill and Hyde had separate, unique interactions with Quicken Loans before and

24  after the text messages that are relevant to resolving their claims.  *See supra* p. 5.

25         As a result of these (and other differences), any trial of the facts and evidence

26  necessary to resolve Hill's claim will differ from that necessary to resolve Hyde's.

27  For example, the evidence about Hill's interactions with YourVASurvey, LMB,

28  and Quicken Loans in October and November 2018, including the evidence needed

1  to resolve the existing disputes about whether Hill clicked the submission button
2  during her visits to YourVASurvey and LMB and agreed to arbitrate her claim
3  against Quicken Loans and consented to the challenged texts when she did so, will
4  shed no light on whether Hyde did any of the same (or different) things during her
5  interactions with Lending Tree at different times.  As such, the witnesses, text
6  records, website records, data records, and video playback evidence concerning the
7  Plaintiffs' different interactions with different entities and different websites at
8  different times resulting in different challenged text messages will, of course, be
9  different for Hill and Hyde.  As a result, the requisite common nucleus of operative
10 facts is lacking here.  Under circumstances where "pendent claims" arise from
11 different transactions, different occurrences, and require different evidence to
12 resolve, courts routinely hold that exercising pendent jurisdiction is improper.
13 *Kimberly–Clark Corp.*, 2016 WL 7177532, at *2 (declining to exercise pendent
14 personal jurisdiction over non-resident plaintiff's claims); *Monterey Bay Military*
15 *Housing, LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2019 WL
16 4888693, at *23 (N.D. Cal. Oct. 3, 2019) (dismissing on personal jurisdiction
17 grounds; "the Court would have grave reservations about applying the doctrine [of
18 pendent personal jurisdiction] on the facts of this case, in which each of the
19 Plaintiffs engaged in separate and distinct transactions with Defendants.").  This
20 Court should reach the same conclusion here.
21     Finally, even if Plaintiffs could somehow overcome the insurmountable
22 barriers to pendent jurisdiction here (and they cannot), this Court has discretion to
23 decline to exercise such jurisdiction and should not hesitate to do so.  *City of*
24 *Almaty v. Khrapunov*, No. CV 14-3650 FMO (CWx), 2018 WL 6074544, at *9
25 (C.D. Cal. Sept. 27, 2018) (Olguin, J.) ("pendent jurisdiction is a doctrine of
26 discretion, not of plaintiff's right") (citation omitted).  At bottom, Hyde is
27 attempting to take a dispute between a Minnesota resident and Michigan company,
28 and place it on the other side of the country in California for no legitimate reason—

1  that is blatant and improper forum shopping.  Hyde voluntarily dismissed her

2  Minnesota action (which was filed prior to Hill's original complaint) in order to

3  prevent a stay of Hill's case based on the first-filed doctrine,[3] joined Hill's action

4  without pleading any basis for jurisdiction, misled this Court regarding the basis for

5  personal jurisdiction and the need for jurisdictional discovery, and now asserts a

6  new (and unavailing) theory of pendent jurisdiction without any basis.  Indeed, as

7  noted, Hyde went so far as to file with this Court a proposed second amended

8  complaint containing demonstrably false allegations in order to launch a fishing

9  expedition to find a non-existent connection with California.  Dkt. No. 36-10.

10  These circumstances strongly favor that this Court decline to exercise pendent

11  jurisdiction.  Order at 6, *Pagano v. Quicken Loans Inc.*, No. 3:18-cv-00117-HES-

12  JBT (M.D. Fla. July 19, 2018), Dkt. No. 48 (in suit with one resident named

13  plaintiff and one non-resident named plaintiff, dismissing TCPA claims of non-

14  resident named plaintiff and declining to exercise pendent jurisdiction over such

15  plaintiff's claims bearing no connection to the forum state); *see also Khrapunov*,

16  2018 WL 6074544, at *9 (declining to exercise pendent jurisdiction over plaintiff's

17  state law claim).[4]

18      In light of the foregoing, this Court should dismiss Hyde from this lawsuit

19  without any further opportunity to amend.  *Johnson v. Comm'n on Presidential*

20  *Debates*, No. SA CV 12-1600 FMO (ANx), 2014 WL 12597805, at *13 (C.D. Cal.

21

22  _____

[3] Quicken Loans' previous Motion to Stay outlines Plaintiffs' patent forum
23  shopping strategy and Plaintiffs' counsels' coordinated efforts to voluntarily
dismiss two other lawsuits filed earlier in time than Hill's suit in order to avoid
24  litigating in other circuits.  Dkt. No. 15.  Plaintiffs' gamesmanship has required
Quicken Loans to spend the time, money and effort to file what is now its fourth
25  motion to dismiss (collectively) directed at Plaintiffs.

[4] This conclusion is reinforced by counsel for Plaintiffs' own conduct in filing a
26  duplicative and overlapping class action against Quicken Loans in the District of
Arizona earlier this month.  Complaint, *Winters v. Quicken Loans Inc.*, No. 2:20-
27  cv-00112-MTL, (D. Ariz. Jan. 15, 2020), Dkt. No. 1.  This filing by an out-of-state
plaintiff who could not sue in California belies Plaintiffs' apparent claim that
28  pendent jurisdiction is somehow appropriate here.

12

1   Jan. 6, 2014) (Olguin, J.) (dismissing without leave to amend when "allowing

2   plaintiffs a third opportunity to allege sufficient facts to establish personal

3   jurisdiction over [defendant] would be futile"; "no amendment will confer personal

4   jurisdiction over [defendant] upon this court where it does not exist"); *Estakhrian*,

5   2015 WL 12698304, at *6 (dismissing and declining leave to amend as to personal

6   jurisdiction).

7   **III.    THE SAC FAILS TO PLEAD THE ATDS ELEMENT OF PLAINTIFFS'
8            CELLPHONE PROVISION CLAIMS.**

9           An essential element of any cellphone provision claim is that the challenged

10  calls or texts were made using an "automatic telephone dialing system."  47 U.S.C.

11  § 227(b)(1)(A).  But Plaintiffs offer only bald assertions and a series of legal

12  conclusions to support their claim that Quicken Loans used an ATDS to text them.

13  SAC ¶¶ 33-34.  These legal conclusions, which are unchanged from Hill's original

14  complaint and which Hill's counsel has pled in verbatim (or nearly verbatim) form

15  against various defendants in other TCPA cases for years now,[5] do nothing more

16  than parrot the statutory ATDS definition and general ATDS caselaw on what

17  constitutes an ATDS.  This is insufficient.  Three examples—and there are others—

18  illustrate the point.

19          First, while Plaintiffs baldly assert that Quicken Loans' unidentified

20  "hardware" and "software" has the "capacity to store, produce, and dial random or

21  sequential numbers," that language just parrots the statutory ATDS definition.

22  SAC ¶ 33; 47 U.S.C. § 227(a)(1).  There are no facts (none) to support this

23  unadorned conclusion.  "Plaintiffs must do more than simply parrot the statutory

24

25      [5] Complaint ¶ 18, *Motley v. Contextlogic, Inc.*, No. 3:18-cv-02117-JD (N.D. Cal.
        Apr. 6, 2018), Dkt. No. 1 (pleading same conclusory ATDS allegations as alleged
26      in Hill FAC ¶¶ 32-33); Complaint ¶ 18, *Farnham v. Caribou Coffee Co.*, No. 3:16-
        cv-00295-wmc (W.D. Wis. May 5, 2016), Dkt. No. 1 (same); Complaint ¶ 27,
27      *Soukhaphonh v. Hot Topic, Inc.*, No. 2:16-cv-05124-DMG-AGR (C.D. Cal. July
        12, 2016), Dkt. No. 1 (same); Complaint ¶¶ 22-23, *Renvall v. Albertsons Cos. Inc.*,
28      No. 3:18-cv-00809-H-NLS (S.D. Cal. Apr. 27, 2018), Dkt. No. 1 (same).

language. . . . [And, consistent with this,] the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough.'"  *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (citation omitted) (dismissing TCPA claim for failure to allege ATDS element); *Tuck v. Portfolio Recovery Assocs., L.L.C.*, No. 19-CV-1270-CAB-AHG, 2019 WL 5212392, at *3 (S.D. Cal. Oct. 16, 2019) (dismissing TCPA claim where "complaint simply parrots the statutory definition of an ATDS").

Second, while Paragraph 33 contains a number of assertions about *en masse* texts, the SAC is devoid of a single factual allegation supporting the assertion that a single one of the unidentified text messages to Hill, Hyde or anyone else was sent *en masse*—whatever Plaintiffs may mean by that term.  Instead, Hill and Hyde collectively identify only six specific text messages, none of which contained the same content and which were each received weeks or months apart.  SAC ¶¶ 15-16, 23, 29.

Finally, while Plaintiffs mimic the language from the Ninth Circuit's decision in *Marks* to allege that Quicken Loans' unidentified "hardware and software" is an ATDS because it purportedly can "receive[] and store[] lists of telephone numbers to be dialed and which then dial[] such numbers automatically" (SAC ¶ 34; *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018)), Plaintiffs add no factual enhancement sufficient to render these bald assertions plausible.  Although it is true that "plaintiffs cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used."  *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015), *report and recommendation adopted*, No. 15-cv-10058, 2015 WL 5818860

14

1  (E.D. Mich. Aug. 31, 2015) ("the Court may not accept an assertion that an ATDS

2  was used simply because Plaintiff states as much").  Yet, Hill and Hyde do not

3  plead any factual allegations sufficient to give rise to any such inference.  *Bodie v.*

4  *Lyft*, No. 3:16-cv-02558-L-NLS, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019)

5  (dismissing TCPA claim because complaint "merely parrots statutory definition of

6  an ATDS"); *Chyba v. Wash. Mutual*, No. 12cv838 JAH (BLM), 2014 WL

7  12628468, at *5 (S.D. Cal. Jan. 21, 2014) (merely parroting caselaw is insufficient

8  to support a claim for relief), *aff'd*, 671 F. App'x 426 (9th Cir. 2016).

9      Put simply, Plaintiffs' bald regurgitation of the statutory language and

10  caselaw—repeated by their counsel from TCPA case to TCPA case—is insufficient

11  to move their cellphone provision claim across the line from possible to plausible.

12  Indeed, the Supreme Court has held that conclusory allegations like Plaintiffs' here

13  are insufficient to state a claim because those allegations are devoid of the requisite

14  factual enhancement.  *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678.  To

15  conclude otherwise would "eviscerate the plausibility standard to which

16  complaint's allegations must adhere under Rule 8."  *Priester v. eDegreeAdvisor,*

17  *LLC*, No. 5:15-cv-04218-EJD, 2017 WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017).

18  Faced with similarly defective allegations, federal courts routinely dismiss

19  conclusory cellphone provision claims like Plaintiffs' here.  *See, e.g.*, *Bodie*, 2019

20  WL 258050, at *2; *Armstrong v. Inv'r's Bus. Daily, Inc.*, No. CV 18-2134-MWF

21  (JPRx), 2018 WL 6787049, at *6 (C.D. Cal. Dec. 21, 2018) (Fitzgerald, J.)

22  (dismissing TCPA claim when allegations were "mere recitation of the legal

23  definition of an ATDS"); *Musenge v. SmartWay of the Carolinas, LLC*, No. 3:15-

24  cv-153-RJC-DCK, 2018 WL 4440718, at *3 (W.D.N.C. Sept. 17, 2018) (dismissing

25  TCPA claim where Plaintiff did not allege the use of an ATDS but instead simply

26  attached copies of the text messages she received); *Gill v. Navient Sols., LLC*, No.

27  8:18-cv-1388-T-26SPF, 2018 WL 7412717, *1 (M.D. Fla. Aug. 7, 2018)

28  (dismissing TCPA claim that "fail[ed] to describe the phone messages or the

1   circumstances surrounding the calls, such as the actual messages or conversations,

2   to cause her to believe an ATDS was being used"); *Rhinehart v. Diversified Cent.,*

3   *Inc.*, No. 4:17-CV-624-VEH, 2018 WL 372312, at *8-9 (N.D. Ala. Jan. 11, 2018)

4   (dismissing TCPA claim where Plaintiff made only bare allegations that an ATDS

5   was used); *Trenk v. Bank of Am.*, No. 17-3472, 2017 WL 4170351 (D.N.J. Sept. 20,

6   2017) (same).  This Court should follow the well-reasoned conclusions from these

7   other courts and dismiss Plaintiffs' defectively-pled cellphone provision claim,

8   particularly given Plaintiffs' choice not to attempt to cure these defects in response

9   to Quicken Loans' previously-filed motions to dismiss.  That choice reveals that

10  Plaintiffs have no additional factual allegations to plead to attempt to cure the

11  existing (and continuing) defects.

12                          **<u>CONCLUSION</u>**

13          For the forgoing reasons, Quicken Loans respectfully requests that this Court

14  grant the Motion and dismiss the SAC, with prejudice, and award Quicken Loans

15  any additional relief the Court deems warranted and proper under the

16  circumstances.

17                          Respectfully submitted,

18

19  Dated:   January 31, 2020        By: /s/ Brooks R. Brown
20                                    BROOKS R. BROWN
                                      *BBrown@goodwinlaw.com*
21                                    YVONNE W. CHAN (pro hac vice)
                                      *YChan@goodwinlaw.com*
22                                    W. KYLE TAYMAN (pro hac vice)
                                      *KTayman@goodwinlaw.com*
23                                    **GOODWIN PROCTER LLP**

24                                    LAURA A. STOLL (SBN 255023)
                                      *LStoll@goodwinlaw.com*
25                                    **GOODWIN PROCTER LLP**
                                      601 S. Figueroa Street, 41st Floor
26                                    Los Angeles, CA  90017
                                      Tel.: +1 213 426 2500
27                                    Fax: +1 213 623 1673

28                                    JEFFREY B. MORGANROTH (*pro hac vice*)
                                      *jmorganroth@morganrothlaw.com*

                                      16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MORGANROTH AND MORGANROTH**
**PLLC**

Attorneys for Defendant:
QUICKEN LOANS INC.