# Exhibit A

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**PLAINTIFF GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION CONCERNING PERSONAL JURISDICTION, SET ONE** |

**PROPOUNDING PARTY:** DEFENDANT, QUICKEN LOANS INC.

**RESPONDING PARTY:** PLAINTIFF, GAYLE HYDE

**SET NUMBER:** ONE

NOW COMES Plaintiff, GAYLE HYDE ("Plaintiff" or "Ms. Hyde"), by and through her attorneys, Kazerouni Law Group, APC, pursuant to the applicable Federal Rule of Civil Procedure 36, and for her response to Quicken Loans Inc.'s First Requests For Admission To Plaintiff Gayle Hyde Concerning Personal Jurisdiction, states as follows.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Plaintiff has not completed her investigation or discovery, and the responses set forth below are complete to the extent possible based on information reasonably available at this time. Plaintiff reserves the right to amend or supplement this response based on subsequently discovered information and documents which may prove to be responsive to Defendant's request.

Each response is made subject to all objections as to competence, materiality, relevance or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court. In responding to these interrogatories Plaintiff expressly reserves all such objections including:

(a) All questions and objections as to competency, relevancy, materiality, privilege admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of this action, of any of these answers or the subject matter thereof;

(b) The right to object to the use of any of said answers, or the subject matter thereof, in any subsequent proceeding, in or the hearing of this action, on any grounds;

(c) The right to object on any grounds or at any time to demand for further response to these or other discovery documents or other discovery procedures

involved or related to the subject matter of the special interrogatories herein answered; and

(d) The right at any time, to revise, correct, add to or clarify any of said answers propounded herein.

## RESPONSE TO REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that You visited the website LendingTree.com in September 2018.

Response No. 1:

Objection: Whether Ms. Hyde merely visited the website LendingTree.com is not relevant to a claim or defense in this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, for alleged unlawful text messages to Ms. Hyde's cellular telephone by Defendant. Further, the request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

REQUEST FOR ADMISSION NO. 2:

Admit that, in September 2018, Your home address was 153 33rd St NW, Buffalo, MN 55313.

Response No. 2:

Admit.

REQUEST FOR ADMISSION NO. 3:

Admit that, in August 2009, You used the email address gaylemhyde1@gmail.com.

Response No. 3:

Objection: Whether Ms. Hyde used that email address in August 2009, approximately six (6) years before the beginning of the proposed class period in the First Amended Complaint (1/28/2015 to 1/28/2019), and numerous years before Defendant contends that Ms. Hyde visited the website LowerMyBills.com, is not relevant to any claim or defense in this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., for alleged unlawful text messages to Ms. Hyde's cellular telephone.  Further, the request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the

defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

REQUEST FOR ADMISSION NO. 4:

Admit that You provided the Telephone Number to LendingTree.com in September 2018.

Response No. 4:

Objection: Whether Ms. Hyde provided the Telephone Number to non-party LendingTree.com is not relevant to any claim or defense in this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, for alleged unlawful text messages to Ms. Hyde's cellular telephone by Defendant. Further, the request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

Exhibit A
-7-

REQUEST FOR ADMISSION NO. 5:

Admit that You did not visit the website LowerMyBills.com prior to September 30, 2018.

Response No. 5:

Objection: The request seeks information that is not relevant to a claim for defense in this action insofar as it ask Plaintiff to admit that she did not visit the website LowerMyBills.com prior to a particular date, particularly when Defendant does not contend that Plaintiff visited that website.

Even if the request sought relevant information, the burden imposed on Plaintiff, an individual consumer, to search internet search history of every computer, or other internet accessible device, ever used by Plaintiff for a potential visit to that website at any time prior to September 30, 2018, outweighs any potential benefit to Defendant, and is thus not proportional to the needs of the case.

Furthermore, even if the request sought relevant information, the request is overbroad in terms of its scope due to the request not being limited to a particular internet enabled device or Internet Protocol address.

Lastly, the request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal

jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

REQUEST FOR ADMISSION NO. 6:

Admit that You used an electronic device with the IP address 96.39.128.31 to visit the website LendingTree.com in September 2018.

Response No. 6:

Objection: Whether Ms. Hyde used a particular IP address to visit the website LendingTree.com is not relevant to any claim or defense in this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, for alleged unlawful text messages to Ms. Hyde's cellular telephone by Defendant. Further, the request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the

defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

REQUEST FOR ADMISSION NO. 7:

Admit that You used an electronic device with the IP address 96.39.128.31 in September 2018.

Response No. 7:

Objection: Whether Ms. Hyde used a particular IP address in September of 2018 is not relevant to any claim or defense in this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, for alleged unlawful text messages to Ms. Hyde's cellular telephone by Defendant. Further, the request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

REQUEST FOR ADMISSION NO. 8:

Admit that you do not have a mortgage loan with Quicken Loans for a property located in the state of California.

Response No. 8:

Admit.

REQUEST FOR ADMISSION NO. 9:

Admit that the sole basis for your statement in in Your Opposition to Defendant's Motion to Dismiss First Amended Complaint (ECF No. 36) that "[t]here is evidence that the SMS short code 26293 used to send the text messages (FAC, ¶¶ 19 and 21) is owned by Quicken Loans, Inc., with a business address in California" is the information obtained from USShortCodeDirectory.com reflected in Exhibit G to the May 9, 2019 Declaration of Jason A. Ibey (ECF No. 36-16).

Response No. 9:

Objection: Such request for admission seeks information through the improper means. The purpose of a request for admission is not to facilitate fact-finding, but to "facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted). In other words, the goal of a request for admission "is to eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Steamship Jules Fribourg,* 19 F.R.D. 432, 436 (N.D. Cal. 1955). Therefore, requests for admissions are not principally discovery devices, *see* 8A Wright, Miller & Marcus, § 2252, at 524-525 ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its

opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence …." *The Steamship Jules Fribourg,* 19 F.R.D. at 436; *see* 7 Moore's Federal Practice § 36.02[2] (3d ed. 1998) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted). *See also*, *Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB PC, 2009 U.S. Dist. LEXIS 61852, at *13-14 (E.D.Cal. July 6, 2009) (the "request for admission is in effect an interrogatory in that its purpose is to find evidence as to the existence of certain video surveillance. This is not an appropriate use of a request for admission.")

REQUEST FOR ADMISSION NO. 10:

Admit that You are aware of and have no government, property or other official records that establish Quicken Loans has an office located at 7535 Torrey Santa Fe Rd., San Diego, CA 92129.

Response No. 10:

Objection: The request for admission is compound in that it asks for an admission as to two separate things, one concerning awareness of documents and the other concerning possession of documents.

Taking into consideration the objection, Plaintiff will respond to the first part of the request only concerning awareness, and states as follows: Ms. Hyde admits that she is presently aware of no government, property or other official records that establish Quicken Loans has an office located at 7535 Torrey Santa Fe Rd., San Diego, CA 92129.

REQUEST FOR ADMISSION NO. 11:

Admit that in response to Your Rule 45 subpoena dated on or about May 30, 2019, LowerMyBills informed You that it has no records pertaining to You or the (612) 836-8955 telephone number.

Response No. 11:

Objection: The request is vague and ambiguous in terms of whether "in response to" means a formal written discovery response or any type of response from LMB or its counsel relating to that subpoena.

Taking into consideration the objection, Ms. Hyde interprets "in response to" broadly to include any type of response, even an informal response, and therefore admits only that in a letter from LMB's counsel (John Vogt) the attorney stated: "LMB conducted a search for documents related to Gayle Hyde and the telephone number (612) 836-8955. (Request Nos. 1 and 2.) LMB does not have any records pertaining either to Ms. Hyde or that telephone number to produce in response to your client's subpoena."

REQUEST FOR ADMISSION NO. 12:

Admit that when You received the text messages that are the subject of your claims in the FAC, you were not in the state of California.

Response No. 12:

Admit.

REQUEST FOR ADMISSION NO. 13:

Admit that when You received the text messages that are the subject of your claims in the FAC, you were in the state of Minnesota.

Response No. 13:

Admit.

REQUEST FOR ADMISSION NO. 14:

Admit that you have no records, documents or other evidence to support the allegation in paragraph 30 of Your Proposed Second Amended Complaint (ECF No. 36-10) that "LowerMyBills.com captured, or a similar entity captured and then provided to LowerMyBills.com, Ms. Hyde's cell phone number from an online website, and then in turn provided that information stored in Los Angeles, California to Quicken Loans."

Response No. 14:

Objection: The request to make an admission concerning a *proposed* pleading is not relevant to any claim or defense in this action.

The request is also compound in that it seeks three separate admissions as to "records," "documents," and "other evidence".

Lastly, such request for admission seeks information through the improper means. The purpose of a request for admission is not to facilitate fact-finding, but to "facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted). In other words, the goal of a request for admission "is to eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Steamship Jules Fribourg,* 19 F.R.D. 432, 436 (N.D. Cal. 1955). Therefore, requests for admissions are not principally discovery devices, *see* 8A Wright, Miller & Marcus, § 2252, at 524-525 ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its

opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence …." *The Steamship Jules Fribourg,* 19 F.R.D. at 436; *see* 7 Moore's Federal Practice § 36.02[2] (3d ed. 1998) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted). *See also*, *Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB PC, 2009 U.S. Dist. LEXIS 61852, at *13-14 (E.D.Cal. July 6, 2009) (the "request for admission is in effect an interrogatory in that its purpose is to find evidence as to the existence of certain video surveillance. This is not an appropriate use of a request for admission.")

Dated: January 3, 2020                              Kazerouni Law Group, APC

                                                     /s/ Jason A. Ibey_____
                                                    Jason A. Ibey, Attorney for Plaintiff,
                                                    GAYLE HYDE

# PROOF OF SERVICE

I am a resident of the State of Utah, over the age of eighteen years, and not a party to the within action. My business address is Kazerouni Law Group, APC, 321 N Mall Drive, Suite R108, St. George, Utah 84790. On January 3, 2020, I served the herein described document(s):

PLAINTIFF GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION CONCERNING PERSONAL JURISDICTION, SET ONE

PLAINTIFF GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING PERSONAL JURISDICTION, SET ONE

PLAINTIFF GAYLE HYDE'S RESPONSE TO QUICKEN LOANS INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF GAYLE HYDE CONCERNING PERSONAL JURISDICTION

☒ EMAIL - by agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed below.

| William Kyle Tayman<br>KTayman@goodwinlaw.com<br>Goodwin Procter LLP<br>901 New York Avenue<br>Washington, DC 20001 | Brooks R. Brown<br>BBrown@goodwinlaw.com<br>Goodwin Procter LLP<br>601 South Figueroa Street, 41st Floor<br>Los Angeles, CA 90017 |
|---|---|
| Jeffrey B. Morganroth<br>jmorganrith@morganrothlaw.com<br>Morganroth & Morganroth,PLLC<br>344 North Old Woodard Avenue, Suite 200<br>Birmingham, MI 48009 | Yvonne W. Chan<br>ychan@goodwinlaw.com<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed on January 3, 2020, at St. George, Utah,

                                                                              _/s/ Jason A. Ibey_
                                                                              Jason A. Ibey