# Exhibit B

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 12-CV-2078-JAH (MDD)<br><br>**PLAINTIFF GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING PERSONAL JURISDICTION, SET ONE** |

**PROPOUNDING PARTY:** DEFENDANT, QUICKEN LOANS INC.

**RESPONDING PARTY:** PLAINTIFF, GAYLE HYDE

**SET NUMBER:** ONE

Exhibit B

-17-

GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS- 1

NOW COMES Plaintiff, GAYLE HYDE ("Plaintiff" or "Ms. Hyde"), by and through her attorneys, Kazerouni Law Group, APC, pursuant to the applicable Federal Rule of Civil Procedure 34, and for her response to Quicken Loan Inc.'s First Requests For Production to Plaintiff Gayle Hyde Concerning Personal Jurisdiction, states as follows, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

(a) All questions and objections as to competency, relevancy, materiality, privilege admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of this action, of any of these answers or the subject matter thereof;

(b) The right to object to the use of any of said answers, or the subject matter thereof, in any subsequent proceeding, in or the hearing of this action, on any grounds;

(c) The right to object on any grounds or at any time to demand for further response to these or other discovery documents or other discovery procedures involved or related to the subject matter of the special interrogatories herein answered; and

(d) The right at any time, to revise, correct, add to or clarify any of said answers propounded herein.

**RESPONSE TO REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1:

All billing, call (inbound and outbound), and text message records for the Telephone Number.

Response No. 1:

Objection: The request is overbroad in scope in that it seeks records unrelated to text messages to or from the Telephone Number and Defendant, which text messages are the

Exhibit B

-18-

GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS- 2

1  subject of the Lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,
2  particularly when Defendant's discovery requests are limited to the question of personal
3  jurisdiction pursuant to Court order (Dkt. No. 54). The request is also overbroad in temporal
4  scope in that it seeks records going back to January 25, 2018, well before alleged receipt by
5  Plaintiff of text messages from Defendant in or around November and December of 2018 (*see*
6  FAC, ¶¶ 20-28).
7
8        The request is not proposal to the needs of the case to extent "All" "records" may
9  require a time consuming and costly expert extraction of data from the cellular telephone of
10 Ms. Hyde, an individual consumer located in Minnesota. If desired, Defendant is free to serve
11 a records subpoena on the wireless carrier who services the Telephone Number.
12
13       The request also invades the privacy of Plaintiff and third parties protected by the
14 California Constitution to the extent the request calls for production of records unrelated to text
15 messages are the subject of the Lawsuit.
16
17       Plaintiff also objects to the extent the request calls for privileged attorney-client
18 communications or attorney work product.
19       Lastly, the request seeks irrelevant documents inasmuch as it seeks documents unrelated
20 to text messages to or from the Telephone Number and Defendant, which text messages are the
21 subject of the Lawsuit, including cellular telephone bills considering the Telephone Number
22 that do not reflect the transmission of text messages but rather calls only.
23
24       Taking into account the objections, Ms. Hyde states that she does not have possession,
25 custody or control over billing records for the Telephone Number prior to September 3, 2018.
26 Plaintiff will produce only the following for the Telephone Number, on or before January 6,
27 2020: screenshots of text messages from Defendant that are the subject of the Lawsuit.
28

Exhibit B
-19-

GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS- 3

REQUEST FOR PRODUCTION NO. 2:

All Documents concerning any Communications, application, inquiry, request for information, or other indication of interest, whether oral or written, between You (or any Person or entity acting or purporting to act on Your behalf) and LowerMyBills about a mortgage loan, refinance loan, bill reduction, or other financial product during the relevant time period.

Response No. 2:

Objection: The request exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

Further, Plaintiff objects to the extent the request calls for privileged attorney-client communications or attorney work product.

Exhibit B
-20-

REQUEST FOR PRODUCTION NO. 3:

All Documents identifying or concerning the location where each of the text messages placed to or received by You at the Telephone Number that You allege in the FAC violated the TCPA was sent or received.

Response No. 3:

Objection: The request is irrelevant in terms of the location from which Plaintiff may have sent a text message to Defendant, as it has no bearing on the personal jurisdiction inquiry with regard to acts or actions of Defendant directed to California.

The request is overbroad in scope in that it seeks records "concerning" because it exceeds the limited scope of discovery as to personal jurisdiction over Defendant with regard to Ms. Hyde's claims (*see* Dkt. No. 54) because that inquiry focuses on actions or contacts of the Defendant with the forum. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (with respect to specific personal jurisdiction, the analysis "focuses on the relationship among the defendant, the forum, and the litigation."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (due process requires the defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.") (citation omitted); *see also*, *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 ((9th Cir. 2017) (noting the Supreme Court "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

The request is also overbroad in temporal scope in that it seeks records going back to January 25, 2018, well before alleged receipt by Plaintiff of text messages from Defendant in or around November and December of 2018 (*see* FAC, ¶¶ 20-28).

Exhibit B
-21-

GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS- 5

Furthermore, the request is not proposal to the needs of the case to extent "All Documents" rather than documents sufficient to indicate the location of sending or receiving the text messages, and also to the extent the request may require a time consuming and costly expert extraction of data from the cellular telephone of Ms. Hyde, an individual consumer residing Minnesota. If desired, Defendant is free to serve a records subpoena on the wireless carrier who services the Telephone Number.

There are more reasonable and less burdensome means available to Defendant to obtain the requested discovery, namely, Defendant's requests for admission to Ms. Hyde in which Defendant asks for Ms. Hyde to admit that Ms. Hyde received the text messages while not in California (RFA No. 12) and that Ms. Hyde received the text messages while in Minnesota (RFA No. 13), in which Ms. Hyde admits RFA No. 12 and also admits RFA No. 13.

The request also invades the privacy of Plaintiff and third parties protected by the California Constitution relating to location and/or geolocation data.

Lastly, Plaintiff objects to the extent the request calls for privileged attorney-client communications or attorney work product.

REQUEST FOR PRODUCTION NO. 4:

All Documents that You intend to submit, introduce as exhibits, or discuss with the Court or jury in connection with or during any hearing, trial, or other court proceeding in support of any assertion of personal jurisdiction.

Response No. 4:

Objection: The request is vague and ambiguous as to whether "any assertion of personal jurisdiction" is limited to Ms. Hyde's individual claims asserted against Defendant, whether it

includes personal jurisdiction assertions of Co-Plaintiff Amanda Hill, or whether it includes personal jurisdiction assertions relating to the putative class members.

To the extent the request includes personal jurisdiction assertions of Co-Plaintiff Amanda Hill, such request exceeds the limited scope of the Court order at Dkt. No. 54.

To the extent the request includes personal jurisdiction assertions concerning the putative class members, that request also exceeds the limits scope of the Court order at Dkt. No. 54.

Furthermore, the burden imposed by such request outweighs any benefit to Defendant at this early stage of litigation and before the Court has issued a final ruling on whether there is personal jurisdiction with regard to Ms. Hyde's individual claims.

The request is also irrelevant inasmuch as the Court may determine that the Court has personal jurisdiction over Defendant with regard to at least one named plaintiff in this matter, including but not limited to under the doctrine of pendent personal jurisdiction. *See Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180-1181 (9th Cir. 2004). *See also*, *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264, n. 9 (1977); *Horne v. Flores*, 557 U.S. 433, 446-447 (2009); *Kendall v. Employees Ret. Plan of Avon Prods.*, 561 F.3d 112 (2d Cir. 2009) ("In a class action, once [jurisdiction] is established for a named plaintiff," it "is established for the entire class."); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 369 (2013) ("so long as a named class representative has standing, a class action presents a valid "case or controversy" under Article III.")

Lastly, Plaintiff objects to the request to the extent it seeks to avoid any of Plaintiff's objections to discovery requests served by Defendant on Ms. Hyde, including but not limited to objections based on relevance, scope and privacy.

Taking into account the objections, Ms. Hyde, limiting the response to documents that Ms. Hyde intends to rely upon to show personal jurisdiction over Defendant with regard to Ms. Hyde's individual claims only, and excluding documents that are already on file with the Court, Ms. Hyde will produce responsive documents within her custody, possession or control, on or before January 6, 2020.

REQUEST FOR PRODUCTION NO. 5:

All Documents supporting the allegation in paragraph 3(d) of Your Proposed Second Amended Complaint (ECF No. 36-10) that Quicken Loans "obtained [Your] cell phone number from LowerMyBills.com which is an entity located in Los Angeles, California."

Response No. 5:

Objection: The request concerning a *proposed* pleading is not relevant to any claim or defense in this action.

REQUEST FOR PRODUCTION NO. 6:

All Documents supporting the allegation in paragraph 30 of Your Proposed Second Amended Complaint (ECF No. 36-10) that "LowerMyBills.com captured, or a similar entity captured and then provided to LowerMyBills.com, Ms. Hyde's cell phone number from an online website, and then in turn provided that information stored in Los Angeles, California to Quicken Loans at the request of Quicken Loans or pursuant to a written referral agreement."

Response No. 6:

Objection: The request concerning a *proposed* pleading is not relevant to any claim or defense in this action.

REQUEST FOR PRODUCTION NO. 7:

All Documents supporting the statement in Your Opposition to Defendant's Motion to

Dismiss First Amended Complaint (ECF No. 36) that "[t]here is evidence that the SMS short code 26293 used to send the text messages (FAC, ¶¶ 19 and 21) is owned by Quicken Loans, Inc., with a business address in California."

Response No. 7:

Objection: Plaintiff objects to the extent the request calls for privileged attorney-client communications or attorney work product.

Taking into account the objections, Plaintiff will respond to the first part of the request only concerning response to interrogatories and excluding privileged documents, and states as follows: Ms. Hyde will produce documents within her custody, possession or control, on or before January 6, 2020.

REQUEST FOR PRODUCTION NO. 8:

All Documents identified in Your answers to, or that You referred to, reviewed, consulted, or relied upon in answering "Defendant Quicken Loans Inc.'s First Set of Interrogatories to Plaintiff Gayle Hyde Concerning Personal Jurisdiction" or "Defendant Quicken Loans Inc.'s First Set of Requests for Admission to Plaintiff Gayle Hyde Concerning Personal Jurisdiction."

Response No. 8:

Objection: The request is compound in that it asks for documents relating to two different requests as signaled by the "or," one concerning response to interrogatories and the other concerning responses to requests for admission.

Additionally, Plaintiff objects to the extent the request calls for privileged attorney-client communications or attorney work product.

Lastly, Plaintiff objects to the request to the extent it seeks to avoid any of Plaintiff's objections to discovery requests served by Defendant on Ms. Hyde, including but not limited to objections based on relevance, scope and privacy.

Taking into account the objections, Plaintiff will produce non-privileged documents in response to only the first part of the request concerning response to interrogatories, on or before January 6, 2020.

REQUEST FOR PRODUCTION NO. 9:

All Documents that support Your denial of any of Defendant Quicken Loans Inc.'s First Set of Requests for Admission to Plaintiff Gayle Hyde Concerning Personal Jurisdiction.

Response No. 9:

Not applicable. Ms. Hyde did not deny any of the Requests for Admission to Plaintiff Gayle Hyde Concerning Personal Jurisdiction

Dated: January 3, 2020                    Kazerouni Law Group, APC

                                          /s/ Jason A. Ibey
                                          Jason A. Ibey, Attorney for Plaintiff,
                                          GAYLE HYDE

# PROOF OF SERVICE

I am a resident of the State of Utah, over the age of eighteen years, and not a party to the within action. My business address is Kazerouni Law Group, APC, 321 N Mall Drive, Suite R108, St. George, Utah 84790. On January 3, 2020, I served the herein described document(s):

PLAINTIFF GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION CONCERNING PERSONAL JURISDICTION, SET ONE

PLAINTIFF GAYLE HYDE'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING PERSONAL JURISDICTION, SET ONE

PLAINTIFF GAYLE HYDE'S RESPONSE TO QUICKEN LOANS INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF GAYLE HYDE CONCERNING PERSONAL JURISDICTION

☒   EMAIL - by agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed below.

| William Kyle Tayman<br>KTayman@goodwinlaw.com<br>Goodwin Procter LLP<br>901 New York Avenue<br>Washington, DC 20001 | Brooks R. Brown<br>BBrown@goodwinlaw.com<br>Goodwin Procter LLP<br>601 South Figueroa Street,<br>41st Floor<br>Los Angeles, CA 90017 |
|---|---|
| Jeffrey B. Morganroth<br>jmorganrith@morganrothlaw.com<br>Morganroth & Morganroth, PLLC<br>344 North Old Woodard Avenue, Suite 200<br>Birmingham, MI 48009 | Yvonne W. Chan<br>ychan@goodwinlaw.com<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed on January 3, 2020, at St. George, Utah,

　　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Jason A. Ibey_
　　　　　　　　　　　　　　　　　　　　　　　　　Jason A. Ibey

PROOF OF SERVICE