# Exhibit C

1  BROOKS R. BROWN (SBN 250724)
   BBrown@goodwinlaw.com
2  W. KYLE TAYMAN (pro hac vice)
   KTayman@goodwinlaw.com
3  **GOODWIN PROCTER** LLP
   901 New York Avenue NW
4  Washington, DC 20001
   Tel.: +1 202 346 4000
5  Fax.: +1 202 346 4444

6  YVONNE W. CHAN (pro hac vice)
   YChan@goodwinlaw.com
7  **GOODWIN PROCTER** LLP
   100 Northern Avenue
8  Boston, MA 02210
   Tel.: +1 617 570-1000
9  Fax.: +1 617 523-1231

10 LAURA A. STOLL (SBN 255023)
   LStoll@goodwinlaw.com
11 **GOODWIN PROCTER** LLP
   601 S. Figueroa Street, 41st Floor
12 Los Angeles, CA 90017
   Tel.: +1 213 426 2500
13 Fax.: +1 213 623 1673

14 Attorneys for Defendant:
   QUICKEN LOANS INC.
15

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**QUICKEN LOANS INC.'S AMENDED RESPONSES TO PLAINTIFF GAYLE HYDE'S INTERROGATORIES (SET ONE)** |

Exhibit C

-28-

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff GAYLE HYDE |
| RESPONDING PARTY: | Defendant QUICKEN LOANS INC. |
| SET: | ONE |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Quicken Loans Inc. ("Quicken Loans") hereby provides its amended objections and responses ("Responses") to Plaintiff Gayle Hyde's ("Plaintiff" or "Hyde") Interrogatories to Defendant Quicken Loans ("Interrogatories"), dated May 1, 2019. Quicken Loans provides these amended responses pursuant to the Court's October 17, 2019 order permitting the parties to engage in "limited jurisdictional discovery." Dkt. 54.

## GENERAL OBJECTIONS

1. Quicken Loans objects to each and every Interrogatory to the extent it seeks to impose obligations and demands upon Quicken Loans beyond those required by Federal Rules of Civil Procedure 26 and 33, and the applicable Local Civil Rules of the United States District Court for the Central District of California ("Local Rules").

2. Quicken Loans objects to each and every Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other privileges or reasons for non-production. Plaintiff's discovery will not be construed to seek such information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

3. Quicken Loans objects to each and every Interrogatory to the extent that it calls for documents or information constituting trade secrets or proprietary or confidential business information. Quicken Loans will produce such documents and information subject to Plaintiff's agreement to maintain confidentiality over these materials while the Parties work to submit a mutually agreeable protective order for entry by the Court.

  4. Quicken Loans objects to each and every Interrogatory to the extent that it calls for documents or information constituting private or confidential information of any individual other than Hyde.

  5. Quicken Loans objects to each and every Interrogatory to the extent it seeks information relating to the merits of Plaintiff Hyde's claims in violation of the Court's order permitting the parties to engage in "limited jurisdictional discovery" only. Dkt. 54.

  6. Quicken Loans objects to each and every Interrogatory to the extent it is not limited by any time period relevant to the lawsuit. Quicken Loans will construe each Interrogatory as limited to the time period from January 28, 2015 to January 28, 2019 (the "Relevant Time Period").

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

  1. These Objections to Instructions are collected in one place in this response for convenience only, so that objections to Plaintiff's instructions and other general statements are not presented repeatedly. These Objections to Instructions should be interpreted as appearing in response to each Interrogatory. Quicken Loans hereby reserves the right to raise and rely upon such other and further objections to Plaintiff's Instructions as may become apparent during this course of this action, discovery, and/or responding to discovery.

  2. Quicken Loans objects to Hyde's definition of the terms "You" and "Your," as overly broad, unduly burdensome and neither relevant nor proportional to the needs of the case because they purport to include all "officers, directors, managers, employees, agents, and independent contractors." Quicken Loans will respond only on behalf of Quicken Loans.

  3. Subject to all Objections contained herein, Quicken Loans states that its factual and legal investigation of this matter is ongoing. Quicken Loans reserves the right to supplement and/or amend these Responses when and if it becomes necessary.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State when Quicken Loans, Inc. obtained telephone number (612) 836-8955.

**RESPONSE TO INTERROGATORY NO. 1:**

Quicken Loans objects to this Interrogatory as improper, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has personal jurisdiction over Hyde's claims; (2) it seeks information that is known or equally knowable to Hyde as to Quicken Loans; and (3) it seeks information without any time limitation.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans states that it obtained the telephone number (612) 836-8955 on September 17, 2015 after (a) Hyde (or someone acting or purporting to act on her behalf) made a request through LendingTree, LLC ("Lending Tree")—one of Quicken Loans' business partners—to receive mortgage refinance information from Quicken Loans (and others) and provided the -8955 telephone number (along with her consent to receive calls from Quicken Loans at that number, as well as other information about herself) as part of that request, and (b) Lending Tree passed the -8955 telephone number and Hyde's other information to Quicken Loans.

Thereafter, on September 18, 2015, Hyde placed an inbound telephone call to Quicken Loans to request information concerning a mortgage loan refinance. Hyde explained that she was returning a voicemail left by a Quicken Loans team member in response to her earlier Lending Tree submission. During that inbound telephone call, the Quicken Loans team member requested a "contact number" where Hyde could be reached. In response, Hyde provided the Quicken Loans team member with the -8955 telephone number.

Next, on September 23, 2018, Hyde (or someone acting or purporting to act on her behalf) again made a request through Lending Tree to receive mortgage information from Quicken Loans (and others) and again provided the -8955 telephone number (along with her consent to receive calls from Quicken Loans at that number, as well as other information about herself) as part of that request. After receiving the request, Lending Tree again passed the -8955 telephone number and Hyde's other information to Quicken Loans.

Quicken Loans has not identified through its reasonable investigation to date any other instances between January 28, 2015 and January 28, 2019 when it obtained the -8955 telephone number. Quicken Loans' investigation of this matter and discovery of Hyde's and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 2:**

State from whom Quicken Loans, Inc. obtained telephone number (612) 836-8955.

**RESPONSE TO INTERROGATORY NO. 2:**

Quicken Loans objects to this Interrogatory as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is known or equally knowable to Hyde as to Quicken Loans; and (2) it seeks information without any time limitation.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans identifies Hyde (or someone acting or purporting to act on her behalf) and Lending Tree as the sources from which it obtained the -8955 telephone number between January 28, 2015 and January 28, 2019. Further answering, Quicken Loans refers Hyde to and incorporates herein by reference, as if fully set forth, its response to Interrogatory No. 1.

Quicken Loans further states that its investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 3:**

Describe in detail the means by which Quicken Loans, Inc. obtained telephone number (612) 836-8955.

**RESPONSE TO INTERROGATORY NO. 3:**

Quicken Loans objects to this Interrogatory as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is known or equally knowable to Hyde as to Quicken Loans; and (2) it seeks information concerning telephone number (612) 836-8955 without any time limitation.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans refers Hyde to and incorporates herein by reference, as if fully set forth, its response to Interrogatory No. 1.

Quicken Loans further states that its investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 4:**

Identify any lead obtained by Quicken Loans, Inc. concerning Plaintiff Gayle Hyde.

**RESPONSE TO INTERROGATORY NO. 4:**

Quicken Loans objects to this Interrogatory as improper, premature, overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; (2) it seeks information that is known or equally knowable to Hyde as to Quicken Loans; (3) it seeks information that is not limited

to information relevant to Hyde's claims, the phone number at issue, or Quicken Loans' defenses; (4) the undefined term "lead" is vague and ambiguous; and (5) it seeks information regarding "any lead" concerning Hyde without any time limitation.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans refers Plaintiff to and incorporates herein by reference, as if fully set forth, its response to Interrogatory No. 1. Further responding, Quicken Loans states that, pursuant to Rule 33(d), it is producing documents containing additional information responsive to this Interrogatory. The burden of deriving such responsive information is the same for Plaintiff as for Quicken Loans. Quicken Loans will produce such records with the understanding that Plaintiff has agreed to maintain them as confidential while the Parties work to submit a mutually agreeable protective order for entry by the Court.

Quicken Loans further states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 5:**

Describe in detail the involvement of Intuit, Inc., if any, in the sending or transmission of any text messages to telephone number (612) 836-8955 between January 28, 2015 and January 28, 2019.

**RESPONSE TO INTERROGATORY NO. 5:**

Quicken Loans objects to this Interrogatory as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it rests on an inaccurate factual predicate made without any basis that Intuit, Inc. was involved in sending text messages at issue in this lawsuit or has a corporate affiliation with Quicken Loans; and (2) it seeks information related to a third party unrelated to the present action.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans states that Intuit, Inc. had no involvement in the transmission of any text messages to the -8955 telephone number. Further answering, Quicken Loans states that it has no corporate affiliation with Intuit, Inc.

Quicken Loans' investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 6:**

State whether Quicken Loans, Inc. or its agent/s sent, from within the State of California, one or more text messages to Plaintiff Gayle Hyde between January 28, 2015 and January 28, 2019.

**RESPONSE TO INTERROGATORY NO. 6:**

Quicken Loans objects to this Interrogatory as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; and (2) it is not limited to the -8955 number or the text messages challenged by Hyde in the FAC, and so it is not relevant to her individual claims.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans states that it did not send any text messages to the -8955 telephone number between January 28, 2015 and January 28, 2019 "from within the State of California." Quicken Loans' team members (employees) sent the challenged text messages to the -8955 telephone number from the Company's offices in Detroit, Michigan.

Quicken Loans' investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 7:**

Identify the specific location/s (e.g., the address of a call center) from which Quicken Loans, Inc. or its agent/s contacted telephone number (612) 836-8955 between January 28, 2015 and January 28, 2019.

**RESPONSE TO INTERROGATORY NO. 7:**

Quicken Loans objects to this Interrogatory as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; and (2) it is not limited to the text messages challenged by Hyde in the FAC, and so it is not relevant to her individual claims.

Subject to the above objections and its General Objections and based upon its reasonable investigation to date and its understanding of the information sought by this Interrogatory, Quicken Loans identifies the Company's offices in Detroit, Michigan as the location from which the challenged text messages to the -8955 number were made. The Company's main office in Detroit is located at 1050 Woodward Ave., Detroit, Michigan 48226, and it also maintains other offices in Detroit proximate to that location.

Quicken Loans' investigation of this matter and discovery of Plaintiff and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

Dated: November 15, 2019        By: /s/ *W. Kyle Tayman*
                                BROOKS R. BROWN
                                BBrown@goodwinlaw.com
                                LAURA A. STOLL
                                LStoll@goodwinlaw.com
                                W. KYLE TAYMAN (pro hac vice)
                                KTayman@goodwinlaw.com
                                YVONNE W. CHAN (pro hac vice)
                                YChan@goodwinlaw.com
                                **GOODWIN PROCTER LLP**

                                Attorneys for Defendant:
                                QUICKEN LOANS INC.

I have read the answers to Interrogatories 1 through 5 in QUICKEN LOANS INC.'S AMENDED RESPONSES TO PLAINTIFF GAYLE HYDE'S INTERROGATORIES (SET ONE). I am informed and believed, based on my personal knowledge and/or information provided to me by others working under my direction and supervision, that the factual matters stated in those Responses are true and correct to the best of my current knowledge.

Dated: November 15, 2019

By: *[signature]*
Amy Courtney
Principal Data Analyst
Quicken Loans Inc.

I have read the answers to Interrogatories 6 and 7 in QUICKEN LOANS INC.'S AMENDED RESPONSES TO PLAINTIFF GAYLE HYDE'S INTERROGATORIES (SET ONE). I am informed and believed, based on my personal knowledge and/or information provided to me by others working under my direction and supervision, that the factual matters stated in those Responses are true and correct to the best of my current knowledge.

Dated: November 14, 2019

By: _____
Jason Henige
Application Analyst
Quicken Loans Inc.

# PROOF OF SERVICE

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action. My business address is: 620 Eighth Avenue, New York, NY 10018.

On **November 15, 2019**, I served the following documents as follows:

**QUICKEN LOAN INC.'S AMENDED RESPONSES TO PLAINTIFF GAYLE HYDE'S INTERROGATORIES (SET ONE)**

| | |
|---|---|
| Frank S. Hedin<br>David W. Hall<br>HEDIN HALL, LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, CA 94104 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 415-766-3534<br>Facsimile: 415-402-0058<br>fhedin @hedinhall.com<br>dhall@hedinhall.com |
| Abbas Kazerounian<br>Jason A. Ibey<br>Nicholas Barthel<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Suite D1<br>Costa Mesa, CA 92626 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 800-400-6808<br>Facsimile: 800-520-5523<br>ak@kazlg.com<br>nicholas@kazlg.com<br>jason@kazlg.com |
| Yaakov Saks<br>STEIN SAKS, PLLC<br>285 Passaic Street<br>Hackensack, NJ 07601 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 201-282-6500<br>Facsimile: 201-282-6501<br>ysaks@steinsakslegal.com |

***PRO HAC VICE NOT YET FILED***
***Courtesy Copy Only***

☐ (FACSIMILE). Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

Exhibit C
-39-

☐ (MAIL). I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☒ (E-MAIL or ELECTRONIC TRANSMISSION). Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **November 15, 2019**, at New York, NY.

Patrice E. Hendriksen
(Type or print name)                        (Signature)