# Exhibit D

Case 5:19-cv-00163-FMO-SP  Document 79-6  Filed 01/31/20  Page 1 of 11  Page ID #:1011

BROOKS R. BROWN, (SBN 250724)
bbrown@goodwinlaw.com
W. KYLE TAYMAN (*pro hac vice*)
KTayman@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

YVONNE W. CHAN (*pro hac vice*)
ychan@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570-1000
Fax: +1 617 523-1231

JEFFREY B MORGANROTH (*pro hac vice*)
jmorganroth@morganrothlaw.com
**MORGANROTH AND MORGANROTH PLLC**
344 North Old Woodard Avenue, Suite 200
Birmingham, MI 48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

Attorneys for Defendant:
QUICKEN LOANS INC.

[ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**QUICKEN LOAN INC'S RESPONSES TO PLAINTIFF GAYLE HYDE'S INTERROGATORIES CONCERNING PERSONAL JURISDICTION (SET TWO)**<br><br>Courtroom: 6-D<br>Judge: Hon. Fernando M. Olguin |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff GAYLE HYDE |
| RESPONDING PARTY: | Defendant QUICKEN LOANS INC. |
| SET: | TWO |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Quicken Loans Inc. ("Quicken Loans") hereby provides objections and responses ("Responses") to Plaintiff Gayle Hyde's ("Plaintiff" or "Hyde") Interrogatories to Defendant Quicken Loans ("Interrogatories"), dated December 4, 2019. Quicken Loans provides these responses pursuant to the Court's October 17, 2019 order permitting the parties to engage in "limited jurisdictional discovery." Dkt. 54.

## GENERAL OBJECTIONS

1. Quicken Loans objects to each and every Interrogatory to the extent it seeks to impose obligations and demands upon Quicken Loans beyond those required by Federal Rules of Civil Procedure 26 and 33, and the applicable Local Civil Rules of the United States District Court for the Central District of California ("Local Rules").

2. Quicken Loans objects to each and every Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other privileges or reasons for non-production. Plaintiff's discovery will not be construed to seek such information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar basis for non-disclosure.

3. Quicken Loans objects to each and every Interrogatory to the extent that it calls for documents or information constituting trade secrets or proprietary or confidential business information. Quicken Loans will produce such documents and information subject to Plaintiff's agreement to maintain confidentiality over these materials while the Parties work to submit a mutually agreeable protective order for entry by the Court.

4.     Quicken Loans objects to each and every Interrogatory to the extent that it calls for documents or information constituting private or confidential information of any individual other than Hyde.

5.     Quicken Loans objects to each and every Interrogatory to the extent it seeks information relating to the merits of Plaintiff Hyde's claims in violation of the Court's order permitting the parties to engage in "limited jurisdictional discovery" only. Dkt. 54.

6.     Quicken Loans objects to each and every Interrogatory to the extent it is not limited by any time period relevant to the lawsuit. Quicken Loans will construe each Interrogatory as limited to the time period from January 28, 2015 to January 28, 2019 (the "Relevant Time Period").

## OBJECTIONS TO INSTRUCTIONS

1.     These Objections to Instructions are collected in one place in this response for convenience only, so that objections to Plaintiff's instructions and other general statements are not presented repeatedly. These Objections to Instructions should be interpreted as appearing in response to each Interrogatory. Quicken Loans hereby reserves the right to raise and rely upon such other and further objections to Plaintiff's Instructions as may become apparent during this course of this action, discovery, and/or responding to discovery.

2.     Quicken Loans objects to Hyde's definition of the terms "You" and "Your," as overly broad, unduly burdensome and neither relevant nor proportional to the needs of the case because they purport to include all Quicken Loans' "officers, directors, managers, and employees." Quicken Loans likewise objects to Hyde's instruction that Quicken Loans answer each interrogatory "upon [Quicken Loans]'s knowledge from all sources and all information in [Quicken Loans]'s possession or otherwise available to [Quicken Loans], including information from [Quicken Loans]'s officers, employees, agents, representatives or consultants and information

1  which is known by each of them."  Quicken Loans will respond only on behalf of
2  Quicken Loans.
3      3.   Quicken Loans objects to Hyde's definition of "identify" with respect
4  to persons or entities as overbroad, unduly burdensome, and not proportionate to the
5  needs of the case.
6      4.   Subject to all Objections contained herein, Quicken Loans states that its
7  factual and legal investigation of this matter is ongoing.  Quicken Loans reserves the
8  right to supplement and/or amend these Responses when and if it becomes necessary.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 8:**

State the name of any and all text messaging aggregators used by YOU to send text messages to telephone number (612) 836-8955 in the year 2018.

**RESPONSE TO INTERROGATORY NO. 8:**

Quicken Loans objects to this Request as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; and (2) the undefined term "text messaging aggregator" is undefined.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Request, Quicken Loans identifies mGage with respect to the challenged text messages to the telephone number (612) 836-8955 in 2018.

Quicken Loans' investigation of this matter and discovery of Hyde and third parties is ongoing.  Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 9:**

State the business address of any and all text messaging aggregators used by YOU to send text messages to telephone number (612) 836-8955 in the year 2018.

**RESPONSE TO INTERROGATORY NO. 9:**

Quicken Loans objects to this Request as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; and (2) the undefined term "text messaging aggregator" is undefined.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Request, Quicken Loans states that the publicly available business address for mGage's corporate headquarters is 3424 Peachtree Road NE, Suite 400, Atlanta, Georgia.

Quicken Loans' investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 10:**

IDENTIFY the subscriber of short message script 26293 in 2018.

**RESPONSE TO INTERROGATORY NO. 10:**

Quicken Loans objects to this Request as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; (2) it seeks information that is not limited to information relevant to Hyde's claims, the phone number at issue, or Quicken Loans' defenses; and (3) the undefined term "subscriber" is vague and ambiguous.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Request, Quicken Loans states that the short messaging script 26293 has been registered to Quicken Loans Inc. since at least 2013, at its business address at 1050 Woodward Avenue, Detroit, MI 48226.

Quicken Loans' investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

**INTERROGATORY NO. 11:**

IDENTIFY the billing address associated with telephone number 800-863-4332 in 2018.

**RESPONSE TO INTERROGATORY NO. 11:**

Quicken Loans objects to this Request as improper, premature, irrelevant, and disproportional to the needs of the case because (1) it seeks information that is not relevant to whether this Court has jurisdiction over Hyde's claims; and (2) it seeks information that is not limited to information relevant to Hyde's claims, the phone number at issue, or Quicken Loans' defenses.

Subject to the above objections and its General Objections, and based upon its reasonable investigation to date and its understanding of the information sought by this Request, Quicken Loans states that the billing address associated with telephone number 800-863-4332 in 2018 was 1050 Woodward Ave, Detroit, MI 48226.

Quicken Loans' investigation of this matter and discovery of Hyde and third parties is ongoing. Quicken Loans continues to reserve all rights to supplement or amend this Interrogatory at a later time for any reason.

Dated: January 3, 2020

By: /s/ W. Kyle Tayman
BROOKS R. BROWN
BBrown@goodwinlaw.com
YVONNE W. CHAN (pro hac vice)
YChan@goodwinlaw.com
W. KYLE TAYMAN (pro hac vice)
KTayman@goodwinlaw.com
**GOODWIN PROCTER LLP**

LAURA A. STOLL (SBN 255023)
LStoll@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: +1 213 426 2500

| | |
|---|---|
| 1 | Fax: +1 213 623 1673 |
| 2 | JEFFREY B. MORGANROTH (*pro hac vice*) |
| 3 | *jmorganroth@morganrothlaw.com* |
| 4 | **MORGANROTH and MORGANROTH PLLC** |
| 5 | Attorneys for Defendant: |
| 6 | QUICKEN LOANS INC. |

I, Jason Henige, state that I am authorized to make this verification for and on behalf of Quicken Loans Inc. and that I make this verification for that reason. I have read Quicken Loans' responses in QUICKEN LOANS INC.'S RESPONSES TO PLAINTIFF GAYLE HYDE'S INTERROGATORIES CONCERNING PERSONAL JURISDICTION (SET TWO), and know their contents, and I hereby verify that the grounds of my belief as to all matters not stated upon personal knowledge are upon information and belief, the contents of Quicken Loans' business records, and the knowledge of its personnel and vendors; and that I am informed that the facts stated herein are true.

I declare under oath and penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 3, 2020

By: _____
Jason Henige
Application Analyst
Quicken Loans Inc.

# PROOF OF SERVICE

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action. My business address is: 620 Eighth Avenue, New York, NY 10018.

On **January 3, 2020**, I served the following documents on the persons below as follows:

**QUICKEN LOAN INC'S RESPONSES TO PLAINTIFF GAYLE HYDE'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS CONCERNING PERSONAL JURISDICTION (SET TWO)**

| | |
|---|---|
| Frank S. Hedin<br>David W. Hall<br>HEDIN HALL, LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, CA  94104 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 415-766-3534<br>Facsimile: 415-402-0058<br>fhedin @hedinhall.com<br>dhall@hedinhall.com |
| Abbas Kazerounian<br>Jason A. Ibey<br>Nicholas Barthel<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Suite D1<br>Costa Mesa, CA  92626 | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 800-400-6808<br>Facsimile: 800-520-5523<br>ak@kazlg.com<br>nicholas@kazlg.com<br>jason@kazlg.com |
| Yaakov Saks<br>STEIN SAKS,  PLLC<br>285 Passaic Street<br>Hackensack, NJ  07601<br>***PRO HAC VICE NOT YET FILED*** | Counsel for Plaintiffs: *Amanda Hill* and *Gayle Hyde*<br>Telephone: 201-282-6500<br>Facsimile: 201-282-6501<br>ysaks@steinsakslegal.com |

☐ (FACSIMILE). Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

Exhibit D

-49-

☐ (MAIL). I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ (OVERNIGHT DELIVERY). I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☒ (E-MAIL or ELECTRONIC TRANSMISSION). Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **January 3, 2020**, at New York, New York.

Patrice E. Hendriksen  
Patrice E. Hendriksen

(Signature)