| | |
|---|---|
| 1 | BROOKS R. BROWN (SBN 250724) |
| | bbrown@goodwinlaw.com |
| 2 | W. KYLE TAYMAN (*pro hac vice*) |
| | KTayman@goodwinlaw.com |
| 3 | **GOODWIN PROCTER LLP** |
| | 1900 N Street, NW |
| 4 | Washington, DC  20036 |
| | Tel.: +1 202 346 4000 |
| 5 | Fax: +1 202 346 4444 |
| 6 | YVONNE W. CHAN (*pro hac vice*) |
| | ychan@goodwinlaw.com |
| 7 | **GOODWIN PROCTER LLP** |
| | 100 Northern Avenue |
| 8 | Boston, MA  02210 |
| | Tel.: +1 617 570-1000 |
| 9 | Fax: +1 617 523-1231 |
| 10 | JEFFREY B MORGANROTH (*pro hac vice*) |
| | jmorganroth@morganrothlaw.com |
| 11 | **MORGANROTH AND MORGANROTH PLLC** |
| | 344 North Old Woodard Avenue, Suite 200 |
| 12 | Birmingham, MI  48009 |
| | Tel.: +1 248 864 4000 |
| 13 | Fax: +1 248 864 4001 |
| 14 | Attorneys for Defendant: |
| | QUICKEN LOANS INC. |
| 15 | [ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK] |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**QUICKEN LOANS INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE MOTION TO COMPEL ARBITRATION AS TO PLAINTIFF HILL**<br><br>Date:    February 28, 2020<br>Time:   10:00 a.m.<br>Ctrm.:   6-D<br>Judge:  Hon. Fernando M. Olguin |

Quicken Loans Inc. respectfully submits this response to Plaintiff Hill's Notice of Supplemental Authority (Dkt. No. 74) (the "Notice"). In the Notice, Plaintiff Hill (a) contends that Eastern District of California's decision on a motion to compel arbitration in the case of *Hansen v. Rock Holdings, Inc.*, No. 2:19-cv-00179-KJM-DMC (E.D. Cal. 21, 2020) (the "*Hansen* Order") somehow supports her arguments in opposition to Quicken Loans' Motion to Compel Arbitration (Dkt. No. 29) here, and (b) appears to suggest that the evidentiary hearing on that Motion be cancelled midstream (Notice at 2-3). But the *Hansen* Order is inapposite because the evidence in this case and the *Hansen* case is different in numerous material respects. And nothing in the *Hansen* Order supports terminating the evidentiary hearing that this Court began in December and continued to February 28, 2020.

Plaintiff Hill argues that the *Hansen* Order is somehow germane because "the plaintiff in *Hansen* . . . submitted substantially the same evidence that Plaintiff Hill has submitted in support of her Response to the Motion in this case." Notice at 2. That assertion is fundamentally false. As the block quote in the Notice (at 3) confirms, the key facts the *Hansen* Court relied upon for its decision to not compel arbitration were (a) a sworn statement in the plaintiff's (Hansen) declaration that he had *never* visited the LowerMyBills.com website in 2014 (Notice at 3; *Hansen* Order at 6-7, 13); and (b) undisputed evidence that the contested agreement to arbitrate was made in 2014 in the name of Hansen's deceased mother (and not Hansen himself) (*Id.*). Neither of these key facts are present in this case.[1]

In contrast to the facts in *Hansen*, Plaintiff Hill readily admits here that she *did* visit the two websites from which her two separate agreements to arbitrate were obtained. Also, unlike in *Hansen*, both of the contested agreements to arbitrate

---

[1] Hansen is represented by the same counsel as Plaintiff Hill in this case. Given this, the omission of these key fact differences between *Hansen* and this case from the Notice, coupled with Plaintiff Hill's representation that the evidence in both cases is "substantially the same," is inaccurate and misleading.

were made in Hill's name and contain Hill's matching contact information.  As the evidence in support of Quicken Loans' Motion shows, and the Court has already heard in the evidentiary hearing, it is impossible that Hill's contact information was obtained unless she submitted it during her admitted website visits and agreed to arbitration at those websites.  Hill's unsupported and self-serving contention that she stopped short of agreeing to arbitrate will be tested during her testimony at the upcoming evidentiary hearing.  Following that hearing, the Court will be able to conclude for itself whether Hill's testimony that she visited both websites, but did not submit her information and agree to arbitration during her visits, creates a genuine dispute of fact that precludes arbitration in the face of substantial contrary testimony and documentary evidence.[2]

Finally, the *Hansen* Order provides no basis (factual or legal) for this Court to not go forward with the evidentiary hearing on the Motion that it ordered in October and began in December.  The *Hansen* Order says nothing about the propriety of an evidentiary hearing on a motion to compel generally or under the circumstances present in this case.  The decision instead supports completing the hearing as contemplated.

Respectfully submitted,

Dated:  February 5, 2020       By: /s/ W. Kyle Tayman
                               BROOKS R. BROWN
                               BBrown@goodwinlaw.com
                               YVONNE W. CHAN (pro hac vice)

---

[2] While Plaintiff Hill also cites to the *Hansen* Court's consideration of declarations from other "similarly-situated persons" who visited the same website as Hansen, there are no such declarations in the record here.  None of the third-party declarations that Hill submitted in support of her opposition show that the declarants are "similarly-situated" to Hill.  Rather, the hearsay contained within those declarations confirms that they are differently situated because not one of them (none) admit that they visited the LMB.YourVASurvey.info (let alone visited that website and the LowerMyBills.com website) as does Hill, and none alleges having visited any website in October or November 2018 around the same time as Hill (one declaration concerns events from 5 years ago).

*YChan@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**

LAURA A. STOLL (SBN 255023)
*LStoll@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

JEFFREY B. MORGANROTH (*pro hac vice*)
*jmorganroth@morganrothlaw.com*
**MORGANROTH AND MORGANROTH PLLC**

Attorneys for Defendant:
QUICKEN LOANS INC.