BROOKS R. BROWN, (SBN 250724)
*bbrown@goodwinlaw.com*
W. KYLE TAYMAN (*pro hac vice*)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER** LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

YVONNE W. CHAN (*pro hac vice*)
ychan@goodwinlaw.com
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570-1000
Fax: +1 617 523-1231

JEFFREY B MORGANROTH (*pro hac vice*)
jmorganroth@morganrothlaw.com
**MORGANROTH AND MORGANROTH** PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

Attorneys for Defendant:
QUICKEN LOANS INC.

[ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**REPLY IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:    March 12, 2020<br>Time:    10:00 a.m.<br>Ctrm.:   6-D<br>Judge:   Hon. Fernando M. Olguin |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................. 1

ARGUMENT ..................................................................................................... 5

I.      This Court Lacks Personal Jurisdiction over Hyde's Claims. ........................ 5

II.     Plaintiffs Fail to Plead the ATDS Element of Their Cellphone
        Provision Claim. .......................................................................... 13

CONCLUSION.................................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004)........................................................................ 8, 9

*Allen v. ConAgra Foods, Inc.*,
  No. 3:13-cv-01279-WHO, 2018 WL 6460451 (N.D. Cal. Dec. 10,
  2018)............................................................................................................ 9, 11

*Allen v. ConAgra Foods, Inc.*,
  No. 3:13-cv-01279-WHO, 2019 WL 5191009 (N.D. Cal. Oct. 15,
  2019).............................................................................................................. 10

*Alvarez v. NBTY, Inc.*,
  No. 17-cv-00567-BAS-BGS, 2017 WL 6059159 (S.D. Cal. Dec. 6,
  2017).............................................................................................................. 8

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ..................................................................................... 7

*Armstrong v. Inv'r's Bus. Daily, Inc.*,
  No. CV 18-2134-MWF, 2018 WL 6787049 (C.D. Cal. Dec. 21,
  2018) ......................................................................................................... 4, 14, 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................... 14

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007)........................................................................ 7, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 14

*Bodie v. Lyft*,
  No. 3:16-cv-02558-L-NLS, 2019 WL 258050 (S.D. Cal. Jan. 16,
  2019).............................................................................................................. 14

*Carson v. Aim Sports, Inc.*,
  No. CV-10-3814 PSG, 2011 WL 13176754 (C.D. Cal. May 19,
  2011).............................................................................................................. 3, 11

*Chyba v. Wash. Mut.*,
    No. 12cv838 JAH (BLM), 2014 WL 12628468 (S.D. Cal. Jan. 21,
    2014) ..................................................................................................... 14

*Ewing v. Encore Solar, LLC*,
    No. 18-CV-2247-CAB-MDD, 2019 WL 277386 (S.D. Cal. Jan. 22,
    2019) ..................................................................................................... 15

*Gaines v. General Motors LLC*,
    No. 17cv1351-LAB (JLB), 2018 WL 3752336 (S.D. Cal. Aug. 7,
    2018) ....................................................................................................... 8

*Glasser v. Hilton Grand Vacations Co., LLC*,
    948 F.3d 1301 (11th Cir. 2020) ............................................................ 14

*Keifer v. HOSOPO Corp.*,
    No. 3:18-cv-1353-CAB-(KSC), 2018 WL 5295011 (S.D. Cal. Oct.
    25, 2018) ............................................................................................... 15

*King v. Bumble Trading, Inc.*,
    No. 18-cv-06868, 2020 WL 663741 (N.D. Cal. Feb. 11, 2020) ..................... 7, 8

*Kommer v. Ford Motor Co.*,
    No. 19-CV-296, 2019 WL 2895384 (N.D.N.Y. June 19, 2019) ...................... 10

*Marks v. Crunch San Diego*,
    LLC, 904 F.3d 1041 (9th Cir. 2018) ................................................ 4, 12, 13, 14

*Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*,
    No. 17-cv-04992-BLF, 2019 WL 4888693 (N.D. Cal. Oct. 3, 2019) ........... 9, 11

*Northrup v. Innovative Health Ins. Partners, LLC*,
    No. 8:17-cv-1890-T-36JSS, 2020 WL 906199 (M.D. Fl. Feb. 25,
    2020) ..................................................................................................... 14

*Practice Mgmt. Support Serv., Inc. v. Cirque du Soleil*,
    No. 14 C 2032, 2018 WL 1255021 (N.D. Ill. Mar. 12, 2018) ......................... 8

*Riley v. MoneyMutual, LLC*,
    No. 16-4001, 2018 WL 4778411 (D. Minn. Oct. 3, 2018) .............................. 10

*Sloan v. General Motors LLC*,
    287 F. Supp. 3d 840 (N.D. Cal. 2018) ................................................ 9, 10, 11, 12

*Sloan v. General Motors LLC*,
    No. 16-cv-07244-EMC, 2019 WL 6612221 (N.D. Cal. Dec. 5,
    2019) ........................................................................................................... 6

*State of Ill., Dep't of Pub. Aid v. Schweiker*,
    707 F.2d 273 (7th Cir. 1983) ................................................................... 9

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) .............................................................. 7, 8

**Federal Statutes**

28 U.S.C. § 2072 ............................................................................................. 7

47 U.S.C. § 227(a)(1) .................................................................................... 14

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................... 2, 6, 13

**INTRODUCTION**

Quicken Loans' Motion to Dismiss (Dkt. No. 79) demonstrated that (a) this Court lacks personal jurisdiction over Plaintiff Hyde's claims, and (b) the Second Amended Complaint ("SAC") fails to plead the requisite plausible, factual ATDS allegations sufficient to sustain Plaintiff Hill and Hyde's TCPA cellphone provision claims. In a thinly-veiled attempt to distract this Court from their inability to show otherwise, Plaintiffs resort to littering the Opposition with character attacks of Quicken Loans (and its counsel), vitriolic rhetoric, and misrepresentations and mischaracterizations of the record and applicable law. This distraction effort, which speaks volumes about the lack of merit in Plaintiffs' arguments, begins with the very first sentence of the Opposition where Plaintiffs suggest that "Quicken Loans is a subprime mortgage lender." Opp. at 1. That suggestion is as categorically false as it is irrelevant to this lawsuit and the dismissal arguments currently before the Court. Quicken Loans will not be sidetracked by Plaintiffs' unwarranted attacks and false accusations (all of which Quicken Loans disputes but will not otherwise address here) and nor should this Court. Instead, Quicken Loans focuses this Reply on the numerous legal and factual defects in Plaintiffs' arguments. Those defects confirm that Plaintiffs have no meritorious arguments to avoid dismissal and, as such, the Motion should be granted.

With respect to this Court's lack of personal jurisdiction over Quicken Loans as to Plaintiff Hyde's claim, Plaintiffs do not (and cannot) dispute that (a) the claim has no connection (none) to California, and (b) they have failed to deliver on the promises and representations they made to this Court that jurisdictional discovery would reveal some such California connection sufficient to sustain personal jurisdiction. That is the end of the inquiry. Based upon their false promises and representations, this Court granted Plaintiffs' request to conduct jurisdictional discovery and leave to file an amended complaint pleading facts connecting Plaintiff Hyde's claims to California. That discovery is now complete and

1

1  Plaintiffs did not file such an amended complaint.  In an attempt to evade this

2  failure, Plaintiffs now assert that the never-before-pled or identified theory of

3  pendent jurisdiction somehow applies here.  They are wrong and their arguments

4  depend upon mischaracterizations of the facts and law:

5       1.    Plaintiffs' pendent jurisdiction theory is procedurally defective.  As

6  shown by Quicken Loans (MTD at 8), this theory is new and was not within the

7  limits of what the Court determined was good cause when granting Plaintiffs leave

8  to file the SAC to plead factual allegations connecting Plaintiff Hyde's claims to

9  California.  Dkt. No. 54 at 2-3.  Unable to dispute the point, Plaintiffs contend that

10  there is nothing "new" because they have somehow always alleged the basis for this

11  Court to exercise pendent jurisdiction over Hyde by pleading facts about her

12  individual claim.  Opp. at 17.  But this contention is belied by the indisputable facts

13  that (a) the First Amended Complaint ("FAC") contained no jurisdictional

14  allegations (none) as to Hyde in violation of Local Rule 8-1; (b) Plaintiffs'

15  extensive submissions (Dkt. Nos. 36 through 36-16) in opposition to Quicken

16  Loans' jurisdictional arguments directed to Hyde in its motion to dismiss the FAC

17  (Dkt. No. 30) never once mentioned "pendent jurisdiction" or asserted that the FAC

18  somehow pled such jurisdiction; and (c) Plaintiffs did not request or secure leave to

19  plead pendent jurisdiction in the SAC.

20       2.    Plaintiffs falsely accuse Quicken Loans of misrepresenting the law on

21  pendent jurisdiction.  But it is Plaintiffs who misstate the law.  According to

22  Plaintiffs (Opp. at 15), so long as a complaint is denominated as a putative class

23  action, a federal district court somehow has jurisdiction over an out-of-state

24  defendant with respect to the claims of an out-of-state named-plaintiff who could

25  not sue the defendant in that jurisdiction (because general and specific jurisdiction

26  is lacking) so long as there is specific personal jurisdiction over another named-

27  plaintiff in the case.  But even attempting to articulate Plaintiffs' theory reveals how

28  strained and novel it is.  It is thus not surprising that there is no authority (none) in

the Ninth Circuit (or elsewhere) supporting it.  The two main cases Plaintiffs cite

(Opp. at 18) compel no different conclusion.  Those cases, as Quicken Loans

demonstrates below (Section I, 3, *infra*), carry no precedential authority, rely upon

distinct facts not found here, and stand in contrast to numerous other courts

rejecting the exercise of pendent jurisdiction under the circumstances in this case.

And perhaps more fundamentally, the main predicate for Plaintiffs' theory—that

there is jurisdiction over Hill's claim in this case—is false because Hill's claim is

subject to a binding arbitration agreement.  Dkt. No. 29.

3.    Plaintiffs are wrong that generally asserting the same federal claim

against the same defendant is somehow sufficient to satisfy the same "common

nucleus of operative fact" requirement for the exercise of pendent jurisdiction.

Opp. at 19.  If that were so (and it is not), the requirement would effectively mean

nothing.  Rather, as the words themselves and caselaw (including Plaintiffs' own

cases) construing them confirm, "common nucleus of operative fact" requires that

the claims be "so related that they form part of the same case or controversy," and

should be "tried together."  *Carson v. Aim Sports, Inc.*, No. CV-10-3814 PSG

(PLAx), 2011 WL 13176754, at *5 (C.D. Cal. May 19, 2011).  That standard is not

met where, as here, the record confirms that the resolution of Hill's claim by

reference to her facts and circumstances will not resolve Hyde's claim arising under

different facts and circumstances.  MTD at 10.  Plaintiffs effectively concede the

point by arguing that if Hyde is dismissed, it would risk "piecemeal litigation,"

"disparate proceedings" and different outcomes.  Opp. at 21.  If Hyde's facts shared

the same common nucleus as Hill's, however, then there would be no such risk.

4.    Plaintiffs' attempt to distract this Court from their own forum-

shopping (best illustrated by Hyde originally suing in Minnesota only to later

dismiss that case in favor of bringing her claim to California) by falsely labeling

Quicken Loans' proper efforts to defend itself in this and other TCPA cases brought

(and, in some cases, later abandoned) by Plaintiffs' counsel as legal "tricks," is

false and otherwise fails to advance their pendent jurisdiction argument. The undisputable reality here is that, collectively, Plaintiffs and their counsel have now filed five TCPA text message class action lawsuits against Quicken Loans in the span of 14 months, across four different courts in four different states (some outside this Circuit), resulting in nine different complaints. These synchronized activities have needlessly caused judicial waste, delay and forced Quicken Loans to defend against frivolous attacks (like the baseless jurisdictional discovery Hyde sought here), all as Plaintiffs seek to litigate in this Court because they perceive it as a more favorable forum (presumably because this Court lies within the Ninth Circuit, whose decision in *Marks* on the ATDS element of TCPA cellphone provision claims like Plaintiffs' here stands in conflict with and has been expressly rejected by numerous other circuits. This obvious forum-shopping provides an independent basis for this Court to decline to exercise jurisdiction over Hyde's claim.

As to the defective ATDS allegations in the SAC, Plaintiffs go to great lengths to copy and paste the SAC into their Opposition, and to regurgitate language from the *Marks* decision on the ATDS element. Those pages spent pasting the SAC, however, only prove Quicken Loans' point—Plaintiffs have merely copied the statutory text and judicial holdings on what constitutes an ATDS without factual enhancement. Opp. at 5-7. And, further confirming Quicken Loans' point that Plaintiffs' ATDS allegations are generic and conclusory, Plaintiffs actually confess in the Opposition (at 14) that their counsel repeat those same allegations from TCPA case to TCPA case regardless of the defendant, the defendants' business or the plaintiff's factual circumstances. Opp. at 14. It is thus apparent that Plaintiffs' ATDS allegations plead nothing specific as to the technology used to send the challenged text messages here, and are devoid of the requisite factual enhancement necessary for this Court to conclude that Plaintiffs' claims against Quicken Loans are plausible (as opposed to just possible). *Armstrong v. Inv'r's Bus. Daily, Inc.*, No. CV 18-2134-MWF (JPRx), 2018 WL

6787049, at *9 (C.D. Cal. Dec. 21, 2018) (Fitzgerald, J.).

## ARGUMENT

### I.   THIS COURT LACKS PERSONAL JURISDICTION OVER HYDE'S CLAIMS.

Plaintiffs do not and cannot contest that there is no factual connection between the challenged text messages Hyde allegedly received and California. That is because, Plaintiffs' requested jurisdictional discovery confirmed and the Opposition fails to dispute, there is no factual basis on which Plaintiffs can plead general or specific personal jurisdiction over Quicken Loans in this Court with respect to Hyde's claims.  Plaintiffs offer no excuse for the time, money and waste they caused by promising this Court that jurisdictional discovery would somehow reveal a California connection to Hyde's claim.  Instead, Plaintiffs deny any obligation to have investigated the facts supporting Hyde's claims (and best known to her) before making those assurances to the Court (Opp. at 18, n.3) and then pivot to attempt to invent a theory of pendent personal jurisdiction to attempt to save Hyde's claim from dismissal.  This effort, as shown in the Motion to Dismiss, fails for four independent and adequate reasons, and nothing in the Opposition demonstrates otherwise.

1.   ***Plaintiffs Neither Pled Nor Requested and Secured Leave to Amend to Plead Pendent Jurisdiction.***  Plaintiffs have no legitimate answer to Quicken Loans' argument that the Court's order permitting leave to file the SAC (the third complaint in this action, and third overall by Hyde) did not speak to amendment other than to allow allegations of specific facts gleaned from jurisdictional discovery that would show a connection between California and Hyde's claims sufficient to plead specific personal jurisdiction. Dkt. No. 54.  That scope of leave to amend was based upon Plaintiffs' own promises and representations to this Court that, with jurisdictional discovery, Plaintiffs could identify and plead facts establishing such a California connection.  Contrary to Plaintiffs' suggestions otherwise (Opp. at 18, n.3), this was not an instance where broad leave to amend

was requested and permitted—Plaintiffs requested specific leave to pursue specific discovery (Dkt. No. 36), and the Court's order permitting such discovery and granting leave to amend established that this Court expected the SAC to plead facts of a California connection derived from that discovery (Dkt. No. 54 at 2). Having come up empty on any California connection and now unable to plead facts sufficient to establish specific personal jurisdiction they had promised, there is no proper basis (and Plaintiffs have identified none) for Plaintiffs to change course and assert a new theory for which no leave was granted, particularly where no theory of jurisdiction was ever presented at the time Hyde first filed her claim in this Court —a patent violation of Local Rule 8-1.[1]

   **2.** ***The Denomination of this Case as a Putative Class Action Does Not Support Exercising Pendent Jurisdiction.*** Plaintiffs' novel theory that pendent jurisdiction over Hyde's claims somehow exists here because Plaintiffs denominated this case as a putative class action and there is personal jurisdiction over Hill's claim is unsupported and flawed. Even setting aside that Hill's claim is subject to a binding arbitration agreement (Dkt. No. 29) (and so there is no primary jurisdiction upon which Hyde can append her claims, *see Sloan v. General Motors, LLC*, No. 16-cv-07244-EMC, 2019 WL 661221, at *7 (N.D. Cal. Dec. 5, 2019)), Plaintiffs cite no caselaw finding pendent jurisdiction based upon the denomination of a case as a putative class action. This is not surprising because, if Plaintiffs' theory were right (and it is not) that jurisdiction could be established through mere labeling of a case as a class action, personal jurisdiction of the claims of out-of-state

---

[1] Against this background, Plaintiffs' accusations that Quicken Loans has somehow caused "delay" and "waste" in this lawsuit are baseless. Opp. at 18, n.3. It is Plaintiffs who chose not to plead any jurisdictional allegations in the FAC, who demanded "wasteful" jurisdictional discovery to plead specific personal jurisdiction when Quicken Loans identified that pleading defect, and who have now changed course to assert a new theory. And, Plaintiffs' position that the change in theory is somehow justified because Hyde did not know Quicken Loans obtained her telephone number from Lending Tree until after the parties engaged in jurisdictional discovery fares no better. *Id.* Hyde is the one who used and accessed that website, and so the information has been known or available to her since she first filed her claim against Quicken Loans in Minnesota.

1    named-plaintiffs in putative class actions would be limitless, and the bounds of

2    Constitutional due process eviscerated.  This, in turn, would encourage precisely

3    the type of forum-shopping that Hyde is engaging in here.  Such a result also runs

4    afoul of the Rules Enabling Act's prohibition on using the procedural class device

5    to change or alter a defendant's substantive rights.  28 U.S.C. § 2072; *see generally*

6    *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997).  But that is exactly

7    what Plaintiffs seek to do here—*i.e.*, haul Quicken Loans into California to defend

8    against Hyde's out-of-state claims because this is a putative class action when the

9    jurisdictional limits of Constitutional due process otherwise preclude Hyde from

10   suing Quicken Loans in California because there is no connection between Hyde's

11   claims and this state.  There is no question that, if Hill had elected to sue Quicken

12   Loans in this Court herself without any California connection to her claim, the case

13   would be dismissed for lack of jurisdiction.  That result does not change because

14   this is a putative class action where Hill is also a named-plaintiff.[2]

15       3.    ***Plaintiffs' Authorities Do Not Advance Their Pendent Jurisdiction***

16   ***Theory.***  The cases Plaintiffs cite do not advance their pendent jurisdiction theory

17   predicated on the denomination of this case as a class action or otherwise.  They

18   first cite two Ninth Circuit cases—*Bates v. United Parcel Serv.*, Inc., 511 F.3d 974

19   (9th Cir. 2007) and *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011)—

20   to support their attempted rewrite of the jurisdictional jurisprudence, arguing  that

21   "[i]n a class action, personal jurisdiction over one named plaintiff is sufficient."

22   Opp. at 15.  Plaintiffs' use of both cases is misleading.  Those cases pertain to

23

24   ―――――――――――――――
     [2] This conclusion is reinforced by considering that, if Quicken Loans' motion to
     compel Hill's claims to arbitration (Dkt. No. 29) is granted (and it should be), then

25   the only named-plaintiff will be one (Hyde) as to whose claim this Court lacks
     jurisdiction.  Similarly, if this case is not compelled to arbitration and Hill is later

26   determined to be an inadequate and atypical class representative, then the only
     named-plaintiff will be one (Hyde) over whose claims there is no jurisdiction in this

27   Court, requiring dismissal of this lawsuit under the authorities Plaintiffs cite.  *King
     v. Bumble Trading, Inc.*, No. 18-cv-06868, 2020 WL 663741, at *5 (N.D. Cal. Feb.

28   11, 2020) (jurisdiction must exist as to the named-plaintiff).  Where this lack of
     jurisdiction as to Hyde's claim is known now, there is no reason not to dismiss it.

Article III standing of absent class members, and say nothing about pendent

jurisdiction over a named-plaintiff prior to class certification.  *Stearns*, 655 F.3d at

1021 (discussing standing in the class action context); *Bates*, 511 F.3d at 985 ("In a

class action, *standing* is satisfied if at least one named plaintiff meets the

requirements.") (emphasis added).  In fact, neither decision concerns or contains

*any* discussion of pendent jurisdiction at all.

Plaintiffs fare no better with their attempt to distinguish *Bristol-Myers*

*Squibb*.  Contrary to their suggestion that *Bristol-Myers Squibb* is distinguishable

because it did not address a class action, it has been routinely applied in class cases

because one of its core principles is universally applicable—that is, "it is well

settled law that a defendant can challenge personal jurisdiction relating to *each*

*named plaintiff* in a class action." *Alvarez v. NBTY, Inc.*, No. 17-cv-00567-BAS-

BGS, 2017 WL 6059159, at *5 (S.D. Cal. Dec. 6, 2017) (emphasis added); *Gaines*

*v. General Motors LLC*, No. 17cv1351-LAB (JLB), 2018 WL 3752336, at *2 (S.D.

Cal. Aug. 7, 2018) (noting that most courts have concluded that *Bristol-Myers*

applies to named parties in a class action); *King v. Bumble Trading, Inc.*, 2020 WL

663741, at *5 ("Unlike the out of state class members . . . a named plaintiff [] must

be considered a party for all purposes, including personal jurisdiction.").[3]

Plaintiffs also offer the Ninth Circuit's decision in *Action Embroidery Corp.*

*v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004), and two

Northern District of California cases that expansively (and incorrectly) interpreted

---

[3] If Plaintiffs wanted to proceed in a single class action with both as named plaintiffs, the proper mechanism to do so consistent with due process was obvious—file suit against Quicken Loans in the Eastern District of Michigan where Quicken Loans is headquartered and from where the challenged text messages were sent.  Plaintiffs chose not to do so and should be held to the consequences of that choice.  Indeed, if this matter proceeds in this Court, Quicken Loans reserves all rights to demonstrate that no class can be certified that (a) includes class members who could not pursue their individual claims against Quicken Loans in this Court and (b) whose claims would (or could) be adjudicated against different legal standards in their home jurisdiction.  *See, e.g.*, *Gaines*, 2018 WL 3752336, at *2; *Practice Mgmt. Support Serv., Inc. v. Cirque du Soleil*, No. 14 C 2032, 2018 WL 1255021, at *16 (N.D. Ill. Mar. 12, 2018) (relying on *Bristol-Myers* to dismiss a TCPA class action for lack of personal jurisdiction).

*Action Embroidery* as support for their pendent jurisdiction theory.  Here again, Plaintiffs' reliance is misplaced on multiple fronts.  First, *Action Embroidery Corp.* stands for the limited and narrow holding that a federal district court with personal jurisdiction over plaintiffs' federal antitrust claims could, in its discretion, exercise pendent jurisdiction over the same plaintiffs' state-law claims provided there is a common nucleus of operative facts.  *Id.* at 1175, 1181.  Contrary to Plaintiffs' citation of the case (Opp. at 16), the decision was completely silent on whether pendent personal jurisdiction applies to situations in which one plaintiff seeks to establish personal jurisdiction based upon the Court's jurisdiction over a different plaintiff's claims in a class action or otherwise.

Second, both of the non-binding Northern District of California cases cited by Plaintiff (Opp. at 17-18)—*Sloan v. General Motors*, LLC, 287 F. Supp. 3d 840 (N.D. Cal. 2018) and *Allen v. ConAgra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2018 WL 6460451 (N.D. Cal. Dec. 10, 2018)—begin with the flawed premise that *Action Embroidery*'s total silence (because the question was never presented to the Court) on exercising pendent jurisdiction over a different plaintiff's claims somehow blessed Plaintiffs' novel theory.  *Id.*  But applying such an expansive reading simply based on the Ninth Circuit's failure to prohibit a theory that it was never presented with lacks sound reason and logic.  *See State of Ill., Dep't of Pub. Aid v. Schweiker*, 707 F.2d 273, 277 (7th Cir. 1983) ("Not every silence is pregnant.").  This is acutely so here because personal jurisdiction is a constrained (and not expansive) concept bound by Constitutional due process.

Consistent with this, numerous district courts have held that pendent personal jurisdiction should not be extended to claims brought by different plaintiffs, rendering *Sloan* and *Allen* non-persuasive outliers.  *See, e.g., Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2019 WL 4888693, at *23 (N.D. Cal. Oct. 3, 2019) (declining to exercise pendent personal jurisdiction over plaintiff's claims against other defendants); *Kommer v.*

*Ford Motor Co.*, No. 19-CV-296 (LEK/DJS), 2019 WL 2895384, at *3-4
(N.D.N.Y. June 19, 2019) (exercising pendent personal jurisdiction over non-
resident plaintiffs' claims was not appropriate); *Riley v. MoneyMutual, LLC*, No.
16-4001 (DWF/LIB), 2018 WL 4778411, at *2 (D. Minn. Oct. 3, 2018) ("the basis
for retaining jurisdiction is weak when pendent jurisdiction is based on another
party's claims"); *see also Sloan*, 287 F. Supp. 3d at n.4 (collecting cases).[4]

   4.    ***Even Assuming it Were Viable (and it is Not), Plaintiffs' Pendent
Jurisdiction Fails for Want of the Requisite Common Nucleus of Operative Fact
between Hill and Hyde's Claims.***  As Quicken Loans demonstrated in its Motion
(at 10-11), Plaintiffs' pendent jurisdiction theory would not work even if it was
legally available because there is no common nucleus of operative facts between
Hill's claims and Hyde's.  Plaintiffs each had unique interactions with third-parties
and Quicken Loans before and after receiving the challenged text messages, which
involved three different websites, different website terms, and resulted in different
text messages, on different dates and times, under different circumstances.  *Id.*

   Plaintiffs offer nothing to dispute Quicken Loans' showing that the common
nucleus of operative facts is lacking.  Instead, Plaintiffs weakly assert, that "the
identical nature of their claims," and that each received the "same sort of" text from

---

[4] Without any authorities to support their argument, Plaintiffs offer the hypothetical
fiction that, even if Quicken Loans motion is granted and Hyde's claims dismissed,
"Hyde would nonetheless remain a putative class member and thus her same claims
would still go forward against Quicken in this case before this very Court."  Opp. at
16.  And, from this hypothetical, Plaintiffs posit that there is no reason to dismiss
her claim now.  Opp. at 16.  While it is not entirely clear why Plaintiffs believes
this supports their pendent jurisdiction argument, the fact of that matter is that, if
this Motion is granted, Hyde would, at most, (and even assuming Hill's claim is not
compelled to arbitration (and it should be)) be a nominal putative class member,
who is not subject to the Court's jurisdiction unless Hill files and prevails upon a
motion to certify a class that includes Hyde.  Said differently, as a putative class
member, Hyde's claims would only go forward before this Court *if* Hyde does not
assert her claims elsewhere, and *if* Hill moves to certify a proposed class, and *if* that
proposed class includes Hyde as a member, and only then *if* this Court actually
certifies that class.  This parade of possibilities and unknowns does not somehow
support the exercise of pendent jurisdiction here. *See, e.g.*, *Allen*, 2019 WL
5191009, at *3 (N.D. Cal. Oct. 15, 2019) (finding pendent jurisdiction not
appropriate).

the same SMS code is somehow enough. Opp. at 19.[5] But, as noted, a common nucleus of operative fact requires more than just some general commonality—it requires that the claims be "so related that they form part of the same case or controversy," and should be "tried together." *Carson*, 2011 WL 13176754, at *5. Against this actual standard, Plaintiffs have no answer to Quicken Loans' showing that a trial of each of their claims will require different witnesses, data records, and other evidence, such that a trial on Hill's claims will not resolve Hyde's. These significant factual differences are precisely why, as Plaintiffs concede, dismissal of Hyde will result in different proceedings with potentially different outcomes. Opp. at 21. Because the facts of Hill's and Hyde's individual claims are so different, it logically follows that they each will be litigated differently. Were this not the case, there would be no reasonable expectation of differing or conflicting outcomes. As such, this Court should "have grave reservations about applying the doctrine [of pendent personal jurisdiction] on the facts of this case, in which each of the Plaintiffs engaged in separate and distinct transactions with Defendant[]." *Monterey Bay*, 2019 WL 4888693, at *23.

Plaintiffs' misplaced reliance on *Sloan* and *Allen* confirms this conclusion. In both cases, the claims of the out-of-state and in-state plaintiffs unquestionably arose out of a common nucleus of operative facts. *See* MTD at 10; Section 4, *infra*; *Allen*, 2018 WL 6460451, at *8; *Sloan*, 287 F. Supp. 3d at 860-61. The plaintiffs in *Sloan* owned GM-manufactured vehicles, all of which contained the same allegedly defective engine, and the *Allen* plaintiffs likewise each purchased the very same product and alleged that the manufacturer, ConAgra, deceptively labeled and marketed the product in a uniform fashion. *Allen*, 2018 WL 6460451, at *1; *Sloan*, 287 F. Supp. 3d at 851. As shown, Hill and Hyde lack such a common nucleus of facts. Moreover, the *Sloan* court was clear that the decision to apply the doctrine of

_____

[5] Plaintiffs also assert that the text messages were received from the "same autodialer," but that is nowhere alleged in the SAC. Opp. at 19.

pendent personal jurisdiction was limited based on the "particular facts of *this* case," and that "it is by no means clear whether *Action Embroidery's* pendent personal jurisdiction doctrine extends categorically to claims brought by different plaintiffs." *Sloan*, 287 F. Supp. 3d at 861, 864 (emphasis in original).

5. ***Plaintiffs' Accusations of "Tricks" to Avoid this Court Are False and, in any event, Do Not Advance Plaintiffs' Pendent Jurisdiction Arguments.***
In a last ditch attempt to mask the patent defects in Plaintiffs' pendent jurisdiction arguments, Plaintiffs marshal a series of baseless accusations that Quicken Loans is employing "tricks" to avoid this Court. Opp. at 20. These accusations are unwarranted and false and, in any event, do not advance Plaintiffs' arguments. Quicken Loans' motion to dismiss Hyde's claims for lack of jurisdiction is well-founded and arises because Plaintiffs (not Quicken Loans) chose (a) to dismiss Hyde's previously filed lawsuit in Minnesota and attempt to join this lawsuit; (b) to fail to plead jurisdictional allegations as to Hyde when she attempted to join this lawsuit; (c) to represent to this Court that, if given the opportunity to conduct jurisdictional discovery, they could and would plead factual allegations of a California connection between Hyde's claims and California sufficient to establish specific personal jurisdiction; (d) not to plead such allegations despite their prior representations to this Court; and (e) not to plead or identify pendent jurisdiction until they filed the SAC. Under these circumstances, Plaintiffs' accusations of "tricks" by Quicken Loans are 100% baseless and unsupported.

The record is also plain that Plaintiffs and their counsel have engaged in improper forum-shopping to take advantage of the Ninth Circuit's *Marks* decision.[6] Plaintiffs' new pendent jurisdiction theory is simply another attempt by Plaintiffs and their counsel—who have filed five TCPA text message class action lawsuits against Quicken Loans in the span of 14 months—to force Quicken Loans to waste

---

[6] The irony of Plaintiffs' contrary accusations against Quicken Loans (who as the defendant has no control over where it gets sued), should not be lost on this Court.

its time and money to defend against baseless arguments and attacks. Plaintiffs' forum-shopping tactics are all the more reason for this Court to exercise its discretion to decline to exercise jurisdiction over Hyde's claim.

## II.   PLAINTIFFS FAIL TO PLEAD THE ATDS ELEMENT OF THEIR CELLPHONE PROVISION CLAIM.

Plaintiffs offer no meaningful response to Quicken Loans' showing that the SAC fails to state a TCPA claim because it alleges no facts sufficient to plausibly plead that Quicken Loans used an ATDS to text them. Dismissal of Hill and Hyde's claims is thus warranted and appropriate.

At the outset, it is noteworthy that Plaintiffs actually confess and take ownership that the SAC's ATDS allegations are the very same generic allegations their counsel have recycled from past complaints in other cases brought by other plaintiffs against other defendants in other industries. Opp. at 14 (boasting that the re-use of ATDS allegations from other cases shows Plaintiffs' attorneys are "experienced TCPA counsel, well-versed in how to effectively plead the ATDS element"). This confession that the ATDS allegations here are the same as ones Plaintiffs have used before in other cases necessarily means they are in no manner particular to Quicken Loans or the challenged texts here, and so cannot possibly contain the necessary factual enhancement that Rule 8 requires concerning Quicken Loans' telephone technology (as opposed to the technology of one of the dozens of other defendants Plaintiffs' counsel have sued in the past).

Plaintiffs devote three pages of their Opposition to copying and pasting the purported "ATDS allegations" from the SAC. *Id.* at 5-7. But these pages only prove that Plaintiffs' allegations merely copy the statutory text and judicial holdings on what constitutes an ATDS. Although the Ninth Circuit, in *Marks v. Crunch San Diego*, LLC, 904 F.3d 1041 (9th Cir. 2018), stands alone in its broad interpretation of an ATDS (a position that is becoming increasingly isolated as

more and more circuit courts expressly reject that interpretation[7]), *Marks* does not

stand for the proposition that a plaintiff may plead the ATDS element by merely

parroting language from a controlling decision or statutory definition.  Post-*Marks*

district court decisions have uniformly held that quoting the statutory language and

caselaw, without more, is insufficient to satisfy the pleading standards set forth in

*Iqbal* and *Twombly*.  *See, e.g.*, *Bodie v. Lyft*, No. 3:16-cv-02558-L-NLS, 2019 WL

258050, at *2 (S.D. Cal. Jan. 16, 2019) (granting motion to dismiss where the

"FAC merely parrots statutory definition of an ATDS"); *Armstrong*, 2018 WL

6787049, at *6 (dismissing TCPA claim where allegations were "mere recitation[s]

of the legal definition of an ATDS").

As explained in the Motion (at 13), such parroting and conclusory allegations

is all the SAC offers.  For instance, the SAC baldly asserts that Quicken Loans'

unidentified "hardware" and "software" has the "capacity to store, produce, and dial

random or sequential numbers"—language that just copies the statutory ATDS

definition.  SAC ¶ 33; 47 U.S.C. § 227(a)(1).  There are no facts (none) to support

this unadorned conclusion.  Consistent with Supreme Court precedent, conclusory

allegations like Plaintiffs' here that are devoid of the requisite factual enhancement

fail to plausibly state a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, the fact that the

SAC quotes the *Marks* decision does not create a plausible TCPA claim; rather, it

reveals and confirms that the requisite factual enhancement here is lacking.  Motion

at 14; *Chyba v. Wash. Mut.*, No. 12cv838 JAH (BLM), 2014 WL 12628468, at *5

(S.D. Cal. Jan. 21, 2014) (merely parroting caselaw is insufficient to support a

claim for relief), *aff'd*, 671 F. App'x 426 (9th Cir. 2016).

The SAC pleads no fact to allow this Court to "draw a reasonable inference

that [Quicken Loans] is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

---

[7] *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020);
*Northrup v. Innovative Health Ins. Partners, LLC*, No. 8:17-cv-1890-T-36JSS,
2020 WL 906199, at *5-6 (M.D. Fl. Feb. 25, 2020).

In a TCPA case like this one, this requires "a plaintiff to plead enough circumstantial or indirect allegations—content of messages, context and manner in which they were sent, existence of similar messages, frequency of messages, etc.— that would create an inference that an ATDS was used." *Armstrong v. Inv'r's Bus. Daily, Inc.*, 2018 WL 6787049, at *9. Plaintiffs have failed to do so here, and the cases they offer to suggest otherwise only prove the point. Opp. at 9. For example, in *Ewing v. Encore Solar, LLC*, the plaintiff alleged facts showing the challenged calls "exhibited signs associated with calls made from [an] ATDS including repeated calls 'within a period of time and the presence of a pause or click.'" No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *7 (S.D. Cal. Jan. 22, 2019). Likewise, in *Keifer v. HOSOPO Corp.*, the court inferred the use of an ATDS and allowed the complaint to proceed based on the alleged volume of calls placed to plaintiff's phone, and plausible allegations that the calls were made with an artificial or prerecorded voice message. No. 3:18-cv-1353-CAB-(KSC), 2018 WL 5295011, at *3 (S.D. Cal. Oct. 25, 2018). Plaintiffs include no such factual enhancements here.

Lastly, contrary to Plaintiffs' claims, Quicken Loans has not publicly admitted to engaging in automated dialing and sending text messages via automated means. Opp. at 8. The terms and conditions and Terms of Use to which Plaintiffs cite are not even Quicken Loans'—they belong to LowerMyBills.com and are thus only possibly germane to Hill's claims. And those disclosures are not admissions about the use of an ATDS to send the challenged text messages here, but rather are disclosures intended to ensure compliance with the TCPA. Indeed, where federal district and circuits courts do not agree on what constitutes an ATDS for purposes of the TCPA, it is not surprising that companies use compliant disclosures. Plaintiffs attempt to twist these appropriate disclosures into an admission cannot withstand scrutiny and cannot save the SAC from dismissal.

1

## CONCLUSION

2      For the foregoing reasons, and those set forth in the Motion to Dismiss,

3   Quicken Loans respectfully requests that this Court dismiss the Second Amended

4   Complaint.

5

6                                  Respectfully submitted,

7   Dated:  February 27, 2020        By: /s/ *W. Kyle Tayman*

8                                    BROOKS R. BROWN (SBN 250724)
                                     *BBrown@goodwinlaw.com*
9                                    YVONNE W. CHAN (pro hac vice)
                                     *YChan@goodwinlaw.com*
10                                   W. KYLE TAYMAN (pro hac vice)
                                     *KTayman@goodwinlaw.com*
11                                   **GOODWIN PROCTER LLP**

12                                   LAURA A. STOLL (SBN 255023)
                                     *LStoll@goodwinlaw.com*
13                                   **GOODWIN PROCTER LLP**
                                     601 S. Figueroa Street, 41st Floor
14                                   Los Angeles, CA  90017
                                     Tel.: +1 213 426 2500
15                                   Fax: +1 213 623 1673

16                                   JEFFREY B. MORGANROTH (*pro hac vice*)
                                     *jmorganroth@morganrothlaw.com*
17                                   **MORGANROTH and MORGANROTH**
                                     **PLLC**

18                                   Attorneys for Defendant:
                                     QUICKEN LOANS INC.
19

20

21

22

23

24

25

26

27

28