Frank S. Hedin (SBN: 291289)
E-mail: fhedin@hedinhall.com
David W. Hall (SBN: 274921)
E-mail: dhall@hedinhall.com
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

Abbas Kazerounian (SBN: 249203)
E-mail: ak@kazlg.com
Jason A. Ibey (SBN: 284607)
E-mail: jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Counsel for Plaintiffs and the Putative Class*

[Additional Counsel on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA HILL; and GAYLE HYDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**JOINT STIPULATION RE: FURTHER EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

JOINT STIPULATION RE: EVIDENTIARY HEARING

Plaintiffs Amanda Hill and Gayle Hyde and Defendant Quicken Loans Inc. submit this joint stipulation pursuant to the Court's Order regarding whether the evidentiary hearing should continue, ECF No. 86.

WHEREAS, in its Order, the Court directed the parties to "confer as to whether a ruling on the current record is appropriate or whether the evidentiary hearing should continue in order to hear testimony from the remaining witnesses," "file a Joint Stipulation indicating whether they choose to present more witnesses," and, "[i]f the parties choose to present more witnesses," to "include three proposed hearing dates in April or thereafter;"

WHEREAS, the Parties have conferred as directed and do not agree on whether to present the remaining witnesses; and

WHEREAS, the positions of each Party on whether to continue the evidentiary hearing are as follows:

**Plaintiffs' Position**: Plaintiffs maintain that no further witnesses are necessary and that a ruling on the current record is appropriate. The only remaining potential witnesses are Plaintiffs' expert and Defendant's rebuttal expert. Because Plaintiffs believe the current evidentiary record is already more than sufficient to raise numerous genuine disputes of fact and thus that Defendant has already failed to carry its burden such that the Motion should be denied, Plaintiffs do not believe it necessary call their own expert witness or any other additional witnesses. Accordingly, Plaintiffs believe

1

JOINT STIPULATION RE: EVIDENTIARY HEARING

no further witnesses or evidence are necessary, that the current evidentiary record is more than sufficient for the Court to rule on Defendant's Motion, and thus that no further evidentiary hearing should be scheduled.  During the parties' meet and confer, Defendant stated that they intend to submit their written rebuttal expert testimony even if Plaintiffs do not submit expert testimony.  Plaintiffs object to Defendant's suggestion as improper and wasteful; If Plaintiffs' expert does not testify, Defendant's rebuttal expert would have nothing to rebut.  But should Defendant nonetheless submit written expert testimony, Plaintiffs reserve their right to submit their own expert testimony and to cross-examine Defendant's expert.

**Quicken Loans' Position**:  Quicken Loans maintains that, consistent with the discussion held with the Court at the conclusion of the evidentiary hearing session held on February 28, 2020, the Court should finish the evidentiary hearing and take direct testimony from the remaining two witnesses by declaration, followed by cross examination before the Court.  To the extent Plaintiffs are resting their evidentiary presentation, then Quicken Loans alone should still be allowed to present its rebuttal expert testimony.  That expert testimony will rebut the otherwise unsubstantiated testimony of Plaintiff Hill and explain that the technical and data evidence from the website's code and third-party compliance software refute Hill's testimony.  While Quicken Loans' expert is a rebuttal, his testimony—which was only obtained because Plaintiffs submitted an expert report concerning Plaintiff Hill's actions—Quicken

Loans should be allowed to present it to the Court because it will directly rebut the testimony of Plaintiff Hill. Completing the evidentiary hearing as the Court originally ordered (ECF No. 54) is not wasteful, as Plaintiffs submit, nor is it improper given the Court has expressly offered to complete the hearing (ECF No. 85). While Quicken Loans maintains that it has carried its burden on its Motion because there are no *genuine* disputes of fact, it believes that the proper course is to finish the hearing so that the evidentiary record before the Court is complete and final.

WHEREFORE, IN LIGHT OF THE FOREGOING, IT IS HEREBY STIPULATED, that:

1. The parties do not agree as to whether a ruling on the current record is appropriate and whether the evidentiary hearing should continue in order to hear testimony from the remaining witnesses.

2. In the event the Court continues the evidentiary hearing, the parties can be available on any of the following dates: April 21, 2020; May 20, 2020; or May 21, 2020.

Dated: March 11, 2020                    Respectfully submitted,

By: /s/ Frank S. Hedin
    Frank S. Hedin

**HEDIN HALL LLP**
Frank S. Hedin (SBN: 291289)
David W. Hall (SBN: 274921)
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

3
JOINT STIPULATION RE: EVIDENTIARY HEARING

|   |   |
|---|---|
| 1 | **KAZEROUNI LAW GROUP, APC** |
| 2 | Abbas Kazerounian (SBN: 249203) |
|   | Jason A. Ibey (SBN: 284607) |
| 3 | 245 Fischer Avenue, Suite D1 |
| 4 | Costa Mesa, California 92626 |
|   | Telephone: (800) 400-6808 |
| 5 | Facsimile: (800) 520-5523 |
| 6 | *Counsel for Plaintiffs and Putative Classes* |
| 7 |   |
| 8 | By: /s/ W. Kyle Tayman |
|   | W. Kyle Tayman |
| 9 |   |
| 10 | **GOODWIN PROCTOR LLP** |
|   | W. Kyle Tayman (*pro hac vice*) |
| 11 | 601 S. Figueroa Street, 41st Floor, |
| 12 | Los Angeles, California 90017 |
|   | Telephone: (213) 426-2500 |
| 13 | Facsimile: (213) 623-1673 |
| 14 |   |
| 15 | **MORGANROTH & MORGANROTH PLLC** |
| 16 | Jeffrey B. Morganroth (*pro hac vice*) |
|   | 344 North Old Woodard Avenue, Suite 200 |
| 17 | Birmingham, Michigan 48009 |
|   | Telephone: (248) 864-4000 |
| 18 | Facsimile: (248) 864-4001 |
| 19 | *Counsel for Defendant* |

4

JOINT STIPULATION RE: EVIDENTIARY HEARING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STIPULATION RE: EVIDENTIARY HEARING

ACTIVE/102609252.1