BROOKS R. BROWN (SBN 250724)
bbrown@goodwinlaw.com
W. KYLE TAYMAN (*pro hac vice*)
KTayman@goodwinlaw.com
**GOODWIN PROCTER** LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

JEFFREY B MORGANROTH (*pro hac vice*)
jmorganroth@morganrothlaw.com
**MORGANROTH** AND **MORGANROTH** PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

Attorneys for Defendant:
QUICKEN LOANS INC.

[ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUICKEN LOANS INC.'S MOTION TO SUBMIT REBUTTAL TESTIMONY, CROSS-EXAMINE OR STRIKE CERTAIN PORTIONS OF THE DECLARATION OF ALEXANDER YOUNG**<br><br>Date:    June 4, 2020<br>Time:    10:00 a.m.<br>Ctrm.:   6-D<br>Judge:   Hon. Fernando M. Olguin |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>TABLE OF CONTENTS</u>**

**Page**

INTRODUCTION ................................................................................. 1

BACKGROUND ................................................................................. 2

LEGAL STANDARD ......................................................................... 5

ARGUMENT....................................................................................... 5

I.      Mr. Young's Testimony Concerning Where Hill Supposedly Directed Her Eyes When She Visited the Website Is a New Opinion and Outside His Expertise. ........................................................................ 5

II.     Mr. Young's Testimony Concerning the Video Playback Code in April 2020 Is a New Opinion and Irrelevant. ............................................. 9

III.    Mr. Young's Testimony Concerning Affordable-Health-Insurance-Plans.org is Improper New Testimony and Irrelevant. ...................... 12

IV.     Mr. Young's Offers New Opinions and Irrelevant and Inadmissible Testimony Concerning the "Conspicuousness" of Terms and Conditions............................................................................................ 14

CONCLUSION................................................................................... 17

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Federal Cases**

5

6

*Asetek Denmark A/S v. CMI USA, Inc.*,
   No. 13-0457, 2014 WL 6997670 (N.D. Cal. Dec. 9, 2014) ................................ 7

7

*Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*,
   146 F.3d 1071 (9th Cir 1998) ......................................................................... 5

8

9

*Beecham v. Roseville City School Dist.*,
   No. 15-1022, 2017 WL 4038360 (E.D. Cal. Sept. 13, 2017) ............................ 7

10

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ......................................................................................... 5

11

12

*Daubert v. Merrell Dow Pharm.*,
   43 F.3d 1311 (9th Cir. 1995) .................................................................... 11, 12

13

14

*Daubert v. Merrell Dow Pharm.*,
   509 U.S. 579 (1993) ..................................................................................... 11

15

*Dubinsky v. Liberty Surplus Ins. Corp.*,
   No. 08-6744, 2010 WL 11506086 (C.D. Cal. June 15, 2010) ......................... 16

16

17

*Emelianenko v. Affliction Clothing*,
   No. 09-7865, 2011 WL 13176755 (C.D. Cal. July 28, 2011) ............................ 7

18

*Fineberg v. United States*,
   393 F.2d 417 (9th Cir. 1968) ........................................................................... 8

19

20

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
   No. 11-5341, 2014 WL 2859280 (N.D. Cal. June 20, 2014) ............................ 7

21

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008) ....................................................................... 16

22

23

*In re Ocean Bank*,
   481 F. Supp. 2d 892 (N.D. Ill. 2007) ............................................................. 16

24

25

*U.S. Fidelity & Guaranty Co.v. v. Lee Investments LLC*,
   641 F.3d 1126 (9th Cir. 2011) ......................................................................... 7

26

*United States v. W.R. Grace*,
   526 F.3d 499 (9th Cir. 2008) (en banc) ........................................................... 5

27

28

**Other Authorities**

Fed. R. Civ. P. 26 ........................................................................ 2, 3, 5, 7, 8

Fed. R. Civ. P. 37 .................................................................................. 5, 8

Fed. R. Evid. 401 ................................................................................... 11

Fed. R. Evid. 402 ................................................................................... 11

Fed. R. Evid. 702 ..................................................................................... 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**<u>INTRODUCTION</u>**

Following the February 28, 2020 evidentiary hearing on Quicken Loans' Motion to Compel (ECF No. 29), this Court directed the parties to submit the direct testimony of their respective experts by contemporaneously-filed declarations on April 7, 2020, and left for later determination whether the experts would be subject to future cross-examination.  ECF No. 92 (the "Order").  This contemporaneous exchange of direct testimony made sense because, at the time of that Order, the parties had exchanged reports identifying the opinions of their respective experts and the materials underlying or supporting those opinions.  But the April 7, 2020 declaration of Alexander Young (the "Young Declaration") submitted by Plaintiff Hill ("Hill") (ECF No. 94) goes far beyond Mr. Young's report (the "January 2020 Young Report") in several material ways in an improper attempt to inject previously-undisclosed and otherwise inadmissible evidence and purported "expert opinion" into the evidentiary record.

Specifically, the Young Declaration submits four never before disclosed and inadmissible opinions: (1) where Hill's eyes were supposedly directed during her October 2018 visit to the LMB.YourVASurvey.info website (Young Declaration at ¶¶ 45-46), even though he has no training or expertise of any kind to opine on human eye movement; (2) how the Active Prospect code on the LMB.YourVASurvey.info website functioned in ***April 2020*** (*id.* at ¶¶ 72-81 & Exs. X-Z, AA-BB); (3) how the Jornaya code functioned in ***April 2020*** on a wholly unrelated and never before disclosed website (affordable-health-insurance-plans.org) (*id.* at ¶¶ 66-71 & Exs. T-W); and (4) the purported "conspicuousness" (the very legal question before the Court) of the terms and conditions appearing on LMB.YourVASurvey.info and LowerMyBills.com (*id.* at ¶¶ 44-46, 51).  And, Mr. Young purports to support his new "opinions" with new exhibits created this month—*i.e.*, five weeks after he was supposed to testify at the February 28 hearing and eleven weeks after he provided the

1

1   January 2020 Young Report to Quicken Loans—of previously-undisclosed websites
2   and other materials.  *E.g.*, *id.* at Ex. T-Y, AA-BB.

3        In the absence of a fair opportunity for cross-examination, which Quicken
4   Loans requests by way of this Motion, Hill's attempt to offer new opinions and new
5   evidence in support of his purported opinions is unfair and prejudicial to Quicken
6   Loans and should be foreclosed by this Court.  Quicken Loans' rebuttal expert (Dr.
7   Greenspun) understandably prepared his expert testimony based on the January 2020
8   Young Report and has had no opportunity to respond to the new "opinions" and
9   evidence offered for the first time in Mr. Young's April 7 declaration.  To address
10  the unfair prejudice flowing from this reality, Quicken Loans moves this Court (a) to
11  permit it to cross-examine Mr. Young at a future hearing; (b) to permit it to submit
12  supplemental testimony from Dr. Greenspun addressing Mr. Young's new
13  "opinions" and purported "supporting evidence," or (c) to strike Mr. Young's new
14  "opinions" and purported "supporting evidence" from the evidentiary record.  These
15  remedies—all of which Hill tellingly opposed in the parties' pre-motion meet and
16  confer discussions—are warranted and appropriate to ensure basic fairness and to
17  preclude Hill's improper attempt to secure a litigation advantage through misuse of
18  the Court's procedure for the submission of contemporaneous direct testimony.
19  Indeed, Hill's conduct here is precisely the type of gamesmanship with expert
20  testimony that Rule 26 and this Court's December 19, 2019 Order were intended to
21  avoid.  *See* Fed. R. Civ. P. 26, 1970 Advisory Committee Note ("effective rebuttal
22  requires advance knowledge of the line of [expert] testimony of the other side").

23                                    **BACKGROUND**

24       On October 17, 2019, this Court directed the parties to participate in an
25  evidentiary hearing on two narrow factual issues related to the Motion to Compel
26  Arbitration:  (1) "whether Amanda Hill clicked a button entitled 'See my results!' on
27  any website affiliated with [Quicken Loans]" and (2) "whether notice of the websites'
28  terms of use were conspicuously visible next to the 'See my results!' button."  ECF

No. 54 at 3. On December 13, 2019—one business day before the parties appeared for the first day of the evidentiary hearing scheduled for December 16, 2019—Hill disclosed that she intended to present testimony from a purported expert witness, Alexander Young. Hill did not provide a Rule 26(a)(2)(B) expert report with that disclosure, and provided no information about Mr. Young's identity, his alleged qualifications, the opinions he intended to offer the Court, or the basis for any such opinions. Hill only disclosed Mr. Young's name.

At the December 16 evidentiary hearing, Quicken Loans objected that it had not been provided a Rule 26(a)(2)(B) report (or any other information) from Mr. Young to allow it to prepare for his testimony and conduct cross-examination. The Court subsequently ordered Plaintiff to "provide a report from [her] expert" on or before January 17, 2020. ECF Nos. 61, 69. Pursuant to that Order, Plaintiff provided the January 2020 Young Report to Quicken Loans on January 17, 2020.[1] In response, on February 18, 2020, Quicken Loans provided Dr. Greenspun's expert rebuttal report (the "Greenspun Report") to Plaintiff. Hill did not provide a Rule 26(a)(2)(D)(ii) rebuttal report to the Greenspun Report.

Thereafter, the parties appeared before the Court on February 28, 2020 to continue the evidentiary hearing on the Motion to Compel Arbitration. ECF No. 69. Mr. Young and Dr. Greenspun were both present and available to testify at the hearing. Following the conclusion of the fact witness testimony that day, the Court adjourned the hearing and ordered the parties to simultaneously submit on April 7, 2020, the direct testimony from their expert witnesses by declaration. ECF Nos. 86, 92. The Court further directed that it would review the testimony to determine whether to rule on the Motion to Compel Arbitration based on the record, or if the

---

[1] Plaintiff did not provide the Court with a copy of the January 2020 Young Report as part of the Young Declaration. So that the Court may compare the two, Quicken Loans submits it here as Exhibit A. Per the Parties' agreement (Exhibit B), the "best practices" section of the Report (at 9-10) was not to be submitted to the Court through the Young Declaration.

parties would be permitted to cross-examine the opposing expert.  ECF No. 92.  On April 7, 2020, Quicken Loans submitted the Greenspun Declaration (ECF No. 93) containing direct testimony on his opinions that had been previously disclosed in the Greenspun Report.  Later that same day, Hill submitted the Young Declaration (ECF No. 94).

The Young Declaration, however, was not limited to the opinions and supporting materials and information disclosed in the January 2020 Young Report. Instead, as noted, the Young Declaration offers several new opinions and exhibits that were never before disclosed to Quicken Loans, and in some instances were generated by Mr. Young several weeks after the February 28 hearing.  In particular, Mr. Young offers purported expert testimony concerning: (1) where Hill's eyes were supposedly looking when she visited LMB.YourVASurvey.info in October 2018 (Young Declaration at ¶¶ 45-46); (2) how the Active Prospect code on the LMB.YourVASurvey.info website functioned as of April 2020 (*id.* at ¶¶ 72-81 & Exs. X-Z, AA-BB); (3) how the Jornaya code on the unrelated and previously undisclosed affordable-health-insurance-plans.org website functioned as of April 2020 (*id.* at ¶¶ 66-71 & Exs. T-W); and (4) the "conspicuousness" of the terms and conditions appearing on the LMB.YourVASurvey.info and LowerMyBills.com websites (*id.* at ¶¶ 44-46, 51).[2]

Neither Quicken Loans nor its expert (Dr. Greenspun) were able to anticipate Mr. Young's new opinions prior to submitting Dr. Greenspun's rebuttal report or his direct testimony by declaration.  And, because the Court has indicated that it may rule on Quicken Loans' Motion "based on the record following the filing of the

---

[2] The Young Declaration also contains additional testimony on other matters that were not disclosed in the January 2020 Young Report. While that additional testimony is not the subject of this Motion, Quicken Loans reserves its right to test, object to or otherwise address or respond to that testimony if (1) this Court permits cross-examination or supplementation for purposes of resolution of the Motion to Compel Arbitration, or (2) Plaintiff attempts to rely upon Mr. Young's testimony (or any aspect of it) in connection with future proceedings in this action (if any).

1  parties' written submissions" of expert testimony, absent relief, Quicken Loans will
2  be denied an opportunity to test or rebut Mr. Young's previously undisclosed
3  testimony.

4       For the reasons set forth below, the Court should permit Quicken Loans
5  opportunity to cross-examine or respond by supplemental testimony from Dr.
6  Greenspun, or in the alternative, strike Mr. Young's improper testimony.

7                              **LEGAL STANDARD**

8       "If a party fails to provide information or identify [an expert] witness as
9  required by Rule 26(a) or (e), the party is not allowed to use that information or
10 witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure
11 was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may
12 impose other "appropriate sanctions" pursuant to Rule 37. *Id.* And, as this Court
13 well knows, it has inherent authority to permit the requested relief. It is "well
14 established" that "[d]istrict courts have inherent power to control their dockets."
15 *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (quoting
16 *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir
17 1998)). Indeed, "all federal courts are vested with inherent powers enabling them to
18 manage their cases and courtrooms effectively and to ensure obedience to their
19 orders." *Id.* "These powers are governed not by rule or statute but by the control
20 necessarily vested in courts to manage their own affairs so as to achieve the orderly
21 and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43
22 (1991) (citation omitted).

23                                **ARGUMENT**

24 I.   **MR. YOUNG'S TESTIMONY CONCERNING WHERE HILL SUPPOSEDLY**
25      **DIRECTED HER EYES WHEN SHE VISITED THE WEBSITE IS A NEW OPINION**
26      **AND OUTSIDE HIS EXPERTISE.**

27      In his declaration, Mr. Young improperly offers new testimony about where
28 Hill purportedly directed her eyes on the LMB.YourVASurvey.info website during

her October 2018 visit to that site. This testimony was not disclosed in the January 2020 Young Report and is well outside his purported technological expertise. Specifically, Mr. Young now opines that, for the period of time that Hill viewed the LMB.YourVASurvey.info website shown as Exhibit N to the Young Declaration on October 10, 2018, she directed her eyes *only* "where the address is being selected" and then "move[d] her eyes to the 'change' link . . . ."  Young Declaration at ¶ 45. And, based on his rank speculation about where Ms. Hill's eyes were looking in October 2018, Mr. Young goes on to conclude that the "[v]isibility of the Terms of Use link was far from obvious to Hill. . . . I can conclude that Hill was not offered any reasonable opportunity to see the Terms of Use link and know that she would be bound by the Terms of Use." *Id.* ¶ 46.

In the January 2020 Young Report, however, Mr. Young expressed no such opinion concerning where Hill's eyes were, or may have been, focused.  The only section of the January 2020 Young Report discussing the visibility of the Terms of Use (at page 7) never once mentions Hill's "eyes" or where she was looking on the webpage during her visit.  Rather, Mr. Young concluded that Hill "was not offered any reasonable opportunity to see the Terms of Use link" based solely on the amount of time (one second) for which he concedes the Terms of Use were "visible" to Hill (before she chose to change the page) during her visit as depicted in Exhibit N to the January 2020 Young Report.  January 2020 Young Report at 7.

Based on the January 2020 Young Report, Dr. Greenspun offered rebuttal testimony that completely refuted Mr. Young's conclusion because (1) the code from the subject website confirmed that Hill alone was in control of the length of time for which the Terms of Use link was visible to her, (2) academic research supports the conclusion that a user would recognize a Terms of Use link within the one second that link was visible to Hill, and (3) the terms and conditions disclosure language were visible to Hill throughout her visit to the site and gave multiple indications that she need only swipe a finger to view the entirety of those terms.  ECF No. 93-2 at

¶¶ 6, 37-43; *see also* Feb. 28, 2020 Hearing Tr. at 90:21-24 ("Q And whether you read the terms of use or not, no one was telling you couldn't. It was up to you one way or the other to decide; right? A Yes.")

Now, with the benefit of having read the Greenspun Report (and without having any human behavior or other on-point expertise), Mr. Young purports (for the first time) to know where Hill actually directed her eyes when she visited the LMB.YourVASurvey.info website.  It is hornbook law that direct expert testimony that was never offered as an opinion (or otherwise) in an expert report is improper and inadmissible.  *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341, 2014 WL 2859280, at *9 (N.D. Cal. June 20, 2014) (deposition testimony concerning new expert opinion not disclosed in expert report is inadmissible); *Asetek Denmark A/S v. CMI USA, Inc.,* No. 13-0457, 2014 WL 6997670, at *1-2 (N.D. Cal. Dec. 9, 2014) (granting motion to strike testimony that was "not part of [the] expert report"); *see also U.S. Fidelity & Guaranty Co.v. v. Lee Investments LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011) ("A district court does not abuse its discretion in limiting expert testimony to the expert's area of expertise and the subjects contained in the expert's disclosure.").

If Mr. Young's improper new opinions are permitted to stand without an opportunity for cross-examination or rebuttal, Quicken Loans will be prejudiced in its ability to adequately present evidence on the factual issues underlying its Motion to Compel Arbitration.  *See Beecham v. Roseville City School District*, No. 15-1022, 2017 WL 4038360, at *3-4 (E.D. Cal. Sept. 13, 2017) (granting additional discovery "where one party unfairly rebuts a rebuttal" in an untimely expert disclosure resulting in "tactical advantage" for that party); *Emelianenko v. Affliction Clothing*, No. 09-7865, 2011 WL 13176755, at *3 (C.D. Cal. July 28, 2011) (failure to disclose "new opinion" by expert "deprived [the opposing party] of an opportunity to have an expert review [the new] opinion, rebut it, or suggest avenues of cross-examination regarding it"); Fed. R. Civ. P. 26, 1970 Advisory Committee Note ("effective rebuttal requires

advance knowledge of the line of testimony of the other side" otherwise the rules of discovery "are frustrated").

   This Court already ordered Hill to disclose Mr. Young's opinions before he was permitted to provide live testimony (ECF Nos. 61, 69) in order to afford Quicken Loans  (1) a fair opportunity to prepare and respond, and (2) eliminate the possibility of unfair surprise and tactical advantage.  The Court's Order was not optional, nor was it illusory—it served a purpose consistent with Rule 26, the rules of discovery, civil procedure and fundamental fairness.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").  Now, however, Plaintiff apparently seeks to capitalize on the potential that this Court may not permit cross-examination of Mr. Young's testimony by offering previously-undisclosed opinions and testimony about where her eyes were looking during her visit to the LMB.YourVASurvey.info website visit in October 2018.  In doing so, Plaintiff treats the Court's Order directing Mr. Young to submit a report identifying his opinions (ECF Nos. 61, 69) as a charade.  If submitting undisclosed expert opinions was permissible (plainly, it is not) then Quicken Loans likewise should not have submitted any report from Dr. Greenspun, and both parties should have ambushed the other with expert testimony at the hearing.  Undeniably, that is not what this Court or the rules of discovery contemplate, and this Court should foreclose Plaintiff's effort to achieve that end.

   This conclusion is reinforced by the reality that Mr. Young's new opinion about human eye behavior falls well outside his purported area of expertise, and so is improper.  *Fineberg v. United States*, 393 F.2d 417, 421 (9th Cir. 1968) (for expert testimony to be admissible, "the witness must have such knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth"); Fed. R. Evid. 702 (expert may only offer

opinions based on his "scientific, technical, or other specialized knowledge").  Mr. Young testifies that his opinions are based on his work experience at a company engaged in "website design, development and digital marketing services."  Young Declaration at ¶ 4.  Mr. Young, however, cites no experience, training, or education that would qualify him to testify about where an individual web user focuses his or her eyes on a specific website at a particular point in time.  Nor does the list of materials reviewed by Mr. Young suggest that he has any basis for knowing where Ms. Hill was looking when she visited the website.  *See* Young Declaration at ¶ 11; *see also* Feb. 28, 2020 Hearing Tr. at 86:7-13 ("Q . . . Did [Mr. Young] get any information from you? A [Hill] No.").  Indeed, Mr. Young offers this new opinion without citation to any evidence, research, or scientific studies at all.  *See* Young Declaration ¶¶ 45-46.  And he does not pretend to suggest that he was physically present when Ms. Hill visited the website in October 2018 such that he might have personal knowledge of where she directed her eyes.  Instead, Mr. Young submits his opinion on this matter, *ipse dixit*, and without opportunity for Quicken Loans to test it or provide rebuttal testimony.[3]  This Court should permit cross-examination or rebuttal testimony or, alternatively, strike Paragraphs 45-46 of the testimony as improper.

**II.    MR. YOUNG'S TESTIMONY CONCERNING THE VIDEO PLAYBACK CODE IN APRIL 2020 IS A NEW OPINION AND IRRELEVANT.**

Mr. Young improperly purports to opine on the "action the Active Prospect code takes on the [LMB.YourVASurvey.info] Webpage visited by Hill" based on his

---

[3] By way of evidentiary proffer, if Quicken Loans is permitted to rebut this new testimony, it will show that the technical evidence provides no basis for Mr. Young to opine concerning where Hill ***actually*** looked on her device while visiting the subject website, and that studies on user interactions with websites supports that Ms. Hill would have seen the Terms of Use (consistent with her February 28 testimony that she had the opportunity to review those terms had she wanted to). Ee Feb. 28, 2020 Hearing Tr. at 90:21-24 ("Q And whether you read the terms of use or not, no one was telling you couldn't. It was up to you one way or the other to decide; right? A Yes.").

own visit to that website in April 2020.  Young Declaration at ¶¶ 72-81 & Exs. X-Z, AA-BB.  The new exhibits Mr. Young submits in support of this opinion are dated April 3, 2020, and make clear that he did not develop the basis for this opinion until nearly three months after he submitted the January 2020 Young Report to Quicken Loans, and five weeks after Mr. Young would have testified before the Court at the February 28 hearing.  *Id.*  It rationally follows that Mr. Young's testimony and opinions based on how the ActiveProspect code functioned and appeared on the LMB.YourVASurvey.info website in **April 2020** were not—and could not have been—disclosed in his **January 17** Report.  Beyond that, his opinions on how the code appears and functions in April 2020 are irrelevant to how the code appeared and functioned when Ms. Hill visited the website in October 2018.

Mr. Young first testifies that, based on his April 2020 visit to LMB.YourVASurvey.info, the ActiveProspect video playback service is present (today) on **both** the web form and separate the "Thank You" page.  *Id.* at ¶ 81.  He then concludes that the absence of a second "Thank You" page video showing Ms. Hill's visit to the site on October 10, 2018, is somehow "proof of the lack of the button being clicked" by Ms. Hill.  *Id.*  Plaintiff's attempt to have Mr. Young testify anew based on the site's present-day function is understandable because the January 2020 Young Report had erroneously concluded that the absence of the "Thank You" page was unexpected and suggestive of Ms. Hill not clicking the "See my results!" Button.  *See* ECF No. 93 (Greenspun Declaration) at 17-18.

Mr. Young next admits that his new opinion on how the ActiveProspect code functions is based on the "***assum[ption]*** that the video would cease once the new page is loaded and [] is visible on the video."  *Id.* at ¶ 79 (emphasis added).  From this new testimony and assumption, Mr. Young takes the opportunity to respond to Dr. Greenspun's citation to an ActiveProspect support article explaining how the video playback functions, and concludes that the article is "misleading, unclear or out of date."  *Id.* at ¶ 79.  However, Mr. Young does not offer any basis for his

"assumption," and offered no such opinions in his Report. The opinions offered in the January 2020 Young Report regarding the ActiveProspect video playback service concerned *only* the video of Hill's website visit. January 2020 Young Report at 10-11 (discussing ActiveProspect video playback).

At bottom, Mr. Young's opinions concerning how the ActiveProspect video playback service operates on LMB.YourVASurvey.info today are both improper new opinions and irrelevant to the disposition of the Motion to Compel Arbitration. For the reasons explained in the prior section above, his new testimony is improper and should not be permitted to stand unrebutted. *Supra* at 7-9. Furthermore, it is black-letter law that irrelevant evidence is improper and inadmissible. Fed. R. Evid. 401; Fed. R. Evid. 402. To be relevant, expert testimony must "fit" the facts of the case—in other words, it must "logically advance[] a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591 (1993); *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1315 (9th Cir. 1995). This Court requested an evidentiary hearing on two narrowly-tailored issues concerning Hill's experience visiting the LMB.YourVASurvey.info website in 2018. ECF No. 54 at 3. Mr. Young's opinions concerning how that website functions today are entirely irrelevant and nonresponsive to the Court's inquiry, and are thus improper. Tellingly, Mr. Young does ***not*** opine that the ActiveProspect video playback service was present on the "Thank You" page at the time Hill visited the website in October 2018—and that is the only time that matters. He could not offer such testimony because, as the Court already heard from testimony by the webpage's Chief Technology Officer, that is not how the webpage functioned in October 2018. Feb. 28, 2020 Hearing Tr. at 33:23-34:5 ("Q . . . Would a second certificate or a second lead ID in the case of Jornaya be generated with respect to the 'thank you' page that somebody would see if they did click the button? A Not at this time. Q 'Not at this time' meaning, not in October 2018? A Correct."). In other words, Mr. Young's

1  opinion fails to (as it must) "speak[] clearly and directly to an issue in dispute in the

2  case." *Daubert*, 43 F.3d at 1321 n.17.

3      For these reasons, if Mr. Young's new and unsupported (and unsupportable)

4  opinions in Paragraphs 72-81 and Exhibits X-Z and AA-BB of the Young

5  Declaration are permitted to stand without an opportunity for cross-examination or

6  rebuttal (and it should not be), Quicken Loans will be substantially prejudiced.[4]

7  **III.   MR. YOUNG'S TESTIMONY CONCERNING AFFORDABLE-HEALTH-**

8      **INSURANCE-PLANS.ORG IS IMPROPER NEW TESTIMONY AND IRRELEVANT.**

9      The Young Declaration improperly purports to opine on the "typical

10 . . . functionality" of the Jornaya video playback service present on

11 LMB.YourVASurvey.info in October 2018 based on Mr. Young's visit to the

12 unrelated website "affordable-health-insurance-plans.org" *earlier this month*.

13 Young Declaration at ¶¶ 66-71 & Exs. T-W.  As with Mr. Young's improper opinion

14 concerning the ActiveProspect video service, the new exhibits for this testimony are

15 dated April 3, 2020, indisputably establishing that his testimony is brand new and

16 was not disclosed in the January 2020 Young Report.  *Id.*

17      Based on his interactions with the affordable-health-insurance-plans.org

18 website, Mr. Young opines "the Jornaya system collected data for this site visit past

19 the clicking of the 'Submit' button and that click would therefore be visible in the

20 video Jornaya would produce for that LeadID."  *Id.* at ¶ 70.  From this testimony, Mr.

21 Young appears to suggest (although does not explicitly state) that he believes in

22 October 2018 the LMB.YourVASurvey.info website should have functioned

23 similarly to how the unrelated affordable-health-insurance-plans.org website

24 functioned in April 2020.  *See id.*  But Mr. Young offered no opinions concerning

25

26 [4] By way of evidentiary proffer, if the Court permits Quicken Loans to submit
    rebuttal testimony and evidence concerning this issue, it will show that the 2018
27 source code for LMB.YourVASurvey.info website from the time of Ms. Hill's visit
    did not function in the manner that Young describes from his April 2020 visit, and
28 that a change was made to the website after October 2018 and before Mr. Young's
    visit to the site in April 2020.  *See* Feb. 28, 2020 Hearing Tr. at 33:23-34:5.

12

either the "affordable-health-insurance-plans.org" website or the "typical . . . functionality" of the Jornaya video playback service in the January 2020 Young Report. His opinions regarding the Jornaya video playback service concerned ***only*** the video of Hill's website visit. January 2020 Young Report at 11 (discussing Jornaya video playback).[5]

Mr. Young's opinions concerning how the Jornaya video playback service operates on affordable-health-insurance-plans.org today are both improper new opinions and irrelevant to the disposition of Quicken Loan's Motion. In order to rule on that Motion, the Court requested evidence concerning Hill's experience visiting two websites: LMB.YourVASurvey.info and LowerMyBills.com. ECF No. 54 at 3. Mr. Young offers no basis to believe that there are any similarities between the code or structure of the affordable-health-insurance-plans.org website and the websites ***actually*** at issue. As demonstrated in the Greenspun Report (*see* ECF No. 93 at ¶¶ 20-22), the code and overall structure of a website is critical to understanding how a video playback service such as Jornaya will record a visit, which may well be implemented differently on different websites that are operated by different companies (as was the case with the LMB.YourVASurvey.info and LowerMyBills.com websites). This perfectly explains why the opinions that Mr. Young ***did*** disclose in the January 2020 Young Report offer no support for his supposition that Ms. Hill did not click the "See my results!" button and why he is offering new opinions now.

For the same reasons set forth in Sections I (regarding new opinions) and II (regarding irrelevant expert testimony), if Mr. Young's opinions in Paragraphs 66-

---

[5] Based on the parties' meet and confer, Quicken Loans anticipates that Plaintiff may argue in opposition that Mr. Young's use of affordable-health-insurance-plans.org is permissible and not new because the January 2020 Young Report offered exhibits and testimony concerning a completely different health care website to support Young's opinions on a different matter. But a generic citation to a health care-related website in a report does not somehow open the gates to permit new and different opinions based exclusively on a later (and previously-undisclosed) visit to a different healthcare website.

71 and Exhibits T-W of the Young Declaration are permitted to stand without an opportunity for cross-examination or rebuttal (and they should not be), Quicken Loans will be substantially prejudiced.[6]

**IV.   MR. YOUNG'S OFFERS NEW OPINIONS AND IRRELEVANT AND INADMISSIBLE TESTIMONY CONCERNING THE "CONSPICUOUSNESS" OF TERMS AND CONDITIONS.**

Mr. Young's testimony about whether the terms and conditions appearing on LMB.YourVASurvey.info and LowerMyBills.com were "conspicuous" is also improper because the testimony (i) is irrelevant; (ii) was not disclosed in the January 2020 Young Report; and (iii) offers an improper legal conclusion.   Young Declaration at ¶¶ 44-46, 51.

Mr. Young offered two general opinions in the January 2020 Young Report concerning the "conspicuousness" of the website terms.  First, he opined that the Terms of Use hyperlink on  LowerMyBills.com was "not conspicuous" (1) when viewed from Mr. Young's iPhone in or around January 2020, and (2) when that website was emulated on "a Pixel using Browserstack" during the same timeframe. January 2020 Young Report at 8.  Second, he opined that as a general matter and "best practice," "terms need to be presented in a location that will be conspicuous to a site visitor and using a font size that is readable as well as a font to background color that has sufficient contract to be visible." *Id.* at 9.

During and after the February 28, 2020 evidentiary hearing on Quicken Loans' Motion to Compel Arbitration, Quicken Loans advised Plaintiff's counsel that Mr. Young's testimony concerning "best practices" generally was objectionable and not relevant to the narrow areas of inquiry before the Court. *See* ECF No. 54 at 3.  As a

---

[6] By way of evidentiary proffer, if the Court permits Quicken Loans to submit rebuttal testimony and evidence concerning this issue, it will show that the Jornaya video playback service operated differently on  LMB.YourVASurvey.info in October 2018 (when Hill visited), as compared to affordable-health-insurance-plans.org in April 2020 (described in the Young Declaration).

result, the parties agreed that neither Mr. Young nor Dr. Greenspun would submit testimony to the Court concerning these purported "best practices."  *See* Exhibit B. Disregarding the parties' agreement and Quicken Loans' well-founded objection, Mr. Young now purports to testify generally that "lead generation websites from larger brands place language that would bind you to certain terms in a non-conspicuous place.  Items such as terms or policies are considered an impediment to a site visitor completing their interaction with a form. That is why they are not conspicuous." Young Declaration at ¶ 44.  Despite Plaintiff's attempts to mask this testimony by discarding the "best practices" label, it is directly drawn from the "best practices" opinions expressed in the January 2020 Young Report that the parties agreed were not relevant to the inquiry before the Court and had agreed not to submit.  *Compare* January 2020 Young Report at 9-10 (opining in "best practices" section on where lead generators place terms and conditions language and visibility to "site visitor") *with* Young Declaration at ¶¶ 44-45 (opining on same).

Plaintiff's opinion regarding "conspicuousness" as a general matter also is irrelevant to the disposition of Quicken Loans' Motion and should be ignored. Indeed, Mr. Young implicitly concedes, the practices of "lead generation websites" generally has no bearing on whether Terms and Conditions were visible to Hill when she visited the relevant websites.  *See id.* at ¶ 44 ("Hill's interaction with the Webpage in question is the only one that I am asked to verify.").

Mr. Young also offers new opinions regarding "conspicuousness" that go well beyond the purported (and irrelevant) "best practices" described in the January 2020 Young Report and the prior bases offered in the January 2020 Young Report for his "conspicuous" opinion.  Mr. Young now opines about the standard by which this Court should measure the "conspicuousness" of the LMB.YourVASurvey.info website terms.  He asserts (for the first time and without citation) that one should measure the "conspicuousness" of the Terms of Use on the LMB.YourVASurvey.info website with reference to "the average site visitor" and

15

where such an average "site visitor would have his or her eyes" when viewing the website, but offers no standards by which to measure, test, or otherwise support his conclusion. *Id.* at ¶ 45. Mr. Young also offers a general definition of "conspicuous," borrowed from the Merriam-Webster Dictionary. *Id.* at ¶ 46. Any references to "conspicuousness" in the Young Declaration necessarily implicate this new and improper definition. *See id.* at ¶¶ 44-46, 51. These opinions do not appear in the January 17, 2020 Young Report and are improper for the same reasons as Mr. Young's other previously-undisclosed testimony. *Supra* at 7-9.

Each of Mr. Young's opinions regarding conspicuousness are also improper legal conclusions. It is well-established that "[c]ourts decline to consider 'expert legal opinion on questions of law' because to do so 'interferes with the judge's role as the sole arbiter of the law.'" *Dubinsky v. Liberty Surplus Insurance Corporation*, No. 08-6744, 2010 WL 11506086, at n.65 (C.D. Cal. June 15, 2010) (sustaining objection to expert testimony); *see also Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"). Whether the text displayed was "conspicuous" (as opposed to merely visible or present) is a purely legal question that is inappropriate for expert testimony. *See In re Ocean Bank*, 481 F. Supp. 2d 892, 902 (N.D. Ill. 2007); *Black's Law Dictionary* (11th Ed. 2019) (defining "conspicuous"). Indeed, whether the terms and conditions were "conspicuously visible" is ***the precise question*** posed by the Court in connection with the resolution of the Motion to Compel Arbitration. ECF No. 54 at 3.

Plaintiff and Mr. Young should not be permitted to renege on counsel's agreement about whether Mr. Young's "best practices" testimony is relevant to resolve Quicken Loans' Motion to Compel Arbitration (and it is not). *See* Exhibit B. Nor should Mr. Young be permitted to offer legal conclusions in an attempt to usurp

the Court's role as factfinder.[7]  Mr. Young's testimony in Paragraphs 44-46 and 51 of the Young Declaration should be stricken as improper.  And, if it is not stricken, Quicken Loans should be afforded the opportunity to cross-examine or rebut that testimony to avoid unfair prejudice to it in the resolution of the Motion to Compel Arbitration.

## CONCLUSION

For all the foregoing reasons, Quicken Loans respectfully requests that this Court grant this Motion by permitting Quicken Loans the opportunity either cross-examine Mr. Young at a future hearing or present rebuttal testimony by declaration, or alternatively by striking from the record paragraphs 44-46, 51, 66-71, 72-81 and Exhibits T-Z and AA-BB of the Young Declaration.

Respectfully submitted,

Dated:  April 27, 2020         By: /s/ W. Kyle Tayman

BROOKS R. BROWN
*BBrown@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER LLP**

YVONNE W. CHAN (*pro hac vice*)
*ychan@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570-1000
Fax: +1 617 523-1231

LAURA A. STOLL (SBN 255023)
*LStoll@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor

---

[7] By way of evidentiary proffer, if Mr. Young's testimony concerning the "conspicuousness" of terms and conditions generally, and on the relevant websites, is allowed to stand, Quicken Loans should be permitted to respond to address the appropriateness of Mr. Young's purported standard for "conspicuousness" and whether the terms and conditions on LMB.YourVASurvey.info satisfy that standard. Quicken Loans would do so by, in part, submitting the parts of Dr. Greenspun's Report that it withheld from his direct testimony pursuant to the parties' agreement (ECF No. 93-2 at ¶¶ 8, 47-51, 54-58, 62-65).

Los Angeles, CA  90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

JEFFREY B. MORGANROTH (*pro hac vice*)
*jmorganroth@morganrothlaw.com*
**MORGANROTH AND MORGANROTH
PLLC**

Attorneys for Defendant:
QUICKEN LOANS INC.