BROOKS R. BROWN (SBN 250724)
*bbrown@goodwinlaw.com*
W. KYLE TAYMAN (*pro hac vice*)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER** LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

JEFFREY B MORGANROTH (*pro hac vice*)
*jmorganroth@morganrothlaw.com*
**MORGANROTH** AND **MORGANROTH** PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

Attorneys for Defendant:
QUICKEN LOANS, LLC (F/K/A QUICKEN LOANS INC.)
[ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| AMANDA HILL and GAYLE HYDE, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 5:19-cv-00163-FMO-SP<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Ctrm.:  6-D<br>Judge:   Hon. Fernando M. Olguin |

1    QUICKEN LOANS, LLC (f/k/a Quicken Loans Inc.) ("Quicken Loans" or
2    "the Company"), hereby provides its answers and other responses to Plaintiff
3    Amanda Hill's ("Hill" or "Plaintiff") Second Amended Complaint ("SAC") (ECF
4    No. 73).  As Fed. R. Civ. P. 15 sets the deadline for this Answer, and because Plaintiff
5    refused Quicken Loans' request for any extension of the Rule 15 deadline and the
6    time periods for the briefing of motions under the Local Rules would not
7    accommodate the litigation and resolution of a motion for extension in advance of
8    expiration of the Rule 15 deadline, Quicken Loans provides this Answer to comply
9    with Rule 15 and without prejudice to (a) its position that Plaintiff's claim is subject
10   to a binding and enforceable arbitration agreement (and so no answer or other
11   response to the SAC is required); (b) its forthcoming appeal as of right from this
12   Court's Order (ECF No. 108) denying the Company's motion to compel arbitration
13   of Plaintiff's claim; and (c) its forthcoming motion to stay all proceedings in this
14   action pending resolution of the Company's appeal from the Order.  Quicken Loans
15   expressly reserves all of its appellate rights with respect to the Order and all of its
16   rights to seek a stay of all proceedings in this action, and nothing in this Answer is
17   intended to or shall be construed otherwise.  Quicken Loans' responses are also made
18   without waiving, and expressly reserving, all rights Quicken Loans has to file
19   dispositive motions that are addressed to the claim asserted in the SAC, in the event
20   this matter is not compelled to arbitration.

21   Plaintiff Gayle Hyde has stipulated to the dismissal, with prejudice, of her sole
22   claim in the SAC.  ECF Nos. 101, 103; Fed. R. Civ. P. 41(a)(1)(A)(ii).  As such, no
23   response is required to the claim and allegations in the SAC concerning Hyde.  To
24   the extent a further response may be required to such claim and allegations, however,
25   each and every such claim and allegation is expressly denied.  Further, in light of the
26   dismissal of Hyde's claim, Quicken Loans understands and will construe the term
27   "Plaintiffs," as it is used in the SAC, to refer to Plaintiff Amanda Hill only, and
28   provides the following answers and other responses consistent with that

1 understanding and construction. Except as specifically admitted herein, each and

2 every allegation in the SAC is denied. Quicken Loans' responses to the individually

3 numbered and other paragraphs of the SAC are as follows:

4       In response to the first sentence in the first unnumbered Paragraph of the SAC,

5 Quicken Loans admits only that Plaintiff Hill purports to assert a claim against

6 Quicken Loans. Quicken Loans states that it lacks knowledge or information

7 sufficient to form a belief as to the truth of the allegations concerning the basis for

8 Plaintiff's claim, and so denies them. In response to the second sentence in the first

9 unnumbered Paragraph of the SAC, Quicken Loans states that it lacks knowledge or

10 information sufficient to form a belief as to the allegations about Plaintiff's personal

11 belief that discovery will reveal evidentiary support for her claim, and so denies them.

12 Except as expressly admitted and stated herein, Quicken Loans denies the allegations

13 in the first unnumbered Paragraph of the SAC.

14 **"NATURE OF THE CASE"[1]**

15     1.    Quicken Loans admits only that Plaintiff purports to assert a claim

16 against it for violation of the TCPA, and seeks the remedies identified in the SAC.

17 Except as expressly admitted herein, Quicken Loans denies all the allegations in

18 Paragraph 1. Further responding, Quicken Loans specifically denies engaging in any

19 of the alleged "illegal actions," specifically denies "transmitting unsolicited,

20 autodialed SMS or MMS text messages, *en masse*, to Plaintiff['s] cellular device[]

21 and the cellular devices of numerous other individuals across the country,"

22 specifically denies any violation of the TCPA, and specifically denies that any class

23 should be certified in this action.

24

25

26

---

27 [1] Quicken Loans' inclusion of the headings used in the SAC is strictly for ease of reference by the Court and parties. Quicken Loans does not admit the truth of any allegation contained within any headings, but instead expressly denies any such allegations.

28

1

**"JURISDICTION AND VENUE"**

2    2.    Paragraph 2 states conclusions of law to which no response is required.

3    To the extent the first clause of Paragraph 3 may be construed to contain allegations

4    of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

5    3.    The first clause of Paragraph 3 states conclusions of law to which no

6    response is required.  To the extent the first clause of Paragraph 3 may be construed

7    to contain allegations of fact directed to Quicken Loans requiring a response,

8    Quicken Loans denies them.

9    In response to the allegations in Paragraph 3(a), Quicken Loans states that it

10    lacks knowledge or information sufficient to form a belief as to their truth, and so

11    denies them.

12    The allegations in Paragraph 3(b) are vague, ambiguous and otherwise fail to

13    identify the subject "text messages," "telephone number that is assigned an area code

14    (951)," and "location in this district."  Quicken Loans cannot, therefore, admit or

15    deny them, and so denies them.

16    In response to allegations in Paragraph 3(c), Quicken Loans denies that it sent

17    unsolicited text messages to Hill.  Further responding, Quicken Loans states the

18    allegations in Paragraph 3(c) are vague, ambiguous and otherwise fail to identify the

19    subject "text messages," "cellular device," and location "in this district."  Quicken

20    Loans cannot, therefore, admit or deny them, and so denies them.  Quicken Loans

21    also lacks knowledge or information sufficient to form a belief as to the truth of the

22    allegations in Paragraph 3(c) concerning Hill's "receipt" (or lack thereof) of the

23    unidentified "text messages" or her location at the unidentified time of the alleged

24    receipt, and so denies them.

25    In response to the allegations  in Paragraph 3(d), Quicken Loans admits only

26    that it is a residential mortgage lender, that it is licensed in and conducts business in

27    California and other states, and that it has helped millions of families nationwide to

28    purchase homes and refinance home loans.  Further responding, Quicken Loans states

that the allegations about it conducting "substantial business in this district" are vague, ambiguous and imprecise. Quicken Loans cannot, therefore, admit or deny them, and so denies them. The remaining allegations in Paragraph 3(d) about "intentional[] avail[ment] . . . of the laws of the State of California" state conclusions of law to which no response is required.

Except as expressly admitted herein, Quicken Loans denies all allegations in Paragraph 3 and each of its sub-paragraphs.

4.    No response is required to Paragraph 4 and its sub-paragraphs because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice. ECF Nos. 101, 103. To the extent Paragraph 4 or its sub-paragraphs may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

## "PARTIES"

5.    Paragraph 5 states conclusions of law to which no response is required. Further answering, Quicken Loans states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 concerning Hill's purported citizenship and residency "at all times mentioned" in the SAC, and so denies them.

6.    No response is required to Paragraph 6 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice. ECF Nos. 101, 103. To the extent Paragraph 6 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

7.    The allegations in the first sentence of Paragraph 7 states conclusions of law to which no response is required. In response to the allegations in the second sentence of Paragraph 7, Quicken Loans admits only that it is a corporation organized under the laws of the State of Michigan with a principal place of business in Detroit, Michigan. Except as specifically admitted herein, Quicken Loans denies all allegations in Paragraph 7.

## "THE TELEPHONE CONSUMER PROTECTION ACT OF 1991"

8.    Paragraph 8 contains no allegations of fact directed to Quicken Loans requiring a response, and otherwise states conclusions of law to which no response is required.  To the extent Paragraph 8 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them and states only that the referenced provision of the TCPA speaks for itself and is the best evidence of its contents.

9.    Paragraph 9 contains no allegations of fact directed to Quicken Loans requiring a response, and otherwise states conclusions of law to which no response is required.  To the extent Paragraph 9 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them and states only that the purported (but unidentified) FCC "findings" and "recogni[tion]," if any, speak for themselves and are the best evidence of their contents.

10.    Paragraph 10 and footnote 1 contain no allegations of fact directed to Quicken Loans requiring a response.  To the extent Paragraph 10 and footnote 1 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them and states only that the referenced internet "article" speaks for itself and is the best evidence of its contents.

11.    Paragraph 11 contains no allegations of fact directed to Quicken Loans requiring a response.  To the extent Paragraph 11 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans states that the allegations are vague, ambiguous, imprecise and otherwise fail to identify the referenced "text messages," "recipients," "wireless phone[s]," and recipient locations.  Quicken Loans cannot, therefore, admit or deny them, and so denies them.  Further answering, Quicken Loans specifically denies that all wireless phones "alert" the "recipient" that a text message has been "successfully transmitted" or "received."

12.     Paragraph 12 contains no allegations of fact directed to Quicken Loans requiring a response.  To the extent Paragraph 12 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans states that the allegations are vague, ambiguous, imprecise, hypothetical in nature, and otherwise fail to identify the referenced "SMS and MMS message advertisements," "recipients," "wireless phone users," "wireless service providers," or "data plans."  Quicken Loans cannot, therefore, admit or deny them, and so denies them.  Further answering, Quicken Loans specifically denies that "SMS and MMS message advertisements" cost their recipients money in all circumstances.

13.     Paragraph 13 contains no allegations of fact directed to Quicken Loans requiring a response, and otherwise states conclusions of law to which no response is required.  To the extent Paragraph 13 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

## "FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS"

14.     Quicken Loans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 concerning Hill's status as a subscriber of the referenced telephone number ending in -9785 at present and at all times mentioned in the SAC, and so denies them.  The second sentence of Paragraph 14 states conclusions of law to which no response is required. To the extent the second sentence of Paragraph 14 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans states only that (a) it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether the subject number is assigned to a "cellular telephone service" at present and has been so assigned at all times mentioned in the SAC, and (b) the TCPA speaks for itself and is the best evidence of its contents.  Except as specifically stated herein, Quicken Loans denies all allegations in the second sentence of Paragraph 14.

15.    Quicken Loans denies the allegations in Paragraph 15, and specifically denies that it sent text messages to the subject telephone number ending in -9785 without prior express consent.  Further answering, Quicken Loans states that the referenced "screenshot" of the "example" text message "extracted from Hill's cellular device" speaks for itself and is the best evidence of its contents.

16.    The allegations in the first sentence of Paragraph 16 are vague, ambiguous, imprecise and otherwise fail to identify the dates and times of the referenced "several occasions."  Quicken Loans cannot, therefore, admit or deny the allegations in the first sentence of Paragraph 16, and so denies them.  In response to the allegations in the second sentence of Paragraph 16, Quicken Loans states only that the referenced "screenshot" "extracted from Hill's cellular device" speaks for itself and is the best evidence of its contents.  Quicken Loans denies the remaining allegations in Paragraph 16, and specifically denies sending an "onslaught of . . . digital junk mail" to the subject telephone number. Except as expressly stated herein, Quicken Loans denies the allegations in Paragraph 16.

17.    Quicken Loans denies the allegations in the first and second sentences of Paragraph 17.  The third sentence of Paragraph 17 states conclusions of law to which no response is required.  To the extent a response is required to the third sentence of Paragraph 17, Quicken Loans states that the TCPA speaks for itself and is the best evidence of its contents and otherwise denies the allegations.

18.    Quicken Loans admits only that the URLs containing "m.qloans.co/" followed by other unique numbers and characters depicted in the images at Paragraphs 15 and 16 were operated by Quicken Loans and were uniquely associated with Plaintiff's (or someone acting or purporting to act on her behalf's) requests for mortgage information and prior consents to calls and texts from Quicken Loans made at LMB.YourVASurvey.Info on or about October 11, 2018 and LowerMyBills.com on or about November 12, 2018.  Except as expressly admitted, Quicken Loans denies the allegations in Paragraph 18.

19.    Quicken Loans admits only that the URLs containing "m.qloans.co/" followed by other unique numbers and characters depicted in the images at Paragraphs 15 and 16 were operated by Quicken Loans and were uniquely associated with Plaintiff's (or someone acting or purporting to act on her behalf's) requests for mortgage information and prior consents to calls and texts from Quicken Loans made at LMB.YourVASurvey.Info on or about October 11, 2018 and LowerMyBills.com on or about November 12, 2018.  Further answering, Quicken Loans states that the websites rendered upon clicking the URLs belonged to Quicken Loan in October and November 2018.  The websites speak for themselves and are the best evidence of their contents.  Except as specifically admitted and stated herein, Quicken Loans denies the allegations in Paragraph 19.

20.    Quicken Loans admits only that it contacted the telephone number ending in -9785 from the SMS short code 26293, which is registered to Quicken Loans, after Hill (or someone acting or purporting to act on her behalf) voluntarily submitted contact and other personal information, including the telephone number ending in -9785, and provided prior written consent to calls and texts from Quicken Loans as part of a request to be contacted at that number by Quicken Loans in order to obtain information about a mortgage refinance loan.  The remaining allegations in Paragraph 20 are vague, ambiguous, imprecise, and otherwise fail to identify the referenced "text message marketing program."  Quicken Loans cannot, therefore, admit or deny the allegations, and so denies them.

21.    No response is required to Paragraph 21 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 21 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

22.    No response is required to Paragraph 22 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF

Nos. 101, 103.  To the extent Paragraph 22 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

23.     No response is required to Paragraph 23 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 23 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

24.     No response is required to Paragraph 24 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 24 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

25.     No response is required to Paragraph 25 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 25 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

26.     No response is required to Paragraph 26 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 26 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

27.     No response is required to Paragraph 27 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 27 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

28.     No response is required to Paragraph 28 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF Nos. 101, 103.  To the extent Paragraph 28 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

29.     No response is required to Paragraph 29 because it contains allegations relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF

1  Nos. 101, 103.  To the extent Paragraph 29 may be construed to contain allegations
2  of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

3        30.    No response is required to Paragraph 30 because it contains allegations
4  relating only to Plaintiff Hyde and her claim has been dismissed with prejudice.  ECF
5  Nos. 101, 103.  To the extent Paragraph 30 may be construed to contain allegations
6  of fact directed to Quicken Loans requiring a response, Quicken Loans denies them.

7        31.    Quicken Loans lacks knowledge or information sufficient to form a
8  belief as to the truth of the allegations in Paragraph 31 concerning whether and how
9  "Plaintiff[] [is] alerted by her cellular devices . . . whenever she receives a text
10 message," and how Plaintiff responded to the alleged receipt of text messages, so
11 denies them.  Quicken Loans otherwise denies the allegations in Paragraph 31.
12 Further answering, Quicken Loans states that no response is required to the
13 allegations in Paragraph 31 relating to Plaintiff Hyde because her claim has been
14 dismissed with prejudice.  ECF Nos. 101, 103.  To the extent such allegations may
15 be construed to contain allegations of fact directed to Quicken Loans requiring a
16 response, Quicken Loans denies them.

17       32.    Paragraph 32 states conclusions of law to which no response is required.
18 To the extent Paragraph 32 may be construed to contain allegations of fact directed
19 to Quicken Loans requiring a response, Quicken Loans denies them, and specifically
20 denies that any class should be certified in this action.

21       33.    Paragraph 33 states conclusions of law to which no response is required.
22 To the extent Paragraph 33 may be construed to contain allegations of fact directed
23 to Quicken Loans requiring a response, Quicken Loans denies them, and specifically
24 denies that any class should be certified in this action.

25       34.    Paragraph 34 states conclusions of law to which no response is required.
26 To the extent Paragraph 34 may be construed to contain allegations of fact directed
27 to Quicken Loans requiring a response, Quicken Loans denies them, and specifically
28 denies that any class should be certified in this action.

35.    Paragraph 35 states conclusions of law to which no response is required. To the extent Paragraph 35 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, and specifically denies that any class should be certified in this action.

36.    Paragraph 36 states conclusions of law to which no response is required. To the extent Paragraph 36 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, and specifically denies that any class should be certified in this action.

## "CLASS ALLEGATIONS"

37.    Paragraph 37 contains no allegations of fact directed to Quicken Loans requiring a response.  To the extent Paragraph 37 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, specifically denies that any class should be certified in this action, and specifically denies that Plaintiff could represent the putative class alleged in Paragraph 37 consistent with the requirements of Fed. R. Civ. P. 23.   Further answering, Quicken Loans understands that Plaintiff intends to seek certification of a putative class different from that alleged in Paragraph 37.

38.    Paragraph 38 contains no allegations of fact directed to Quicken Loans requiring a response.  To the extent Paragraph 38 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, specifically denies that any class should be certified in this action, and specifically denies that Plaintiff could represent the putative class alleged in Paragraph 38 consistent with the requirements of Fed. R. Civ. P. 23.   Further answering, Quicken Loans understands that Plaintiff intends to seek certification of a putative class different from that alleged in Paragraph 38.

39.    Paragraph 39 contains no allegations of fact directed to Quicken Loans requiring a response.  To the extent Paragraph 39 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans

denies them, specifically denies that any class should be certified in this action, and specifically denies that Plaintiff could represent the putative classes alleged in Paragraphs 37 and 38 consistent with the requirements of Fed. R. Civ. P. 23.

40.    Quicken Loans admits only that Plaintiff purports to exclude the identified persons from the putative classes alleged in Paragraphs 37 and 38. Except as expressly admitted herein, Quicken Loans denies the allegations in Paragraph 40, specifically denies that any class should be certified in this action, and specifically denies that Plaintiff could represent the putative classes alleged in Paragraphs 37 and 38 consistent with the requirements of Fed. R. Civ. P. 23.

41.    Paragraph 41 contains no allegations of fact directed to Quicken Loans requiring a response. To the extent Paragraph 41 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, and specifically denies that any class should be certified in this action.

42.    The allegations in Paragraph 42 are vague, ambiguous, imprecise, and otherwise fail to identify the purported "impact[s]," "harm[s]," "acts," "affiliates," or "subsidiaries." Quicken Loans cannot, therefore, admit or deny the allegations, and so denies them. Further answering, Quicken Loans specifically denies that Plaintiff or any member of any putative classes alleged in Paragraphs 37 and 38 is entitled to any relief in this lawsuit, and specifically denies that any class should be certified in this action.

43.    Paragraph 43 contains no allegations of fact directed to Quicken Loans requiring a response. To the extent Paragraph 43 may be construed to contain allegations of fact directed to Quicken Loans requiring a response, Quicken Loans denies them, specifically denies that any class should be certified in this action, and specifically denies that Plaintiff or any member of the putative classes alleged in Paragraphs 37 and 38 is entitled to any relief in this lawsuit.

44.    Quicken Loans denies the allegations in Paragraph 44, specifically denies that any class should be certified in this action, and specifically denies that

1    Plaintiff could represent the putative classes alleged in Paragraphs 37 and 38
2    consistent with the requirements of Fed. R. Civ. P. 23.

3        45.    Paragraph 45 contains no allegations of fact directed to Quicken Loans
4    requiring a response and is otherwise introductory and hypothetical in nature.  To the
5    extent Paragraph 45 may be construed to contain allegations of fact directed to
6    Quicken Loans requiring a response, Quicken Loans denies them, and specifically
7    denies that any class or subclass should be certified in this action.

8        46.    Quicken Loans denies the allegations in Paragraph 46, and specifically
9    denies that any class should be certified in this action and that Plaintiff or any member
10   of any putative class is entitled to any relief in this lawsuit.

11       47.    Quicken Loans denies the allegations in Paragraph 47, and specifically
12   denies that any class should be certified in this action and that Plaintiff or any member
13   of any putative class is entitled to any relief in this lawsuit.

14       48.    Quicken Loans denies the allegations in Paragraph 48, and specifically
15   denies that any class should be certified in this action and that Plaintiff or any member
16   of any putative class is entitled to any relief in this lawsuit.

17       49.    Quicken Loans denies the allegations in Paragraph 49, and specifically
18   denies that any class should be certified in this action and that Plaintiff or any member
19   of any putative class is entitled to any relief in this lawsuit.

20       50.    Quicken Loans denies the allegations in Paragraph 50 and each of its
21   sub-paragraphs (a through d), and specifically denies that any class should be
22   certified in this action and that Plaintiff or any member of any putative class is
23   entitled to any relief in this lawsuit.

24       51.    Quicken Loans denies the allegations in Paragraph 51, and specifically
25   denies that any class should be certified in this action and denies that Plaintiff or any
26   member of any putative class is entitled to any relief in this lawsuit.

27
28

52.    Quicken Loans denies the allegations in Paragraph 52, and specifically denies that any class should be certified in this action and denies that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit.

53.    Quicken Loans denies the allegations in Paragraph 53, and specifically denies that any class should be certified in this action and that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit.

### **"CLAIM FOR RELIEF"**

54.    Quicken Loans hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 53 above.

55.    Quicken Loans denies the allegations in Paragraph 55, specifically denies that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit, and specifically denies that any class should be certified in this action.

56.    Quicken Loans denies the allegations in Paragraph 56, specifically denies that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit, and specifically denies that any class should be certified in this action.

57.    Quicken Loans denies the allegations in Paragraph 57, specifically denies that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit, and specifically denies that any class should be certified in this action.

58.    Quicken Loans denies the allegations in Paragraph 58, specifically denies that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit, and specifically denies that any class should be certified in this action.

### **"PRAYER FOR RELIEF"**

In response to the unnumbered paragraph and subparagraphs A through F following Paragraph 58 of the SAC that begins with the word "WHEREFORE," Quicken Loans denies that Plaintiff or any member of any putative class is entitled to any relief in this lawsuit and specifically denies that Plaintiff or any member of any putative class is entitled to the specific relief requested in each subparagraph, and specifically denies that any class should be certified in this action.

1                                  **"DEMAND FOR JURY TRIAL"**

2        Quicken Loans admits only that Plaintiff purports to seek a trial by jury.  To

3 the extent the unnumbered paragraph following the "Demand for Jury Trial" heading

4 may be construed to contain allegations of fact directed to Quicken Loans requiring

5 a response, Quicken Loans denies them.

6                   **AFFIRMATIVE AND ADDITIONAL DEFENSES**

7                             **FIRST DEFENSE**

8        The TCPA's prohibition on calls made using an ATDS is an unconstitutional

9 restriction of speech on its face and as applied.

10                         **SECOND DEFENSE**

11        Plaintiff's claim is subject to the primary jurisdiction of the Federal

12 Communications Commission (FCC), and should be stayed and/or dismissed

13 pending resolution by the FCC.

14                           **THIRD DEFENSE**

15        The SAC fails to state a claim upon which relief may be granted.

16                         **FOURTH DEFENSE**

17        Plaintiff's claim is or may be barred, in whole or in part, because she lacks

18 standing.

19                          **FIFTH DEFENSE**

20        Plaintiff lacks standing to pursue her claim, and/or this Court lacks subject

21 matter jurisdiction, because Plaintiff, upon information and belief, has suffered no

22 cognizable injury fairly traceable to the challenged conduct.

23                         **SIXTH DEFENSE**

24        Plaintiff lacks standing to pursue her claim for injunctive relief because there

25 is no risk of future injury.

26

27

28

### SEVENTH DEFENSE

Quicken Loans relies on any and all defenses and limitations applicable to the subscribers or user(s) of Plaintiff's alleged telephone number, and co-subscribers to or co-users of Plaintiff's alleged telephone number.

### EIGHTH DEFENSE

Plaintiff's claim is barred because, upon information and belief, she, someone acting on her behalf, and/or another owner or user of the subject telephone number(s) consented to or invited the challenged text message(s).

### NINTH DEFENSE

Quicken Loans did not use an "automated telephone dialing system," as that term is defined under the TCPA, to send any challenged text message to the subject telephone number.

### TENTH DEFENSE

Quicken Loans did not use a device that "(i) stor[es] or produc[es] telephone numbers 'using a random or sequential number generator' and (ii) dial[s] those numbers" (*ACA Int'l v. FCC*, 885 F.3d 687, 693 (D.C. Cir. 2018)) to send any challenged text message to the subject telephone number.

### ELEVENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Quicken Loans honored any sufficient opt-out request made by Plaintiff within a reasonable time, and as otherwise permitted by FCC regulation (47 C.F.R. § 64.1200(d)).

### TWELFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Quicken Loans did not engage in willful or knowing conduct in violation of the TCPA.

### THIRTEENTH DEFENSE

Recovery on Plaintiff's claim is barred or limited by all defenses, statutory or otherwise, available under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and applicable regulations (47 C.F.R. § 64.1200 *et seq.*) and applicable case

law, and Quicken Loans reserves and asserts all such defenses as if fully set forth herein.

### FOURTEENTH DEFENSE

To the extent Quicken Loans sent a text message to Plaintiff in reliance on information provided by third parties, Quicken Loans hereby pleads and relies upon all rights, claims, and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of arbitration contracts that bar a civil lawsuit of this type, and of consents obtained.

### FIFTEENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because she suffered no actual damages proximately caused by Quicken Loans.

### SIXTEENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by principles of unclean hands, and/or similar legal or equitable principles.

### SEVENTEENTH DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, if and to the extent the relief would unfairly subject Quicken Loans to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Quicken Loans.

### EIGHTEENTH DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23, and class action treatment is not appropriate under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

1

## NINETEENTH DEFENSE

2    With respect to absent putative class members, in the event Plaintiff is allowed

3 to pursue class certification of a nationwide class or a class consisting of persons who

4 reside outside the state of California, certification is barred because personal

5 jurisdiction is lacking, certification would violate the Rules Enabling Act (28 U.S.C.

6 § 2702(b)), and/or certification is precluded by controlling law under *Bristol Myers-*

7 *Squibb Co. v. Superior Court* (BMS), 137 S. Ct. 1773 (2017).

8

## TWENTIETH DEFENSE

9    With respect to absent putative class members, in the event Plaintiff is allowed

10 to pursue class certification, Quicken Loans reserves all affirmative defenses and

11 claims, including, but not limited to, the defenses of lack of personal or subject matter

12 jurisdiction; lack of standing; arbitration; prior express consent; prior express written

13 consent; statute of limitation; bankruptcy; good faith and/or that the claims may be

14 barred by principles of in pari delicto, unclean hands, and/or similar legal or equitable

15 principles; res judicata; and/or collateral estoppel, claim preclusion, judgment,

16 waiver or similar concepts.

17

## TWENTY-FIRST DEFENSE

18    Plaintiff's claim and class allegations are barred because there exists a binding

19 agreement to arbitrate her claims, in which she waived her right to bring this action

20 in court and any ability to assert any claims on behalf of a putative class.

21

## **RESERVATION OF RIGHTS**

22    Quicken Loans expressly reserves its right to amend this Answer, including,

23 but not limited to, by asserting additional defenses or making additional claims or

24 counterclaims for further relief, as discovery in this action shall warrant, or in the

25 event of any future change in the nature or scope of this lawsuit.

26

## **DEMAND FOR TRIAL BY JURY**

27    Quicken Loans demands and hereby respectfully requests a trial by jury.

28

18

1

## **PRAYER FOR RELIEF**

2        WHEREFORE, having fully answered the SAC, Quicken Loans prays for

3  relief as follows:

4    1.  That Plaintiff take nothing by way of the SAC;

5    2.  That the SAC be dismissed in its entirety with prejudice, and that judgment be

6        entered in favor of Quicken Loans;

7    3.  That Quicken Loans be awarded its costs and expenses of suit incurred herein,

8        including reasonable costs and attorneys' fees; and

9    4.  For such other and further relief as this Court deems just and proper.

10

11                      Respectfully submitted,

12  Dated:  August 19, 2020      By:  /s/ W. Kyle Tayman

13                        BROOKS R. BROWN
*BBrown@goodwinlaw.com*
W. KYLE TAYMAN (pro hac vice)
*KTayman@goodwinlaw.com*
**GOODWIN PROCTER** LLP

LAURA A. STOLL (SBN 255023)
*LStoll@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

YVONNE W. CHAN (*pro hac vice*)
*ychan@goodwinlaw.com*
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570-1000
Fax: +1 617 523-1231

JEFFREY B. MORGANROTH (*pro hac vice*)
*jmorganroth@morganrothlaw.com*
**MORGANROTH and MORGANROTH**
PLLC

Attorneys for Defendant:
QUICKEN LOANS, LLC (F/K/A
QUICKEN LOANS INC.)